UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
*In re*                                                     :   Chapter 11
                                                            :
LANDSOURCE COMMUNITIES                                      :
DEVELOPMENT LLC, *et al.*,                                  :   Case No. 08-11111 (KJC)
                                                            :
                                                            :   (Jointly Administered)
          Debtors.                                          :
                                                            :   Objection Deadline: 2/17/09 at 4:00 p.m.
                                                            :   Hearing Deadline: 2/24/09 at 3:30 p.m.
------------------------------------------------------------x

## DEBTORS' FIRST NON-SUBSTANTIVE OMNIBUS OBJECTION TO CLAIMS FILED IN THE WRONG CASE

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS**

LandSource Communities Development LLC and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "*LandSource Group*" or the "*Debtors*"),[1] file this non-substantive omnibus objection (the "*First Omnibus Objection*") to proofs of claims filed against one or more of the Debtors in these chapter 11 cases as listed in Exhibit "A" attached hereto (collectively, the "*First Omnibus Claims*"). Pursuant to this First Omnibus Objection, the Debtors request that the Court enter an order recategorizing, as defined in greater detail below, the proofs of claim objected to in

---

[1] The Debtors in these cases are California Land Company; Friendswood Development Company, LLC; Kings Wood Development Company, L.C.; LandSource Communities Development LLC; LandSource Communities Development Sub LLC; LandSource Holding Company, LLC; Lennar Bressi Ranch Venture, LLC; Lennar Land Partners II; Lennar Mare Island, LLC; Lennar Moorpark, LLC; Lennar Stevenson Holdings, L.L.C.; LNR-Lennar Washington Square, LLC; LSC Associates, LLC; NWHL GP LLC; The Newhall Land and Farming Company (A California Limited Partnership); The Newhall Land and Farming Company; Southwest Communities Development LLC; Stevenson Ranch Venture LLC; Tournament Players Club at Valencia, LLC; Valencia Corporation; and Valencia Realty Company.

Exhibit "A" attached hereto. This request is made pursuant to section 502 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"). In support of the First Omnibus Objection, the Debtors respectfully represent as follows:

## Background

1. On June 8, 2008 (the "*Commencement Date*"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). On June 20, 2008, the Office of the United States Trustee appointed a committee of unsecured creditors (the "*Creditors' Committee*").

## LandSource Group's Business

3. The LandSource Group is a large and diversified land development company. Since its inception, it has managed over 35,000 homesites across the nation, including in the states of Arizona, California, Florida, New Jersey, Nevada, and Texas. The LandSource Group's primary business is horizontal, rather than vertical, real estate development. Horizontal development involves the land planning, entitlement, development, construction, and remediation necessary to transform undeveloped land into ready to build homesites for homebuilding and commercial land for developers. Once these activities have concluded, the LandSource Group typically sells the property to a homebuilder or commercial real estate

developer. A significant portion of the LandSource Group's horizontal development occurs within the context of master planned communities that are planned and developed by the LandSource Group.

4. Each of the Debtors, with the exception of Lennar Bressi Ranch Venture, LLC ("*Lennar Bressi*"), is obligated, either as a direct borrower or as a guarantor, under a certain First Lien Credit Agreement, dated February 27, 2007 (together with related agreements and documents, the "*First Lien Credit Agreements*"), pursuant to which they granted the lenders thereunder (the "*First Lien Lenders*") a security interest in, mortgages on, and continuing liens on substantially all of the Debtors' real and personal property, other than Exempt Assets (as such term is defined in the First Lien Credit Agreements). The First Lien Credit Agreement provides for (i) a revolving credit facility, letters of credit, and swingline facilities in the maximum aggregate amount of $200,000,000 and (ii) a term loan facility in the amount of $1,106,000,000. As of the Commencement Date, letters of credit with a face amount of $30,738,945 were issued and outstanding under the First Lien Credit Agreements, and the principal amount owed under the First Lien Credit Agreements (exclusive of undrawn letters of credit) aggregated approximately $959,533,440.

5. Each of the Debtors, with the exception of Lennar Bressi, is also obligated, either as a direct borrower or as a guarantor under a certain Second Lien Credit Agreement, dated February 27, 2007 (together with related agreements and documents, the "*Second Lien Credit Agreements*"), and has granted a security interest in, mortgages on, and continuing liens on certain collateral to secure its obligations thereunder. Such liens and mortgages are junior to the liens and mortgages securing the obligations under the First Lien

Credit Agreements. As of the Commencement Date, the principal amount owed under the Second Lien Credit Agreements totaled approximately $244,000,000.

## Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Bar Date and Schedules

7. On September 2, 2008, the Debtors filed with the Court their schedules of assets and liabilities (the "*Schedules*"). The Debtors listed an aggregate of 1,658 claims on the Schedules.

8. By order dated September 9, 2008 (the "*Bar Date Order*"),[2] the Court set November 14, 2008 (the "*Bar Date*") as the deadline for filing certain proofs of prepetition claims against the Debtors in the chapter 11 cases. Pursuant to the Bar Date Order, each creditor, subject to certain limited exceptions, holding a prepetition claim against one or more of the Debtors was required to file a proof of claim on or before the Bar Date.

9. In accordance with the Bar Date Order, Kurtzman Carson Consultants, LLC ("*KCC*"), the Debtors' claims agent appointed pursuant to the Court's order dated June 10, 2008, mailed notices of the Bar Date and proof of claim forms to entities identified in the Schedules. Notice of the Bar Date also was published once in the national edition of *The New York Times* and once in the *Los Angeles Times*. Approximately 974 proofs of claim ("*Claims*") either were received by KCC or filed with the Clerk of the Court on or before the Bar Date.

---

[2] Governmental Units, as defined in section 101(27) of the Bankruptcy Code were given until December 5, 2008 to file their proofs of claim.

## Relief Requested

### A. Claims Filed in the Wrong Case -- Exhibit "A"

10. The Claims included in Exhibit "A" are Claims that identify as obligor one Debtor when such Claims are properly asserted, if at all, against another Debtor (collectively, the "***Misidentifying Claims***"). In each instance involving the Misidentifying Claims, the claimant has no valid legal justification (for example, the existence of a guaranty) for asserting a claim against the given Debtor. Pursuant to the Bar Date Order, Misidentifying Claims are subject to recategorization as Claims asserted against the correct Debtor (collectively, the "***Recategorized Claims***"). In the absence of an objection to recategorization, the Court may recategorize Misidentifying Claims without conducting a hearing thereon. Once recategorized, the original Misidentifying Claim is disallowed and expunged, and the Recategorized Claim is subject to all rights, defenses, counterclaims, actions, and objections to which the Misidentifying Claim would have been had it been asserted initially against the correct Debtor.

11. Therefore, the Debtors object to the allowance of each of the Misidentifying Claims described in Exhibit "A" and request that such Misidentifying Claims be recategorized as claims against the correct Debtor, as noted in Exhibit "A," and disallowed in their entirety and expunged with respect to the asserted Debtor. Because this First Omnibus Objection to the Misidentifying Claims does not constitute an objection to the Recategorized Claims, the Debtors reserve their right to object to the Recategorized Claims on any other grounds whatsoever.

## Conclusion

12. The Debtors object to the allowance of the First Omnibus Claims as set forth herein for the reasons stated herein, and the Debtors hereby move this Court for an order recategorizing each of the Misidentifying Claims included in Exhibit "A" attached hereto to the

correct Debtor and disallowing each of the Misidentifying Claims with respect to the original, asserted Debtor.

13. This First Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the right of the Debtors or any other party in interest to object to any of the First Omnibus Claims affected hereby on any other ground whatsoever, and the Debtors expressly reserve all further substantive and/or procedural objections they may have.

## Notice

14. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel to the Creditors' Committee, (iii) counsel to Barclays Bank PLC, as administrative agent under the First Lien and Super-Priority Debtor-in-Possession Credit Agreements, (iv) counsel to The Bank of New York, as administrative agent under the Second Lien Credit Agreements, (v) each creditor and/or the attorney for such creditor holding a First Omnibus Claim to which the Debtors are objecting in this First Omnibus Objection in accordance with the addresses provided in the proofs of claim for such First Omnibus Claims, and (vi) each person or entity that has filed a notice of appearance and request for service of documents herein. The Debtors submit that no other or further notice need be provided of this Motion.

15. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the First Omnibus Objection with at least thirty (30) days' notice of the hearing on the First Omnibus Objection.

## Statement of Compliance with Local Rule 3007-1

16.     The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the First Omnibus Objection substantially complies with that Local Rule. To the extent that the First Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) recategorizing each of the Misidentifying Claims included in Exhibit "A" attached hereto to the correct Debtor and disallowing each of the Misidentifying Claims with respect to the original, asserted Debtor, and (ii) granting the Debtors such other and further relief as is just.

Dated: January 23, 2009
       Wilmington, Delaware

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Cory D. Kandestin (No. 5025)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

-and-

Marcia L. Goldstein
Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION