# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---

*In re*

LANDSOURCE COMMUNITIES
DEVELOPMENT LLC, *et al.*,

Debtors.

Chapter 11

Case No. 08-11111 (KJC)

(Jointly Administered)

**Objection Deadline: 4/6/09 at 4:00 p.m.**
**Hearing Deadline: 4/14/09 at 1:30 p.m.**

---

## DEBTORS' THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO (I) CLAIMS FILED IN THE WRONG CASE, (II) DUPLICATIVE CLAIMS, (III) LATE FILED CLAIMS, AND (IV) CLAIMS LACKING A BASIS IN THE DEBTORS' BOOKS AND RECORDS

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS**

LandSource Communities Development LLC and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "*LandSource Group*" or the "*Debtors*"),[1] file this non-substantive omnibus objection (the "*Third Omnibus Objection*") to proofs of claims filed against one or more of the Debtors in these chapter 11 cases as listed in Exhibits "A," "B," "C," and "D" attached hereto (collectively,

---

[1] The Debtors in these cases are California Land Company; Friendswood Development Company, LLC; Kings Wood Development Company, L.C.; LandSource Communities Development LLC; LandSource Communities Development Sub LLC; LandSource Holding Company, LLC; Lennar Bressi Ranch Venture, LLC; Lennar Land Partners II; Lennar Mare Island, LLC; Lennar Moorpark, LLC; Lennar Stevenson Holdings, L.L.C.; LNR-Lennar Washington Square, LLC; LSC Associates, LLC; NWHL GP LLC; The Newhall Land and Farming Company (A California Limited Partnership); The Newhall Land and Farming Company; Southwest Communities Development LLC; Stevenson Ranch Venture LLC; Tournament Players Club at Valencia, LLC; Valencia Corporation; and Valencia Realty Company.

the "*Third Omnibus Claims*"). Pursuant to this Third Omnibus Objection, the Debtors request that the Court enter an order (i) recategorizing, as defined in greater detail below, the proofs of claim objected to in Exhibit "A" attached hereto and (ii) disallowing and expunging the proofs of claim objected to in Exhibits "B," "C," and "D" attached hereto, without prejudice to the Debtors' right to object to any recategorized or surviving claims on any other grounds whatsoever. This request is made pursuant to section 502 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"). In support of the Third Omnibus Objection, the Debtors respectfully represent as follows:

## Background

1. On June 8, 2008 (the "*Commencement Date*"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). On June 20, 2008, the Office of the United States Trustee appointed a committee of unsecured creditors (the "*Creditors' Committee*").

## LandSource Group's Business

3. The LandSource Group is a large and diversified land development company. Since its inception, it has managed over 35,000 homesites across the nation, including in the states of Arizona, California, Florida, New Jersey, Nevada, and Texas. The LandSource

Group's primary business is horizontal, rather than vertical, real estate development. Horizontal development involves the land planning, entitlement, development, construction, and remediation necessary to transform undeveloped land into ready to build homesites for homebuilding and commercial land for developers. Once these activities have concluded, the LandSource Group typically sells the property to a homebuilder or commercial real estate developer. A significant portion of the LandSource Group's horizontal development occurs within the context of master planned communities that are planned and developed by the LandSource Group.

4. Each of the Debtors, with the exception of Lennar Bressi Ranch Venture, LLC ("*Lennar Bressi*"), is obligated, either as a direct borrower or as a guarantor, under a certain First Lien Credit Agreement, dated February 27, 2007 (together with related agreements and documents, the "*First Lien Credit Agreements*"), pursuant to which they granted the lenders thereunder (the "*First Lien Lenders*") a security interest in, mortgages on, and continuing liens on substantially all of the Debtors' real and personal property, other than Exempt Assets (as such term is defined in the First Lien Credit Agreements). The First Lien Credit Agreement provides for (i) a revolving credit facility, letters of credit, and swingline facilities in the maximum aggregate amount of $200,000,000 and (ii) a term loan facility in the amount of $1,106,000,000. As of the Commencement Date, letters of credit with a face amount of $30,738,945 were issued and outstanding under the First Lien Credit Agreements, and the principal amount owed under the First Lien Credit Agreements (exclusive of undrawn letters of credit) aggregated approximately $959,533,440.

5. Each of the Debtors, with the exception of Lennar Bressi, is also obligated, either as a direct borrower or as a guarantor under a certain Second Lien Credit

3

Agreement, dated February 27, 2007 (together with related agreements and documents, the "*Second Lien Credit Agreements*"), and has granted a security interest in, mortgages on, and continuing liens on certain collateral to secure its obligations thereunder. Such liens and mortgages are junior to the liens and mortgages securing the obligations under the First Lien Credit Agreements. As of the Commencement Date, the principal amount owed under the Second Lien Credit Agreements totaled approximately $244,000,000.

## Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Bar Date and Schedules

7. On September 2, 2008, the Debtors filed with the Court their schedules of assets and liabilities (the "*Schedules*"). The Debtors listed an aggregate of 1,658 claims on the Schedules.

8. By the Order Pursuant to Bankruptcy Rules 2002(a)(7), (f), (l) and 3003(c) and Section 502(b)(9) of the Bankruptcy Code Establishing Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof, dated September 9, 2008 (D.I. 590) (the "*Bar Date Order*"), the Court set November 14, 2008 (the "*Bar Date*")[2] as the deadline for filing certain proofs of prepetition claims against the Debtors in the chapter 11 cases. Pursuant to the Bar Date Order, each creditor, subject to certain limited exceptions,

---

[2] Governmental Units, as defined in section 101(27) of the Bankruptcy Code, were given until December 5, 2008 to file their proofs of claim.

holding a prepetition claim against one or more of the Debtors was required to file a proof of claim on or before the Bar Date.

9. In accordance with the Bar Date Order, Kurtzman Carson Consultants, LLC ("*KCC*"), the Debtors' claims agent appointed pursuant to the Court's order dated June 10, 2008, mailed notices of the Bar Date and proof of claim forms to entities identified in the Schedules. Notice of the Bar Date also was published once in the national edition of *The New York Times* and once in the *Los Angeles Times*. Approximately 974 proofs of claim ("*Claims*") either were received by KCC or filed with the Clerk of the Court on or before the Bar Date.

### Relief Requested

#### A. Claims Filed in the Wrong Case – Exhibit "A"

10. The Claims included in Exhibit "A" are Claims that (i) identify as the obligor one or more Debtors when such Claims are properly asserted, if at all, against another Debtor, (ii) identify as the obligor only one Debtor when such Claims are properly asserted, if at all, against multiple Debtors, (iii) provide case numbers inconsistent with the identified Debtor or Debtors, (iv) fail to identify any Debtor, or (v) identify a non-Debtor as the obligor (collectively, the "*Misidentifying Claims*"). In each instance involving the Misidentifying Claims, the claimant has no valid legal justification (for example, the existence of a guaranty) for asserting a claim against the given Debtor. Pursuant to the Bar Date Order, Misidentifying Claims are subject to recategorization as Claims asserted against the correct Debtor or Debtors (collectively, the "*Recategorized Claims*"). In the absence of an objection to recategorization, the Court may recategorize Misidentifying Claims without conducting a hearing thereon. Once recategorized, the original Misidentifying Claim is disallowed and expunged, and the Recategorized Claim is subject to all rights, defenses, counterclaims, actions, and objections to

5

which the Misidentifying Claim would have been had it been asserted initially against the correct Debtor.

11. Therefore, the Debtors object to the allowance of each of the Misidentifying Claims described in Exhibit "A" and request that such Misidentifying Claims be recategorized as claims against the correct Debtor or Debtors as noted in Exhibit "A," and disallowed in their entirety and expunged with respect to the original, asserted Debtor. Because this Third Omnibus Objection does not constitute an objection to the Recategorized Claims, the Debtors reserve their right to object to the Recategorized Claims on any other grounds whatsoever.

### B. Duplicative Claims – Exhibit "B"

12. The Claims included in Exhibit "B" are those Claims that are duplicative of other Claims filed by or on behalf of the same claimant (collectively, the "*Duplicative Claims*"). The Duplicative Claims objected to in this Third Omnibus Objection are those in which the claimant incorrectly either (i) filed the same Claim against the same Debtor more than once or (ii) filed the same claim against two or more Debtors when such Claim was properly asserted, if at all, against only one of the given Debtors. With respect to the second category of duplicative claims, the claimant has no valid justification (for example, the existence of a guaranty) for asserting its claims against multiple Debtors. No Debtor should be required to pay for an obligation for which it is not liable. Additionally, the Debtors should not be required to pay twice on the same obligation. Moreover, elimination of redundant claims will enable the Debtors to maintain a claims register that more accurately reflects the Claims that have been asserted against the Debtors.

13. Therefore, the Debtors object to the allowance of each of the Duplicative Claims described in Exhibit "B" and request that such Duplicative Claims be disallowed in their entirety and expunged. Because this Third Omnibus Objection to the Duplicative Claims does not constitute an objection to the surviving claims, the Debtors reserve their right to object to such surviving claims on any grounds whatsoever.

C. **Late Filed Claims – Exhibit "C"**

14. The Claims included in Exhibit "C" are those Claims that were not filed on, or before, the Bar Date or other deadline to file claims as authorized by the Bankruptcy Code or Bar Date Order (collectively, the "*Late Filed Claims*"). Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that a proof of claim shall not be allowed if "proof of such claim is not timely filed." Pursuant to the Bar Date Order, the Court established November 14, 2008 at 5:00 p.m. (prevailing Pacific Time) as the deadline by which all persons and entities must file a proof of claim. Moreover, the Bar Date Order provides that "Proofs of Claim shall be deemed timely filed only if **actually received** by the LandSource Claims Processing Center on or before the Bar Date."

15. Therefore, the Debtors object to the allowance of each of the Late Filed Claims described in Exhibit "C" and request that such Late Filed Claims be disallowed in their entirety and expunged.

D. **Books and Records Claims – Exhibit "D"**

16. The Claims included in Exhibit "D" are those Claims (i) for which the Debtors' books and records reflect no liability or (ii) that do not appear at all on the Debtors' books and records, and for which the respective claimant failed to provide sufficient documentary support for the Debtors to determine whether the claim should be reflected on their

7

books and records (collectively, the "***Books and Records Claims***"). In accordance with Local Rule 3007-1(d)(vi), a declaration stating that the Debtors have reviewed each Books and Records Claim and all supporting documentation provided therewith, made reasonable efforts to research the claim on their books and records, and believe that such documentation does not provide evidence of a valid claim is attached hereto as Exhibit "E."

17. Therefore, the Debtors object to the allowance of each of the Books and Records Claims described in Exhibit "D" and request that such Books and Records Claims be disallowed in their entirety and expunged.

## Conclusion

18. The Debtors object to the allowance of the Third Omnibus Claims as set forth herein for the reasons stated herein, and the Debtors hereby move this Court for an order (i) recategorizing each of the Misidentifying Claims included in Exhibit "A" attached hereto to the correct Debtor and disallowing each of the Misidentifying Claims with respect to the original, asserted Debtor, (ii) disallowing and expunging the Duplicative Claims objected to in Exhibit "B" attached hereto, (iii) disallowing and expunging the Late Filed Claims objected to in Exhibit "C" attached hereto, and (iv) disallowing and expunging the Books and Records Claims objected to in Exhibit "D" attached hereto.

19. This Third Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the right of the Debtors or any other party in interest to object to any of the Third Omnibus Claims affected hereby on any other ground whatsoever, and the Debtors expressly reserve all further substantive and/or procedural objections they may have.

## Notice

20. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel to the Creditors' Committee, (iii) counsel to Barclays Bank PLC, as administrative agent under the First Lien and Super-Priority Debtor-in-Possession Credit Agreements, (iv) counsel to The Bank of New York, as administrative agent under the Second Lien Credit Agreements, (v) each creditor and/or the attorney for such creditor holding a Third Omnibus Claim to which the Debtors are objecting in this Third Omnibus Objection in accordance with the addresses provided in the proofs of claim for such Third Omnibus Claims, and (vi) each person or entity that has filed a notice of appearance and request for service of documents herein. The Debtors submit that no other or further notice need be provided of this Motion.

21. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Third Omnibus Objection with at least thirty (30) days' notice of the hearing on the Third Omnibus Objection.

## Statement of Compliance with Local Rule 3007-1

22. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Third Omnibus Objection substantially complies with that Local Rule. To the extent that the Third Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) recategorizing each of the Misidentifying Claims included in Exhibit "A" attached hereto to the correct Debtor and disallowing each of the Misidentifying Claims with respect to the original, asserted Debtor, (ii) disallowing and expunging the Duplicative Claims objected to in Exhibit "B" attached hereto, (iii) disallowing and expunging the Late Filed Claims objected to in Exhibit "C" attached hereto, (iv) disallowing and expunging the Books and Records Claims objected to in Exhibit "D" attached hereto, and (v) granting the Debtors such other and further relief as is just

Dated: March 13, 2009
Wilmington, Delaware

/s/ Paul N. Heath

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

-and-

Marcia L. Goldstein
Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION