UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>LANDSOURCE COMMUNITIES DEVELOPMENT LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-11111 (KJC)<br><br>Jointly Administered<br><br>Ref. Docket No._____ |

**ORDER PURSUANT TO SECTIONS 105, 363, 503 AND 1123 OF THE BANKRUPTCY CODE APPROVING (I) BACKSTOP AGREEMENT IN CONNECTION WITH A CONTEMPLATED RIGHTS OFFERING AND THE RELATED RIGHTS OFFERING PREMIUM AND EXPENSE REIMBURSEMENT AND (II) MARKETING OF BACKSTOP COMMITMENT AMOUNTS AND RELATED RIGHTS OFFERING PREMIUM**

Upon consideration of the motion (the "Motion")[1] of Barclays Bank PLC, as Plan Proponent and Administrative Agent (the "Administrative Agent" or "Plan Proponent"), for itself and various financial institutions or entities that may become, from time to time, lenders under that certain Post-Petition Super-Priority Debtor-in-Possession First Lien Credit Agreement dated June 16, 2008 by and among LandSource Communities Development, LLC, as Parent Guarantor, LandSource Holding Company, LLC, as Borrower, the Guarantors party thereto, and the Lenders parties thereto (as amended and modified from time to time, the "DIP Credit Agreement"), for entry of an order pursuant to sections 105(a), 363(b), 503 and 1123 of title 11, United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), approving (i) the backstop rights purchase agreement (the "Backstop Agreement"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference, by and among the Plan Proponent, certain investment entities (the "Backstop Parties") set forth on Schedule 1 thereto, LandSource Communities

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Development LLC (the "Company"), and Newhall Holding Company, LLC ("Holdco"), and approving the related Rights Offering Premium and Expense Reimbursement; and (ii) marketing of the Backstop Commitment Amounts and payment of the Rights Offering Premium in cash in the event the Debtors consummate an Alternative Transaction or if a Termination Payment Event occurs; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the relief requested therein having been provided in accordance with Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and it appearing that no other or further notice need be provided; and this Court having determined that: (i) the Plan Proponent and the Backstop Parties and their respective affiliates, representatives, agents, professionals and advisors have acted in good faith and at arm's length with respect to the Backstop Agreement as well as the Motion; and (ii) the relief sought in the Motion is in the best interests of the Debtors, their estates and all parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that the Motion is granted in its entirety; and it is further

ORDERED, each and every term of the Backstop Agreement, a copy of which is attached as Exhibit A to the Motion and incorporated herein by reference, and the related Rights Offering Premium and Expense Reimbursement are approved; and it is further

ORDERED, that the marketing of the Backstop Commitment Amounts and payment of the Rights Offering Premium in cash in the event the Plan Proponent consummates

DB02:8187800.1    067208.1001

an Alternative Transaction is approved or if a Termination Payment Event occurs (subject to the terms and conditions of the Backstop Agreement); and it is further

ORDERED, that the Plan Proponent is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order; and it is further

ORDERED, that the Plan Proponent is authorized to execute the Backstop Agreement in furtherance of the Second Amended Plan; and it is further

ORDERED, that notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May____, 2009
      Wilmington, Delaware

HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE