UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>LANDSOURCE COMMUNITIES<br>DEVELOPMENT LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 08-11111 (KJC)<br><br>Jointly Administered |

**ORDER (I) APPROVING THE SECOND AMENDED DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE SECOND AMENDED PLAN, INCLUDING (A) APPROVING FORM AND MANNER OF SOLICITATION PROCEDURES, (B) APPROVING THE FORM AND NOTICE OF THE CONFIRMATION HEARING, (C) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES, (D) APPROVING FORMS OF BALLOTS, (E) ESTABLISHING DEADLINE FOR RECEIPT OF BALLOTS, (F) APPROVING PROCEDURES FOR VOTE TABULATIONS AND (G) APPROVING PROCEDURES ASSOCIATED WITH THE RIGHTS OFFERING; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO (A) CONFIRMATION OF THE SECOND AMENDED PLAN AND (B) PROPOSED CURE AMOUNTS RELATED TO THE EFFECTIVE DATE ASSUMED CONTRACTS; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**")[2] of Barclays Bank PLC, as Plan Proponent and Administrative Agent, for itself and various financial institutions or entities that may become, from time to time, lenders under that certain Super-Priority Debtor-in-Possession First Lien Credit Agreement, for the entry of an Order pursuant to sections 1125 and 1126 of title

---

[1] The Debtors are as follows: California Land Company; Friendswood Development Company LLC; Kings Wood Development Company, L.C.; LandSource Communities; LandSource Communities Development Sub LLC; LandSource Holding Company, LLC; Lennar Bressi Ranch Venture, LLC; Lennar Land Partners II; Lennar Mare Island, LLC; Lennar Moorpark, LLC; Lennar Stevenson Holdings, L.L.C.; LNR-Lennar Washington Square, LLC; LSC Associates, LLC; NWHL GP LLC; The Newhall Land and Farming Company (A California Limited Partnership); The Newhall Land and Farming Company; Southwest Communities Development LLC; Stevenson Ranch Venture LLC; Tournament Players Club at Valencia, LLC; Valencia Corporation; and Valencia Realty Company.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3016, 3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rules 3017-1(a) and 3017-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"): (i) approving the *Proposed Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the First Amended Joint Chapter 11 Plan of Reorganization for LandSource Communities Development LLC and its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-In-Possession First Lien Credit Agreement*, dated March 20, 2009 [Docket No. 1361], as amended, modified or supplemented from time to time, as containing "adequate information" as that term is defined in section 1125(a)(1) of the Bankruptcy Code; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the *First Amended Joint Chapter 11 Plan of Reorganization For LandSource Communities Development LLC and its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-In-Possession First Lien Credit Agreement*, dated March 20, 2009 [Docket No. 1360], as amended, modified or supplemented from time to time, the "**Amended Plan**" including (a) approving the form and manner of the solicitation packages; (b) approving the form and manner of notice of the hearing on confirmation of the Amended Plan (the "**Confirmation Hearing**"); (c) establishing a record date and approving procedures for distributing solicitation packages; (d) approving the forms of ballots; (e) establishing the deadline for the receipt of ballots, (f) approving procedures for vote tabulations; and (g) approving procedures associated with the Rights Offering; (iii) establishing the deadline and procedures for filing objections to (a) confirmation of the Amended Plan and (b) proposed cure amounts for executory contracts and unexpired leases that may be assumed as part of the

Amended Plan; and (iv) granting related relief; and upon consideration of the *Proposed Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code for the Second Amended Joint Chapter 11 Plan of Reorganization for LandSource Communities Development LLC and its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-In-Possession First Lien Credit Agreement*, dated May 19, 2009 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "**Second Amended Disclosure Statement**") and the *Second Amended Joint Chapter 11 Plan of Reorganization For LandSource Communities Development LLC and its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-In-Possession First Lien Credit Agreement*, dated May 19, 2009 (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "**Second Amended Plan**"); and it appearing that adequate and sufficient notice of the Motion has been given under the circumstances; and it further appearing that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve the Disclosure Statement has been given (the "**Disclosure Statement Notice**"); and after due deliberation and upon the Court's determination that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors and other parties-in-interest; and sufficient cause appearing thereof, it is

**HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Second Amended Disclosure Statement substantially in the form annexed hereto as <u>Exhibit A</u> is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information

contained in the Disclosure Statement not otherwise consensually resolved are (a) overruled; or (b) to the extent such objections raised confirmation issues, such objections are reserved and shall be heard and considered at the Confirmation Hearing (as defined herein).

3. The Balloting Agent shall mail or caused to be mailed to Holders of Claims entitled to vote on the Second Amended Plan no later than June 10, 2009 a solicitation package containing: (a) written notice (the "**Confirmation Notice**"), substantially in the form annexed hereto as Exhibit B, of (i) the Court's approval of the Second Amended Disclosure Statement, (ii) the deadline for voting on the Second Amended Plan, (iii) the date of the Confirmation Hearing, and (iv) the deadline and procedures for filing objections to the confirmation of the Second Amended Plan, which Confirmation Notice is hereby approved; (b) the Second Amended Plan, substantially in the form attached to the Second Amended Disclosure Statement annexed hereto as a part of Exhibit A (either by paper copy or in "pdf" format on a CD-Rom, at the Plan Proponent's and Balloting Agent's discretion); (c) the Second Amended Disclosure Statement (either by paper copy or in "pdf" format on a CD-Rom, at the Plan Proponent's and Balloting Agent's discretion); (d) the appropriate forms of Ballot, substantially in the form(s) annexed hereto as Exhibit C and ballot return envelopes, postage paid; (e) the Subscription Forms for the Holders of First Lien Secured Claims, Second Lien Claims and Unsecured Claims (provided that the Unsecured Creditors will only receive such Subscription Forms upon the timely return and completion of the Accredited Investor Questionnaire), substantially in the form annexed hereto as Exhibit D; (f) the Accredited Investor Form for Unsecured Creditors only, substantially in the form annexed hereto as Exhibit E; (g) a letter (the "**Proponent's Letter**"), substantially in the form annexed hereto as Exhibit F, which form is hereby approved, (h) a letter (the "**Debtors' Letter**"), substantially in the form annexed hereto as

4

Exhibit G, which form is hereby approved; (i) with respect to the solicitation packages transmitted to holders of Second Lien Claims, a letter (the "**Second Lien Letter**"), substantially in the form annexed hereto as Exhibit H, which form is hereby approved; (j) with respect to the solicitation packages transmitted to holders of Unsecured Claims, a letter (the "**UCC Letter**"), substantially in the form annexed hereto as Exhibit I, which form is hereby approved; and (k) such other information as the Court may direct or approve (collectively, the "**Solicitation Package**"). The Administrative Agent may post or cause to be posted the Proponent's Letter on the LandSource Communities Development "IntraLinks" website maintained by the Administrative Agent for use by Holders of First Lien Claims. The Balloting Agent may consolidate all Ballots into one Solicitation Package for those Holders of Claims eligible to cast more than Ballot. The Solicitation Package and the manner of service of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).

4. The Balloting Agent shall mail or cause to be mailed to each of the known counterparties to the Contracts and Leases a Confirmation Hearing Notice, the Second Amended Disclosure Statement and Second Amended Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Plan Proponent's and Balloting Agent's discretion).

5. Pursuant to Bankruptcy Rule 3017(d), the Plan Proponent is not required to transmit a Solicitation Package to the Non-Voting Parties. The Plan Proponent shall cause the Balloting Agent to mail or cause to be mailed to each Non-Voting Party by no later than June 10, 2009 the Non-Voting Notice substantially in the form attached hereto as Exhibit J.

6. The Plan Proponent shall publish notice (the "**Publication Notice**"), substantially in the form annexed hereto as Exhibit K, in The Wall Street Journal - Global Edition within ten (10) business days after the entry of this Order.

5

7. **June 1, 2009** is established as the record date (the "**Voting Record Date**") for the purposes of determining the Holders of Claims and Interests entitled to receive the Solicitation Package or the Non-Voting Notice and to vote on the Second Amended Plan.

8. Kurtzman Carson Consultants, LLC (the "**Balloting Agent**") shall tabulate the ballots and certify to the Court the results of the balloting.

9. The Balloting Agent is permitted to dispense with the mailing of Solicitation Packages or Non-Voting Notices to addresses and entities to which prior notices were returned by the United States Postal Service as undeliverable, unless the Balloting Agent is provided with an accurate address.

10. Notwithstanding anything to the contrary in the Motion or this Order, the Administrative Agent shall provide a register to the Balloting Agent no later than one (1) business day after the entry this Order listing the name and address of each Holder of a DIP Revolver Loan Claim as of the Voting Record Date.

11. Notwithstanding anything to the contrary in the Motion or this Order, the Administrative Agent shall provide a register to the Balloting Agent no later than one (1) business days after the entry of this Order listing at a minimum the name, address and Claim amount of each Holder of a First Lien Claim as of the Voting Record Date, and unless otherwise ordered by the Court, the Claim amount of each Holder of First Lien Claims shall be deemed allowed for the purposes of voting on the Second Amended Plan.

12. Notwithstanding anything to the contrary in the Motion or this Order, the Second Lien Administrative Agent shall provide a register to the Balloting Agent no later than one (1) business days after the entry of this Order listing, at a minimum the name, address and Claim amount of each Holder of a Second Lien Claim as of the Voting Record Date, and unless

otherwise ordered by the Court, the Claim amount of each Holder of Second Lien Claims shall be deemed allowed for the purposes of voting on the Second Amended Plan.

13. The Ballots, substantially in the forms annexed hereto as <u>Exhibit C</u> are approved.

14. All Ballots must be properly executed, completed and delivered to the Balloting Agent at the following address if delivered by first class mail: LandSource Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, so that the Ballots are received on or before **July 6, 2009, at 5:00 p.m. (prevailing Pacific Time)** (the "**Voting Deadline**"), unless extended by the Plan Proponent. Ballots cast by facsimile, email or other electronic transmission will not be counted.

15. For purposes of voting on the Second Amended Plan, the amount of a Claim held by a creditor or the number of any Interests held by an Interest Holder shall be determined on an estate-by-estate basis, pursuant to the following guidelines:

   a. The Claim listed in a Debtor's schedule of liabilities, provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed; and (ii) no proof of Claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

   b. The undisputed, noncontingent and liquidated amount specified in a proof of Claim timely filed with the Court or the Balloting Agent (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of Claim is not the subject of an objection filed no later than **June 22, 2009** (the "**Vote Objection Deadline**") (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order). For the avoidance of doubt, subject to paragraph 16 below, Holders of Claims that are the subject of a pending objection filed no later than the Vote Objection Deadline are not entitled to vote the amount of such Claim, unless the Court enters an order directing otherwise.

   c. The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion for such estimation is timely filed as required below.

7

d.  Except as otherwise provided in subsection (c) above, with respect to Ballots cast by alleged creditors who have timely filed proofs of Claim in wholly unliquidated, unknown or uncertain amounts that are not the subject of an objection filed before the Vote Objection Deadline, such Ballots shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, but shall not be counted in determining whether the aggregate Claim Amount requirement has been met.

16. If a creditor casts a Ballot in respect of a contingent, unliquidated or Disputed Claim (including, but not limited to, a Claim that is the subject of a pending objection filed no later than the Voting Objection Deadline), or a Proof of Claim with respect to which was filed on or before the Bar Date pursuant to the provisions of the Bar Date Order and such Proof of Claim asserts such Claim as unliquidated in amount, contingent or disputed, such creditor's Ballot shall not be counted, unless the Court enters an order directing otherwise.

17. Creditors seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Second Amended Plan pursuant to Bankruptcy Rule 3018(a) must file a motion (the "**Claims Estimation Motion**") for such relief no later than **June 29, 2009 at 4:00 pm. (prevailing Eastern Time)**. The Court will schedule a section 3018 hearing on such motion for the Confirmation Hearing or a date prior to the Confirmation Hearing.

18. The following voting procedures and standard assumptions shall be used in tabulating the Ballots on an estate-by-estate basis:

a.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Second Amended Plan; provided, that, if a Person purchases or has purchased a Claim, such Claim shall be aggregated with other Claims held by such Person based upon the identity of the original Claim Holder.

b.  Creditors must vote all of their Claims or Interests within a particular Class either to accept or reject the Second Amended Plan and may not

8

split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple Claims within a single Class) that partially rejects and partially accepts the Second Amended Plan will not be counted.

    c.    Ballots that fail to indicate an acceptance or rejection of the Second Amended Plan or that indicate both acceptance and rejection of the Second Amended Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

    d.    Only Ballots that are timely received with original signatures will be counted. Unsigned Ballots will not be counted. Ballots must indicate the amount of each Claim denominated in U.S. dollars.

    e.    Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

    f.    Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

    g.    Whenever a creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, the last dated, properly executed Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots.

    h.    If a creditor simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

    i.    Each creditor shall be deemed to have voted the full amount of its Claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance and revocation or withdrawal of Ballots shall be determined by the Balloting Agent and the Plan Proponent, which determination shall be final and binding.

    j.    Facsimile Ballots or Ballots submitted via email or other electronic submission will not be counted.

    k.    The Plan Proponent reserves the right to waive any or all of the requirements limiting the means of transmittal of any Ballot, including, without limitation, the Voting Deadline.

19. As set forth in the Second Amended Plan, the Rights Offering (as defined in the Second Amended Plan) shall be made available to the Holders of First Lien Claims, Second Lien Claims and Allowed Unsecured Claims (which Allowed Unsecured Claims will not

include any Disallowed Claims, Disputed Claims or Claims that are the subject of pending litigation, the "**Rights Offering Participants**"), but only to the extent such Holders are "Accredited Investors," as that term is defined in Rule 501 of the Securities Act and such Holder is able to purchase at least one Rights Offering Unit (each, an "**Eligible Holder**").

20. The Voting Record Date of **June 1, 2009** shall serve as the date for determining the Eligible Holders permitted to participate in the Rights Offering. The allocation of Subscription Rights (as defined in the Second Amended Plan) for all Eligible Holders of First Lien Claims, Second Lien Claims and Allowed Unsecured Claim in their particular class, as applicable, will be determined based upon the provisions of the Second Amended Plan.

21. The Subscription Forms and the Accredited Investor Questionnaire Form, substantially in the forms attached hereto as Exhibit D and E, are hereby approved.

22. To exercise the Subscription Rights, each Eligible Holder of a First Lien Claim, Second Lien Claim and Unsecured Claim, as applicable, must return a duly completed Subscription Form and the applicable subscription purchase price (the "**Subscription Purchase Price**") payment to the Subscription Agent so that such form and payment are actually received by the Subscription Agent on or before the Voting Deadline (the "**Subscription Expiration Date**"). For those Rights Offering Participants who are Holders of Allowed Unsecured Claims (which Allowed Unsecured Claims do not include any Disallowed Claims, Disputed Claims or Claims that are the subject of pending litigation), such Participants must first return to the Subscription Agent the Accredited Investor Questionnaire on or before **June 26, 2009**. Upon receipt of such Accredited Investor Questionnaire, the Subscription Agent will then provide the Subscription Form to such Rights Offering Participant.

10

23. If, for any reason, the Subscription Agent does not receive from an Eligible Holder of First Lien Claims, Second Lien Claims and Unsecured Claims, as applicable, both (a) a duly completed Subscription Form on or prior to the Subscription Expiration Date and (b) payment in immediately available funds in an amount equal to such Eligible Holder's Subscription Purchase Price on or prior to the Subscription Expiration Date for escrow deposit into the Subscription Accounts, such Eligible Holder shall be deemed to have relinquished and waived its rights to participate in the Rights Offering. Each Eligible Holder of a First Lien Secured Claim, Second Lien Claim and Unsecured Claim, as applicable, intending to participate in the Rights Offering must affirmatively elect to exercise its Subscription Rights and deliver its Subscription Purchase Price for deposit into the Subscription Accounts, on or prior to the Subscription Expiration Date.

24. Objections to confirmation of the Second Amended Plan shall be served on the following parties: (i) counsel for the Plan Proponent and Administrative Agent: Greenberg Traurig LLP, 200 Park Avenue, New York, NY 10166, Attn: Bruce R. Zirinsky, Esq. and Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899, Attn: Edwin J. Harron; (ii) counsel for the Debtors: Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, NY 10153, Attn: Marcia L. Goldstein, Esq. and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Mark D. Collins, Esq.; (iii) counsel to the Official Committee of Unsecured Creditors: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones, Esq. and Pachulski Stang Ziehl & Jones, LLP, 10100 Santa Monica Boulevard, Suite 1100, Los Angeles, CA 90067, Attn: Richard Pachulski, Esq.; (iv) counsel for the Second Lien Administrative Agent: Paul, Weiss, Rifkind, Wharton &

Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew N. Rosenberg, Esq. and Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Richard S. Cobb, Esq.; (v) counsel for Lennar Corporation: O'Melveny & Myers, LLP, 400 South Hope Street, Los Angeles, CA 90071, Attn: Ben Logan, Esq.; and (vi) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street Suite 2207, Lockbox 35, Wilmington, DE 19899, Attn: David L. Buchbinder, Esq. by hand delivery or in a manner as will cause such objection to be <u>received</u> by all such parties on or before **July 6, 2009 at 4:00 p.m. (prevailing Eastern Time)**, provided however, that the Creditors Committee and the Second Lien Agent may file their confirmation objections on or before July 7, 2009 at 7:00 p.m. (prevailing Eastern Time). Any objections not filed and served as set forth above will not be considered by the Court.

25. Any party supporting the Second Amended Plan may file a reply to any objection to confirmation of the Second Amended Plan, by **July 10, 2009 at 7:00 p.m. (prevailing Eastern Time).**

26. A hearing shall be held before this Court on **July 13, 2009 at 10:00 a.m.** (prevailing Eastern Time), at the United States Bankruptcy Court for the District of Delaware, 824 N. Market St., 5th Floor, Wilmington, Delaware 19801, or as soon thereafter as counsel can be heard, to consider confirmation of the Second Amended Plan (the "**Confirmation Hearing**").

27. The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest by an announcement of the adjourned date at the Confirmation Hearing or any adjournment thereof or by an appropriate filing with the Court.

12

28. The following procedures are approved for establishing the Cure Amounts for Contracts and Leases to be assumed pursuant to the Second Amended Plan:

(i) the Plan Proponent will cause the *Notice of (I) Assumption of Contracts and Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto* (the "**Cure Notice**"), in a form substantially similar to the form attached hereto as **Exhibit L**, to be served on the non-debtor parties to the Effective Date Assumed Contracts on **June 19, 2009**. Among other things, the Cure Notice shall set forth the amount that the Plan Proponent believes must be paid in order to cure all monetary defaults under each of the Effective Date Assumed Contracts;

(ii) the non-debtor parties to the Effective Date Assumed Contracts shall have until **July 6, 2009 at 4:00 p.m. (prevailing Eastern Time)**, which deadline may be extended in the sole discretion of the Plan Proponent or by order of the Court, to object (a "**Cure Objection**") to the (a) Cure Amounts listed by the Plan Proponent and to propose alternative cure amounts, and/or (b) proposed assumption of the Effective Date Assumed Contracts under the Second Amended Plan; provided, however, if the Plan Proponent amends the Cure Notice or any related pleading that lists the Effective Date Assumed Contracts to add a contract or lease or to reduce the cure amount thereof, except where such reduction was based upon the mutual agreement of the parties, the non-debtor party thereto shall have at least ten (10) calendar days after service of such amendment to object thereto or to propose an alternative cure amount(s);

(iii) any party objecting to the Cure Amount(s), whether or not such party previously has filed a proof of Claim with respect to amounts due under the applicable Effective Date Assumed Contract, or objecting to the potential assumption of such Effective Date Assumed Contract, shall be required to file and serve a Cure Objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Effective Date Assumed Contract and/or any and all objections to the potential assumption of such Effective Date Assumed Contract, together with all documentation supporting such cure Claim or objection, upon each of the Notice Parties so that the Cure Objection is actually received by them no later than **July 6, 2009 at 4:00 p.m. (prevailing Eastern Time)**. If a Cure Objection is timely filed and the parties are unable to settle such Cure Objection, the Bankruptcy Court shall determine the amount of any disputed Cure Amount(s) or objection to assumption at a hearing to be held at the time of the Confirmation Hearing or such other hearing date to which the parties may mutually agree or as

13

determined by the Court. The Plan Proponent may, in its sole discretion, extend the Cure Objection Deadline without further notice, but are not obligated to do so;

(iv) in the event that no Cure Objection is timely filed with respect to an Effective Date Assumed Contract, the counterparty to such Effective Date Assumed Contract shall be deemed to have consented to the assumption of the Effective Date Assumed Contract and the Cure Amount proposed by the Plan Proponent and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Debtors, their estates or the Reorganized Debtors. In addition, if no timely Cure Objection is filed with respect to an Effective Date Assumed Contract, upon the Effective Date of the Second Amended Plan, the Reorganized Debtors and the counterparty to such Effective Date Assumed Contract shall enjoy all of the rights and benefits under the Effective Date Assumed Contract without the necessity of obtaining any party's written consent to the Debtors' assumption of the Effective Date Assumed Contract, and such counterparty shall be deemed to have waived any right to object, consent, condition or otherwise restrict the Debtors' assumption of the Effective Date Assumed Contract.

29. The inclusion of an Effective Date Assumed Contract in the Cure Notice is without prejudice to the Plan Proponent's right to modify their election to assume or to reject such Effective Date Assumed Contract prior to the entry of a final, non-appealable order (which order may be the order confirming the Second Amended Plan) deeming any such Effective Date Assumed Contract assumed or rejected, and inclusion in the Cure Notice is *not* a final determination that any Effective Date Assumed Contract will, in fact, be assumed.

30. Except as otherwise set forth herein the Plan Supplement will be filed by June 12, 2009.

31. A second Plan Supplement will be filed by June 19, 2009 and will list agreements that were listed in the Schedules as executory contracts or unexpired leases, but which the Debtors and the Proponent believe should not be considered executory contracts or unexpired leases (either because they were not executory contracts as of the Commencement

14

Date or because they have expired or terminated in accordance with their terms prior to the Effective Date). If any counterparty to any such agreement believes that such agreement does constitute an executory contract or unexpired lease of one of the Debtors, then such counterparty must file with the Bankruptcy Court and serve on the Proponent and the Debtors an objection to the characterization of such agreement on or before **July 6, 2009 at 4:00 p.m. (prevailing Eastern Time)**. If any such agreements are determined by a Final Order to be executory contracts or unexpired leases, the Debtors or the Reorganized Debtors, as applicable, reserve the right to seek the assumption or rejection of any such contract or lease, and the time within which the Debtors or the Reorganized Debtors, as applicable, may seek to assume or reject any such contract or lease will be tolled until twenty (20) Business Days after the date on which an order determining that any such agreement is an executory contract or unexpired lease becomes a Final Order. The second Plan Supplement to be filed on June 19, 2009 will also include an estimate of rejection damages, the identity of the Creditor Trustee, and the identity of the Creditor Trust Advisory Board.

32. Prior to mailing the Solicitation Packages, Non-Voting Notices or other materials, the Plan Proponent may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as it deems appropriate.

33. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

Dated: Wilmington, Delaware
_____, 2009

_____
Honorable Kevin J. Carey
United States Bankruptcy Judge

15