**Exhibit B**

**Current Organizational Chart**

# Structure Chart of Entities Owned by LandSource Communities Development LLC Prior to the Effective Date



[1] Non-Debtor Entity.

Doc # CH 5786249v8

Structure Chart of Pre- Reorganization Owners of
LandSource Communities Development LLC



**Exhibit C**

**Post-Effective Date Organizational Chart**

May 18, 2009

Structure Chart of Entities Owned by LandSource
Communities Development LLC
Following the Effective Date



[1] The Class A Units of Newhall Holding Company, LLC will be held by Holders of First Lien Claims and Rights Offering Participants in each case electing to hold Class A Units at Newhall Holding Company, LLC and such Class A Units will also be held by the Creditor Trust. The Class B Units of Newhall Holding Company, LLC will be held by the holders of Units of Newhall Intermediary Holding Company, LLC and Newhall Land Development, LLC.

[2] The equity of Newhall Intermediary Holding Company, LLC will be held by Holders of First Lien Claims and Rights Offering Participants in each electing to hold Units of Newhall Intermediary Holding Company, LLC and such equity will also be held by Management Co. and Emile Haddad.

[3] Formerly known as LandSource Communities Development LLC.

Doc # NY 236536409 v6

# Exhibit E

## **Financial Projections**

# EXHIBIT E

## FINANCIAL PROJECTIONS

The following represents the Debtors' financial projections for the period from August 1, 2009 through December 31, 2014:

**Projections (August 1, 2009 – December 31, 2014)**

| ($ in '000s) | Aug. – Dec. 2009 | 2010 | 2011 | 2012 | 2013 | 2014 |
|---|---|---|---|---|---|---|
| **Inflows** | | | | | | |
| **Inflows From Land Sales** | | | | | | |
| Single Family Detached | -- | -- | -- | $28,523 | $75,964 | $71,964 |
| Single Family Attached | -- | -- | -- | -- | 3,489 | 14,457 |
| Total For Sale Housing | -- | -- | -- | 28,523 | 79,453 | 86,421 |
| Apartment | 275 | -- | -- | -- | -- | 2,400 |
| Total Housing | 275 | -- | -- | 28,523 | 79,453 | 88,821 |
| Commercial | -- | 3,339 | 3,228 | 7,836 | -- | -- |
| Inflation (Residential Only) | -- | -- | -- | 5,739 | 35,783 | 64,813 |
| Less: Closing Costs | (1) | (100) | (97) | (406) | (576) | (768) |
| **Inflows from Land Sales** | **$274** | **$3,239** | **$3,131** | **$41,692** | **$114,659** | **$152,866** |
| **Operating Assets** | | | | | | |
| Agriculture & Energy | 1,836 | 42,342 | 2,198 | 2,014 | 1,926 | 1,853 |
| TPC Golf Course | 1,826 | 2,944 | -- | -- | -- | -- |
| Valencia Water Company | 9,721 | 22,974 | 26,711 | 27,926 | 29,096 | 29,969 |
| Total Operating Revenue | 13,383 | 68,260 | 28,909 | 29,940 | 31,022 | 31,822 |
| **Total Inflows** | **$13,657** | **$71,499** | **$32,040** | **$71,632** | **$145,681** | **$184,688** |
| **Outflows** | | | | | | |
| **Outflows Related To Land Sales** | | | | | | |
| Master Improvements | (24,603) | (35,104) | (17,264) | (63,843) | (133,711) | (228,367) |
| CFD Reimbursements | -- | 13,097 | 27,220 | 15,553 | 9,546 | 14,584 |
| Property Tax | (3,351) | (6,735) | (6,659) | (6,533) | (6,046) | (5,598) |
| Other | (15) | (129) | (27) | -- | -- | -- |
| *General & Administrative* | | | | | | |
| Employee Related | (3,670) | (11,764) | (11,738) | (11,918) | (12,556) | (14,162) |
| Insurance | (1,113) | (2,577) | (2,577) | (2,577) | (2,577) | (2,577) |
| All Other | (1,917) | (4,549) | (4,326) | (4,297) | (4,326) | (4,866) |
| Total General & Administrative | (6,700) | (18,890) | (18,641) | (18,792) | (19,460) | (21,606) |
| Inflation (Master Improvements) | | | | | | |
| **Outflows Related To Land Sales** | **($34,669)** | **($47,761)** | **($15,372)** | **($73,616)** | **($149,671)** | **($240,987)** |
| **Operating Assets** | | | | | | |
| Agriculture & Energy | (1,368) | (1,803) | (1,821) | (1,500) | (1,447) | (1,504) |
| TPC Golf Course | (2,658) | (536) | -- | -- | -- | -- |
| Valencia Water Company | (9,700) | (21,181) | (27,801) | (28,939) | (29,722) | (27,638) |
| Total Operating Expenses | (13,726) | (23,520) | (29,622) | (30,439) | (31,169) | (29,142) |
| **Total Outflows** | **($48,395)** | **($71,281)** | **($44,994)** | **($104,055)** | **($180,840)** | **($270,129)** |
| **Other Cash Flows** | | | | | | |
| Management Fee | (2,083) | (5,000) | (5,000) | (5,000) | (5,000) | (5,000) |
| DIP Roll Over | (1,010) | -- | -- | -- | -- | -- |
| Non-Newhall Cash Flow | (3,574) | (7,069) | (3,449) | 16,982 | 29,341 | 23,070 |
| **Total Other Cash Flows** | **($6,667)** | **($12,069)** | **($8,449)** | **$11,982** | **$24,341** | **$18,070** |
| **Net Cash Flow** | | | | | | |
| **Net Cash Flow** | **($41,406)** | **($11,850)** | **($21,403)** | **($20,441)** | **($10,817)** | **($67,372)** |

THE FOREGOING PROJECTIONS ARE BASED UPON A NUMBER OF ESTIMATES AND ASSUMPTIONS THAT ARE INHERENTLY SUBJECT TO SIGNIFICANT UNCERTAINTIES AND CONTINGENCIES BEYOND THE CONTROL OF THE DEBTORS OR THE REORGANIZED DEBTORS. ACCORDINGLY, THERE CAN BE NO ASSURANCE THAT THESE ESTIMATES WOULD BE REALIZED; ACTUAL RESULTS COULD VARY MATERIALLY FROM THOSE SHOWN HERE. FOR ADDITIONAL DETAIL UNDERLYING THE ASSUMPTIONS SEE SECTION VII.F.2 OF THE DISCLOSURE STATEMENT.

**Exhibit F**

**<u>Valuation Analysis</u>**

*NY 239,550,575.8*

**VALUATION AND RECOVERY ANALYSIS**

**Estimated Reorganization Value**

The Debtors estimate the range of the enterprise value of the Reorganized Debtors to be from approximately $160 million to approximately $260 million, with a midpoint of approximately $210 million. The Reorganized Debtors estimate that they will have approximately $90 million of available Cash and no debt on the Effective Date, which when added to the enterprise value implies an equity value for the Reorganized Debtors to be from approximately $250 million to approximately $350 million, with a midpoint of approximately $300 million (the "Reorganization Values"). The Reorganization Values consist of the theoretical value of the Reorganized Debtors through the application of intrinsic valuation methodologies. The Debtors have estimated the Reorganization Values as of May 2009, under the assumption that the underlying assumptions and conditions used to derive the Reorganization Values will not change materially from such date through the assumed Effective Date.

The foregoing estimates of the enterprise value of the Reorganized Debtors, and the resulting estimates of Reorganization Value of the Reorganized Debtors, as the case may be, are based on a number of assumptions, including a successful reorganization of the Debtors' business, the implementation and realization of the Reorganized Debtors' business plans, the achievement of the forecasts reflected in management's projections, residential real estate prices in the areas in which the Reorganized Debtors will continue to conduct business, overall economic conditions and the Plan becoming effective on the assumed Effective Date.

In preparing their estimate of the Reorganization Values of the Reorganized Debtors, the Debtors undertook, among other things, the following steps: (a) reviewed certain historical financial information of the Debtors for recent years and interim periods; (b) reviewed certain internal financial and operating data of the Debtors and financial projections relating to their business and prospects; (c) met with certain members of the senior management of the Debtors to discuss the Debtors' operations and future prospects; (d) reviewed and considered results from the sales and marketing efforts conducted for the Debtors' assets; (e) considered certain economic and real estate market information and surveys relevant to the Debtors' assets; and (g) reviewed such other information and conducted such other analyses as deemed appropriate.

The financial projections prepared by the management of the Debtors assume that the Reorganized Debtors will operate the businesses reflected in the financial forecast and that such businesses will perform as expected in the financial forecast. To the extent that residential real estate pricing and demand in the markets in which the Debtors operate recover more slowly or more quickly during the period contemplated in the projections and the costs of the Reorganized Debtors' operations are inconsistent with those expected by management in the financial forecast, such differences may have a material impact on the projections and the valuations as presented herein.

In determining the enterprise value of the Reorganized Debtors, the Debtors conducted a separate analysis on the (i) the Valencia Water Company Interest and (ii) all of the other assets of the Reorganized Debtors. The range of enterprise values and Reorganization Values were based on the combination of these analyses conducted on the Valencia Water Company Interest and the other assets of the Reorganized Debtors. With respect to the Valencia Water Company Interest, the hypothetical valuation estimate reflects computations of the estimated values of the Valencia Water Company through the application of various valuation techniques, including, among others, the following: (a) a comparable company analysis, in which the Debtors analyzed the enterprise values of public companies that they deemed generally comparable to all or parts of the operating businesses of the Valencia Water Company as a multiple of certain financial measures, including, but not limited to, earnings before interest, taxes, depreciation and amortization ("EBITDA") and then applied multiples derived from such analysis, among other statistics, to the projected EBITDA of the Valencia Water Company; (b) a discounted cash flow analysis in which the Debtors, using a weighted average cost of capital, computed the present value of free cash flows and the terminal value of the of the Valencia Water Company; and (c) a review of the bids received for Valencia Water Company in a discrete, widely marketed process. The Debtors did not consider any one analysis or factor to the exclusion of any

other analysis or factor. With respect to the other assets of the Reorganized Debtors, the hypothetical valuation was based on the estimated enterprise value of such assets of the Reorganized Debtors through the application of, among other analyses, a discounted cash flow analysis of the Debtors' operations using a range of discount rates from 20% to 25%, which imputed a present value of free cash flows of those operations over the life of the business. In addition, the Debtors considered the bids that they received in the separate sales processes conducted for the Debtors' significant properties (for clarification purposes, this range of discount rates was used only for the non-Valencia Water Company assets as a much lower discount rate was applied in conducting the discounted cash flow analysis of the Valencia Water Company). The Debtors also reviewed comparable company valuation analysis of publicly traded companies with business and operational characteristics similar to the assets of the Reorganized Debtors, where available, to evaluate implied valuation multiples of various operating statistics. As is the case with respect to any analysis of comparable companies and the analysis of selected precedent transactions, no two companies are identical and no two precedent transactions are identical. Accordingly, an analysis of comparable companies and comparable business combinations is not mathematical; rather, it involves complex considerations and judgments concerning the differences in financial and operating characteristics of the companies relative to the subject company. However, such comparisons are particularly difficult in the case of the Reorganized Debtors due to the unique nature of any real estate asset and, in the case of the Valencia Water Company, the fact that it is much smaller in size and revenue than its publicly traded peers and, consequently, riskier.

The Debtors have made judgments as to the relative significance of each analysis in determining the range of enterprise and Reorganization Values. The Debtors' hypothetical valuation must be considered as a whole, and selecting just one methodology or portions of the analyses, without considering the analyses as a whole, could create a misleading or incomplete conclusion as to the Reorganized Debtors' Reorganization Values.

The value of both operating businesses and real estate assets is subject to uncertainties and contingencies that are difficult to predict and will fluctuate with changes in factors affecting the financial conditions and prospects of such a business and/or assets. As a result, the estimate of the Reorganization Values set forth herein is not necessarily indicative of actual outcomes, which may be significantly more or less favorable than those set forth herein. Because such estimates are inherently subject to uncertainties, none of the Debtors or any other person assumes responsibility for their accuracy. Depending on the results of the Debtors' operations or changes in the financial markets, the valuation estimates as of the Effective Date may differ from those disclosed herein.

THE FOREGOING VALUATION IS BASED UPON A NUMBER OF ESTIMATES AND ASSUMPTIONS THAT ARE INHERENTLY SUBJECT TO SIGNIFICANT UNCERTAINTIES AND CONTINGENCIES BEYOND THE CONTROL OF THE DEBTORS OR THE REORGANIZED DEBTORS. ACCORDINGLY, THERE CAN BE NO ASSURANCE THAT THE RANGES REFLECTED IN THE VALUATION WOULD BE REALIZED IF THE PLAN WERE TO BECOME EFFECTIVE, AND ACTUAL RESULTS COULD VARY MATERIALLY FROM THOSE SHOWN HERE.

THE ESTIMATED CALCULATION OF ENTERPRISE VALUE IS HIGHLY DEPENDENT UPON ACHIEVING THE FUTURE FINANCIAL RESULTS AS SET FORTH IN THE DEBTORS' BUSINESS PROJECTIONS, AS WELL AS THE REALIZATION OF CERTAIN OTHER ASSUMPTIONS, NONE OF WHICH ARE GUARANTEED AND MANY OF WHICH ARE OUTSIDE OF THE DEBTORS' CONTROL.

THE CALCULATIONS OF VALUE SET FORTH HEREIN REPRESENT ESTIMATED ENTERPRISE AND REORGANIZATION VALUES AND DO NOT NECESSARILY REFLECT VALUES THAT COULD BE ATTAINABLE IN PUBLIC OR PRIVATE MARKETS. THE VALUES STATED HEREIN DO NOT PURPORT TO BE AN ESTIMATE OF THE POST-REORGANIZATION MARKET VALUE. SUCH VALUE, IF ANY, MAY BE MATERIALLY DIFFERENT FROM THE REORGANIZED VALUE RANGES ASSOCIATED WITH THIS VALUATION ANALYSIS. NO RESPONSIBILITY IS TAKEN FOR CHANGES IN MARKET CONDITIONS AND NO OBLIGATION IS ASSUMED TO REVISE THIS CALCULATION OF REORGANIZED DEBTORS' VALUE TO REFLECT EVENTS OR CONDITIONS THAT SUBSEQUENTLY OCCUR. THE CALCULATIONS OF VALUE DO NOT CONFORM TO THE UNIFORM STANDARDS OF PROFESSIONAL APPRAISAL PRACTICE OF THE APPRAISAL FOUNDATION.

**Hypothetical Recovery Analysis**

The following is the calculation in support of the treatment of the First Lien Claims, Second Lien Claims and Non-Lender Unsecured Claims as summarized in section II.E. of the Disclosure Statement. The basis for the analysis is Reorganization Value, which was adjusted for dilution from the Lennar Equity Investment and the Rights Offering Units. The diluted Reorganized Value was divided between the Encumbered Assets and Unencumbered Assets and then the value of each was allocated on behalf of the First Lien Claims, Second Lien Claims and Non-Lender Unsecured Claims pursuant to the absolute priority rule and the terms of the Final DIP Order. The percentage recovery was derived by dividing the implied value of the Interests granted to the respective Holders by the amount of their respective Claims. To the extent Holders of the First Lien Claims, Second Lien Claims and Non-Lender Unsecured Claims subscribe to their respective *pro rata* share of the Rights Offering, then the Holders of each respective Claim would also receive the benefit of the discount attendant to the Rights Offering.

The following table illustrates the relevant calculations for determining the percentage recoveries of the First Lien Claims, Second Lien Claims and Non-Lender Unsecured Claims under the Plan:

|  | Amount | Illustrative Arithmetic |
|---|---|---|
| **Assumed Creditor Claims:** | | |
| First Lien Claims, excluding DIP Revolver Loan Claims[a] | $1,083.7 | A |
| Second Lien Claims[b] | 249.8 | B |
| Non-Lender Unsecured Claim | | |
| Non-Lender Unsecured Claims at Newhall[c] | 34.4 | C |
| Non-Lender Unsecured Claims at Non-Newhall Debtors[d] | 6.7 | D |
| **Total Claims, excluding DIP Revolver Loan Claims** | **$1,374.5** | |
| **Assumed Collateral / Asset Values:** | | |
| Reorganization Value[e] | $300.0 | E |
| Less Rights Offering Proceeds (including dilution)[f] | (123.9) | |
| Less Lennar Ownership (15% of Reorganization Value) | (45.0) | |
| Pre-Investment Value[g] | 131.1 | F + G |
| Value of Unencumbered Assets (available for distribution)[h] | 33.7 | F |
| Value of Encumbered Assets (available for distribution)[i] | 97.3 | G |
| **Implied Deficiency Claims:** | | |
| First Lien Deficiency Claims | $986.3 | A - G = H |
| Second Lien Claims | 249.8 | If H > 0, B = I |
| **Total Deficiency Claims** | **$1,236.2** | H + I = J |
| **Unencumbered Assets of Newhall:** | | |
| Total Deficiency and Non-Lender Unsecured Claims at Newhall | 1,270.5 | C + J = K |
| Proceeds to First Lien Deficiency Claims | 26.2 | (H / K) * F = L |
| Proceeds to Second Lien Claims | 6.6 | (I / K) * F = M |
| Proceeds to Newhall Unsecured Claims | 0.9 | (C / K) * F = N |
| **Turned-Over Distribution to Non-Lender Unsecured Claims:** | | |
| Total Unsecured Claims (against Newhall and Non-Newhall Debtors) | $41.0 | C + D = O |
| 50% of First Lien Recovery from Unencumbered (capped at (i)-(iii) below)[j] | 13.1 | 50% * L |
| (i) 75% Allowed Non-Lender Unsecured Claims[k] | 29.9 | (75% * O) - N |
| (ii) Distribution Maximum[l] | 19.1 | $20 - N |
| (iii) 85% First Lien Recovery from Encumbered Assets[m] | 2.2 | (85% * (G / A) * O) - N |
| **Turned-Over Distribution[n]** | **$2.2** | P |
| **Net Distribution / Recoveries (Dollar Equivalent Value):** | | |
| First Lien Claims, excluding DIP Revolver Loan Claims | $121.3 | G + L - P = Q |
| Second Lien Claims | 6.6 | = M |
| Non-Lender Unsecured Claim | | |
| Unsecured Claims at Newhall LP[o] | $2.8 | N + ((C / O) * P) = R |
| Unsecured Claims at Non-Newhall Subsidiaries[p] | 0.4 | (D / O) * P = S |
| Subtotal Non-Lender Unsecured Claim | $3.1 | R + S |
| **Total Distribution / Recoveries ($)** | **$131.1** | Q + M + R + S |
| **Implied Equity Ownership Based on Pre-Investment Value[q]:** | | |
| First Lien Claims, excluding DIP Revolver Loan Claims | 40.4% | (Q / E) = T |
| Second Lien Claims | 2.2% | (M / E) = U |
| Non-Lender Unsecured Claim | | |
| Non-Lender Unsecured Claims at Newhall | 0.9% | (R / E) = V |
| Non-Lender Unsecured Claims at Non-Newhall Debtors | 0.1% | (S / E) = W |
| Subtotal Non-Lender Unsecured Claim | 1.0% | (R + S) / E |
| **Total Ownership (%)** | **43.7%** | |
| **Implied Percentage Recoveries Under the Plan[r]:** | | |
| First Lien Claims, excluding DIP Revolver Loan Claims | 11.2% | Q / A |
| Second Lien Claims | 2.7% | M / B |
| Non-Lender Unsecured Claim | | |
| Non-Lender Unsecured Claims at Newhall | 8.1% | R / C |
| Non-Lender Unsecured Claims at Non-Newhall Debtors | 5.4% | S / D |

Notes to recovery calculations:

(a)  First Lien Claims are equal to pre-petition principal and accrued interest outstanding under the First Lien Credit Agreement on the petition date plus post-petition interest.

(b)  Second Lien Claims are equal to pre-petition principal and accrued interest outstanding under the Second Lien Credit Agreement on the petition date.

(c)  Amount represents the Non-Lender Unsecured Claims against Newhall. Newhall is the Debtor entity that holds the Valencia Water Company Interests, which is the primary unencumbered asset. Holders of the Non-Lender Unsecured Claims of Newhall would be entitled to *pro rata* distributions from value received from the Valencia Water Company Interests in addition to the Turned-Over Distribution (defined below).

(d)  Amount represents the Non-Lender Unsecured Claims against the Non-Newhall Debtors. The Non-Lender Unsecured Claims against the Non-Newhall Debtors do not share in the value attributed to the Valencia Water Company Interests and, therefore, the Holders of Non-Lender Unsecured Claims at Non-Newhall Debtors would not be entitled to recovery other than from the Turned-Over Distribution.

(e)  Based on the midpoint of the Reorganization Values.

(f)  The proceeds from the Rights Offering would be $103 million based on the Debtors' current estimates for the required sources and uses of cash on the Effective Date. However, under the terms of the Rights Offering, Rights Offering Participants would be entitled to an Interest in the Reorganized Debtors equal to $124 million, which includes the 20% premium for the Rights Offering.

(g)  The Pre-Investment Value is the value of the Reorganized Debtors that is available for pre-petition creditors. The First Lien Claims, Second Lien Claims and Non-Lender Unsecured Claims are Claims on all of the value of the Debtors prior to the investment by Lennar in the Lennar Equity Interest and by the Rights Offering Participants in the Rights Offering. As such, in determining the value of the enterprise available to Holders of First Lien Claims, Second Lien Claims and Non-Lender Unsecured Claims, the value attributed to both Lennar and the Rights Offering Participants, on a fully-diluted basis, is subtracted from the Reorganization Value. Holders of First Lien Claims, Second Lien Claims and Non-Lender Unsecured Claims are permitted to participate in the Rights Offering and, to the extent they do so, they would receive the benefit of the terms of the Rights Offering (e.g., the *pro rata* portion of the 20% premium provided under the terms of the Rights Offering).

(h)  Value of the Unencumbered Assets that would be available for distributions to Unsecured Creditors consists of the value Valencia Water Company Interests, adjusted as necessary to comply with the Final DIP Order. Specifically, the value of the Valencia Water Company Interests was derived by taking the enterprise value of the Valencia Water Company and subtracting the net amount of debt. The amount available for a hypothetical distribution to Unsecured Creditors was then reduced to account for the expenses of administration of the chapter 11 cases pursuant to paragraph 12 of the Final DIP Order, which states that "except to the extent of the Carve-Out[1], no expenses of administration of the Chapter 11 Cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under any chapter of the Bankruptcy Code, shall be charged against or recovered from the Collateral pursuant to the section 506(c) of the Bankruptcy Code or any similar principle of law without the prior written consent of the Administrative Agent" (capitalized terms are used as they are defined in the Final DIP Order). The allocated expenses of administration of the case in this analysis include (i) 50% of the professional fees paid, at the Effective Date, by the Debtors during the chapter 11 cases for the advisors to the Non-Lender

---

[1] The Carve-Out is defined in the Final DIP Order and applies (x) in the event of the occurrence and during the continuance of any Event of Default, (y) pursuant to fees pursuant to 28 U.S.C. § 156(e), and pursuant to Bankruptcy Code section 726 and, therefore, is not applicable to the calculation of fees in this instance.

Unsecured Creditors, the Holders of the Second Lien Claims and the Debtors and (ii) 50% of the accrued but unpaid professional fees to be paid on the Effective Date.

(i) Value of the Encumbered Assets is the implied value of the Reorganized Debtors on which there is a Secured Claim. The amount was derived by subtracting the value of the Unencumbered Assets from the Pre-Investment Value.

(j) Paragraph 21 of the Final DIP Order provides that, in the event the Encumbered Assets are not sufficient to satisfy the First Lien Claims, the Holders of First Lien Claims will share with the Holders of Non-Lender Unsecured Claims an amount equal to 50% of any distributions made or value granted to the Holders of the First Lien Claims on behalf of their deficiency claim based on the value of the Unencumbered Assets, provided that the aggregate amount of such shared amount is capped at the lesser of the following: (i) the amount that would make the percentage recovery on behalf of Non-Lender Unsecured Claims equal to 75%; (ii) the amount that would make the total value of all distributions (including the shared amount) received on behalf of the Non-Lender Unsecured Claims equal $20 million; and (iii) amount that would make the percentage recovery on behalf of the Non-Lender Unsecured Claims equal to the 85% of the recovery on behalf of the First Lien Claims from the Encumbered Assets (the "Turned-Over Distribution").

(k) Pursuant to limitation subsection "(i)" in footnote (j), the Turned-Over Distribution cannot exceed an amount that would make the recovery on behalf of the Non-Lender Unsecured Claims equal to 75%, which is calculated as 75% of $41.0 million, less the amount attributable to the Non-Lender Unsecured Claims from the value of the Unencumbered Assets.

(l) Pursuant to limitation subsection "(ii)" in footnote (j), the Turned-Over Distribution cannot exceed an amount that would make the recovery for the on behalf of the Non-Lender Unsecured Claims equal to $20 million, which is calculated as $20 million, less the amount attributable to the Non-Lender Unsecured Claims from the value of the Unencumbered Assets.

(m) Pursuant to limitation subsection "(iii)" in footnote (j), the Turned-Over Distribution cannot exceed an amount that would make the recovery on behalf of the Non-Lender Unsecured Claims equal to 85% of the recovery for First Lien Claims from the Encumbered Assets. The amount is calculated as 85% of 9.0% (based on a value of the Encumbered Assets of $97.3 million and a claim of $1,084 million), or 7.6%, of $41.0 million (85% * 9.0% * $41.0 million), less the amount attributable to the Non-Lender Unsecured Claims from the value of the Unencumbered Assets.

(n) The total value that makes up the Turned-Over Distribution from the Holders of the First Lien Claims to the Non-Lender Unsecured Claims based on the analyses as described in footnotes (j), (k), (l) and (m).

(o) The value attributable to the Non-Lender Unsecured Claims at Newhall is equal to the *pro rata* distribution of value from the Unencumbered Assets plus the *pro rata* distribution from the Turned Over Distribution.

(p) The value attributable to Non-Lender Unsecured Claims at the Non-Newhall Debtors is equal to the *pro rata* distribution from the Turned Over Distribution.

(q) Implied ownership percentage is the implied total net distribution to each of the respective Holders of the listed Claims Amount stated as a percentage of the $300 million Reorganization Value. Based on the implied value of recovery based on the analysis the Reorganized Value, the aggregate implied ownership of the Holders of the First Lien Claims, Second Lien Claims and Non-Lender Unsecured Claims would be approximately 43.7% and, including the premium for the Rights Offering assuming that the Holders of each Claim subscribed to its pro rata share of the Rights Offering, 50.6%.

(r) Implied recoveries are calculated as the net distribution amounts to the Holders of the First Lien Claims, Second Lien Claims and Non-Lender Unsecured Claims divided by their respective Claim amounts.

**Exhibit G**

**Liquidation Analysis**

## LIQUIDATION ANALYSIS

### Introduction

Pursuant to section 1129(a)(7) of the Bankruptcy Code (often called the "Best Interests Test"), Holders of Allowed Claims must either (a) accept the Plan or (b) receive or retain under the Plan on account of such Claim property of a value, as of the Plan's assumed Effective Date, that is not less than the value such Holder would receive or retain if the Debtors were to be liquidated under chapter 7 of the Bankruptcy Code ("Chapter 7").

In determining whether the Best Interests Test has been met, the first step is to determine the dollar amount that would be generated from a hypothetical liquidation of the Debtors' assets under Chapter 7; the second step is to allocate such net dollar amount of proceeds to the various Holders of Allowed Claims based on the absolute priority rule. The Debtors have prepared this hypothetical liquidation analysis (the "Liquidation Analysis") in connection with the Disclosure Statement. The Liquidation Analysis reflects the estimated Cash proceeds, net of liquidation-related costs, that would be available to the Debtors' creditors if the Debtors were to be liquidated pursuant to a Chapter 7 liquidation as an alternative to continued operation of the Debtors' business under the Plan. Accordingly, asset values discussed herein may be different than amounts referred to in the Plan. The Liquidation Analysis is based upon certain assumptions discussed herein and in the Disclosure Statement.

**UNDERLYING THE LIQUIDATION ANALYSIS ARE NUMEROUS ESTIMATES AND ASSUMPTIONS REGARDING LIQUIDATION PROCEEDS THAT, ALTHOUGH DEVELOPED AND CONSIDERED REASONABLE BY THE DEBTORS, ARE INHERENTLY SUBJECT TO SIGNIFICANT BUSINESS, ECONOMIC, REGULATORY AND COMPETITIVE UNCERTAINTIES AND CONTINGENCIES BEYOND THE CONTROL OF THE DEBTORS AND THEIR MANAGEMENT AND ADVISORS. ACCORDINGLY, THERE CAN BE NO ASSURANCE THAT THE VALUES REFLECTED IN THE LIQUIDATION ANALYSIS WOULD BE REALIZED IF THE DEBTORS WERE, IN FACT, TO UNDERGO SUCH A LIQUIDATION, AND ACTUAL RESULTS COULD MATERIALLY DIFFER FROM THE RESULTS SET FORTH HEREIN.**

### Significant Assumptions

Hypothetical recoveries to stakeholders of the Debtors in Chapter 7 were determined through multiple steps, as set forth below. The basis of the Liquidation Analysis is the Debtors' projected cash balance and assets of the Debtors as of July 31, 2009 and assumes that the Debtors would commence a Chapter 7 liquidation on or about July 31, 2009 (the "Conversion Date"). As such, the Liquidation Analysis assumes that the Southern California Properties and Washington Square have already been sold and the proceeds collected.

The Liquidation Analysis also assumes that the liquidation of the Debtors would commence under the direction of a court-appointed Chapter 7 trustee. The Liquidation Analysis reflects the wind-down and liquidation of substantially all of the Debtors' remaining assets and operations over a six-month period (the "Wind-Down Period"), during which time all of the Debtors' major assets would be sold and the cash proceeds, net of liquidation-related costs, would be distributed to satisfy Allowed Claims.

### Estimate of Proceeds

Estimates were made of the Cash proceeds that might be received from the liquidation of the Debtors' assets listed on their balance sheet. After consideration of the effects that a Chapter 7 liquidation would have on the ultimate proceeds available for distribution, including (i) the increased costs and expenses of a liquidation under Chapter 7 arising from fees payable to a trustee in bankruptcy and advisors to such trustee (see below), (ii) the potential erosion in value of assets in a Chapter 7 case in the context of the expedited liquidation required under Chapter 7 and (iii) the implications of being a distressed seller of real estate.

The Liquidation Analysis assumes that the Debtors' real estate portfolio would be sold either in bulk by geographic region or piecemeal by community based on the Debtors' view of what would generate the highest net proceeds. Estimates of proceeds from each asset or group of assets, as the case may be, were determined using two methods. First, the Debtors conducted a discounted cash flow analysis of each asset based on the hypothetical situation outlined herein. Second, the Debtors analyzed the current real estate market in each location in which the Debtors have assets and reviewed the bids received in the relevant sales processes conducted to date, if applicable, and estimated the price that a buyer would be willing to pay in a Chapter 7 liquidation. Those two data points for each asset were then used to develop a range of hypothetical proceeds. This analysis illustrates estimated recoveries at the midpoint of the range. Estimated proceeds are net of holding costs, including insurance, taxes, utility, security and maintenance, which are assumed to be incurred until a sale is concluded.

The Liquidation Analysis does not reflect any potential recoveries that might be realized by the Chapter 7 trustee's potential pursuit of any Avoidance Actions, as the Debtors believe that any such potential recoveries could be highly speculative in light of, among other things, the various defenses that would likely be asserted. The Liquidation Analysis does, however, take into account potential recoveries that could be realized from certain litigation already initiated by the Debtors and assumes that such actions would be pursued on a contingency fee basis.

## Estimate of Costs

Proceeds from a Chapter 7 liquidation would be reduced by administrative costs incurred during the Wind-Down Period for the disposition of assets and the reconciliation of claims. These costs include professional (including attorneys, appraisers and accountants) and trustee fees, commissions, salaries, severance and retention costs, certain occupancy costs, the estimated holding costs for each asset over the relevant period to the extent such costs were not considered in the determination of proceeds. Actual administrative costs may exceed the estimate included in this Liquidation Analysis, particularly if the wind-down of operations, disposition of assets and reconciliation of claims takes longer than the Wind-Down Period.

## Distribution of Net Proceeds Under Absolute Priority

The amount of Cash available for Allowed Claims would be the sum of the net proceeds from the disposition of the Debtors' assets and the Cash held by the Debtors at the commencement of their Chapter 7 cases. Under the absolute priority rule, no junior creditor would receive any distribution until all senior creditors are paid in full, and no equity holder would receive any distribution until all creditors are paid in full. As such, available Cash and net liquidation proceeds from the Collateral would first be applied to the following, in order of priority:

**1) Superpriority Administrative Claims and Senior Permitted Lien Claims:** Senior Permitted Lien Claims, other administrative expenses included in the Carve-Out (as defined in the Final DIP Order) and DIP Revolver Loan Claims;

**2) Secured Claims:** First Lien Secured Claims and Second Lien Claims that are Secured Claims;

**3) Administrative and Priority Claims:** Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims; and

**4) Unsecured Claims:** other Unsecured Claims, including Lennar Claims and Claims for outstanding improvement bonds.

With respect to proceeds from Unencumbered Assets, any remaining proceeds after the satisfaction of the superpriority Administrative Claims and Administrative and Priority Claims, are allocated to the Unsecured Claims, including First Lien Deficiency Claims and Second Lien Claims, pursuant to the terms of the Final DIP Order.

Any remaining liquidation proceeds after satisfaction of the Allowed Claims, to the extent they exist, would be available for distribution to Holders of Interests in the Debtors and Intercompany Claims in accordance with the distribution hierarchy established by section 726 of the Bankruptcy Code.

After consideration of the effects that a Chapter 7 liquidation would have on the ultimate proceeds available for distribution to creditors, the Debtors have determined, as summarized in the charts below and the "Best Interest Test" section of the Disclosure Statement, that Debtors' proposed Plan will provide creditors with a recovery that is not less than creditors would receive pursuant to a liquidation of the Debtors' assets under Chapter 7.

The following Liquidation Analysis should be reviewed with the accompanying notes.

| HYPOTHETICAL LIQUIDATION ANALYSIS | | | | | | |
|---|---|---|---|---|---|---|
| | Notes | Claim Amounts | Estimated Liquidation Value | | | % Recovery |
| | | | Encumbered (a) | Unencumbered (b) | Total | |
| **Asset Values** | | | | | | |
| Cash and Cash Equivalents | (c) | | $27,435 | -- | $27,435 | |
| Real Property/Operating Assets | | | 118,301 | 38,533 | 156,835 | |
| Other Assets | (d) | | 6,920 | -- | 6,920 | |
| **Gross Liquidation Proceeds** | (e) | | 152,281 | 38,439 | 190,720 | |
| | | | | | | |
| Liquidation Costs | | | | | | |
| Trustee Fees & Expenses | (f) | | (1,775) | (578) | (2,353) | |
| Other Professional Fees & Expenses | (g) | | (3,500) | -- | (3,500) | |
| Employee Expenses / Wind-Down Costs | (h) | | (1,000) | -- | (1,000) | |
| **Total Liquidation Costs** | | | (6,275) | (578) | (6,853) | |
| **Net Liquidation Proceeds Available for Superpriority Administrative Claims** | | | **$146,007** | **$37,861** | **$183,867** | |
| **Senior Permitted Lien Claims and Other Carve-Outs** | | | | | | |
| Senior Permitted Liens - Mechanics Liens | | $3,308 | 3,308 | -- | 3,308 | 100.0% |
| Senior Permitted Liens - Property Taxes | | 9,587 | 9,587 | -- | 9,587 | 100.0% |
| Professional Fees | | 3,000 | 3,000 | -- | 3,000 | 100.0% |
| Post Petition Trade Payables | | 10,000 | 10,000 | -- | 10,000 | 100.0% |
| **Total Senior Permitted Lien Claims and Other Carve-Outs** | (i) | 25,895 | 25,895 | -- | 25,895 | 100.0% |
| **Superpriority DIP Revolver Loan Claims** | | | | | | |
| Superpriority DIP Revolver Loan | (j) | | 107,005 | -- | 107,005 | |
| Case Administration Reimbursement | (j) | | -- | 27,995 | 27,995 | |
| **Total Superpriority DIP Revolver Loan Claims** | | 135,000 | 107,005 | 27,995 | 135,000 | 100.0% |
| **Net Liquidation Proceeds Available for Secured Claims** | | | **$13,107** | **$9,865** | **$22,972** | |
| **First Lien Secured Claims** | (k) | 1,083,667 | 13,107 | 3,892 | 16,999 | 1.6% |
| **Second Lien Secured Claims** | (l) | 249,828 | -- | 1,178 | 1,178 | 0.5% |
| **Net Liquidation Proceeds Available for Administrative and Priority Claims** | | | -- | **$4,795** | **$4,795** | |
| **Administrative and Priority Claims** | (m) | 3,017 | -- | 3,017 | 3,017 | 100.0% |
| **Net Liquidation Proceeds Available for Unsecured Claims** | (n) | | -- | **$1,778** | **$1,778** | |
| General Unsecured Claims | | | | | | |
| Claims at Newhall LP | | 55,121 | -- | 628 | 628 | 1.1% |
| Claims at Non-Newhall LP Entities | | 11,801 | -- | 79 | 79 | 0.7% |
| Claims Related to Outstanding Improvement Bonds | | | | | | |
| Claims at Newhall LP | | 54,000 | -- | 615 | 615 | 1.1% |
| Claims at Non-Newhall LP Entities | | -- | -- | -- | -- | -- |
| Lennar Claims | | | | | | |
| Claims at Newhall LP | | 23,000 | -- | 262 | 262 | 1.1% |
| Claims at Non-Newhall LP Entities | | 29,000 | -- | 194 | 194 | 0.7% |
| **Total Unsecured Claims** | | | | | | |
| **Claims at Newhall LP** | (o) | 132,121 | -- | 1,505 | 1,505 | 1.1% |
| **Claims at Non-Newhall LP Entities** | (p) | 40,801 | -- | 272 | 272 | 0.7% |
| **Total Unsecured Claims** | | 172,922 | -- | 1,778 | 1,778 | 1.0% |
| **Net Liquidation Proceeds Available for Allowed Interests** | | | -- | -- | -- | |

**Notes to recovery calculations:**

(a)    The Collateral consists of all the Debtors' assets other than the Interests in Valencia Water Company.

(b)    The Unencumbered Assets consists of the value of the Interests in Valencia Water Company.

(c)    All outstanding Cash balances are assumed to be 100% recoverable.

(d)    Amount represents estimated net proceeds from the LNR Excess G&A Claims and proceeds from potential litigation related to construction contracts for Southwest and assumes such actions would be pursued on a contingency fee basis.

(e)    The gross liquidation proceeds represent the Debtors' estimate of the gross price for the respective assets in a Chapter 7 and are based on the midpoint of the liquidation ranges as described herein. Such proceeds are assumed to be recovered over the Wind-Down Period and have been discounted to the present value as of the Conversion Date at a discount rate reflecting the 3-month LIBOR.

(f)    Compensation for the Chapter 7 trustee will be limited to fee guidelines in section 326(a) of the Bankruptcy Code. The Debtors' management has assumed trustee fees of 1.5% of the gross proceeds (excluding cash) in the liquidation, though such fees could be as high as 3.0% pursuant to section 326(a) of the Bankruptcy Code.

(g)    Compensation for the Chapter 7 trustee's counsel and other legal, financial and professional services during the Chapter 7 proceedings is estimated to be $2.5 million for legal advisors and $1.0 million for other expenses. For conservatism, all of these expenses have been charged against the Encumbered Assets, although in a liquidation a portion of these expenses would in fact reduce the net proceeds from the Unencumbered Assets.

(h)    The Debtors assume the Chapter 7 liquidation process for the Collateral will take six months to complete. Estimates for corporate payroll and operating costs incurred during the liquidation are based upon the assumption that minimal corporate functions would be retained to oversee the liquidation process. The remaining staff would also be needed to maintain and close the accounting records and to complete certain administrative tasks, including payroll and tax forms and records. For purposes of estimating the maximum liquidation value for the Debtors, no payments for employee retention or incentives through the Chapter 7 liquidation process are assumed to be made.

With respect to the Unencumbered Assets, any additional costs for Valencia Water Company related to the general and administration functions that are currently managed by the parent, Newhall, are not included in the Liquidation Analysis.

(i)    Superpriority Administrative Claims and Senior Permitted Lien Claims consist of $13 million of Senior Permitted Lien Claims ($3 million of mechanics' liens and $10 million of property taxes), $13 million of other administrative expenses included in the Carve-Out ($3 million of professional fees and up to $10 million in post-petition payables), as defined in the Final DIP Order, and $135 million of DIP Revolver Loan Claims; amounts are based on the estimated amounts as of the Conversion Date.

(j)    The DIP Revolver Loan Claim was estimated based on the projected outstanding loan amount on the Conversion Date. The letters of credit issued under the revolving credit facility, which are to be cash collateralized, are assumed to be drawn prior to the Conversion Date, resulting in an aggregate $8 million reduction to cash.

The amounts shown under "Case Administration Reimbursement" relate the amounts that have been advanced under the DIP Credit Agreement for the costs of administering the chapter 11 cases. This amount, which is in effect being charged against the Unencumbered Assets, is equal to the expenses of

administration of the chapter 11 cases pursuant to paragraph 12 of the Final DIP Order, which states that "except to the extent of the Carve-Out[1], no expenses of administration of the Chapter 11 Cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under any chapter of the Bankruptcy Code, shall be charged against or recovered from the Collateral pursuant to the section 506(c) of the Bankruptcy Code or any similar principle of law without the prior written consent of the Administrative Agent" (defined terms are used as set forth in the Final DIP Order). The allocated expenses of administration of the case in this analysis include (i) all of the professional fees paid by the Debtors during the chapter 11 cases at the Conversion Date for the advisors to the Non-Lender Unsecured Creditors, the Holders of the Second Lien Claims and the Debtors, (ii) the projected accrued but unpaid professional fees on the Conversion Date and (iii) bankruptcy related employee expenses. As a result, the indicated recovery is greater than the indicated claim amount because amounts have been reallocated to the DIP Revolver Loan Claims from administrative expense claims in order to reflect the appropriate treatment.

(k) First Lien Claims are equal to $990.3 million of pre-petition debt and accrued interest outstanding under the First Lien Credit Agreement on the petition date plus $93.4 million of post-petition roll-up interest. The Claim is divided between First Lien Secured Claims and, to the extent the Encumbered Assets are not enough to satisfy the First Lien Claims, First Lien Deficiency Claims. Recoveries shown on the First Lien Claims from Unencumbered Assets represent recoveries on First Lien Deficiency Claims, which are junior in priority to the administrative and priority claims (shown in the table in the box below the recovery for secured claims).

(l) Second Lien Claims are equal to $249.8 million of pre-petition principal and accrued interest amounts outstanding under the Second Lien Credit Agreement on the petition date. The entire Second Lien Claim is a deficiency claim and, therefore, recoveries shown on the Second Lien Claims from Unencumbered Assets represent recoveries on the deficiency Claims, which are junior in priority to the administrative and priority claims (shown in the table in the box below the recovery for secured claims).

(m) Administrative Expense Claims include estimated accrued compensation and benefit amounts (amounts excludes any liabilities associated with the Debtors' pension plan, which are not treated as Administrative Claims). Post-petition trade payables and estimated professional fees in excess of the Carve-Out are allocated as an Administrative Expense Claim.

(n) Paragraph 21 of the Final DIP Order provides that, in the event the value from the Encumbered Assets is not sufficient to satisfy the Claims of the First Lien Secured Parties (as defined in the Final DIP Order), the Holders of First Lien Secured Parties Claims will share with the Holders of Non-Lender Unsecured Claims (as defined in the Final DIP Order) an amount equal to 50% of any distributions made or value granted to the Holders of the First Lien Secured Parties Claims on behalf of their deficiency claim based on the value of the Unencumbered Assets, provided that the aggregate amount of such shared amount is capped at the lesser of the following: (i) the amount that would make the percentage recovery on behalf of Non-Lender Unsecured Claims equal to 75%; (ii) the amount that would make the total value of all distributions (including the shared amount) received on behalf of the Non-Lender Unsecured Claims equal $20 million; and (iii) amount that would make the percentage recovery on behalf of the Non-Lender Unsecured Claims equal to the 85% of the recovery on behalf of the First Lien Secured Parties Claims from the Collateral.

Lennar Claims at Non-Newhall Debtors include an estimate of net Claims in a liquidation.

(o) Amount represents the Non-Lender Unsecured Claims against Newhall. Newhall is the Debtor entity that holds the Interests in Valencia Water Company, which is the primary Unencumbered Asset. Holders of the Unsecured Claims of Newhall LP would be entitled to *pro rata* distributions from value received from the Interests in Valencia Water Company in addition to the Turned-Over Distribution, if applicable.

---

[1] The Carve-Out is defined in the Final DIP Order and applies (x) in the event of the occurrence and during the continuance of any Event of Default, (y) pursuant to fees pursuant to 28 U.S.C. § 156(e), and pursuant to Bankruptcy Code section 726 and, therefore, is therefore not applicable to the calculation of fees in this instance.

Amounts for improvement bonds are the estimated cost to complete of outstanding work for which the bonds have been posted.

(p)     Amount represents the Non-Lender Unsecured Claims against the Non-Newhall Debtors. The Non-Lender Unsecured Claims against the Non-Newhall Debtors do not share in the value attributed to the Valencia Water Company Interests and, therefore, the Holders of Non-Lender Unsecured Claims at Non-Newhall Debtors would not be entitled to recovery other than from the Turned-Over Distribution, if applicable.

**Exhibit H**

**<u>Allowed Permitted Liens</u>**

## Exhibit H

### Allowed Permitted Liens

This Exhibit sets forth all known Secured Claims that have been asserted to be Senior Permitted Lien Claims and, based upon a review of the information provided by the Debtors and the Proofs of Claim filed in these Chapter 11 Cases, will be treated as Senior Permitted Lien Claims under the Plan. In accordance with Article V.B.2 of the Plan, Holders of Claims listed in this Exhibit H will not receive a Ballot and will not be entitled to vote for or against the Plan.

THE ESTIMATED LIEN AMOUNT FIGURES CONTAINED IN THIS EXHIBIT H WERE CALCULATED AS OF MAY 11, 2009 AND MAY BE SUBJECT TO UPWARD OR DOWNWARD ADJUSTMENT PRIOR TO THE EFFECTIVE DATE. THE INCLUSION OF A CLAIM IN THIS EXHIBIT H IS NOT A FINAL DETERMINATION OF THE ALLOWED AMOUNT OR PRIORITY OF ANY SUCH CLAIM, AND IS WITHOUT PREJUDICE TO THE PROPONENT'S RIGHT TO MODIFY THE ALLOWED AMOUNT AND/OR PRIORITY OF ANY SUCH CLAIM. ACCORDINGLY, THE INCLUSION OF A CLAIM IN THIS EXHIBIT H SHALL NOT CONSTITUTE OR BE DEEMED TO BE A DETERMINATION OR ADMISSION BY THE PROPONENT THAT ANY SUCH CLAIM IS INDEED A SENIOR PERMITTED LIEN CLAIM OR ALLOWED IN THE AMOUNTS SET FORTH HEREIN.

IN ORDER TO QUALIFY AS A SENIOR PERMITTED LIEN CLAIM, IT MUST BE DETERMINED, EITHER BY AGREEMENT OF THE DEBTORS AND THE ADMINISTRATIVE AGENT OR BY A FINAL ORDER OF THE BANKRUPTCY COURT TO (I) HAVE A VALIDLY PERFECTED LIEN AGAINST PROPERTY OF THE DEBTORS AND (II) HAVE HAD PRIORITY OVER THE LIENS SECURING THE DEBTORS' OBLIGATIONS UNDER THE FIRST LIEN CREDIT AGREEMENT AND THE SECOND LIEN CREDIT AGREEMENT AS OF THE COMMENCEMENT DATE.

AS SET FORTH IN ARTICLE V.B.1 OF THE PLAN, AS TO ANY ASSERTED SENIOR PERMITTED LIEN CLAIM THAT HAS NOT BEEN ALLOWED AS SUCH AS OF THE EFFECTIVE DATE, CASH IN AN AMOUNT EQUAL TO THE AMOUNT OF SUCH SENIOR PERMITTED LIEN CLAIM THAT WOULD BE PAYABLE ON THE EFFECTIVE DATE IF THE ASSERTED SENIOR PERMITTED LIEN CLAIM WERE AN ALLOWED CLAIM WILL BE RESERVED IN A SEPARATE ACCOUNT ESTABLISHED BY THE DISTRIBUTION AGENT.

NOTWITHSTANDING THE FOREGOING, NO CASH WILL BE SET ASIDE FOR SENIOR PERMITTED LIEN CLAIMS ASSERTED AGAINST LENNAR MARE ISLAND, LLC OR FRIENDSWOOD DEVELOPMENT COMPANY, LLC, AND LENNAR CORPORATION WILL BE SOLELY RESPONSIBLE FOR SATISFYING THE AMOUNT OF ANY SENIOR PERMITTED LIEN CLAIMS AGAINST SUCH ENTITIES.

IF THE REORGANIZED DEBTORS DO NOT COMMENCE AN ADVERSARY PROCEEDING WITHIN ONE HUNDRED AND EIGHTY (180) DAYS AFTER THE EFFECTIVE DATE TO DETERMINE THE EXTENT, VALIDITY AND PRIORITY OF AN

ASSERTED SENIOR PERMITTED LIEN CLAIM, SUCH CLAIM WILL BE DEEMED A VALID SENIOR PERMITTED LIEN CLAIM, AND THE ALLOWED AMOUNT OF ANY AMOUNT CURRENTLY DUE AND OWING WITH RESPECT TO SUCH SENIOR PERMITTED LIEN CLAIM WILL BE PAID IN FULL, IN CASH, AS SOON AS PRACTICABLE THEREAFTER.

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Lien Amount |
|---|---|---|---|---|---|
| County of Riverside | Various | LandSource Holding Company, LLC | | Various | Undetermined |
| County of Yuba | Various | LandSource Holding Company, LLC | | Various | Undetermined |
| E Rosen Construction, Inc. | River Village | Newhall Land and Farming Co. | Newhall Land and Farming | 7/15/2008 | $58,813.12 |
| Fence Factory | River Village 2849-001-014, 027 to 029 | Newhall Land and Farming Company – Steve Zimmer | Newhall Land and Farming | 9/30/2008 | $21,304.16 |
| Fence Factory | River Village 2849-001-014, 027 to 029 | Newhall Land and Farming Company – Steve Zimmer | Newhall Land and Farming | 9/30/2008 | $15,987.50 |
| Fence Factory | River Village 2849-001-014, 027 to 029 | Newhall Land and Farming Company – Steve Zimmer | Newhall Land and Farming | 9/30/2008 | $1,620.00 |
| Fence Factory | West Creek 52455-01 | Newhall Land and Farming Company – Kriss Keogh | Newhall Land and Farming | 9/30/2008 | $5,622.00 |
| Fence Factory | (Hasley Eq Ctr.) Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & | Blackwell Const. Ben Walters | Newhall Land and Farming | 9/30/2008 | $6,439.38 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Lien Amount |
|---|---|---|---|---|---|
| | 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| Golden State Fence company | River Village 2849-001-014, 027 to 029 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/28/2008 | $3,421.00 |
| Golden State Fence company | River Village 2849-001-014, 027 to 029 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/28/2008 | $1,966.00 |
| Golden State Fence Company | West Creek 52455-01 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/28/2008 | $10,062.40 |
| Golden State | River Village | The Newhall | Newhall Land | 5/28/2008 | $31,136.00 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Lien Amount |
|---|---|---|---|---|---|
| Fence company | 2849-001-014, 027 to 029 | Land and Farming Company | and Farming | | |
| Lakes by the Bay South Community District | The Shores<br><br>The Cove | N/A | LandSource Holding Company, LLC | 8/11/04 | $2,372,936.51 |
| New Turf Construction Inc. | River Village<br><br>2849-001-014, 027 to 029<br><br>Ph3/A2 SD Line G | Newhall Land & Farming | Newhall Land and Farming | 11/26/2008 | $9,094.40 |
| New Turf Construction Inc. | River Village<br><br>2849-001-014, 027 to 029<br><br>Ph2/A1 MTD 1719 | Newhall Land and Farming (Lennar) | Newhall Land and Farming | 11/26/2008 | Undetermined |
| New Turf Construction Inc. | River Village<br><br>2849-001-014, 027 to 029<br><br>Temp Honby Line | Newhall Land & Farming | Newhall Land and Farming | 11/26/2008 | $82,191.00 |
| New Turf Construction Inc. | Valencia Commerce Center ("VCC")<br><br>20839, 22992, 36363 | Newhall Land & Farming | Newhall Land and Farming | 11/26/2008 | $72,576.95 |
| Oakridge Landscape Inc. | Chevron Relocation Newhall Ranch<br><br>Homestead<br><br>2826-122- | Newhall Land and Farming Co | Newhall Land and Farming | 5/9/2008 | $22,801.64 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Lien Amount |
|--------|----------|-------------------|-------|-----------|----------------------|
| | 005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 | | | | |
| | Landmark | | | | |
| | 2826-002-018 thru 021 & 025 | | | | |
| | Mission Village | | | | |
| | 2826-003-021 thru 030 and 2826-009-081 | | | | |
| | Potrero | | | | |
| | 2826-123-001 thru 003 | | | | |
| | Chiquito Canyon | | | | |
| | 53108, 60678 | | | | |
| | Newhall Ranch | | | | |
| | 13331, 44831, 52667 | | | | |
| | Creekside MWD | | | | |
| | 54312 | | | | |
| Oakridge Landscape Inc. | River Village 2849-001-014, 027 to 029 | Newhall Land and Farming Co | Newhall Land and Farming | 5/9/2008 | $16,901.00 |
| Oakridge Landscape Inc. | River Village 2849-001-014, 027 to 029 | Newhall Land and Farming Co | Newhall Land and Farming | 5/9/200/ | $14,385.51 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Lien Amount |
|---|---|---|---|---|---|
| | NRR Medians | | | | |
| Oakridge Landscape Inc. | River Village 2849-001-014, 027 to 029 | Newhall Land and Farming Co | Newhall Land and Farming | 5/9/2008 | $23,556.87 |
| Oakridge Landscape Inc. | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | Newhall Land and Farming Co. | Newhall Land and Farming | 5/9/2008 | $15,007.80 |
| Oakridge Landscape Inc. | West Creek 52455-01 | Newhall Land and Farming Co | Newhall Land and Farming | 5/9/2008 | $32,447.16 |
| Oakridge Landscape Inc. | West Creek 52455-01 | Newhall Land and Farming Co | Newhall Land and Farming | 5/9/2008 | $16,675.70 |
| Oakridge Landscape Inc. | West Creek 52455-01 Paseos | The Newhall Land and Farming Company | Newhall Land and Farming | 5/9/2008 | $36,992.67 |
| Oakridge Landscape Inc. | West Hills - Area B 52455-02 | Newhall Land and Farming Co | Newhall Land and Farming | 5/9/2008 | $560,167.06 |
| Oakridge Landscape Inc. | West Hills - Area B 52455-02 | Newhall Land and Farming Co | Newhall Land and Farming | 5/9/2008 | $1,478.64 |
| Oberg Contracting Corp. | River Village | Newhall Land and Farming | Newhall Land and Farming | 11/6/2008 | $3,055.00 |
| Oberg Contracting Corp. | River Village | Newhall Land and Farming | Newhall Land and Farming | 11/6/2008 | $18,038.00 |
| Oberg Contracting Corp. | River Village/ Soledad Village (Villa Metro | Newhall Land and Farming | Newhall Land and Farming | 11/6/2008 | $1,810.00 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Lien Amount |
|---|---|---|---|---|---|
| | Ped Bridge) | | | | |
| Oberg Contracting Corp. | West Creek | Newhall Land and Farming | Newhall Land and Farming | 11/6/2008 | $3,034.00 |
| Park West Landscape, Inc. (Park) | West Creek 52455-01 | The Newhall Land and Farming Company | Newhall Land and Farming | 7/3/2008 | $520,630.88 |
| Park West Landscape, Inc. | West Creek 52455-01 | The Newhall Land and Farming Company | Newhall Land and Farming | 12/17/2008 | Undetermined |
| PCL Construction Services, Inc. | Washington Square Lot 1 of Tract 28031, Map in Book 732, Pg 44, Los Angeles Co., CA | LNR-Lennar Washington Square, LLC | LNR – Lennar Washington Square, LLC | 3/27/2009 | $4,577,768.90 |
| Precision Construction Management Inc. dba Forum Construction Management | Damonte | Lennar Reno, LLC | LandSource Holding Company, LLC | 7/23/2008 | $241,972.25 (aggregate of all claims) |
| Precision Construction Management, Inc. dba Forum Construction Management | Damonte | Lennar Reno, LLC | LandSource Holding Company, LLC | 1/27/2009 | $241,972.25 (aggregate of all claims) |
| RC Becker | River Village 2849-001-014, 027 to 029 | Newhall Land & Farming | Newhall Land and Farming | 5/28/2008 | $8,405.55 |
| RC Becker | River Village | Newhall Land | Newhall Land | 5/28/2008 | $23,696.77 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Lien Amount |
|---|---|---|---|---|---|
| | 2849-001-014, 027 to 029 | & Farming | and Farming | | |
| RC Becker | River Village 2849-001-014, 027 to 029 | Newhall Land and Farming Co | Newhall Land and Farming | 5/28/2008 | $3,385.24 |
| RC Becker | West Creek 52455-01 | Newhall Land and Farming Co | Newhall Land and Farming | 5/28/2008 | $6,700.00 |
| RC Becker | West Creek 52455-01 | Newhall Land & Farming | Newhall Land and Farming | 5/28/2008 | $25,663.53 |
| RC Becker | West Creek 52455-01 | Newhall Land & Farming | Newhall Land and Farming | 5/28/2008 | $36,245.68 |
| RC Becker | West Creek 52455-01 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/28/2008 | $1,017.54 |
| RC Becker | West Creek 52455-01 | Newhall Land & Farming Co | Newhall Land and Farming | 5/28/2008 | $342,589.33 |
| RC Becker | West Creek 52455-01 (West Hills B) | Newhall Land and Farming Co | Newhall Land and Farming | 5/28/2008 | $5,454.10 |
| RC Becker | West Hills - Area B 52455-02 | Newhall Land & Farming Company | Newhall Land and Farming | 5/28/2008 | $124,606.63 |
| RC Becker | West Hills B Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, | Newhall Land & Farming (Lennar) | Newhall Land and Farming | 5/28/2008 | Undetermined |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Lien Amount |
|---|---|---|---|---|---|
| | 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| Sam Hill & Sons, Inc. | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | The Newhall Land and Farming Company | Newhall Land and Farming | 7/16/2008 | $312,881.44 |
| Sam Hill & Sons, Inc. | West Hills - Area B 52455-02 | Newhall Land/Lennar Communities, Inc. | Newhall Land and Farming | 7/16/2008 | $373,954.04 |
| Sam Hill & Sons, Inc. | West Hills - Area B | Newhall Land/Lennar Communities, | Newhall Land and Farming | 7/16/2008 | $80,906.48 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Lien Amount |
|---|---|---|---|---|---|
| | 52455-02 | Inc. | | | |
| Southern Sun Construction Co., Inc. | Washington Square<br><br>Lot 1 of Tract 28031, Map in Book 732, Pg 44, Los Angeles Co., CA | Herman Isaacman | LNR – Lennar Washington Square, LLC | 6/12/2008 | $1,511,794.73 |
| The Jasper Companies, Inc. | West Hills - Area B 52455-02 | Newhall Land & Farming Company | Newhall Land and Farming | 7/16/2008 | $242,046.68 |

# Exhibit I

## Disputed Permitted Liens

## Exhibit I

### Disputed Permitted Liens

This Exhibit sets forth all known Secured Claims that have been asserted to be Senior Permitted Lien Claims and, based upon a review of the information provided by the Debtors and the Proofs of Claim filed in these Chapter 11 Cases, will not be treated as Senior Permitted Lien Claims under the Plan. In accordance with Article V.B.2 of the Plan, each Holder of a Claims listed in this Exhibit I will receive a Class 5 Ballot and will be entitled to vote for or against the Plan as a Holder of an Unsecured Claim.

THE DETERMINATION TO CLASSIFY SECURED CLAIMS AS DISPUTED PERMITTED LIEN CLAIMS WAS MADE AS OF MAY 11, 2009 AND IS SUBJECT TO RECHARACTERIZATION. THE ESTIMATED CLAIM AMOUNT FIGURES CONTAINED IN THIS EXHIBIT I WERE CALCULATED AS OF MAY 11, 2009 AND MAY BE SUBJECT TO UPWARD OR DOWNWARD ADJUSTMENT. THE INCLUSION OF A CLAIM IN THIS EXHIBIT I IS NOT A FINAL DETERMINATION OF THE ALLOWED AMOUNT OR PRIORITY OF ANY SUCH CLAIM, AND IS WITHOUT PREJUDICE TO THE PROPONENT'S RIGHT TO MODIFY THE ALLOWED AMOUNT AND/OR PRIORITY OF ANY SUCH CLAIM. ACCORDINGLY, THE INCLUSION OF A CLAIM IN THIS EXHIBIT I SHALL NOT CONSTITUTE OR BE DEEMED TO BE A DETERMINATION OR ADMISSION BY THE PROPONENT THAT ANY SUCH CLAIM IS INDEED AN UNSECURED CLAIM OR ALLOWED IN THE AMOUNTS SET FORTH HEREIN.

IN ORDER TO QUALIFY AS A SENIOR PERMITTED LIEN CLAIM, IT MUST BE DETERMINED, EITHER BY AGREEMENT OF THE DEBTORS AND THE ADMINISTRATIVE AGENT OR BY A FINAL ORDER OF THE BANKRUPTCY COURT TO (I) HAVE A VALIDLY PERFECTED LIEN AGAINST PROPERTY OF THE DEBTORS AND (II) HAVE HAD PRIORITY OVER THE LIENS SECURING THE DEBTORS' OBLIGATIONS UNDER THE FIRST LIEN CREDIT AGREEMENT AND THE SECOND LIEN CREDIT AGREEMENT AS OF THE COMMENCEMENT DATE.

AS SET FORTH IN ARTICLE V.B.1 OF THE PLAN, AS TO ANY ASSERTED SENIOR PERMITTED LIEN CLAIM THAT HAS NOT BEEN ALLOWED AS SUCH AS OF THE EFFECTIVE DATE, CASH IN AN AMOUNT EQUAL TO THE AMOUNT OF SUCH SENIOR PERMITTED LIEN CLAIM THAT WOULD BE PAYABLE ON THE EFFECTIVE DATE IF THE ASSERTED SENIOR PERMITTED LIEN CLAIM WERE AN ALLOWED CLAIM WILL BE RESERVED IN A SEPARATE ACCOUNT ESTABLISHED BY THE DISTRIBUTION AGENT.

NOTWITHSTANDING THE FOREGOING, NO CASH WILL BE SET ASIDE FOR SENIOR PERMITTED LIEN CLAIMS ASSERTED AGAINST LENNAR MARE ISLAND, LLC OR FRIENDSWOOD DEVELOPMENT COMPANY, LLC, AND LENNAR CORPORATION WILL BE SOLELY RESPONSIBLE FOR SATISFYING THE AMOUNT OF ANY SENIOR PERMITTED LIEN CLAIMS AGAINST SUCH ENTITIES.

IF THE REORGANIZED DEBTORS DO NOT COMMENCE AN ADVERSARY PROCEEDING WITHIN ONE HUNDRED AND EIGHTY (180) DAYS AFTER THE EFFECTIVE DATE TO DETERMINE THE EXTENT, VALIDITY AND PRIORITY OF AN ASSERTED SENIOR PERMITTED LIEN CLAIM, SUCH CLAIM WILL BE DEEMED A VALID SENIOR PERMITTED LIEN CLAIM, AND THE ALLOWED AMOUNT OF ANY AMOUNT CURRENTLY DUE AND OWING WITH RESPECT TO SUCH SENIOR PERMITTED LIEN CLAIM WILL BE PAID IN FULL, IN CASH, AS SOON AS PRACTICABLE THEREAFTER.

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| Altfillisch Contractors Inc dba ACI | West Hills A | The Newhall Land and Farming Company | Newhall Land and Farming | 7/14/2008 10/29/2008 | $1,439,864.40 |
| American Heritage LandScape LP | River Village | Newhall Land and Farming | Newhall Land and Farming | 5/23/2008 | $240,558.83 |
| American Heritage LandScape LP | West Creek | Newhall Land and Farming | Newhall Land and Farming | 5/23/2008 | $21,772.10 |
| Arroyo Building Materials, Inc. | West Creek 52455-01 (Rec Ctr) | D & D Plastering Inc. | Newhall Land and Farming | 5/15/2008 | $45,000.00 |
| C.A. Rasmussen, Inc. | West Creek | Newhall Land and Farming | Newhall Land and Farming | 6/17/2008 | $16,170.08 |
| C.A. Rasmussen, Inc. | West Hills-Area A | Newhall Land and Farming | Newhall Land and Farming | 6/17/2008 | $244,553.74 |
| Carlton Engineering Inc. | Blackstone | Lennar Renaissance Inc. | LandSource Holding Company, LLC | 7/14/2008 | $28,486.52 |
| Chaudhary & Associates, Inc. | Mare Island Assessor's Map Book 66, Pg 05 Solano Co., CA | Lennar Mare Island, LLC | Lennar Mare Island | 6/26/2008 | 335,829.08 (unliquidated) |
| Craneveyor Corp. | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | R & R Pipeline | Newhall Land and Farming | 6/9/2008 | $23,510.58 |
| Craneveyor Corp. | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | R & R Pipeline | Newhall Land and Farming | 9/5/2008 | $5,510.58 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| Crown Door, Inc. | West Creek | John Burgeson Contractors, Inc. | Newhall Land and Farming | 5/16/2008 | $6,953.00 |
| Davis Wholesale Electric, Inc. | West Creek 52455-01 (Park) | Blown Circuit Electric | Newhall Land and Farming | 6/26/2008 | $9,991.09 |
| Engeo Incorporated | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | Newhall Land & Farming Company | Newhall Land and Farming | 5/21/2008 | $75,785.64 |
| Engeo Incorporated | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 | Newhall Land & Farming Company | Newhall Land and Farming | 10/3/2008 | $77,175.28 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| | thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| Engeo Incorporated | Newhall Ranch | Newhall Land & Farming Company | Newhall Land and Farming | 1/5/2009 | $85,371,96 |
| Engeo Incorporated | Newhall Ranch | Newhall Land & Farming Company | Newhall Land and Farming | 3/18/2009 | $88,824.68 |
| Eschrich General Engineering Inc. | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | R & R Palacios Construction Inc. | Newhall Land and Farming | 7/14/2008 | $11,600.10 |
| Ferguson Waterworks, Inc. | Sun City/Sunshine Village | W. Jackson & Sons Const. Co. Inc. | Lennar Land Development | 6/20/2008 | $19,976.88 |
| Ford Engineers, Inc. | Lakes by the Bay | Lennar Homes, Inc. | Lennar Homes, Inc. | 7/8/2008 | $8,250.00 |
| Ford, Armenteros & Manucy, Inc. | Lakes by the Bay | Lennar Homes, Inc. | Lennar Homes, Inc. | 7/16/2008 | $9,703.55 |
| Ghilotti Construction Company, Inc. | Mare Island Assessor's Map Book 66, Pg 05 Solano Co., CA | Lennar Mare Island, LLC | Lennar Mare Island | 7/14/2008 | $152,430.22 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| Golden State Fence Company | McSweeny | Group Seven Landscape Development, Inc. | LandSource Holding Company, LLC | 1/22/2008 | $14,025.00 |
| Golden State Fence Company | West Creek 52455-01 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/28/2008 | $19,287.95 |
| Golden State Fence company | West Hills - Area B 52455-02 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/28/2008 | $38,450.10 |
| Granite Construction Company | River Village | Newhall Land and Farming | Newhall Land and Farming | 6/11/2008 | $405,013.11 |
| Holliday Rock Co. Inc | West Creek | Samrod Corp. | Newhall Land and Farming | 7/25/3008 | $5,380.60 |
| Hunsaker & Associates | River Village2849-001-014, 027 to 029 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/28/2008 | $165,264.35 |
| Hunsaker & Associates | West Creek 52455-01 | Newhall Land | Newhall Land and Farming | 5/28/2008 | $4,018.69 |
| Hunsaker & Associates | West Hills – Area A 52455-03 | Newhall Land | Newhall Land and Farming | 5/28/2008 | $2,763.85 |
| Hunsaker & Associates | Ph 2 of PM 25802 West Hills – Area A 52455-03 | Newhall Land | Newhall Land and Farming | 5/28/2008 | $4,050.00 |
| Hunsaker & Associates | MWD West Hills - Area B 52455-02 | Newhall Land & Farming Company | Newhall Land and Farming | 5/28/2008 | $604.59 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|--------|----------|-------------------|-------|-----------|------------------------|
| Hunsaker & Associates | River Village 2849-001-014, 027 to 029 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/28/2008 | $174,482.13 (aggregate of all claims) |
| Hunsaker & Associates | River Village 2849-001-014, 027 to 029 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/28/2008 | $174,482.13 (aggregate of all claims) |
| Icon Constructors, Inc. | Lakes by the Bay | Lennar Land Partners | LandSource Holding Company, LLC | 6/19/2008 | $34,420.00 |
| Independent Concrete Cutting, Inc. | West Creek | John Burgeson Contractor | Newhall Land and Farming | 5/23/2008 | $4,333.60 |
| Independent Construction Company | Newhall Ranch | Newhall Land & Farming Company | Newhall Land and Farming | 5/14/2008 | $158,080.26 |
| James R. Baker | Sun City/Sunshine Village | unknown | Lennar Land Partners | 6/18/2008 | $41,150.00 |
| Jerry Olsen, Olsen Custom Building & Development | West Creek | The Newhall Land and Farming Company | Newhall Land and Farming | 5/29/2008 | $52,290.45 |
| John Deere Landscapes, Inc. | Harveston | Group Seven Landscape Development, Inc. | LandSource Holding Company, LLC | 10/29/2007 | $14,357.83 |
| Kearney Construction Company, LLC | Sun City/Sunshine Village | Lennar Land Partners | Lennar Land Partners | 7/29/2007 | $78,904.59 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|--------|----------|-------------------|-------|-----------|------------------------|
| Lennar Corporation (as assignee of the claim of W. Jackson & Sons Co., Inc. | Sunshine Village Project/ Hillsborough County | W. Jackson & Sons Co., Inc. | LandSource Holding Company, LLC | 7/7/2008 | Undetermined (Lennar Corporation has asserted that the Claim Amount is $491,880.01) |
| Marques Pipeline, Inc. | Blackstone | Lennar Homes of California, Inc. | Landsource Holding Company, LLC | 11/25/2008 | $26,464.56 |
| Melrose Supply & Sales Corporation | Lakes by the Bay | Unlimited Lawn Irrigation Inc. | LandSource Holding Company, LLC | 6/26/2008 | $7,058.01 |
| Nature-Gro Corporation | Entrada 2826-005-010, 012, 2826-004-037, 2826-163-001, 002, 008 to 011, 013 and 2826-008-028 | Newhall Land and Farming | Newhall Land and Farming | 5/14/2008 | $11,750.20 |
| Nature-Gro Corporation | River Village 2849-001-014, 027 to 029 | Newhall Land and Farming | Newhall Land and Farming | 5/14/2008 | $10,438.00 |
| Nature-Gro Corporation | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | Newhall Land and Farming | Newhall Land and Farming | 5/14/2008 | $5,339.87 |
| Nature-Gro Corporation | West Hills - Area B 52455-02 | Newhall Land and Farming | Newhall Land and Farming | 5/14/2008 | $39,855.14 |
| Nature-Gro Corporation | West Hills – Area A 52455-03 | Newhall Land and Farming | Newhall Land and Farming | 5/14/2008 | $70,459.15 |
| Nature-Gro Corporation | West Creek | Newhall Land and Farming | Newhall Land and Farming | 5/14/2008 | $8,368.25 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| New Turf Construction Inc. | River Village 2849-001-014, 027 to 029 Ph2/A1 | Newhall Land & Farming | Newhall Land and Farming | 11/26/2008 | $284,937.88 (aggregate amount of all claims) |
| NewForest Landscaping, Inc. | Lakes by the Bay | Lennar Land Partners | LandSource Holding Company, LLC | 6/27/2008 | $94,925.00 |
| Nissho of California | McSweeny | SunCal Companies | LandSource Holding Company, LLC | 1/31/2008 | $270,260.20 |
| Oakridge Landscape Inc. | West Hills Area A - 52455-03 | Newhall Land and Farming Co | Newhall Land and Farming | 5/9/2008 | $116,479.00 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | Entrada2826-005-010, 012, 2826-004-037, 2826-163-001, 002, 008 to 011, 013 and 2826-008-028 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $3,595.35 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $171,564.05 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|--------|----------|-------------------|-------|-----------|------------------------|
| | 52667 Creekside MWD 54312 | | | | |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (Old Road) Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $12,157.24 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $43,294.51 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|--------|----------|-------------------|-------|-----------|------------------------|
| | thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| Pacific Advanced Civil Engineering, Inc. (PACE) | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $9,641.70 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (WRP) Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $1,413.22 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|--------|----------|-------------------|-------|-----------|------------------------|
| | Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (Utility Corridor) Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $9,630.72 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| Pacific Advanced Civil Engineering, Inc. (PACE) | (EIR/EIS) Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $19,808.45 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (Chiquito Cyn Crk) Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $19,609.00 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| | 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (Lion Canyon) Newhall RanchHomestead2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043Landmark2826-002-018 thru 021 & 025 Mission Village2826-003-021 thru 030 and 2826-009-081Potrero2826-123-001 thru 003Chiquito Canyon53108, 60678Newhall Ranch13331, 44831, 52667Creekside MWD54312 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $22,787.06 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (TTM 53108 Fluvial Study) Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $7,936.93 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| | Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (EIR/GIS) Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $33,243.15 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $190.62 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|--------|----------|-------------------|-------|-----------|------------------------|
| | 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| Pacific Advanced Civil Engineering, Inc. (PACE) | River Village 2849-001-014, 027 to 029 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $7,798.69 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $3,943.24 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (Mission Village) Valencia Commerce Center ("VCC") 20839, 22992, 36363 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $1,706.87 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (Mission Village) Valencia Commerce Center ("VCC")20839, 22992, 36363 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $2,000.00 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | Newhall Land and Farming Co. | Newhall Land and Farming | 5/14/2008 | $1,480.70 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| Pacific Advanced Civil Engineering, Inc. (PACE) | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $26,735.41 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (SR 126) Valencia Commerce Center ("VCC") 20839, 22992, 36363 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $11,203.60 |
| Pacific Advanced Civil Engineering, Inc. (PACE) | (TTM 18108 Lower Hasley) Valencia Commerce Center ("VCC") 20839, 22992, 36363 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/14/2008 | $23,072.25 |
| Pro-Mix, Inc. | Lakes by the Bay | Concrete Works Unlimited, Inc. | LandSource Holding Company, LLC | 6/26/2008 | $1,058.60 |
| PSOMAS | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 AS | Newhall Land and Farming Co. | Newhall Land and Farming | 5/8/2008 5/19/2008 | $275,375.98 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| | WELL AS Valencia Commerce Center (Lien filed in two places) | | | | |
| PSOMAS | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | Newhall Land and Farming Co. | Newhall Land and Farming | 5/8/2008 5/19/2008 | $71,242.18 |
| PSOMAS | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 | Newhall Land and Farming Co. | Newhall Land and Farming | 5/8/2008 5/19/2008 | $189,242.77 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| | Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| PSOMAS | Newhall RanchHomestead2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043Landmark2826-002-018 thru 021 & 025 Mission Village2826-003-021 thru 030 and 2826-009-081Potrero2826-123-001 thru 003Chiquito Canyon53108, 60678Newhall Ranch13331, 44831, 52667Creekside MWD54312 | Newhall Land and Farming Co. | Newhall Land and Farming | 5/8/2008 5/19/2008 | $18,242.26 |
| PSOMAS | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 | Newhall Land and Farming Co. | Newhall Land and Farming | 5/8/2008 5/19/2008 | $52,374.71 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|--------|----------|-------------------|-------|-----------|------------------------|
| | thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| PSOMAS | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | Newhall Land and Farming Co. | Newhall Land and Farming | 5/8/2008 5/19/2008 | $61,475.12 |
| PSOMAS | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and | Newhall Land and Farming Co. | Newhall Land and Farming | 5/8/2008 5/19/2008 | $12,734.02 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| | 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | | | | |
| PSOMAS | Newhall Ranch Homestead 2826-122-005, 008-010, 2826-002-022, 3271-003-031, 033, 049-041 & 043 Landmark 2826-002-018 thru 021 & 025 Mission Village 2826-003-021 thru 030 and 2826-009-081 Potrero 2826-123-001 thru 003 Chiquito Canyon 53108, 60678 Newhall Ranch 13331, 44831, 52667 Creekside MWD 54312 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/8/2008 5/19/2008 | $24,288.27 |
| PSOMAS | West Creek 52455-01 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/8/2008 5/19/2008 | $302,398.58 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| Q&D Construction, Inc. | Copper Canyon-Consolidated 029-581-01 to 13; 029-582-01 to 04; 029-583-01 to 20; 029-584-01 to 13; 029-585-01 to 13; 029-585-01 to 19; 029-586-01 to 15; 029-591-01 to 04; 029-592-01 to 17; and 016-021-32 | Reynen & Bardis Construction (Nevada) Inc. and Reynen & Bardis (Nevada), Inc. | LandSource Holding Company, LLC | 4/23/2008 | $278,276.24 |
| R & R Palacios Construction | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | Newhall Land and Farming Co | Newhall Land and Farming | 7/28/2008 | $31,231.62 |
| R & R Pipeline, Inc. | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | Newhall Land and Farming | Newhall Land and Farming | 6/6/2008 | $58,037.90 |
| R & R Pipeline, Inc. | Valencia Commerce Center ("VCC") 20839, 22992, 36363 | Newhall Land and Farming | Newhall Land and Farming | 6/6/2008 | $394,827.74 |
| R & R Pipeline, Inc. | Valencia Commerce Center ("VCC")20839, 22992, 36363 | Newhall Land and Farming | Newhall Land and Farming | 6/6/2008 | $181,605.34 |
| R.T. Frankian & Associates | West Creek | Lennar Homes of California, Inc. | Lennar Homes of California, Inc./MS Rialto Residential Holdings, LLC | 3/19/2009 | $3,748.20 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| R.T. Frankian & Associates | West Creek | Lennar Homes of California, Inc. | Lennar Homes of California, Inc./MS Rialto Residential Holdings, LLC | 3/19/2009 | $2,934.32 |
| R.T. Frankian & Associates | West Hills - Area B | Lennar Homes of California, Inc. | Lennar Homes of California, Inc./MS Rialto Residential Holdings, LLC | 3/19/2009 | $1,492.50 |
| R.T. Frankian & Associates | West Hills - Area B | Lennar Homes of California, Inc. | Lennar Homes of California, Inc./MS Rialto Residential Holdings, LLC | 3/19/2009 | $3,541.60 |
| R.T. Frankian & Associates | West Hills - Area B | Lennar Homes of California, Inc. | Lennar Homes of California, Inc./MS Rialto Residential Holdings, LLC | 3/19/2009 | $2,350.40 |
| R.T. Frankian & Associates, Inc. | Washington Square Lot 1 of Tract 28031, Map in Book 732, Pg 44, Los Angeles Co., CA | LNR – Washington Square LLC | LNR – Lennar Washington Square, LLC | 11/25/2008 | $10,577.50 |
| R.T. Frankian & Associates, Inc. | Misc. (Santa Clarita) Washington Square | The Newhall Land and Farming Company (LNR-Lennar | Newhall Land and Farming | 10/30/2008 | $0.00 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| | | Washington Square LLC) | | | |
| R.T. Frankian & Associates, Inc. | West Hills – Area B 52455-02 | The Newhall Land and Farming Company and Lennar Homes of California (Lennar) | Newhall Land and Farming | 10/17/2008 | $0.00 |
| R.T. Frankian & Associates, Inc. | Misc. (Santa Clarita) VCC PM 26363 | The Newhall Land and Farming Company | Newhall Land and Farming | 10/30/2008 | $15,001.69 |
| R.T. Frankian & Associates, Inc. | Misc. (Santa Clarita) I-5/MMP The Old Road | The Newhall Land and Farming Company | Newhall Land and Farming | 10/30/2008 | $38,727.51 |
| R.T. Frankian & Associates, Inc. | River Village 2849-001-014, 027 to 029 | The Newhall Land and Farming Company | Newhall Land and Farming | 10/17/2008 | $8,465.11 |
| R.T. Frankian & Associates, Inc. | West Creek52455-01 | The Newhall Land and Farming Company | Newhall Land and Farming | 10/17/2008 | $70,450.64 |
| R.T. Frankian & Associates, Inc. | West Hills – Area A 52455-03 | The Newhall Land and Farming Company | Newhall Land and Farming | 10/17/2008 | $248,785.76 |
| R.T. Frankian & Associates, Inc. | West Hills – Area B 52455-02 | The Newhall Land and Farming Company | Newhall Land and Farming | 10/17/2008 | $19,382.42 |
| R.T. Frankian & Associates, Inc. | River Village 2849-001-014, 027 to 029 | The Newhall Land and Farming Company | Newhall Land and Farming | 10/17/2008 | $246,424.14 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| R.T. Frankian & Associates, Inc. | River Village 2849-001-014, 027 to 029 | The Newhall Land and Farming Company and Lennar Homes of California (Lennar) | Newhall Land and Farming | 10/17/2008 | $0.00 |
| R.T. Frankian & Associates, Inc. | West Creek 52455-01 | The Newhall Land and Farming Company and Lennar Homes of California (Lennar) | Newhall Land and Farming | 10/17/2008 | $0.00 |
| R.T. Frankian & Associates, Inc. | River Village | The Newhall Land and Farming Company and Lennar Homes of California | Lennar Homes of California, Inc./MS Rialto Residential Holdings, LLC | 3/19/2009 | $372.50 |
| R.T. Frankian & Associates, Inc. | River Village | The Newhall Land and Farming Company and Lennar Homes of California | Lennar Homes of California, Inc./MS Rialto Residential Holdings, LLC | 3/19/2009 | $5,388.92 |
| Rain for Rent 39 (Santa Paula) | West Hills-Area A | Altfillisch Contractors, Inc. dba ACI | Newhall Land and Farming | 6/19/2008 | $11,050.60 |
| RC Becker | River Village 2849-001-014, 027 to 029 | Newhall Land & Farming | Newhall Land and Farming | 5/28/2008 | $50,216.71 |
| RC Becker | West Hills - Area A 52455-03 | Newhall Land and Farming Co | Newhall Land and Farming | 5/28/2008 | $5,454.10 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|--------|----------|-------------------|-------|-----------|------------------------|
| RC Becker and Son, Inc | West Creek | John Burgeson Contractors, Inc. | Newhall Land and Farming | 5/21/2008 | $200,036.03 |
| Robertson's | McSweeny | CLM Production Inc. | LandSource Holding Company, LLC | 5/28/2008 | $6,509.58 |
| Royal Capital Trading | West Hills-Area A | Oakridge Landscape Inc. | Newhall Land and Farming | 5/21/2008 | $48,964.19 |
| S + S Seeds | West Hills - Area B | Nature Gro | Newhall Land and Farming | 6/2/2009 | $21,941.49 |
| S + S Seeds, Inc. | West Hills-Area A | Nature Gro | Newhall Land and Farming | 6/2/2008 | $48,644.67 |
| Sam Hill & Sons, Inc. | West Hills-Area A | Newhall Land and Farming | Newhall Land and Farming | 7/16/2008 | $207,311.31 |
| Samrod Corporation | West Creek | John Burgeson Contractors, Inc. | Newhall Land and Farming | 7/15/2008 | $41,925.00 |
| Sierra Cascade Construction, Inc. | West Hills – Area A 52455-03 | Newhall Land & Farming Company | Newhall Land and Farming | 6/13/2008 | $6,319.03 |
| Southwest V-Ditch Inc | West Hills-Area A | Sam Hill & Sons Inc | Newhall Land and Farming | 7/21/2008 | $32,770.00 |
| Sunny Slope Trees | West Creek | American Heritage LandScape, LP dba Heritage Landscape | Newhall Land and Farming | 7/2/2008 | $2,056.75 |
| T & D Electric | River Village 2849-001-014, 027 to 029 | Newhall Land & Farming Company | Newhall Land and Farming | 5/15/2008 | $35,071.72 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| T & D Electric | West Creek 52455-01 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/20/2008 | $21,644.90 |
| T & D Electric | West Hills Area B - Tract 52455-02 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/20/2008 | $38,147.10 |
| Thomas Partitions & Specialties, Inc | West Creek | John Burgeson Contractors | Newhall Land and Farming | 7/1/20008 | $11,377.00 |
| URS Corporation dba URS Corporation Americas | Newhall Ranch | The Newhall Land and Farming Company | Newhall Land and Farming | 7/15/2008 | $136,920.52 |
| V.P. Equipment Corp. | Lakes by the Bay | Lennar Land Partners | LandSource Holding Company, LLC | 5/28/2008 | $19,888.00 |
| Valley Crest Tree Company | Entrada 2826-005-010, 012, 2826-004-037, 2826-163-001, 002, 008 to 011, 013 and 2826-008-028 | The Newhall Land and Farming Company | Newhall Land and Farming | 5/23/2008 | $16,290.00 |
| Valley Crest Tree Company | River Village 2849-001-014, 027 to 029 | Newhall Land & Farming Company | Newhall Land and Farming | 5/23/2008 | $131,517.25 |
| Valley Crest Tree Company | West Creek 52455-01 (Rec Ctr) | Newhall Land & Farming Co (American Heritage) | Newhall Land and Farming | 6/2/2008 | $9,576.09 |
| Valley Crest Tree Company | Stevenson Ranch | Stevenson Ranch Ventura, LLC | Stevenson Ranch Venture, LLC | 5/23/2008 | $3,240.00 |

| Lienor | Property | Contracting Party | Owner | Lien Date | Estimated Claim Amount |
|---|---|---|---|---|---|
| Ward Corporation | Entrada 2826-005-010, 012, 2826-004-037, 2826-163-001, 002, 008 to 011, 013 and 2826-008-028 | The Newhall Land and Farming Company | Newhall Land and Farming | 6/19/2008 | $191,215.16 |
| West Coast Sod LLC | Sun City/Sunshine Village | W. Jackson & Sons Const. Co. Inc. | Lennar Land Partners | 7/21/2008 | $8,256.00 |
| Western Blasting Technologies | Blackstone | Lennar Homes of California, Inc., West Valley LLC | LandSource Holding Company, LLC | 8/28/2008 | $43,311.70 |
| Western Blasting Technologies | Blackstone | Lennar Homes of California, Inc., West Valley LLC | LandSource Holding Company, LLC | 8/28/2008 | $43,311.70 |
| Western Blasting Technologies | Blackstone | Lennar Homes of California, Inc., West Valley LLC | LandSource Holding Company, LLC | 8/28/2008 | $43,311.70 |
| Western Blasting Technologies | Blackstone | Lennar Homes of California, Inc., West Valley LLC | LandSource Holding Company, LLC | 8/28/2008 | $43,311.70 |
| Western Blasting Technologies | Blackstone | Lennar Homes of California, Inc., West Valley LLC | LandSource Holding Company, LLC | 8/28/2008 | $43,311.70 |
| Western Blasting Technologies | Blackstone | Lennar Homes of California, Inc., West Valley LLC | LandSource Holding Company, LLC | 8/28/2008 | $43,311.70 |
| Western Blasting Technologies | Blackstone | Lennar Homes of California, Inc., West Valley LLC | LandSource Holding Company, LLC | 8/28/2008 | $37,564.20 |