UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :   Chapter 11
                                                               :
LANDSOURCE COMMUNITIES                                         :
DEVELOPMENT LLC, *et al.*,                                     :   Case No. 08-11111 (KJC)
                                                               :
                                                               :   (Jointly Administered)
          Debtors.                                             :
                                                               :   **Obj. Deadline: 7/13/09 at 4:00 p.m. (EDT)**
                                                               :   **Hearing Date: 7/22/09 at 3:00 p.m. (EDT)**
---------------------------------------------------------------x

## DEBTORS' FIFTH OMNIBUS
## OBJECTION (SUBSTANTIVE) TO CLAIMS

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS**

LandSource Communities Development, LLC, and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "*LandSource Group*" or the "*Debtors*"),[1] file this substantive omnibus objection (the "*Fifth Omnibus Objection*") to proofs of claim filed against the Debtors in these chapter 11 cases as listed on Exhibits "A," "B," "C," "D," "E," and "F" attached hereto (collectively, the "*Fifth Omnibus Claims*"). Pursuant to this Fifth Omnibus Objection, the Debtors request that the Court enter an order modifying or disallowing and expunging each of the Fifth Omnibus Claims as

---

[1] The Debtors in these cases are California Land Company; Friendswood Development Company, LLC; Kings Wood Development Company, L.C.; LandSource Communities Development LLC; LandSource Communities Development Sub LLC; LandSource Holding Company, LLC; Lennar Bressi Ranch Venture, LLC; Lennar Land Partners II; Lennar Mare Island, LLC; Lennar Moorpark, LLC; Lennar Stevenson Holdings, L.L.C.; LNR-Lennar Washington Square, LLC; LSC Associates, LLC; NWHL GP LLC; The Newhall Land and Farming Company (A California Limited Partnership); The Newhall Land and Farming Company; Southwest Communities Development LLC; Stevenson Ranch Venture LLC; Tournament Players Club at Valencia, LLC; Valencia Corporation; and Valencia Realty Company.

appropriate. This request is made pursuant to section 502 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"). In support of the Fifth Omnibus Objection, the Debtors respectfully represent as follows:

## Background

1. On June 8, 2008 (the "*Commencement Date*"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). On June 20, 2008, the Office of the United States Trustee appointed a committee of unsecured creditors (the "*Creditors' Committee*").

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Bar Date and Schedules

4. On September 2, 2008, the Debtors filed with the Court their schedules of assets and liabilities (the "*Schedules*").

5. By order, dated September 9, 2008 (the "**Bar Date Order**"),[2] the Court set November 14, 2008 (the "**Bar Date**") as the deadline for filing certain proofs of prepetition claims against the Debtors in the chapter 11 cases. Pursuant to the Bar Date Order, each creditor, subject to certain limited exceptions, holding a prepetition claim against one or more of the Debtors was required to file a proof of claim on or before the Bar Date.

6. In accordance with the Bar Date Order, Kurtzman Carson Consultants, LLC ("**KCC**"), the Debtors' claims agent appointed pursuant to the Court's order dated June 10, 2008, mailed notices of the Bar Date and proof of claim forms to entities identified in the Schedules. Notice of the Bar Date also was published once in the national edition of *The New York Times* and once in the *Los Angeles Times*. Approximately 974 proofs of claim (collectively, the "**Claims**") either were received by KCC or filed with the Clerk of the Court on or before the Bar Date.

## Relief Requested

7. By this Fifth Omnibus Objection, the Debtors object to each of the Fifth Omnibus Claims on substantive grounds. Pursuant to Local Rule 3007-1, the Fifth Omnibus Objection is based on each of the substantive grounds stated herein and known to the Debtors at this time. A description and proposed treatment of each category of the Fifth Omnibus Claims to which the Debtors hereby object is set forth below.

---

[2] Governmental Units, as defined in section 101(27) of the Bankruptcy Code, were given until December 5, 2008 to file their proofs of claim.

3

RLF1-3408252-1

## Basis for Relief Requested

**Compound Claims – Exhibit "A"**

8. The Claims included on Exhibit "A" are Claims that identify as obligor only one Debtor when such Claims are properly asserted against multiple Debtors (collectively, the "***Compound Claims***"). The Debtors object to the allowance of each of the Compound Claims listed on Exhibit "A" and request that such Compound Claims be recategorized into separate claims against the correct Debtors ("***Separate Claims***"), as identified in the columns entitled "Correct Debtor" on Exhibit "A." In order to avoid the duplication of claims, the Debtors request that once a Compound Claim is recategorized into Separate Claims, then the original Compound Claim be disallowed and expunged in its entirety.

**Claims for Which the Debtors
Dispute the Claim Amount – Exhibit "B"**

9. The Claims included on Exhibit "B" are Claims for which the Debtors dispute the asserted claim amount (collectively, the "***Disputed Amount Claims***"). Some of the Disputed Amount Claims are claims against the Debtors that have been partially paid, typically because part of the claim arose after the Commencement Date and has been paid by the Debtors in the ordinary course of business as an administrative expense pursuant to section 503(b) of the Bankruptcy Code. Other Disputed Amount Claims have included certain amounts in error, and still others have listed amounts that do not appear in the Debtors' books and records and as a result cannot be verified.

10. To the extent that any Disputed Amount Claim asserts a claim amount some portion of which is inaccurate or unverifiable, the Debtors object to the allowance of such portion of the Disputed Amount Claim. Inaccurate or unverified claims should not represent a

4

liability to the Debtors' estates. Furthermore, because the Debtors have no other or further objections to the Disputed Amount Claims listed on Exhibit "B," the Debtors request that such claims be allowed in the amount listed under the column heading "Modified Claim Amount."

**Claims that Include Amounts for**
**Postpetition Interest or Attorneys' Fees – Exhibit "C"**

11. The Claims listed on Exhibit "C" include unsecured claims against the Debtors that have included a request for postpetition interest and/or other collection costs in addition to the principal amount of such claims. It is clear from the majority of cases, and a proper interpretation of sections 502(b)(2) and 506(b) of the Bankruptcy Code, that an unsecured creditor is not entitled to postpetition interest on its claim or other postpetition collection costs, such as attorney's fees.

12. Section 502(b) of the Bankruptcy Code, which governs the allowance of claims and interests, provides, in pertinent part, as follows:

> [I]f . . . [an] objection to claim is made, the court, after notice and a hearing shall determine the amount of such claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount *except to the extent that —*
>
> . . . .
>
> (2) such claim is for unmatured interest[.]

(emphasis added). Under the unequivocal language of section 502(b)(2) of the Bankruptcy Code, unsecured creditors are not entitled to recover postpetition interest on their claims. *See, e.g., In re Loewen Group Int'l, Inc.*, 274 B.R. 427, 442–43 (Bankr. D. Del. 2002) (citing section 502(b)(2) and noting that unsecured creditors are not entitled to postpetition interest).

13. In fact, the only section of the Bankruptcy Code that expressly authorizes a creditor to be paid postpetition interest or attorneys' fees as part of its claim is section 506(b) of

5

the Bankruptcy Code, which expressly applies only to oversecured claims.[3] The Bankruptcy Code does not provide such treatment for unsecured claims. As stated by the Supreme Court in *United Savings Association v. Timbers of Inwood Forest Associates, Ltd.*, because section 506(b) "permits post-petition interest to be paid only out of the 'security cushion,' the under-secured creditor, who has no such cushion, falls within the general rule disallowing post-petition interest." 484 U.S. 365, 372–73 (1988). The same rationale is applicable to a claim by a creditor for postpetition attorneys' fees and costs. If no "security cushion" exists for postpetition interest, none exists for the allowance of attorneys' fees and costs. *See, e.g., In re Loewen Group*, 274 B.R. at 445–45 ("[L]ike post-petition interest, post-petition fees and costs may only be recovered by creditors to the extent their claims are oversecured"); *In re Woodmere Investors Ltd. P'ship*, 178 B.R. 346 (Bankr. S.D.N.Y. 1995) (holding that undersecured mortgagee was not entitled to postpetition interest or attorneys' fees).

14. Claims listed on Exhibit "C" assert, as a portion of their claim, an entitlement to either postpetition interest, fees or other costs. The Debtors object to any portion of the claims on Exhibit "C" representing such postpetition interest, fees or costs and hereby request that such portion be disallowed and expunged. In addition, because the Debtors have no other or further objections to the remainder of the Claims listed on Exhibit "C," the Debtors request that such remaining Claims be allowed in the amount listed under the column heading "Modified Claim Amount."

---

[3] Section 506(b) of the Bankruptcy Code provides as follows:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

6

**Claims for Which Debtors Have No Liability – Exhibit "D"**

15. The Claims included on Exhibit "D" are those Claims filed against the Debtors that fail to establish a legal or factual basis on which the Debtors are liable (collectively, the "*No Liability Claims*"). After a review of the Debtors' books and records, the Debtors believe that there are no obligations currently due and owing on the No Liability Claims. Furthermore, the Debtors submit that nothing in the proofs of claim filed against the Debtors by the holders of the No Liability Claims supports the assertion of a valid claim against any of the Debtors.

16. Therefore, the Debtors object to the allowance of each of the No Liability Claims listed on Exhibit "D" and request that such No Liability Claims be disallowed in their entirety and expunged.

**Claims Subject to Court Order – Exhibit "E"**

17. The Claims included on Exhibit "E" are Claims that relate to a certain motion to assume a ground lease that was granted by order of the Court [Docket No. 1214] after such Claims were filed (each a "*Court Order Claim*" and collectively, the "*Court Order Claims*"). Pursuant to that order, the Debtors made all required payments to the appropriate creditors, resulting in complete satisfaction of the Court Order Claims.

18. Therefore, the Debtors object to the allowance of each of the Court Order Claims listed on Exhibit "E" and request that such claims be disallowed in their entirety and expunged.

**Claims for Which There Is Insufficient Support – Exhibit "F"**

19. The Claims included on Exhibit "F" are those Claims filed against the Debtors that do not constitute valid *prima facie* claims because they contain insufficient

7

supporting documentation (collectively, the "***Insufficient Documentation Claims***"). For a proof of claim to be legally sufficient, it must (a) "be in writing;" (b) "make a demand upon the debtor's estate;" (c) "express the intent to hold the debtor liable for the debt;" (d) "be properly filed;" and (e) "be based upon facts [that] would allow, as a matter of equity, . . . the document [to be] accepted as a proof of claim." *First Nat'l Bank of Fayetteville, Ark. v. Circle J. Dairy, Inc. (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 299–300 (Bankr. W.D. Ark. 1990). If a claim fails to comply with each of the foregoing requirements, it is not entitled to *prima facie* validity under Bankruptcy Rule 3001. *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). A proof of claim is *prima facie* valid that "alleges facts sufficient to support a legal liability [of the debtor] to the claimant[.]" *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992); *see also In re Pinnacle Brands, Inc.*, 259 B.R. 46, 50 (Bankr. D. Del. 2001) (where the Court upheld the debtor's objection to a creditor's proof of claim because the creditor could not establish the facts necessary to support a *prima facie* claim against the debtor). The burden of persuasion is on the claimant to establish a valid claim against the debtor. *In re Allegheny*, 954 F.2d at 174.

20. The Claims on Exhibit "F" contain insufficient factual support on which this Court could reasonably rely to accept the proof of claim as evidence that such claimant has a valid claim for the amount asserted. Furthermore, the Debtors' books and records support claim amounts different than the ones set forth in each of the Insufficient Documentation Claims. Because the Insufficient Documentation Claims listed on Exhibit "F" are not sufficiently substantiated, no *prima facie* validity attaches to such Claims. Therefore, the Debtors object to the Insufficient Documentation Claims listed on Exhibit "F" and request that such Claims be modified to reflect the claim amount that the Debtors have in their books and records.

## Conclusion

21.  The Debtors object to the allowance of the Fifth Omnibus Claims as set forth herein for the reasons stated herein, and the Debtors hereby move this Court for an order (i) recategorizing and modifying the Compound Claims as described on Exhibit "A" attached hereto, (ii) modifying the claim amounts of the Disputed Amount Claims as described on Exhibit "B" attached hereto, (iii) disallowing and expunging such portions of those claims listed on Exhibit "C" that are for postpetition interest or costs, (iv) disallowing and expunging the No Liability Claims contained on Exhibit "D" attached hereto, (v) modifying or disallowing and expunging the Court Order Claims as described on Exhibit "E" attached hereto, and (vi) modifying the Insufficient Documentation Claims as described on Exhibit "F" attached hereto.

22.  Pursuant to Local Rule 3007-1, this Fifth Omnibus Objection is made on each of the substantive grounds stated herein and known to the Debtors at this time.

## Notice

23.  No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel to the Creditors' Committee, (iii) counsel to Barclays Bank PLC, as administrative agent under the First Lien and Super-Priority Debtor-in-Possession Credit Agreements, (iv) counsel to The Bank of New York, as administrative agent under the Second Lien Credit Agreements, (v) each creditor and/or the attorney for such creditor holding Fifth Omnibus Claim to which the Debtors are objecting in this Fifth Omnibus Objection in accordance with the addresses provided in the proofs of claim for such Fifth Omnibus Claims, and (vi) each person or entity that has filed a notice of appearance and request for service of

documents herein. The Debtors submit that no other or further notice need be provided of this Motion.

24. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Fifth Omnibus Objection with at least thirty (30) days' notice of the hearing on the Fifth Omnibus Objection.

## Statement of Compliance with Local Rule 3007-1

25. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Fifth Omnibus Objection substantially complies with that Local Rule. To the extent that the Fifth Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) recategorizing and modifying the Compound Claims as described on Exhibit "A" attached hereto, (ii) modifying the claim amounts of the Disputed Amount Claims as described on Exhibit "B" attached hereto, (iii) disallowing and expunging those portions of the claims listed on Exhibit "C" that are for postpetition interest or costs, (iv) disallowing and expunging the No Liability Claims contained on Exhibit "D" attached hereto, (v) modifying or disallowing and expunging the Court Order Claims as described on Exhibit "E" attached hereto, (vi) modifying the Insufficient Documentation Claims as described on Exhibit "F" attached hereto, and (vii) granting the Debtors such other and further relief as is just.

Dated: June 22, 2009
Wilmington, Delaware

/s/ Mark D. Collins

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

-and-

Marcia L. Goldstein
Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION