# EXHIBIT "A"

## Compound Claims

Exhibit A
Compound Claims*

IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
SUBSTANTIVE OBJECTION - COMPOUND CLAIMS

| Name of Claimant | Claim No. | Claim Amount | Asserted Debtor | Case No. | Correct Debtor 1 | Correct Case No. 1 | Claim Amount 1 | Correct Debtor 2 | Correct Case No. 2 | Claim Amount 2 | Correct Debtor 3 | Correct Case No. 3 | Claim Amount 3 | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AT&T Corp | 95 | $81.94 | LandSource Communities Development LLC | 08-11111 | LandSource Holding Company, LLC | 08-11122 | $7.23 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $74.71 | | | | Upon request, claimant provided supporting documentation indicating that the claim is based to two account numbers. One of the two accounts relates to LandSource Holding Company, while the other account relates to Newhall Land and Farming Company (A California Limited Partnership). |
| Docusource | 53 | $11,665.33 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $6,129.92 | Tournament Players Club at Valencia, LLC | 08-11127 | $1,911.77 | | | | Debtors' records indicate that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership) and Tournament Players Club at Valencia, LLC in the amounts specified herein. |
| FedEx Customer Information Service as Assignee of FedEx Express FedEx Ground | 349 | $9,564.50 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11111 | $476.24 | Tournament Players Club at Valencia, LLC | 08-11127 | $116.05 | Lennar Mare Island, LLC | 08-11117 | $258.71 | Supporting documentation includes FedEx account numbers but no entity names. Additional support provided by FedEx indicates that Newhall Land and Farming Company (A California Limited Partnership) ("Newhall") owes $509.33; Tournament Players Club at Valencia, LLC owes $116.05; Lennar Mare Island owes $258.71; and the remaining balance of $8912.51 is owed by Lennar entities. Per Exhibit B to this Fifth Omnibus Objection, Newhall objects to $33.09 of its portion of this claim, making its corrected portion only $476.24. |
| Gatzke Dillon & Ballance LLP | 651 | $266,809.65 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11111 | $264,789.65 | Stevenson Ranch Venture LLC | 08-11130 | $2,020.00 | | | | Supporting documentation indicates that $2,020.00 of the claim is for fees related to Legacy Village, a project of Stevenson Ranch Venture LLC. The remaining $264,789.65 is asserted against The Newhall Land and Farming Company (A California Limited Partnership). |
| Hunsaker & Associates Los Angeles Inc | 750 | $968,048.50 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $941,685.58 | Stevenson Ranch Venture LLC | 08-11130 | $26,012.92 | | | | Supporting documentation indicates that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership) and Stevenson ranch Venture LLC in the amounts specified herein. Per Exhibit B of this Fifth Omnibus Objection, the Debtors assert that this claim should only be in the amount of $967,698.50. Only the unsecured portion of the claim is asserted against these two Debtors; the secured portion of the claim is asserted only against The Newhall Land and Farming Company (A California Limited Partnership) |
| Los Angeles County Treasurer and Tax Collector | 79 | $4,832.35 | LandSource Communities Development LLC | 08-11111 | Stevenson Ranch Venture LLC | 08-11130 | $227.55 | Tournament Players Club at Valencia, LLC | 08-11127 | $4,604.80 | | | | Supporting documentation indicates that claim is asserted against Stevenson Ranch Venture LLC and Tournament Players Club at Valencia, LLC in the amounts specified herein. |
| Los Angeles County Treasurer and Tax Collector | 150 | $30,397.51 | LandSource Communities Development LLC | 08-11111 | Tournament Players Club at Valencia, LLC | 08-11111 | $30,164.51 | Stevenson Ranch Venture LLC | 08-11130 | $233.00 | | | | Supporting documentation indicates that claim is asserted against Tournament Players Club at Valencia, LLC and Stevenson Ranch Venture LLC in the amounts specified herein. |
| Paul Hastings Janofsky & Walker LLP | 358 | $218,127.59 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11111 | $52,408.83 | LandSource Communities Development LLC | 08-11111 | $32,360.74 | Lennar Mare Island, LLC | 08-11117 | $133,358.02 | Supporting documentation indicates that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership), LandSource Communities Development LLC and Lennar Mare Island, LLC in the amounts specified herein. |

* Debtors' grounds for objection to Compound Claims are described in detail on page 4 of the Fifth Omnibus Objection.

Exhibit A
Compound Claims*

IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
SUBSTANTIVE OBJECTION - COMPOUND CLAIMS

| Name of Claimant | Claim No. | Claim Amount | Asserted Debtor | Case No. | Correct Debtor 1 | Correct Case No. 1 | Claim Amount 1 | Correct Debtor 2 | Correct Case No. 2 | Claim Amount 2 | Correct Debtor 3 | Correct Case No. 3 | Claim Amount 3 | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RT Frankian & Associates | 747 | $720,623.30 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $656,265.63 | LNR-Lennar Washington Square, LLC | 08-11123 | $10,577.50 | | | | Supporting documentation indicates that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership) for $710,045.50 and LNR-Lennar Washington Square, LLC for $10,577.50. Per Exhibit B of this Fifth Omnibus Objection, the Debtors assert that Newhall's portion of this claim is only $656,265.63. |
| Southern California Gas Company | 135 | $4,813.80 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $2,953.86 | Tournament Players Club at Valencia, LLC | 08-11127 | $1,859.94 | | | | Supporting documentation indicates that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership) for $2,953.86 and Tournament Players Club at Valencia, LLC for 1,859.94. |
| Sprint Nextel | 354 | $8,500.00 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $3,000.00 | Lennar Mare Island, LLC | 08-11117 | $5,500.00 | | | | Upon request, claimant provided supporting documentation indicating that the claim is based on two security deposits held by The Newhall Land and Farming Company (A California Limited Partnership) and Lennar Mare Island LLC in the amounts specified herein. |
| US Bancorp | 344 | $4,166.25 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $3,519.47 | Tournament Players Club at Valencia, LLC | 08-11127 | $646.78 | | | | Claim was initially asserted against Newhall Land and Farming Company for $179286.53. Pursuant to the Court's order, dated 7/25/09 [Docket No. 1287], the claim was modified to be properly asserted against The Newhall Land and Farming Company (A California Limited Partnership) for $179286.53. Per Exhibit B of this Fifth Omnibus Objection, the Debtors assert that this claim should only be in the amount of $4,166.25. Additional review of the Debtors' records indicates that the claim is properly asserted against both Newhall and Tournament Players Club at Valencia, LLC, in the amounts set forth herein. |
| Waste Management | 72 | $1,170.11 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $32.97 | Tournament Players Club at Valencia, LLC | 08-11127 | $979.13 | LandSource Holding Company, LLC | 08-11122 | $158.01 | Supporting documentation indicates that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership), Tournament Players Club at Valencia, LLC and LandSource Holding Company, LLC in the amounts specified herein. |

* Debtors' grounds for objection to Compound Claims are described in detail on page 4 of the Fifth Omnibus Objection.

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| CA Rasmussen Inc | 182 | The Newhall Land and Farming Company (A California Limited Partnership) | $272,789.94 | $264,780.74 | Claim does not include invoice #34768, which lists a credit to the Debtor in the amount of $8,899.10. Claim also provides the incorrect amount for invoice #34771; the Debtor's records indicate that the invoice should be for $17,059.99, where claimant lists the amount of $16,170.08. Thus, the correct claim amount is $264,780.74. |
| Camarillo Engineering Inc | 78 | The Newhall Land and Farming Company (A California Limited Partnership) | $115,247.93 | $0.00 | In March 2009, Claimant voided invoice #7516 (for $104,770.85). Debtors confirmed that Claimant did not do the work for the original invoice. The remainder of claim is a 10% ($10,477.08) markup included on invoice #7516 that was never billed. The Debtor objects to this claim in its entirety as the claimant subsequently voided its invoice in March 2009. |
| Caterpillar Financial Services Corporation | 753 | The Newhall Land and Farming Company (A California Limited Partnership) | $39,387.61 | $0.00 | Claim includes postpetition amounts for the balance of a sales installment contract that was paid with check #203101 dated 2/6/09. Payments in the amount of $6,564.60 are outstanding under the postpetition contract for the period from July 2008 – October 2008. No prepetition amounts are outstanding. Accordingly, the correct claim amount should be $0.00. |
| CH2M Hill Inc | 682 | The Newhall Land and Farming Company (A California Limited Partnership) | $808,732.00 | $713,042.28 | Claim fails to provide any supporting documentation for claim amounts. The Debtor contacted claimant to obtain additional information on its claim. Creditor provided a schedule detailing the invoices included as part of its claim. The Debtor then determined that the claim includes invoice 3648795 (contract 81984725) for $95,689.72, which relates to work that had not been completed prepetition. Thus, the correct claim amount should be $713,042.28. |

2

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| CVI GVF Lux Master Sarl (B&W Pipeline) | 751 | The Newhall Land and Farming Company (A California Limited Partnership) | $207,430.45 | $85,756.19 | Claim was purchased from B&W Pipeline and combines documentation relating to the Debtor and Lennar Homes. After reviewing the supporting invoice documents with representatives from B&W Pipeline, the Debtor determined that a portion of the related work was for Newhall projects and the reminder was for work performed under contracts with Lennar Homes. The invoices relating to Newhall Land work are: #1363, #1376, #1373, #1374, #1387 and #1388 for a total of $78,372.21. These invoices are valid claims for work performed. It should be noted that creditor filed claim for amounts net of retention (total of $7,383.98). Claim should have been for gross amount – not net. The balance of the claim (invoices #1298, 1310, 1330, 1338, 1348, and 1364) relates to contracts with non-debtor Lennar entities. Thus, the correct claim amount should be $85,756.19. |
| CVI GVF Lux Master Sarl (Psomas) | 343 | LandSource Communities Development LLC | $951,165.19 | $946,414.51 | Claim includes invoice #41419 (for $4,750.68), which was paid in full on 2/25/2008 with check #144882. Accordingly, the correct claim amount should be $946,414.51. |
| D A McCosker Construction Co dba Independent Construction Co | 852 | The Newhall Land and Farming Company (A California Limited Partnership) | $750,418.04 | $519,139.58 | Claim provides a summary of outstanding invoices which includes two items that should be adjusted: (1) costs related entirely to a non-debtor Lennar entity, in the amount of $124,020, and (2) costs in the amount of $168,258.46 that should be split between the Debtor (for $61,000) and a non-debtor Lennar entity (for $107,258.46). As a result, the correct claim amount should be $519,138.58. |
| David George & Associates | 125 | The Newhall Land and Farming Company (A California Limited Partnership) | $31,565.51 | $30,005.51 | Claim includes invoice 11393 for $1,560. The Debtor has no record of this invoice. Accordingly, the claim amount should be adjusted to $30,005.51. |
| Docusource | 53 | The Newhall Land and Farming Company (A California Limited Partnership) | $11,665.33 | $8,041.69 | Claim amount includes invoices billed to leasing companies (US Bancorp & Delage Landen) totalling $2,617.74. Claim also fails to include $1,005.90 credit issued to the Debtor in May 2008. Thus, the correct claim amount should be $8,041.69, which should be split between Newhall and TPC as described on the preceding Exhibit A. |

3

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
# SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Downrite Engineering Corp | 177 | LandSource Holding Company, LLC | $349,809.76 | $208,306.00 | Claim includes $141,503.76 for work performed by claimant on the "Lakes by the Bay Clubhouse." The Debtor has paid all outstanding amounts for claimant's work on this project and claimant filed a Release and Satisfaction of Claim of Lien with the state of Florida on 5/13/2009. Thus, the correct claim amount should be $208,306.00. |
| Environ International Corporation | 861 | The Newhall Land and Farming Company (A California Limited Partnership) | $164,010.09 | $163,934.25 | Claim indicates amount of invoice #242101 is $5,873.78; however, the Debtor's records show invoice #242101 was revised on October 23, 2008 and the proper amount $5,797.94 on. Accordingly, the correct amount of this claim should be $163,934.25. |
| FedEx Customer Information Service as Asignee of FedEx Express FedEx Ground | 349 | LandSource Communities Development LLC | $9,564.50 | $851.00 | Per the substantive objection contained on the preceding Exhibit A, supporting documentation provided by claimant indicates that Newhall Land and Farming Company (A California Limited Partnership) ("Newhall") owes $509.33; Tournament Players Club at Valencia, LLC owes $116.05; Lennar Mare Island owes $258.71; and the remaining balance of $8,912.51 is the obligation of non-debtor Lennar entities. Newhall objects to $33.09 of its $509.33 portion of this claim, as such charges were made in error on invoice 2-754-73938. A representative for claimant agreed that the invoice should be adjusted. Thus, the adjusted claim amount should be $851.00, split between certain Debtors in the manner detailed on Exhibit A. |
| Ferguson Group LLC, The | 817 | The Newhall Land and Farming Company (A California Limited Partnership) | $3,899.27 | $3,720.96 | Claim includes $178.31 postpetition amount on invoice 608575, which Debtors paid with check #200650. The correct claim amount should be $3,720.96. |
| HIGH TECH IRRIGATION | 826 | Tournament Players Club at Valencia, LLC | $9,752.00 | $56.56 | Supporting documentation includes 46 monthly installments of $212 each, for a total of $9,752; however, the Debtors are current on all monthly billings, with the exception of the June 2008 invoice which should be prorated to reflect that a commencement date of June 8, 2008. Thus, the correct claim amount should be $56.56, which represents the proration of the June 2008 invoice. |

4

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Hunsaker & Associates Los Angeles Inc | 750 | The Newhall Land and Farming Company (A California Limited Partnership) | $968,048.50 | $967,698.50 | Claim is comprised of a secured portion for $174,482.13, and an unsecured portion for $793,566.37. Per the objection contained on the preceding Exhibit A, supporting documentation provided by the claimant indicates that Stevenson Ranch Venture LLC is responsible for $26,012.92 of this claim, and The Newhall Land and Farming Company (A California Limited Partnership) ("Newhall") is responsible for the remainder. Newhall paid $350 against the remaining balance in December 2007. Thus, the adjusted claim amount should be $967,698.50, split between certain Debtors in the manner detailed on the preceding Exhibit A. Only the unsecured portion of the claim is asserted against these two Debtors; the secured portion of the claim is asserted only against Newhall. |
| Iron Mountain Information Management Inc | 87 | Stevenson Ranch Venture LLC | $1,374.23 | $33.75 | Claim is based on three separate accounts: (1) #44122.DV0229 owing $1,077.78 relates to a non-debtor, Lennar entity; (2) Account #01222.OL6009 owing $262.70 relates to a non-debtor, Lennar entity; and (3) Account #01222.OL5382 owing #33.75 relates to Stevenson Ranch Venture LLC. Accordingly, the correct claim amount should be $33.75. |
| John Burgeson Contractors Inc | 877 | LandSource Communities Development LLC | $1,822,484.49 | $499,838.46 | Claim consists of secured and unsecured portions. The allegedly secured portion of this claim includes two projects: West Creek Park (for $1,070,300.82) and West Creek Recreation Center (for $752,183.67). With respect to the West Creek Park project: claimant is a sub-contractor to Park West Landscape. The Debtor's contractual relationship is with Park West and not the claimant. (See Park West claim #860 which agrees with the Debtor's records). Moreover, inclusion of this part of the claim would duplicate the claim filed by Park West. Accordingly, the Debtor objects to the entire amount of this portion of the claim: $1,070,300.82. The claim amount related to the Recreation Center is based on the remaining contract balance at the time the claim was filed, including postpetition amounts which have since been paid to contractor. The Debtor's records indicate a total amount due to the claimant on this project of $493,723.58. The Debtor's amount is comprised of invoices 7409R/7410R (for $268,154.55); invoice 7403 (for $2,005.33); invoice 7604 (for $1,837.01); invoice 7594 (for $2,835.00); a retention of |

5

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| | | | | | $203,515.74; and two joint checks previously issued to contractor and a sub-contractor (totaling $15,375.94) that were not cashed prior to filing date. Accordingly, the Debtor objects to the remaining $258,460.09 of this portion of the claim. |
| | | | | | The unsecured portion includes: the Hasley Equestrian Center (for $9,233.54) and miscellaneous invoices for a total of $13,187.50. As for the Halsey Equestrian Center, claimant was subcontractor to Blackwell Construction (see claim #230). The Debtors object to this amount as including this portion of the claim would duplicate the claim filed by Blackwell. The Debtor's records provide support for that portion of the claim related to the miscellaneous invoices. |
| | | | | | Thus, the claim amount should be $499,838.46. |
| Land Design Consultants Inc | 679 | | $5,748.80 | $4,978.80 | Claim includes invoice #0808086 for postpetition amount of $770. Debtor's records indicate that other postpetition invoices have been received and paid to this claimant, but invoice #0808086 does not appear in the Debtor's records. Accordingly, the Debtor objects to the allowance of this amount. The correct claim amount should be $4,978.80 |
| Layne Christensen Company | 34 | The Newhall Land and Farming Company | $3,502.65 | $3,410.00 | The Debtor returned invoice to claimant on 5/12/2008 because amount of invoice exceeded the agreed upon amount to complete work reflected in purchase authorization LD51978 ("PA"). The PA lists $3,410.00 as the agreed amount; thus, the correct claim amount is $3,410.00. |
| LOS ANGELES COUNTY SANITATION DISTRICTS | 762 | The Newhall Land and Farming Company (A California Limited Partnership) | $173,653.66 | $170,656.59 | Claim includes prepetition amount of $2,997.07 which was paid on 9/11/08 with check #200923. Correct amount should be $170,656.59. |
| New Turf Construction Inc | 544 | The Newhall Land and Farming Company (A California Limited Partnership) | $309,425.67 | $284,937.87 | Claim includes invoices #9934R ($15,937.80), #9873 ($7,695.00) and #9874R ($855.00) which should be billed to Lennar Homes for intract work and related jobs. Accordingly, the claim amount should be adjusted to $284,937.87. |

6

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
# SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Nordman Cormany Hair & Compton LLP | 238 | The Newhall Land and Farming Company (A California Limited Partnership) | $11,831.00 | $11,405.00 | Claim includes $426.00 for invoice 204554. Representative in accounts payable of claimant stated that invoice 204554 has been voided as it was charged to debtor file in error. Thus, the correct claim amount should be $11,405.00. |
| Nossaman LLP | 503 | The Newhall Land and Farming Company (A California Limited Partnership) | $60,420.95 | $56,670.95 | Claim includes invoice #222031 for $3,570.00 owed by Valencia Water Company. The Debtors have confirmed that Valencia Water Company paid this invoice with check #101989. Thus, the correct claim amount should be $56,670.95. |
| Oakridge Landscape Inc | 543 | The Newhall Land and Farming Company (A California Limited Partnership) | $1,098,680.22 | $1,059,259.20 | Claim was filed prior to the Court's order dated 2/10/2009 [Docket No. 1235]. Pursuant to this order, Oakridge was paid $15,000 in prepetition work on contract 82028364OL with check number 203216 dated 2/12/2009. Accordingly, the correct claim amount should be $1,059,259.20. |
| OConnor Electric | 4 | The Newhall Land and Farming Company (A California Limited Partnership) | $810.00 | $216.00 | Claimant was paid $594.00 of the $810.00 claim amount on 6/24/2008 with check #200060. A remaining balance of $216 is prepetition and agrees with the amount reported on the Debtor's Schedule F. |
| OLD ROAD VENTURE LLC | 676 | The Newhall Land and Farming Company (A California Limited Partnership) | $1,128,994.76 | $69,132.54 | Claim includes a schedule that breaks the claim into 12 items. The Debtors object to the following items/amounts: (#1) Relocation of the SAI for $41,935.72. The initial site plan had no conflicts; the claimant caused the conflict that required the utilities to be relocated when it moved its driveway. (#2) CalTrans Easement removal for $467,000.00. Pursuant to the terms of the purchase and sale agreement (the "Agreement"), the Debtor was responsible for installing a storm drain, which it did, thereby negating the necessity of the easement. In addition, the easement was disclosed on the title report at the time of purchase, and section 7.2 of the Agreement stated that property was sold in "as is condition." It is not the Debtor's responsibility to have CalTrans remove the easement; (#3) Driveway work on project site for $60,248.50. The Debtor requested and received reimbursement for driveways because it |

7

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| | | | | | was outside of the scope of the offsite street improvement plans and curb cuts (See section 6.2 of the Agreement). (#7) Rye Canyon interim work for $299,750.00. This work became a condition of the tentative Parcel Map filed by the claimant when it filed for a new parcel map. Section 6.2 of the Agreement states that Newhall Land is only responsible for offsite improvements within 5 feet of the claimant's property line. (#9) Correction/repair of offsite punch list items for $30,428.00. Offsite improvements were installed per the plan. Claimant's contractors damaged the sidewalks during construction. Thus, any repairs should be responsibility of the claimant. (#10) Engineering costs in connection with Rye Canyon work for $80,500.00. This became a condition of the tentative Parcel Map filed by the claimant when it filed for a new parcel map. Section 6.2 of the Agreement states that Newhall Land is only responsible for offsite improvements within 5 feet of creditor's property line. This is not the Debtor's obligation. (#11) Raising sewer manhole 6" above grade for $50,000.00. The Debtor agrees with this item, but disputes that this is a reasonable estimate for this work. Debtor's superintendent indicates that a reasonable estimate would be approximately $3,000.00. (#12) Interest amount for payment for $33,000.00. The Debtor objects to the inclusion of interest in this instance because there is no evidence that the interest had matured prepetition, and thus this unsecured claim is not entitled to postpetition interest under sections 502(b) and 506(b) of the Bankruptcy Code (see pages 5-6 of this Fifth Omnibus Objection). Thus, the correct claim amount should be $69,132.54. |

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Pacific Advanced Civil Engineering Inc | 539 | The Newhall Land and Farming Company (A California Limited Partnership) | $471,670.04 | $432,622.14 | Claim is for mechanic's lien in the amount of $471,670.04. On 5/15/2008 Representative of PACE provided an Aging Report with an outstanding receivable balance of $441,799.89. Receivable balance should be adjusted for payment to PACE of invoice #90204 for $9,177.75 with check #146660. Accordingly, the claim amount should be adjusted to $432,622.14. |
| Pacific Coast Civil Inc | 39 | LandSource Communities Development LLC | $48,303.38 | $28,178.61 | Claim does not match Debtors' records because: (1) it excluded invoice 12450 (for $260.93) noting that the invoice date was after the Commencement Date. Invoice 12450, however, was for reimbursable expenses from May 2008 and therefore constitutes a prepetition amount in favor of the Debtor; (2) it excluded a back charge processed by debtor (FBC-066) in the amount of $8,375.70 for an engineering conflict resulting from the elevation difference between a sewer lateral and storm drain backbone (claimant was notified of the back charge); and (3) it included both invoice 11977 and invoice 12298, the latter of which includes work originally billed on invoice 11977, thereby counting the same $12,010 worth of work twice. The correct claim amount should be $28,178.61. |
| Penfield & Smith Engineers Inc | 17 | The Newhall Land and Farming Company (A California Limited Partnership) | $20,781.81 | $20,045.43 | Debtors object to inclusion of two invoices for "retainage" that do not appear in the Debtors' records: (1) invoice 86180 (for $240.34); and (2) invoice 86181 (for $496.04). Claimant asserts that amounts were withheld from invoices previously paid, therefore creating the retainage. Review of the Debtor's payment records, however, indicate that this is not the case. Instead, the amount claimed on invoice 86180 was paid as part of invoice 86825 and the amount claimed on invoice 86181 was paid as part of invoice 86826. Both invoices were paid with Debtor's check #142642. Thus, the correct claim amount should be $20,045.43. |
| R M Construction | 136 | The Newhall Land and Farming Company (A California Limited Partnership) | $86,465.72 | $86,465.72 | Claim includes invoice 1763 which contains a postpetition amount of $791.15. The Debtor paid the postpetition amount with check 201316. Thus, the correct claim amount should be $86,465.72. |

**IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111**
**SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS**

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| RT Franklan & Associates | 747 | LandSource Communities Development LLC | $720,623.30 | $666,843.13 | Claim includes $44,770.21 of the charges that relate to work performed for a non-debtor Lennar entity. In addition, on 2/12/2009, the Debtor paid claimant $9,009.96 with check 203218. Thus, the correct claim amount should be $666,843.13, split between certain Debtors in the manner detailed on the preceding Exhibit A. |

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
# SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Sikand Engineering Associates a California Corporation | 88 | The Newhall Land and Farming Company (A California Limited Partnership) | $266,454.59 | $67,976.75 | Claim includes $142,050.00 for claimant's work performed on job #102018754. Support for this portion of the claim includes copies of invoices from May 2005 through Oct 2006. The Debtor objects to this portion of the claim as yet again the claimant failed to obtain authorization for the work it performed. This objection is based on long standing issue with the claimant involving the claimant performing work without prior authorization and subsequently requesting payment for such unauthorized work. The Debtor sent letters to the claimant outlining the Debtor's policy regarding the need for proper authorizations prior to commencement of work as long ago as 1997. This policy was reiterated in an agreement dated July 17, 2002 that states "In the event Sikand Engineering proceeds with any work for Newhall Land without a purchase authorization number, purchase authorization, letter of authorization (contract), or change order, Sikand Engineering will not be paid." Nevertheless, the claimant again performed work without prior authorization in February 2005. The Debtor's policy was once again communicated to the claimant at that time. Accordingly, the Debtors object to this portion of the claim.<br><br>Claim also includes previously paid invoices totaling $23,460.08. For each previously paid invoice, the claimant billed the work under one invoice number but submitted a different invoice number to the Debtor for payment. The work covered in both, however, was the same. Specifically, invoices 62776 (for $2,800), 62777 (for $2,800) and 62778 (for $600) were paid with check #2000740 as invoices 63002, 63003 and 63005, respectively. Additionally, invoice 62774 (for $12,000) was paid with check #202235 as invoice 63000A; and invoices 62775 (for $2,200) and 62787 (for $60.08) were paid with check #201360 as invoices 63000B and 63000C. Finally, invoice 62796 (for $3,000) was paid with check #200878 as invoice 63001.<br><br>Thus, the correct claim amount is $67,976.75. |

11

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| United Parcel Service | 126 | The Newhall Land and Farming Company (A California Limited Partnership) | $831.27 | $395.89 | Claim has two portions: one prepetition for $435.38 and another postpetition for $395.89. The postpetition amount was paid on 6/27/2008 with check number 200086. The Debtors therefore object to this portion of the claim. The correct claim amount should be $395.89. |
| US Bancorp Business Equipment Finance Group | 344 | The Newhall Land and Farming Company (A California Limited Partnership) | $179,286.53 | $4,166.25 | Claim includes all remaining lease payments plus residuals; however, the Debtors' records indicate a prepetition balance of only $4,166.25. |
| WESTERN GOLF PROPERTIES LLC | 681 | Tournament Players Club at Valencia, LLC | $71,240.79 | $26,453.94 | Claimant filed proof of claim for insurance reimbursements before final pre/postpetition determination was made. Claimant has been paid for all postpetition amounts and agrees with the Debtor's adjusted claim amount of $26,453.94. |
| Zim Industries Inc dba Bakersfield Well & Pump Company | 749 | The Newhall Land and Farming Company (A California Limited Partnership) | $200,559.70 | $163,834.70 | Claim includes $36,725 change order that has already been invoiced to the Debtor and is in the system to be paid. Accordingly, the correct claim amount should be $163,834.70. |

12