# EXHIBIT "D"

## No Liability Claims

# EXHIBIT D
## *NO LIABILITY CLAIMS**

### IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
### SUBSTANTIVE OBJECTION – NO LIABILITY CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| Berco Oil Company | 678 | The Newhall Land and Farming Company (A California Limited Partnership) | $800,000.00 | $0.00 | The claim has two components: the first component is indemnification, in the amount of $600,000, for oil leaking from a pipe on property leased by the claimant pursuant to the North Tapo Oil Lease (the "Oil Lease"). The second component is unpaid property/production taxes for the Oil Lease.<br><br>With respect to the first component, the claimant asserts that the spill or release of oil in July 2008 is the Debtor's responsibility. Yet, the Oil Lease clearly states in section 2 that the claimant is taking the field "As Is" and that Claimant accepts all such oil and gas pipelines "without warranty or representation from Lessor (a) as to merchantability of the same, or the fitness of the same for a specific use or for any use, (b) as to the condition, quality, character or quantity of the same, (c) as to Lessor's ownership of or any other right, title or interest as to the same, or (d) on any other subject concerning the same." In addition, section 2 the Oil Lease, further provides that the claimant must "maintain, repair and replace such facilities, fixtures, equipment and improvements throughout the term of the Lease at its sole cost and expense and shall deliver the same, along with possession of the Leased Premises, to Lessor at the expiration or sooner termination of this Lease in the existing condition with the exception of normal wear and tear arising out of the Lessee's use thereof."<br><br>Perhaps most significantly, section 7(b) of the Oil Lease explicitly provides that the claimant "shall be liable to [Debtor] and [its] tenants and [claimant] agrees to pay for all damages to the Leased Premises or other premises of [the Debtor] ... |

* The Debtors' grounds for objection to No Liability Claims are described in detail on page 7 of the Fifth Omnibus Objection.

1

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – NO LIABILITY CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| | | | | | caused by or arising out of [claimant's] operations *(including but not limited to ... overflow or escape of oil, gas or water)* on the Leased Premises, even though such damages are not intentional and do not result from negligence." |
| | | | | | Based on the above language claimant is solely responsible for the spill or release and the financial responsibilities that go along with the clean up of any such spill or release. |
| | | | | | With respect to the second component, the claimant asserts that the Debtor is responsible for up to $200,000 in unpaid property tax; however, the Oil Lease clearly states that the Debtor is responsible for its share of the production/royalty taxes on the mineral interest, which is 16.67% of the oil produced by Berco Oil. It is normal practice for oil field tenants to withhold the production/royalty taxes form the royalty payments owed to the lessor. All other property taxes are the sole responsibility of the Debtor and have been paid in full by the Debtor |
| Boskovich Farms | 874 | The Newhall Land and Farming Company (A California Limited Partnership) | UNLIQUIDATED | $0.00 | Claim is based on a certain lease for the term of May 1, 2008 through April 30, 2009 under which Newhall is the lessor. The claim amount is $46,658 "+/-pro-rated annual lease payment." This amount is equal to 11 months rent based upon annual rent paid of $50,900.00. Leasee/claimant has no claim for prorated rent as it continued to have access to their fields and therefore rent was earned by the Debtor. |

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – NO LIABILITY CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| City of Santa Clarita | 979 | The Newhall Land and Farming Company (A California Limited Partnership) | UNLIQUIDATED | $0.00 | Claim is related to the Debtor's funding of the Magic Mountain/Interstate 5 Phase II interchange project. Supporting documentation is a copy of the funding agreement between the Debtor and City of Santa Clarita for the Magic Mountain/Interstate 5 Phase II interchange project. Also included is a letter outlining progress payments to be made while debtor is in Chapter 11. The City has no claim for prepetition amounts for the interchange project, and the Debtor has made all postpetition payments. |
| City of Santa Clarita | 980 | NWHL GP LLC | UNLIQUIDATED | $0.00 | Claim is related to the Debtor's funding of the Magic Mountain/Interstate 5 Phase II interchange project. Supporting documentation is a copy of the funding agreement between the Debtor and City of Santa Clarita for the Magic Mountain/Interstate 5 Phase II interchange project. Also included is a letter outlining progress payments to be made while debtor is in Chapter 11. The City has no claim for prepetition amounts for the interchange project, and the Debtor has made all postpetition payments. |
| County of Ventura Public Works Agency | 506 | Lennar Stevenson Holdings, LLC | $8,553.45 | $0.00 | Supporting documentation indicates that claim is for amounts owed by a non-debtor Lennar/Greystone entity. |
| Hasley Canyon Business Center LLC | 909 | The Newhall Land and Farming Company (A California Limited Partnership) | UNLIQUIDATED | $0.00 | Debtor sold land to the claimant in 2004. The land has yet to be developed. Claimant has repeatedly attempted to have the Debtor waive the buy back option in the purchase and sale agreement. Claimant has entered into an agreement to sell the property and the debtor has submitted a quitclaim of its buy back interest to the escrow holder that will be recorded when the escrow actually closes. Therefore the claimant has no actual valid claim at this time and the claim should be denied in its entirety. |

3

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
# SUBSTANTIVE OBJECTION – NO LIABILITY CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| Howard & Ann Sarmiento | 523 | Stevenson Ranch Venture LLC | $500,000.00 | $0.00 | On 5/18/2009 claimants filed with the Superior Court of California a request for dismissal of their complaint as to the defendant Stevenson Ranch Venture LLC. Accordingly, the Debtor objects to the allowance of this claim in these chapter 11 cases. |
| Miami Dade Water & Sewer | 558 | LandSource Holding Company, LLC | $2,386.79 | $0.00 | Claimant indicates that the account on which it had based its claim against LandSource has been paid in full. |
| Rivervillage Neighborhood Association | 822 | The Newhall Land and Farming Company (A California Limited Partnership) | $1,890,952.80 | $0.00 | Claim is based on Debtor's alleged failure to construct a recreation facility; however, the Debtor has no obligation to build such a facility at this time. Supporting documentation references an October 2007 completion date for the recreation facility. This completion date, however, was merely an estimate derived from Lennar's projection that by October 2007 there would be 177 homes completed and/or annexed into the River Village Community Association. As of the date hereof, fewer than 100 homes have been completed and/or annexed into the River Village Community Association. Thus, the Debtors do not yet have an obligation to build a recreation facility and there can be no valid basis on which to assert a claim for the Debtor's failure to construct a recreation facility. |
| Rural Community Insurance Service | 134 | The Newhall Land and Farming Company (A California Limited Partnership) | $4,670.00 | $0.00 | Claim is for postpetition insurance, and was paid by check 201819 dated 11/6/2008. Claimant representative indicated that Debtors' payment was received on 11/17/08. |
| Santa Clarita Organization for Planning the Environment | 925 | The Newhall Land and Farming Company (A California Limited Partnership) | $1,000,000.00 | $0.00 | Claim is based upon a settlement agreement pursuant to which Newhall is required to provide certain reports on the use of ground water. Newhall has met the condition referred to in the claim and has filed all required information with the County of Los Angeles. Therefore, the claim should be denied. |

4

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – NO LIABILITY CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| West Creek & West Hills Community Association | 846 | The Newhall Land and Farming Company (A California Limited Partnership) | UNLIQUIDATED | $0.00 | Claim is based on construction of a Community Recreation Center and is comprised of a secured portion for $49,031.00 and an unsecured portion for an unliquidated amount. Work on the Community Recreation Center was completed and the facility was turned over to the West Creek/West Hills Community Association. In addition, the complaint filed by the contractor hired for this work has been dismissed and thus there can be no indemnity claim. Accordingly, the Debtors object to the allowance of this claim in its entirety. |

5