# EXHIBIT "G"

**Declaration of Donald L. Kimball**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re*                                                      :   Chapter 11
:
LANDSOURCE COMMUNITIES                                       :
DEVELOPMENT LLC, *et al.*,                                   :   Case No. 08-11111 (KJC)
:
:   (Jointly Administered)
:
Debtors.                                                     :
:
---------------------------------------------------------------x

## DECLARATION OF DONALD L. KIMBALL
## IN SUPPORT OF THE DEBTORS' FIFTH OMNIBUS
## OBJECTION (SUBSTANTIVE) TO CLAIMS

I, Donald L. Kimball, hereby declare that the following is true to the best of my knowledge, information and belief.

1. I am Senior Vice President and Chief Financial Officer of NWHL GP, LLC, the general partner of The Newhall Land and Farming Company, (A California Limited Partnership), a limited partnership (*"Newhall"*).[1] Although I hold no formal title at Newhall, I currently function as its Chief Financial Officer. Newhall is an indirect subsidiary of LandSource Communities Development LLC (*"LandSource Communities"*), a Delaware limited liability company. LandSource Communities is the direct or indirect parent company of each of the debtors and debtors in possession in these chapter 11 cases (collectively, *"LandSource"* or the *"Debtors"*).

2. The Debtors' ongoing claims reconciliation process involves the collective effort of a team of employees assembled from people specifically familiar with the operations

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Fifth Omnibus Objection.

and liabilities of Newhall and its subsidiaries (three specific employees), LandSource Communities (two specific "LandSource dedicated" employees of an affiliate of Lennar Corporation), and Lennar Mare Island, LLC (one specific "Mare Island dedicated" employee of an affiliate of Lennar Corporation). This team works together and in conjunction with Debtors' counsel, Weil, Gotshal & Manges LLP, and the Debtors' claims agent, Kurtzman Carson Consultants LLC, to review proofs of claim filed against the Debtors (the "*Claims*"). In preparation of the Debtors' Fifth Omnibus Objection (Substantive) to Claims (the "*Fifth Omnibus Objection*"), and under my direction and supervision, at least one employee on each of these teams reviewed (i) the Claims at issue in the Fifth Omnibus Objection, as described in Exhibits "A," "B," "C," "D," "E," and "F" attached thereto, (ii) the Debtors' books and records, and (iii) the claims register. I have also personally reviewed the Fifth Omnibus Objection and the Exhibits attached thereto. Accordingly, I am familiar with the information contained therein.

A. **Compound Claims – Exhibit "A"**

3. To the best of my knowledge, information and belief, the Claims included on Exhibit "A" are Claims that identify as obligor only one Debtor when such Claims are properly asserted against multiple Debtors (collectively, the "*Compound Claims*").

4. By the Fifth Omnibus Objection, the Debtors object to the allowance of each of the Compound Claims listed on Exhibit "A" and request that such Compound Claims be recategorized into separate claims against the correct Debtors ("*Separate Claims*"), as identified in the columns entitled "Correct Debtor" on Exhibit "A." In order to avoid the duplication of claims, the Debtors request that once a Compound Claim is recategorized into Separate Claims, then the original Compound Claim be disallowed and expunged in its entirety.

B.  **Claims for Which the Debtors
    Dispute the Claim Amount – Exhibit "B"**

5. To the best of my knowledge, information and belief, the Claims included on Exhibit "B" are Claims for which the Debtors dispute the asserted claim amount (collectively, the "*Disputed Amount Claims*"). Some of the Disputed Amount Claims are claims against the Debtors that have been partially paid, typically because part of the claim arose after the Commencement Date and has been paid by the Debtors in the ordinary course of business as an administrative expense pursuant to section 503(b) of the Bankruptcy Code. Other Disputed Amount Claims have included certain amounts in error, and still others have listed amounts that do not appear in the Debtors' books and records and as a result cannot be verified.

6. By the Fifth Omnibus Objection, the Debtors object to the allowance of such portions of the Disputed Amount Claim that are inaccurate or unverifiable. Inaccurate or unverified claims should not represent a liability to the Debtors' estates. Furthermore, because the Debtors have no other or further objections to the Disputed Amount Claims listed on Exhibit "B," the Debtors request that such claims be allowed in the amount listed under the column heading "Modified Claim Amount."

C.  **Claims that Include Amounts for
    Postpetition Interest or Attorneys' Fees – Exhibit "C"**

7. To the best of my knowledge, information and belief, the Claims included in Exhibit "C" of the Fifth Omnibus Objection are unsecured Claims against the Debtors that have included a request for postpetition interest and/or other collection costs in addition to the principal amount of such claims.

3

8. By the Fifth Omnibus Objection, the Debtors object to any portion of the claims on Exhibit "C" representing such postpetition interest, fees or costs and hereby request that such portion be disallowed and expunged.

**D.  Claims for Which Debtors Have No Liability – Exhibit "D"**

9. To the best of my knowledge, information and belief, the Claims included in Exhibit "D" are those Claims filed against the Debtors that fail to establish a legal or factual basis on which the Debtors are liable (collectively, the "*No Liability Claims*"). After a review of the Debtors' books and records, the Debtors believe that there are no obligations currently due and owing on the No Liability Claims. Furthermore, the Debtors submit that nothing in the proofs of claim filed against the Debtors by the holders of the No Liability Claims supports the assertion of a valid claim against any of the Debtors.

10. By the Fifth Omnibus Objection, the Debtors object to the allowance of each of the No Liability Claims and request that such No Liability Claims be disallowed in their entirety and expunged.

**E.  Claims Subject to Court Order – Exhibit "E"**

11. To the best of my knowledge, information and belief, the Claims included in Exhibit "D" are those Claims that became the subject of, in whole or in part, certain motions or stipulations, which were subsequently granted by the Court (each a "*Court Order Claim*" and collectively, the "*Court Order Claims*"). Pursuant to such orders, the Debtors have made all required payments to the appropriate creditors, resulting in either partial or complete satisfaction of the Court Order Claims.

12. By the Fifth Omnibus Objection, the Debtors, to the extent they have satisfied a Court Order Claim in full, object to allowance of such claim and request that the claim

4

be disallowed in its entirety and expunged. Where the Debtors have only partially satisfied a Court Order Claim, the Debtors request that such remaining claim be allowed in the amount listed under the column heading "Modified Claim Amount" on Exhibit "E."

### F. Claims for Which There Is Insufficient Support – Exhibit "F"

13. To the best of my knowledge, information and belief, the Claims included on Exhibit "F" are those Claims filed against the Debtors that do not constitute valid claims because they contain insufficient supporting documentation (collectively, the *"Insufficient Documentation Claims"*). Furthermore, the Debtors' books and records support claim amounts different than the ones set forth in each of the Insufficient Documentation Claims.

14. By the Fifth Omnibus Objection, the Debtors object to the Insufficient Documentation Claims listed on Exhibit "F" and request that such Claims be modified to reflect the claim amount that the Debtors have in their books and records.

### Conclusion

15. Based upon the review by employees under my direction and supervision of the Claims described in Exhibits "A," "B," "C," "D," "E," and "F" of the Fifth Omnibus Objection, the Debtors' books and records and the claims register, and my own personal review of the Fifth Omnibus Objection and the Exhibits attached thereto, I believe that granting the relief requested in the Fifth Omnibus Objection is in the best interests of the Debtors, their estates and their creditors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of June, 2009.

>The Newhall Land and Farming Company
>(A California Limited Partnership), a limited partnership
>
>By: NWHL GP LLC, a Delaware limited liability company,
>its general partner
>
>By: _/s/ D. Kimball_
>Donald L. Kimball
>Senior Vice President and Chief Financial Officer

6