**EXHIBIT "H"**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
LANDSOURCE COMMUNITIES                    :
DEVELOPMENT LLC, et al.,                  :    Case No. 08-11111 (KJC)
                                          :
                                          :    (Jointly Administered)
          Debtors.                        :
                                          :    Re: Docket No. __
-------------------------------------------------------------x
```

## ORDER GRANTING DEBTORS' FIFTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIMS

Upon consideration of the omnibus objection to proofs of claim, dated June 22, 2009 (the "***Fifth Omnibus Objection***"),[1] of LandSource Communities Development LLC and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "***Debtors***"),[2] pursuant to section 502 of the Bankruptcy Code, Rule 3007 of the Bankruptcy Rules, and Rule 3007-1 of the Local Rules, requesting that the Court modify or disallow and expunge the Fifth Omnibus Claims as appropriate; and the Court having jurisdiction to consider the Fifth Omnibus Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifth Omnibus Objection and the relief

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Third Omnibus Objection.

[2] The Debtors in these cases are California Land Company; Friendswood Development Company, LLC; Kings Wood Development Company, L.C.; LandSource Communities Development LLC; LandSource Communities Development Sub LLC; LandSource Holding Company, LLC; Lennar Bressi Ranch Venture, LLC; Lennar Land Partners II; Lennar Mare Island, LLC; Lennar Moorpark, LLC; Lennar Stevenson Holdings, L.L.C.; LNR-Lennar Washington Square, LLC; LSC Associates, LLC; NWHL GP LLC; The Newhall Land and Farming Company (A California Limited Partnership); The Newhall Land and Farming Company; Southwest Communities Development LLC; Stevenson Ranch Venture LLC; Tournament Players Club at Valencia, LLC; Valencia Corporation; and Valencia Realty Company.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Fifth Omnibus Objection; and the Court hereby finding and determining that, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure, due and proper notice has been provided to each holder of a claim listed on the attached exhibits and all other parties entitled to notice, and no other or further notice is necessary; and the relief requested in the Fifth Omnibus Objection being in the best interests of the Debtors and their estates; and the legal and factual bases set forth in the Fifth Omnibus Objection establishing just cause for the relief granted herein, it is therefore

ORDERED that each Compound Claim listed on Exhibit "1" attached hereto is hereby recategorized and modified in the manner set forth on that exhibit; and it is further

ORDERED that each Disputed Amount Claim listed on Exhibit "2" attached hereto is hereby modified in the manner set forth on that exhibit; and it is further

ORDERED that to the extent any portion of claims listed on Exhibit "3" attached hereto is for postpetition interest, such portion of that claim is hereby disallowed and expunged; and it is further

ORDERED that each No Liability Claim listed on Exhibit "4" attached hereto is hereby disallowed and expunged; and it is further

ORDERED that each Court Order Claim listed on Exhibit "5" attached hereto is hereby either modified or disallowed and expunged as set forth on that exhibit; and it is further

ORDERED that each Insufficient Documentation Claim listed on Exhibit "6" attached hereto is hereby modified in the manner set forth on that exhibit; and it is further

2

ORDERED that KCC is authorized and directed to modify the official claims

registry in compliance with the terms herein; and it is further

ORDERED that this Court shall reserve jurisdiction to interpret and enforce this

Order.

Dated: _____, 2009
        Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "1"

## Compound Claims

EXHIBIT 1

Compound Claims*

IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
SUBSTANTIVE OBJECTION - COMPOUND CLAIMS

| Name of Claimant | Claim No. | Claim Amount | Asserted Debtor | Case No | Correct Debtor 1 | Correct Case No 1 | Claim Amount 1 | Correct Debtor 2 | Correct Case No 2 | Claim Amount 2 | Correct Debtor 3 | Correct Case No 3 | Claim Amount 3 | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AT&T Corp | 95 | $81.75 | LandSource Communities Development LLC | 08-11111 | LandSource Holding Company, LLC | 08-11122 | $7.23 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $74.71 | | | | Upon request, claimant provided supporting documentation indicating that the claim is based to two account numbers. One of the two accounts relates to LandSource Holding Company, while the other account relates to Newhall Land and Farming Company (A California Limited Partnership). |
| Docusource | 53 | $11,665.53 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $6,129.92 | Tournament Players Club at Valencia, LLC | 08-11127 | $5,91.77 | | | | Debtors' records indicate that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership) and Tournament Players Club at Valencia, LLC in the amounts specified herein. |
| FedEx Customer Information Service as Assignee of FedEx Express FedEx Ground | 349 | $9,564.50 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $476.24 | Tournament Players Club at Valencia, LLC | 08-11127 | $116.05 | Lennar Mare Island, LLC | 08-11117 | $258.71 | Supporting documentation includes FedEx account numbers but no entity names. Additional support provided by FedEx indicates that Newhall Land and Farming Company (A California Limited Partnership) ("Newhall") owes $599.33; Tournament Players Club at Valencia, LLC owes $116.05; Lennar Mare Island owes $258.71; and the remaining balance of $8912.51 is owed by Lennar entities. Per Exhibit B to this Fifth Omnibus Objection, Newhall objects to $13.09 of its portion of this claim, making its corrected portion only $476.24. |
| Gazzie Dillon & Ballance LLP | 851 | $206,869.66 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $204,789.66 | Stevenson Ranch Venture LLC | 08-11130 | $2,020.00 | | | | Supporting documentation indicates that $2,020.00 of the claim is for fees related to Legacy Village, a project of Stevenson Ranch Venture LLC. The remaining $204,789.66 is asserted against The Newhall Land and Farming Company (A California Limited Partnership). |
| Huntaker & Associates Los Angeles Inc | 750 | $968,048.50 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $941,685.58 | Stevenson Ranch Venture LLC | 08-11130 | $26,012.92 | | | | Supporting documentation indicates that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership) and Stevenson Ranch Venture LLC in the amounts specified herein. Per Exhibit B of this Fifth Omnibus Objection, the Debtors assert that this claim should only be in the amount of $952,696.50. Only the unsecured portion of the claim is asserted against these two Debtors; the secured portion of the claim is asserted only against The Newhall Land and Farming Company (A California Limited Partnership). |
| Los Angeles County Treasurer and Tax Collector | 79 | $4,832.35 | LandSource Communities Development LLC | 08-11111 | Stevenson Ranch Venture LLC | 08-11130 | $227.55 | Tournament Players Club at Valencia, LLC | 08-11127 | $4,604.80 | | | | Supporting documentation indicates that claim is asserted against Stevenson Ranch Venture LLC and Tournament Players Club at Valencia, LLC in the amounts specified herein. |
| Los Angeles County Treasurer and Tax Collector | 150 | $30,397.51 | LandSource Communities Development LLC | 08-11111 | Tournament Players Club at Valencia, LLC | 08-11127 | $30,164.51 | Stevenson Ranch Venture LLC | 08-11130 | $233.00 | | | | Supporting documentation indicates that claim is asserted against Tournament Players Club at Valencia, LLC and Stevenson Ranch Venture LLC in the amounts specified herein. |
| Paul Hastings Janofsky & Walker LLP | 358 | $218,127.59 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $52,408.83 | LandSource Communities Development LLC | 08-11111 | $32,360.74 | Lennar Mare Island, LLC | 08-11117 | $133,358.02 | Supporting documentation indicates that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership), LandSource Communities Development LLC and Lennar Mare Island, LLC in the amounts specified herein. |

* Debtors' grounds for objection to Compound Claims are described in detail on page 4 of the Fifth Omnibus Objection.

# EXHIBIT 1
## Compound Claims*

IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
SUBSTANTIVE OBJECTION - COMPOUND CLAIMS

| Name of Claimant | Claim No. | Claim Amount | Asserted Debtor | Case No. | Correct Debtor 1 | Correct Case No. 1 | Claim Amount 1 | Correct Debtor 2 | Correct Case No. 2 | Claim Amount 2 | Correct Debtor 3 | Correct Case No. 3 | Claim Amount 3 | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RT Franklin & Associates | 747 | $220,623.30 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $656,265.63 | LNR-Lennar Washington Square, LLC | 08-11123 | $10,577.50 | | | | Supporting documentation indicates that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership) for $710,045.50 and LNR-Lennar Washington Square, LLC for $10,577.50. Per Exhibit B of this Fifth Omnibus Objection, the Debtors assert that Newhall portion of this claim is only $656,265.63. |
| Southern California Gas Company | 135 | $4,813.80 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $2,953.86 | Tournament Players Club at Valencia, LLC | 08-11127 | $1,859.94 | | | | Supporting documentation indicates that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership) for $2,953.86 and Tournament Players Club at Valencia, LLC for $1,859.94. |
| Sprint Nextel | 354 | $8,500.00 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $3,000.00 | Lennar Mare Island, LLC | 08-11117 | $5,500.00 | | | | Upon request, claimant provided supporting documentation indicating that the claim is based on two security deposits held by The Newhall Land and Farming Company (A California Limited Partnership) and Lennar Mare Island LLC in the amounts specified herein. |
| US Bancorp | 344 | $4,166.25 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $3,519.47 | Tournament Players Club at Valencia, LLC | 08-11127 | $646.78 | | | | Claim was initially asserted against Newhall Land and Farming Company for $179,986.53. Pursuant to the Court's order, dated 2/25/09 (Docket No. 1287), the claim was modified to be properly asserted against The Newhall Land and Farming Company (A California Limited Partnership) for $179286.53. Per Exhibit B of this Fifth Omnibus Objection, the Debtors assert that this claim should only be in the amount of $4,166.25. Additional review of the Debtors' records indicates that the claim is properly asserted against both Newhall and Tournament Players Club at Valencia, LLC, in the amounts set forth herein. |
| Waste Management | 72 | $1,170.11 | LandSource Communities Development LLC | 08-11111 | The Newhall Land and Farming Company (A California Limited Partnership) | 08-11125 | $32.97 | Tournament Players Club at Valencia, LLC | 08-11127 | $979.13 | LandSource Holding Company, LLC | 08-11122 | $158.01 | Supporting documentation indicates that claim is asserted against The Newhall Land and Farming Company (A California Limited Partnership) and Tournament Players Club at Valencia, LLC and LandSource Holding Company, LLC in the amounts specified herein. |

* Debtors' grounds for objection to Compound Claims are described in detail on page 4 of the Fifth Omnibus Objection.

# EXHIBIT "2"

## Disputed Amount Claims

**EXHIBIT 2**
*DISPUTED AMOUNT CLAIMS*\*

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| 1492 Inc | 30 | Tournament Players Club at Valencia, LLC | $1,510.87 | $844.54 | Claim includes a revised invoice #6011745 that fails to account for preferred vendor discounts. The original invoice #6011745 included the preferred vendor discounts and was for a total amount of $502.09 (instead of $1,168.42). Accordingly, the correct claim amount should be $844.54. |
| A Plus Tree Service | 190 | Lennar Mare Island, LLC | $1,149.00 | $0.00 | Claim includes two invoices (#1746 and #1763) for $1,149.00 that are also contained in claimant's earlier proof of claim #41. Accordingly, the Debtor objects to the allowance of this claim in its entirety. |
| Acushner Company | 915 | Tournament Players Club at Valencia, LLC | $14,030.11 | $9,379.41 | Debtor believes that the claim amount should be $9,379.41, consisting of the following: (A) $4,107.44 for a returned unpaid check (claimant's supporting documentation agrees); (B) $4,234.68 for goods delivered before the petition date (claimant's supporting documentation agrees); and (C) $1,037.09, for shoes that the claimant was meant to deliver prior to a golf event. The shoes were delivered after the event and consequently were returned by the Debtor. Claimant subsequently re-sent the shoes and was paid for them postpetition, thereby reducing the amount of its claim accordingly. Thus, the correct amount should be $9,379.41. |
| ANDY GUMP INC | 172 | The Newhall Land and Farming Company (A California Limited Partnership) | $13,634.16 | $9,891.31 | Claim includes invoices that have been paid postpetition in the amount of $3,742.85. Accordingly, the correct claim amount should be $9,891.31. |

---

\* The Debtors' grounds for objection to Disputed Amount Claims are described in detail on pages 4-5 of the Fifth Omnibus Objection.

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| CA Rasmussen Inc | 182 | The Newhall Land and Farming Company (A California Limited Partnership) | $272,789.94 | $264,780.74 | Claim does not include invoice #34768, which lists a credit to the Debtor in the amount of $8,899.10. Claim also provides the incorrect amount for invoice #34771; the Debtor's records indicate that the invoice should be for $17,059.99, where claimant lists the amount of $16,170.08. Thus, the correct claim amount is $264,780.74. |
| Camarillo Engineering Inc | 78 | The Newhall Land and Farming Company (A California Limited Partnership) | $115,247.93 | $0.00 | In March 2009, Claimant voided invoice #7516 (for $104,770.85). Debtors confirmed that Claimant did not do the work for the original invoice. The remainder of claim is a 10% ($10,477.08) markup included on invoice #7516 that was never billed. The Debtor objects to this claim in its entirety as the claimant subsequently voided its invoice in March 2009. |
| Caterpillar Financial Services Corporation | 753 | The Newhall Land and Farming Company (A California Limited Partnership) | $39,387.61 | $0.00 | Claim includes postpetition amounts for the balance of a sales installment contract that was paid with check #203101 dated 2/6/09. Payments in the amount of $6,564.60 are outstanding under the postpetition contract for the period from July 2008 – October 2008. No prepetition amounts are outstanding. Accordingly, the correct claim amount should be $0.00. |
| CH2M Hill Inc | 682 | The Newhall Land and Farming Company (A California Limited Partnership) | $808,732.00 | $713,042.28 | Claim fails to provide any supporting documentation for claim amounts. The Debtor contacted claimant to obtain additional information on its claim. Creditor provided a schedule detailing the invoices included as part of its claim. The Debtor then determined that the claim includes invoice 3648795 (contract 81984725) for $95,689.72, which relates to work that had not been completed prepetition. Thus, the correct claim amount should be $713,042.28. |

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| CVI GVF Lux Master Sarl (B&W Pipeline) | 751 | The Newhall Land and Farming Company (A California Limited Partnership) | $207,430.45 | $85,756.19 | Claim was purchased from B&W Pipeline and combines documentation relating to the Debtor and Lennar Homes. After reviewing the supporting invoice documents with representatives from B&W Pipeline, the Debtor determined that a portion of the related work was for Newhall projects and the reminder was for work performed under contracts with Lennar Homes. The invoices relating to Newhall Land work are: #1363, #1376, #1373, #1374, #1387 and #1388 for a total of $78,372.21. These invoices are valid claims for work performed. It should be noted that creditor filed claim for amounts net of retention (total of $7,383.98). Claim should have been for gross amount - not net. The balance of the claim (invoices #1298, 1310, 1330, 1338, 1348, and 1364) relates to contracts with non-debtor Lennar entities. Thus, the correct claim amount should be $85,756.19. |
| CVI GVF Lux Master Sarl (Psomas) | 343 | LandSource Communities Development LLC | $951,165.19 | $946,414.51 | Claim includes invoice #41419 (for $4,750.68), which was paid in full on 2/25/2008 with check #144882. Accordingly, the correct claim amount should be $946,414.51. |
| D A McCosker Construction Co dba Independent Construction Co | 852 | The Newhall Land and Farming Company (A California Limited Partnership) | $750,418.04 | $519,139.58 | Claim provides a summary of outstanding invoices which includes two items that should be adjusted: (1) costs related entirely to a non-debtor Lennar entity, in the amount of $124,020, and (2) costs in the amount of $166,258.46 that should be split between the Debtor (for $61,000) and a non-debtor Lennar entity (for $107,258.46). As a result, the correct claim amount should be $519,138.58. |
| David George & Associates | 125 | The Newhall Land and Farming Company (A California Limited Partnership) | $31,565.51 | $30,005.51 | Claim includes invoice 11393 for $1,560. The Debtor has no record of this invoice. Accordingly, the claim amount should be adjusted to $30,005.51. |
| Docusource | 53 | The Newhall Land and Farming Company (A California Limited Partnership) | $11,665.33 | $8,041.69 | Claim amount includes invoices billed to leasing companies (US Bancorp & Delage Landen) totalling $2,617.74. Claim also fails to include $1,005.90 credit issued to the Debtor in May 2008. Thus, the correct claim amount should be $8,041.69, which should be split between Newhall and TPC as described on the preceding Exhibit A. |

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Downrite Engineering Corp | 177 | LandSource Holding Company, LLC | $349,809.76 | $208,306.00 | Claim includes $141,503.76 for work performed by claimant on the "Lakes by the Bay Clubhouse." The Debtor has paid all outstanding amounts for claimant's work on this project and claimant filed a Release and Satisfaction of Claim of Lien with the state of Florida on 5/13/2009. Thus, the correct claim amount should be $208,306.00. |
| Environ International Corporation | 861 | The Newhall Land and Farming Company (A California Limited Partnership) | $164,010.09 | $163,934.25 | Claim indicates amount of invoice #242101 is $5,873.78; however, the Debtor's records show invoice #242101 was revised on October 23, 2008 and the proper amount $5,797.94 on. Accordingly, the correct amount of this claim should be $163,934.25. |
| FedEx Customer Information Service as Asignee of FedEx Express FedEx Ground | 349 | LandSource Communities Development LLC | $9,564.50 | $851.00 | Per the substantive objection contained on the preceding Exhibit A, supporting documentation provided by claimant indicates that Newhall Land and Farming Company (A California Limited Partnership) ("Newhall") owes $509.33; Tournament Players Club at Valencia, LLC owes $116.05; Lennar Mare Island owes $258.71; and the remaining balance of $8,912.51 is the obligation of non-debtor Lennar entities. Newhall objects to $33.09 of its $509.33 portion of this claim, as such charges were made in error on invoice 2-754-73938. A representative for claimant agreed that the invoice should be adjusted. Thus, the adjusted claim amount should be $851.00, split between certain Debtors in the manner detailed on Exhibit A. |
| Ferguson Group LLC, The | 817 | The Newhall Land and Farming Company (A California Limited Partnership) | $3,899.27 | $3,720.96 | Claim includes $178.31 postpetition amount on invoice 608575, which Debtors paid with check #200650. The correct claim amount should be $3,720.96. |
| HIGH TECH IRRIGATION | 826 | Tournament Players Club at Valencia, LLC | $9,752.00 | $56.56 | Supporting documentation includes 46 monthly installments of $212 each, for a total of $9,752; however, the Debtors are current on all monthly billings, with the exception of the June 2008 invoice which should be prorated to reflect that a commencement date of June 8, 2008. Thus, the correct claim amount should be $56.56, which represents the proration of the June 2008 invoice. |

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
### SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Hunsaker & Associates Los Angeles Inc | 750 | The Newhall Land and Farming Company (A California Limited Partnership) | $968,048.50 | $967,698.50 | Claim is comprised of a secured portion for $174,482.13, and an unsecured portion for $793,566.37. Per the objection contained on the preceding Exhibit A, supporting documentation provided by the claimant indicates that Stevenson Ranch Venture LLC is responsible for $26,012.92 of this claim, and The Newhall Land and Farming Company (A California Limited Partnership) ("Newhall") is responsible for the remainder. Newhall paid $350 against the remaining balance in December 2007. Thus, the adjusted claim amount should be $967,698.50, split between certain Debtors in the manner detailed on the preceding Exhibit A. Only the unsecured portion of the claim is asserted against these two Debtors; the secured portion of the claim is asserted only against Newhall. |
| Iron Mountain Information Management Inc | 87 | Stevenson Ranch Venture LLC | $1,374.23 | $33.75 | Claim is based on three separate accounts: (1) #44122.DV0229 owing $1,077.78 relates to a non-debtor, Lennar entity; (2) Account #01222.0L6009 owing $262.70 relates to a non-debtor, Lennar entity; and (3) Account #01222.0L5382 owing #33.75 relates to Stevenson Ranch Venture LLC. Accordingly, the correct claim amount should be $33.75. |
| John Burgeson Contractors Inc | 877 | LandSource Communities Development LLC | $1,822,484.49 | $499,838.46 | Claim consists of secured and unsecured portions. The allegedly secured portion of this claim includes two projects: West Creek Park (for $1,070,300.82) and West Creek Recreation Center (for $752,183.67). With respect to the West Creek Park project: claimant is a sub-contractor to Park West Landscape. The Debtor's contractual relationship is with Park West and not the claimant. (See Park West claim #860 which agrees with the Debtor's records). Moreover, inclusion of this part of the claim would duplicate the claim filed by Park West. Accordingly, the Debtor objects to the entire amount of this portion of the claim: $1,070,300.82.<br><br>The claim amount related to the Recreation Center is based on the remaining contract balance at the time the claim was filed, including postpetition amounts which have since been paid to contractor. The Debtor's records indicate a total amount due to the claimant on this project of $493,723.58. The Debtor's amount is comprised of invoices 7409R/7410R (for $268,154.55); invoice 7403 (for $2,005.33); invoice 7604 (for $1,837.01); invoice 7594 (for $2,835.00); a retention of |

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| | | | | | $203,515.74; and two joint checks previously issued to contractor and a sub-contractor (totaling $15,375.94) that were not cashed prior to filing date. Accordingly, the Debtor objects to the remaining $258,460.09 of this portion of the claim.<br><br>The unsecured portion includes: the Hasley Equestrian Center (for $9,233,54) and miscellaneous invoices for a total of $13,187.50. As for the Halsey Equestrian Center, claimant was subcontractor to Blackwell Construction (see claim #230). The Debtors object to this amount as including this portion of the claim would duplicate the claim filed by Blackwell. The Debtor's records provide support for that portion of the claim related to the miscellaneous invoices.<br><br>Thus, the claim amount should be $499,838.46. |
| Land Design Consultants Inc | 679 | | $5,748.80 | $4,978.80 | Claim includes invoice #0808086 for postpetition amount of $770. Debtor's records indicate that other postpetition invoices have been received and paid to this claimant, but invoice #0808086 does not appear in the Debtor's records. Accordingly, the Debtor objects to the allowance of this amount. The correct claim amount should be $4,978.80 |
| Layne Christensen Company | 34 | The Newhall Land and Farming Company | $3,502.65 | $3,410.00 | The Debtor returned invoice to claimant on 5/12/2008 because amount of invoice exceeded the agreed upon amount to complete work reflected in purchase authorization LD51978 ("PA"). The PA lists $3,410.00 as the agreed amount; thus, the correct claim amount is $3,410.00. |
| LOS ANGELES COUNTY SANITATION DISTRICTS | 762 | The Newhall Land and Farming Company (A California Limited Partnership) | $173,653.66 | $170,656.59 | Claim includes prepetition amount of $2,997.07 which was paid on 9/11/08 with check #200923. Correct amount should be $170,656.59. |
| New Turf Construction Inc | 544 | The Newhall Land and Farming Company (A California Limited Partnership) | $309,425.67 | $284,937.87 | Claim includes invoices #9934R ($15,937.80), #9873 ($7,695.00) and #9874R ($855.00) which should be billed to Lennar Homes for intract work and related jobs. Accordingly, the claim amount should be adjusted to $284,937.87. |

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Nordman Cormany Hair & Compton LLP | 238 | The Newhall Land and Farming Company (A California Limited Partnership) | $11,831.00 | $11,405.00 | Claim includes $426.00 for invoice 204554. Representative in accounts payable of claimant stated that invoice 204554 has been voided as it was charged to debtor file in error. Thus, the correct claim amount should be $11,405.00. |
| Nossaman LLP | 503 | The Newhall Land and Farming Company (A California Limited Partnership) | $60,420.95 | $56,670.95 | Claim includes invoice #222031 for $3,570.00 owed by Valencia Water Company. The Debtors have confirmed that Valencia Water Company paid this invoice with check #101989. Thus, the correct claim amount should be $56,670.95. |
| Oakridge Landscape Inc | 543 | The Newhall Land and Farming Company (A California Limited Partnership) | $1,098,680.22 | $1,059,259.20 | Claim was filed prior to the Court's order dated 2/10/2009 [Docket No. 1235]. Pursuant to this order, Oakridge was paid $15,000 in prepetition work on contract 820283640L with check number 203216 dated 2/12/2009. Accordingly, the correct claim amount should be $1,059,259.20. |
| OConnor Electric | 4 | The Newhall Land and Farming Company (A California Limited Partnership) | $810.00 | $216.00 | Claimant was paid $594.00 of the $810.00 claim amount on 6/24/2008 with check #200060. A remaining balance of $216 is prepetition and agrees with the amount reported on the Debtor's Schedule F. |
| OLD ROAD VENTURE LLC | 676 | The Newhall Land and Farming Company (A California Limited Partnership) | $1,128,994.76 | $69,132.54 | Claim includes a schedule that breaks the claim into 12 items. The Debtors object to the following items/amounts:<br><br>(#1) Relocation of the SAI for $41,935.72. The initial site plan had no conflicts; the claimant caused the conflict that required the utilities to be relocated when it moved its driveway.<br>(#2) CalTrans Easement removal for $467,000.00. Pursuant to the terms of the purchase and sale agreement (the "Agreement"), the Debtor was responsible for installing a storm drain, which it did, thereby negating the necessity of the easement. In addition, the easement was disclosed on the title report at the time of purchase, and section 7.2 of the Agreement stated that property was sold in "as is condition." It is not the Debtor's responsibility to have CalTrans remove the easement;<br>(#3) Driveway work on project site for $60,248.50. The Debtor requested and received reimbursement for driveways because it |

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| | | | | | was outside of the scope of the offsite street improvement plans and curb cuts (See section 6.2 of the Agreement). |
| | | | | | (#7) Rye Canyon interim work for $299,750.00. This work became a condition of the tentative Parcel Map filed by the claimant when it filed for a new parcel map. Section 6.2 of the Agreement states that Newhall Land is only responsible for offsite improvements within 5 feet of the claimant's property line. |
| | | | | | (#9) Correction/repair of offsite punch list items for $30,428.00. Offsite improvements were installed per the plan. Claimant's contractors damaged the sidewalks during construction. Thus, any repairs should be responsibility of the claimant. |
| | | | | | (#10) Engineering costs in connection with Rye Canyon work for $80,500.00. This became a condition of the tentative Parcel Map filed by the claimant when it filed for a new parcel map. Section 6.2 of the Agreement states that Newhall Land is only responsible for offsite improvements within 5 feet of creditor's property line. This is not the Debtor's obligation. |
| | | | | | (#11) Raising sewer manhole 6" above grade for $50,000.00. The Debtor agrees with this item, but disputes that this is a reasonable estimate for this work. Debtor's superintendent indicates that a reasonable estimate would be approximately $3,000.00. |
| | | | | | (#12) Interest amount for payment for $33,000.00. The Debtor objects to the inclusion of interest in this instance because there is no evidence that the interest had matured prepetition, and thus this unsecured claim is not entitled to postpetition interest under sections 502(b) and 506(b) of the Bankruptcy Code (see pages 5-6 of this Fifth Omnibus Objection). |
| | | | | | Thus, the correct claim amount should be $69,132.54. |

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason For Modification |
|---|---|---|---|---|---|
| Pacific Advanced Civil Engineering Inc | 539 | The Newhall Land and Farming Company (A California Limited Partnership) | $471,670.04 | $432,622.14 | Claim is for mechanic's lien in the amount of $471,670.04. On 5/15/2008 Representative of PACE provided an Aging Report with an outstanding receivable balance of $441,799.89. Receivable balance should be adjusted for payment to PACE of invoice #90204 for $9,177.75 with check #146660. Accordingly, the claim amount should be adjusted to $432,622.14. |
| Pacific Coast Civil Inc | 39 | LandSource Communities Development LLC | $48,303.38 | $28,178.61 | Claim does not match Debtors' records because: (1) it excluded invoice 12450 (for $260.93) noting that the invoice date was after the Commencement Date.  Invoice 12450, however, was for reimbursable expenses from May 2008 and therefore constitutes a prepetition amount in favor of the Debtor; (2) it excluded a back charge processed by debtor (FBC-066) in the amount of $8,375.70 for an engineering conflict resulting from the elevation difference between a sewer lateral and storm drain backbone (claimant was notified of the back charge); and (3) it included both invoice 11977 and invoice 12298, the latter of which includes work originally billed on invoice 11977, thereby counting the same $12,010 worth of work twice.  The correct claim amount should be $28,178.61. |
| Penfield & Smith Engineers Inc | 17 | The Newhall Land and Farming Company (A California Limited Partnership) | $20,781.81 | $20,045.43 | Debtors object to inclusion of two invoices for "retainage" that do not appear in the Debtors' records: (1) invoice 86180 (for $240.34); and (2) invoice 86181 (for $496.04).  Claimant asserts that amounts were withheld from invoices previously paid, therefore creating the retainage.  Review of the Debtor's payment records, however, indicate that  this is not the case.  Instead, the amount claimed on invoice 86180 was paid as part of invoice 86825 and the amount claimed on invoice 86181 was paid as part of invoice 86826.  Both invoices were paid with Debtor's check #142642.  Thus, the correct claim amount should be $20,045.43. |
| R M Construction | 136 | The Newhall Land and Farming Company (A California Limited Partnership) | $86,465.72 | $86,465.72 | Claim includes invoice 1763 which contains a postpetition amount of $791.15.  The Debtor paid the postpetition amount with check 201316.  Thus, the correct claim amount should be $86,465.72. |

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
### SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| RT Frankian & Associates | 747 | LandSource Communities Development LLC | $720,623.30 | $666,843.13 | Claim includes $44,770.21 of the charges that relate to work performed for a non-debtor Lennar entity. In addition, on 2/12/2009, the Debtor paid claimant $9,009.96 with check 203218. Thus, the correct claim amount should be $666,843.13, split between certain Debtors in the manner detailed on the preceding Exhibit A. |

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
### SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason For Modification |
|---|---|---|---|---|---|
| Sikand Engineering Associates a California Corporation | 88 | The Newhall Land and Farming Company (A California Limited Partnership) | $266,454.59 | $67,976.75 | Claim includes $142,050.00 for claimant's work performed on job #102018754. Support for this portion of the claim includes copies of invoices from May 2005 through Oct 2006. The Debtor objects to this portion of the claim as yet again the claimant failed to obtain authorization for the work it performed. This objection is based on long standing issue with the claimant involving the claimant performing work without prior authorization and subsequently requesting payment for such unauthorized work. The Debtor sent letters to the claimant outlining the Debtor's policy regarding the need for proper authorizations prior to commencement of work as long ago as 1997. This policy was reiterated in an agreement dated July 17, 2002 that states "In the event Sikand Engineering proceeds with any work for Newhall Land without a purchase authorization number, purchase authorization, letter of authorization (contract), or change order, Sikand Engineering will not be paid." Nevertheless, the claimant again performed work without prior authorization in February 2005. The Debtor's policy was once again communicated to the claimant at that time. Accordingly, the Debtors object to this portion of the claim.

Claim also includes previously paid invoices totaling $23,460.08. For each previously paid invoice, the claimant billed the work under one invoice number but submitted a different invoice number to the Debtor for payment. The work covered in both, however, was the same. Specifically, invoices 62776 (for $2,800), 62777 (for $2,800) and 62778 (for $600) were paid with check #2000740 as invoices 63002, 63003 and 63005, respectively. Additionally, invoice 62774 (for $12,000) was paid with check #202235 as invoice 63000A; and invoices 62775 (for $2,200) and 62787 (for $60.08) were paid with check #201360 as invoices 63000B and 63000C. Finally, invoice 62796 (for $3,000) was paid with check #200878 as invoice 63001.

Thus, the correct claim amount is $67,976.75. |

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – DISPUTED AMOUNT CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| United Parcel Service | 126 | The Newhall Land and Farming Company (A California Limited Partnership) | $831.27 | $395.89 | Claim has two portions: one prepetition for $435.38 and another postpetition for $395.89. The postpetition amount was paid on 6/27/2008 with check number 200086. The Debtors therefore object to this portion of the claim. The correct claim amount should be $395.89. |
| US Bancorp Business Equipment Finance Group | 344 | The Newhall Land and Farming Company (A California Limited Partnership) | $179,286.53 | $4,166.25 | Claim includes all remaining lease payments plus residuals; however, the Debtors' records indicate a prepetition balance of only $4,166.25. |
| WESTERN GOLF PROPERTIES LLC | 681 | Tournament Players Club at Valencia, LLC | $71,240.79 | $26,453.94 | Claimant filed proof of claim for insurance reimbursements before final pre/postpetition determination was made. Claimant has been paid for all postpetition amounts and agrees with the Debtor's adjusted claim amount of $26,453.94. |
| Zim Industries Inc dba Bakersfield Well & Pump Company | 749 | The Newhall Land and Farming Company (A California Limited Partnership) | $200,559.70 | $163,834.70 | Claim includes $36,725 change order that has already been invoiced to the Debtor and is in the system to be paid. Accordingly, the correct claim amount should be $163,834.70. |

# EXHIBIT 3
## POSTPETITION INTEREST[*]

**IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111**
**SUBSTANTIVE OBJECTION – CLAIMS INCLUDING POSTPETITION INTEREST**

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason For Modification |
|---|---|---|---|---|---|
| CNH Capital America LLC | 127 | The Newhall Land and Farming Company (A California Limited Partnership) | UNLIQUIDATED | $298.31 | Supporting documentation includes the same invoice associated with the Debtor's Schedule F (under Pioneer Equipment) for $298.61; however the proof of claim also includes what appear to be postpetition finance and late charges totaling $31.69. Pursuant to section 506 of the Bankruptcy Code, the Debtors object to the inclusion of the finance as part of this claim because the Claimant is unsecured. |
| Engeo Incorporated | 36 | The Newhall Land and Farming Company | $79,507.90 | $77,175.26 | Claim appears to include $2,332.62 in postpetition interest. Pursuant to section 506(b) of the Bankruptcy Code, the Debtors object to the inclusion of interest as part of this claim as the claim is unsecured. |
| REH CONTRACTING COMPANY INC | 821 | The Newhall Land and Farming Company (A California Limited Partnership) | $29,330.13 | $26,663.75 | Claim includes a finance charge of $2,666.38. Pursuant to section 506 of the Bankruptcy Code, the Debtors object to the inclusion of the finance as part of this claim because the Claim is unsecured. |

[*] The Debtors' grounds for objection to claims including postpetition interest are described in detail on pages 5-6 of the Fifth Omnibus Objection.

EXHIBIT C
*POSTPETITION INTEREST**

**IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111**
**SUBSTANTIVE OBJECTION – CLAIMS INCLUDING POSTPETITION INTEREST**

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| CNH Capital America LLC | 127 | The Newhall Land and Farming Company (A California Limited Partnership) | UNLIQUIDATED | $298.31 | Supporting documentation includes the same invoice associated with the Debtor's Schedule F (under Pioneer Equipment) for $298.61; however the proof of claim also includes what appear to be postpetition finance and late charges totaling $31.69. Pursuant to section 506 of the Bankruptcy Code, the Debtors object to the inclusion of the finance as part of this claim because the Claimant is unsecured. |
| Engeo Incorporated | 36 | The Newhall Land and Farming Company | $79,507.90 | $77,175.26 | Claim appears to include $2,332.62 in postpetition interest. Pursuant to section 506(b) of the Bankruptcy Code, the Debtors object to the inclusion of interest as part of this claim as the claim is unsecured. |
| REH CONTRACTING COMPANY INC | 821 | The Newhall Land and Farming Company (A California Limited Partnership) | $29,330.13 | $26,663.75 | Claim includes a finance charge of $2,666.38. Pursuant to section 506 of the Bankruptcy Code, the Debtors object to the inclusion of the finance as part of this claim because the Claim is unsecured. |

---

* The Debtors' grounds for objection to claims including postpetition interest are described in detail on pages 5-6 of the Fifth Omnibus Objection.

# EXHIBIT "4"

## No Liability Claims

# EXHIBIT 4
## NO LIABILITY CLAIMS*

**IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111**

**SUBSTANTIVE OBJECTION – NO LIABILITY CLAIMS**

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| Berco Oil Company | 678 | The Newhall Land and Farming Company (A California Limited Partnership) | $800,000.00 | $0.00 | The claim has two components: the first component is indemnification, in the amount of $600,000, for oil leaking from a pipe on property leased by the claimant pursuant to the North Tapo Oil Lease (the "Oil Lease"). The second component is unpaid property/production taxes for the Oil Lease.<br><br>With respect to the first component, the claimant asserts that the spill or release of oil in July 2008 is the Debtor's responsibility. Yet, the Oil Lease clearly states in section 2 that the claimant is taking the field "As Is" and that Claimant accepts all such oil and gas pipelines "without warranty or representation from Lessor (a) as to merchantability of the same, or the fitness of the same for a specific use or for any use, (b) as to the condition, quality, character or quantity of the same, (c) as to Lessor's ownership of or any other right, title or interest as to the same, or (d) on any other subject concerning the same." In addition, section 2 the Oil Lease, further provides that the claimant must "maintain, repair and replace such facilities, fixtures, equipment and improvements throughout the term of the Lease at its sole cost and expense and shall deliver the same, along with possession of the Leased Premises, to Lessor at the expiration or sooner termination of this Lease in the existing condition with the exception of normal wear and tear arising out of the Lessee's use thereof."<br><br>Perhaps most significantly, section 7(b) of the Oil Lease explicitly provides that the claimant "shall be liable to [Debtor] and [its] tenants and [claimant] agrees to pay for all damages to the Leased Premises or other premises of [the Debtor] … |

---

\* The Debtors' grounds for objection to No Liability Claims are described in detail on page 7 of the Fifth Omnibus Objection.

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – NO LIABILITY CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| | | | | | caused by or arising out of [claimant's] operations *(including but not limited to ... overflow or escape of oil, gas or water)* on the Leased Premises, *even though such damages are not intentional and do not result from negligence."* |
| | | | | | Based on the above language claimant is solely responsible for the spill or release and the financial responsibilities that go along with the clean up of any such spill or release. |
| | | | | | With respect to the second component, the claimant asserts that the Debtor is responsible for up to $200,000 in unpaid property tax; however, the Oil Lease clearly states that the Debtor is responsible for its share of the production/royalty taxes on the mineral interest, which is 16.67% of the oil produced by Berco Oil. It is normal practice for oil field tenants to withhold the production/royalty taxes form the royalty payments owed to the lessor. All other property taxes are the sole responsibility of the Debtor and have been paid in full by the Debtor |
| Boskovich Farms | 874 | The Newhall Land and Farming Company (A California Limited Partnership) | UNLIQUIDATED | $0.00 | Claim is based on a certain lease for the term of May 1, 2008 through April 30, 2009 under which Newhall is the lessor. The claim amount is $46,658 "+/-pro-rated annual lease payment." This amount is equal to 11 months rent based upon annual rent paid of $50,900.00. Leasee/claimant has no claim for prorated rent as it continued to have access to their fields and therefore rent was earned by the Debtor. |

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| City of Santa Clarita | 979 | The Newhall Land and Farming Company (A California Limited Partnership) | UNLIQUIDATED | $0.00 | Claim is related to the Debtor's funding of the Magic Mountain/Interstate 5 Phase II interchange project. Supporting documentation is a copy of the funding agreement between the Debtor and City of Santa Clarita for the Magic Mountain/Interstate 5 Phase II interchange project. Also included is a letter outlining progress payments to be made while debtor is in Chapter 11. The City has no claim for prepetition amounts for the interchange project, and the Debtor has made all postpetition payments. |
| City of Santa Clarita | 980 | NWHL GP LLC | UNLIQUIDATED | $0.00 | Claim is related to the Debtor's funding of the Magic Mountain/Interstate 5 Phase II interchange project. Supporting documentation is a copy of the funding agreement between the Debtor and City of Santa Clarita for the Magic Mountain/Interstate 5 Phase II interchange project. Also included is a letter outlining progress payments to be made while debtor is in Chapter 11. The City has no claim for prepetition amounts for the interchange project, and the Debtor has made all postpetition payments. |
| County of Ventura Public Works Agency | 506 | Lennar Stevenson Holdings, LLC | $8,553.45 | $0.00 | Supporting documentation indicates that claim is for amounts owed by a non-debtor Lennar/Greystone entity. |
| Hasley Canyon Business Center LLC | 909 | The Newhall Land and Farming Company (A California Limited Partnership) | UNLIQUIDATED | $0.00 | Debtor sold land to the claimant in 2004. The land has yet to be developed. Claimant has repeatedly attempted to have the Debtor waive the buy back option in the purchase and sale agreement. Claimant has entered into an agreement to sell the property and the debtor has submitted a quitclaim of its buy back interest to the escrow holder that will be recorded when the escrow actually closes. Therefore the claimant has no actual valid claim at this time and the claim should be denied in this entirety. |

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| Howard & Ann Sarmiento | 523 | Stevenson Ranch Venture LLC | $500,000.00 | $0.00 | On 5/18/2009 claimants filed with the Superior Court of California a request for dismissal of their complaint as to the defendant Stevenson Ranch Venture LLC. Accordingly, the Debtor objects to the allowance of this claim in these chapter 11 cases. |
| Miami Dade Water & Sewer | 558 | LandSource Holding Company, LLC | $2,386.79 | $0.00 | Claimant indicates that the account on which it had based its claim against LandSource has been paid in full. |
| Rivervillage Neighborhood Association | 822 | The Newhall Land and Farming Company (A California Limited Partnership) | $1,890,952.80 | $0.00 | Claim is based on Debtor's alleged failure to construct a recreation facility; however, the Debtor has no obligation to build such a facility at this time. Supporting documentation references an October 2007 completion date for the recreation facility. This completion date, however, was merely an estimate derived from Lennar's projection that by October 2007 there would be 177 homes completed and/or annexed into the River Village Community Association. As of the date hereof, fewer than 100 homes have been completed and/or annexed into the River Village Community Association. Thus, the Debtors do not yet have an obligation to build a recreation facility and there can be no valid basis on which to assert a claim for the Debtor's failure to construct a recreation facility. |
| Rural Community Insurance Service | 134 | The Newhall Land and Farming Company (A California Limited Partnership) | $4,670.00 | $0.00 | Claim is for postpetition insurance, and was paid by check 201819 dated 11/6/2008. Claimant representative indicated that Debtors' payment was received on 11/17/08. |
| Santa Clarita Organization for Planning the Environment | 925 | The Newhall Land and Farming Company (A California Limited Partnership) | $1,000,000.00 | $0.00 | Claim is based upon a settlement agreement pursuant to which Newhall is required to provide certain reports on the use of ground water. Newhall has met the condition referred to in the claim and has filed all required information with the County of Los Angeles. Therefore, the claim should be denied. |

# IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – NO LIABILITY CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Disallowance |
|---|---|---|---|---|---|
| West Creek & West Hills Community Association | 846 | The Newhall Land and Farming Company (A California Limited Partnership) | UNLIQUIDATED | $0.00 | Claim is based on construction of a Community Recreation Center and is comprised of a secured portion for $49,031.00 and an unsecured portion for an unliquidated amount. Work on the Community Recreation Center was completed and the facility was turned over to the West Creek/West Hills Community Association. In addition, the complaint filed by the contractor hired for this work has been dismissed and thus there can be no indemnity claim. Accordingly, the Debtors object to the allowance of this claim in its entirety. |

## EXHIBIT "5"

**Court Order Claims**

**EXHIBIT 5**
*COURT ORDER CLAIMS**

**IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111**
**SUBSTANTIVE OBJECTION – COURT ORDER CLAIMS**

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Capri Construction Corporation | 996 | LandSource Holding Company, LLC | $82,450.20 | $0.00 | Pursuant to the Court's order, dated 2/4/2009 [Docket No. 1214], the Debtor paid claimant, a subcontractor, for work performed on the Isles at Bayshore. The Debtor paid claimant $79,364.00, which represented "the full amount owed to [claimant] for [its] work on the Clubhouse." Accordingly, the Debtor objects to this claim because the Court determined its proper amount to be $79,364.00, which was subsequently paid to the claimant. |
| Icon Constructors Inc | 856 | LandSource Holding Company, LLC | $832,087.00 | $0.00 | Pursuant to the Court's order, dated 2/4/2009 [Docket No. 1214], the Debtor paid claimant for work performed on the Isles at Bayshore. The Debtor paid claimant $752,723.00, which represents the amount owed to the claimant less the amount paid directly to its subcontractor, Capri Construction Corporation. Accordingly, the Debtor objects to this claim because the Court determined its proper amount to be $752,723.00, which was subsequently paid to the claimant. |

---

* The Debtors' grounds for objection to Court Order Claims are described in detail on page 7 of the Fifth Omnibus Objection.

# EXHIBIT "6"

## Insufficient Documentation Claim

**EXHIBIT 6**
*INSUFFICIENT DOCUMENTATION CLAIMS**

## IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
## SUBSTANTIVE OBJECTION – INSUFFICIENT DOCUMENTATION CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| AECOM/DMJM Harris Inc | 511 | The Newhall Land and Farming Company (A California Limited Partnership) | $113,443.00 | $105,882.08 | Supporting documentation is primarily a fully paid contract between Newhall Land and Farming Company (A California Partnership) and Korve Engineering Inc., and lacks sufficient evidence to support the difference between the claim amount and the amount listed on the Debtor's records ($105,882.08). The Debtor requested additional documentation on three different occassions, but received nothing further. Accordingly, Debtors object to the unsupported claim amount, and request that it be modified to the amount listed on their records: $105,882.08. |
| COLOMBO CONSTRUCTION COMPANY | 567 | The Newhall Land and Farming Company (A California Limited Partnership) | $61,221.83 | $56,083.07 | Supporting documentation lacks sufficient evidence to support the difference between the claim amount ($61,221.83) and the amount listed on the Debtor's records ($56,083.07). Accordingly, Debtor objects to the unsupported claim amount, and request that it be modified to the amount listed on their records: $56,083.07. |
| De Lage Landen Financial Services Inc | 559 | The Newhall Land and Farming Company (A California Limited Partnership) | $131,357.54 | $1,837.39 | Claim lacks sufficient documentation to support claim amount. On 3/25/2009 representatives from the Debtor spoke to claimant's representative and requested copies of the invoices supporting the claim amount. Claimant's representative asked for a copy of the proof of claim and supporting documentation, which was provided on 3/25/2009. Claimant has not responded since that date. Accordingly, Debtor objects to the unsupported claim amount, and request that it be modified to the amount listed on their records: $1,837.39. |

---

* The Debtors' grounds for objection to Insufficient Documentation Claims are described in detail on pages 7-8 of the Fifth Omnibus Objection.

IN RE LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, ET AL., CASE NO. 08-11111
SUBSTANTIVE OBJECTION – INSUFFICIENT DOCUMENTATION CLAIMS

| Name of Claimant | Claim No. | Name of Debtor | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|
| Office Depot | 18 | The Newhall Land and Farming Company | $4,738.42 | $732.85 | Claim lacks sufficient documentation to support claim amount. Debtors contacted Claimant on 3/23/2009 for further documentation, in particular requesting copies of certain invoices; however, Claimant failed to respond. The Debtors made a second request for additional information on 4/08/2009 but Claimant again failed to respond. Accordingly, Debtors object to the unsupported claim amount, and request that it be modified to the amount listed on their records: $732.85. |
| WILLDAN | 863 | The Newhall Land and Farming Company (A California Limited Partnership) | $431,100.97 | $407,752.27 | Claim amount does not correspond to Debtors' records and attaches insufficient information to support that difference. The Debtors spoke with a representative of Willdan on two separate occasions to determine how Willdan arrived at the claim amount. Willdan's representative indicated that they did not remember how the amount was determined and requested a copy of the claim and supporting documentation, which were provided on 4/01/2009. Willdan has not responded since that date. Accordingly, Debtors object to the unsupported claim amount, and request that it be modified to the amount listed on their records: $407,752.27. |

2