UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re : Chapter 11
:
LANDSOURCE COMMUNITIES :
DEVELOPMENT LLC, *et al.*, : Case No. 08-11111 (KJC)
:
: (Jointly Administered)
Debtors. :
: **Obj. Deadline: 7/13/09 at 4:00 p.m. (EDT)**
: **Hearing Date: 7/22/09 at 3:00 p.m. (EDT)**
---------------------------------------------------------------x

## DEBTORS' SIXTH OMNIBUS OBJECTION
## (NON-SUBSTANTIVE) TO (I) LATE FILED CLAIMS,
## (II) DUPLICATIVE CLAIMS, AND (III) AMENDED CLAIMS

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS**

LandSource Communities Development LLC and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "*LandSource Group*" or the "*Debtors*"),[1] file this non-substantive omnibus objection (the "*Sixth Omnibus Objection*") to proofs of claims filed against one or more of the Debtors in these chapter 11 cases as listed in Exhibits "A," "B," and "C" attached hereto (collectively, the "*Sixth Omnibus Claims*"). Pursuant to this Sixth Omnibus Objection, the Debtors request that the

---

[1] The Debtors in these cases are California Land Company; Friendswood Development Company, LLC; Kings Wood Development Company, L.C.; LandSource Communities Development LLC; LandSource Communities Development Sub LLC; LandSource Holding Company, LLC; Lennar Bressi Ranch Venture, LLC; Lennar Land Partners II; Lennar Mare Island, LLC; Lennar Moorpark, LLC; Lennar Stevenson Holdings, L.L.C.; LNR-Lennar Washington Square, LLC; LSC Associates, LLC; NWHL GP LLC; The Newhall Land and Farming Company (A California Limited Partnership); The Newhall Land and Farming Company; Southwest Communities Development LLC; Stevenson Ranch Venture LLC; Tournament Players Club at Valencia, LLC; Valencia Corporation; and Valencia Realty Company.

Court enter an order disallowing and expunging the proofs of claim objected to on Exhibits "A," "B," and "C" attached hereto. This request is made pursuant to section 502 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "***Local Rules***"). In support of the Sixth Omnibus Objection, the Debtors respectfully represent as follows:

## Background

1. On June 8, 2008 (the "***Commencement Date***"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). On June 20, 2008, the Office of the United States Trustee appointed a committee of unsecured creditors (the "***Creditors' Committee***").

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Bar Date and Schedules

4. On September 2, 2008, the Debtors filed with the Court their schedules of assets and liabilities (the "***Schedules***"). The Debtors listed an aggregate of 1,658 claims on the Schedules.

5.  By order, dated September 9, 2008 (the "**Bar Date Order**"), the Court set November 14, 2008 (the "**Bar Date**")[2] as the deadline for filing certain proofs of prepetition claims against the Debtors in the chapter 11 cases. Pursuant to the Bar Date Order, each creditor, subject to certain limited exceptions, holding a prepetition claim against one or more of the Debtors was required to file a proof of claim on or before the Bar Date.

6.  In accordance with the Bar Date Order, Kurtzman Carson Consultants, LLC ("**KCC**"), the Debtors' claims agent appointed pursuant to the Court's order dated June 10, 2008, mailed notices of the Bar Date and proof of claim forms to entities identified in the Schedules. Notice of the Bar Date also was published once in the national edition of *The New York Times* and once in the *Los Angeles Times*. Approximately 974 proofs of claim ("**Claims**") either were received by KCC or filed with the Clerk of the Court on or before the Bar Date.

## Relief Requested

### Late Filed Claims – Exhibit "A"

7.  The Claims included on Exhibit "A" are those Claims that were not filed on or before the Bar Date or other deadline to file claims as authorized by the Bankruptcy Code or Bar Date Order (collectively, the "**Late Filed Claims**"). Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that a proof of claim shall not be allowed if "proof of such claim is not timely filed." Pursuant to the Bar Date Order, the Court established November 14, 2008 at 5:00 p.m. (prevailing Pacific Time) as the deadline by which all persons and entities must file a proof of claim. Moreover, the Bar Date Order provides that "Proofs of Claim shall be deemed

---

[2] Governmental Units, as defined in section 101(27) of the Bankruptcy Code were given until December 5, 2008 to file their proofs of claim.

timely filed only if **actually received** by the LandSource Claims Processing Center on or before the Bar Date."

8. Therefore, the Debtors object to the allowance of each of the Late Filed Claims described on Exhibit "A" and request that such Late Filed Claims be disallowed in their entirety and expunged.

**Duplicative Claims – Exhibit "B"**

9. The Claims included on Exhibit "B" are those Claims that are duplicative of other Claims filed by or on behalf of the same claimant (collectively, the "*Duplicative Claims*"). The Duplicative Claims objected to in this Sixth Omnibus Objection are those in which the claimant incorrectly either (i) filed the same Claim against the same Debtor more than once or (ii) filed the same claim against two or more Debtors when such Claim was properly asserted, if at all, against only one of the given Debtors. With respect to the second category of duplicative claims, the claimant has no valid justification (for example, the existence of a guaranty) for asserting its claims against multiple Debtors. No Debtor should be required to pay for an obligation for which it is not liable. Additionally, the Debtors should not be required to pay twice on the same obligation. Moreover, elimination of redundant claims will enable the Debtors to maintain a claims register that more accurately reflects the Claims that have been asserted against the Debtors.

10. Therefore, the Debtors object to the allowance of each of the Duplicative Claims described on Exhibit "B" and request that such Duplicative Claims be disallowed in their entirety and expunged. Because this Sixth Omnibus Objection to the Duplicative Claims does not constitute an objection to the surviving claims, the Debtors reserve their right to object to such surviving claims on any grounds whatsoever.

### Amended Claims – Exhibit "C"

11. The Claims included on Exhibit "C" are those Claims that were amended and therefore superseded by a subsequent proof of claim filed by or on behalf of the same claimant (collectively, the "***Amended Claims***"). The Debtors should not be required to pay twice on the same obligation. Moreover, elimination of redundant claims will enable the Debtors to maintain a claims register that more accurately reflects the claims that have been asserted against the Debtors.

12. Therefore, the Debtors object to the allowance of each of the Amended Claims described on Exhibit "C" and request that such Amended Claims be disallowed in their entirety. Because this Sixth Omnibus Objection to the Amended Claims does not constitute an objection to the surviving claims, the Debtors reserve their right to object to such surviving claims on any grounds whatsoever.

### Conclusion

13. The Debtors object to the allowance of the Sixth Omnibus Claims as set forth herein for the reasons stated herein, and the Debtors hereby move this Court for an order disallowing each of the Sixth Omnibus Claims objected to on Exhibits "A," "B," and "C" attached hereto.

14. This Sixth Omnibus Objection is limited to the grounds stated herein. Accordingly, it is without prejudice to the right of the Debtors or any other party in interest to object to any of the Sixth Omnibus Claims affected hereby on any other ground whatsoever, and the Debtors expressly reserve all further substantive and/or procedural objections they may have.

## Notice

15. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel to the Creditors' Committee, (iii) counsel to Barclays Bank PLC, as administrative agent under the First Lien and Super-Priority Debtor-in-Possession Credit Agreements, (iv) counsel to The Bank of New York, as administrative agent under the Second Lien Credit Agreements, (v) each creditor and/or the attorney for such creditor holding a Sixth Omnibus Claim to which the Debtors are objecting in this Sixth Omnibus Objection in accordance with the addresses provided in the proofs of claim for such Sixth Omnibus Claim, and (vi) each person or entity that has filed a notice of appearance and request for service of documents herein. The Debtors submit that no other or further notice need be provided of this Motion.

16. Pursuant to Bankruptcy Rule 3007, the Debtors have provided all claimants affected by the Sixth Omnibus Objection with at least thirty (30) days' notice of the hearing on the Sixth Omnibus Objection.

## Statement of Compliance with Local Rule 3007-1

17. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Sixth Omnibus Objection substantially complies with that Local Rule. To the extent that the Sixth Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) disallowing and expunging the Sixth Omnibus Claims objected to on Exhibits "A," "B," and "C" attached hereto; and (ii) granting the Debtors such other and further relief as is just.

Dated: June 22, 2009
       Wilmington, Delaware

/s/ Mark D. Collins

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

-and-

Marcia L. Goldstein
Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION