IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, *et al.*,[1] | ) ) | Case No. 08-11111 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) ) | |

Objection Deadline: December 16, 2009 at 4:00 p.m.
Hearing Date: December 23, 2009 at 10:00 a.m.

## MOTION OF TRUSTEE OF CLASS 5 TRUST FOR ORDER EXTENDING DEADLINE TO OBJECT TO CLASS 5 CLAIMS

The trustee of the Class 5 Trust, Jim Carr ("Trustee"), appointed in the above cases pursuant to the Creditor Trust Agreements[2] as authorized by the Second Amended Joint Chapter 11 Plans of Reorganization For Landsource Communities Development LLC and Each of its Affiliated Debtors Proposed By Barclays Bank PLC, as Administrative Agent, Under the Super-Priority Debtor-In-Possession First Lien Credit Agreement, As Modified (the "Plan"), hereby seeks an order extending the current deadline to object to general unsecured claims in Class 5(a)-(u) of the Plan from January 31, 2010 to April 30, 2010, for the reasons set forth below.

---

[1] The Debtors in these cases are California Land Company; Friendswood Development Company, LLC; Kings Wood Development Company, L.C.; LandSource Communities Development LLC; LandSource Communities Development Sub LLC; LandSource Holding Company, LLC; Lennar Bressi Ranch Venture, LLC; Lennar Land Partners II; Lennar Mare Island, LLC; Lennar Moorpark, LLC; Lennar Stevenson Holdings, LLC.; LNR-Lennar Washington Square, LLC; LSC Associates, LLC; NWHL GP LLC; The Newhall Land and Farming Company (A California Limited Partnership); The Newhall Land and Farming Company; Southwest Communities Development LLC; Stevenson Ranch Venture LLC; Tournament Players Club at Valencia, LLC; Valencia Corporation; and Valencia Realty Company.

[2] Capitalized terms not expressly defined herein have the meanings ascribed to such terms in the Second Amended Joint Chapter 11 Plans of Reorganization For Landsource Communities Development LLC and Each of its Affiliated Debtors Proposed By Barclays Bank PLC, as Administrative Agent, Under the Super-Priority Debtor-In-Possession First Lien Credit Agreement, As Modified, entered July 21, 2009 (Docket No. 2163) (the "Plan").

51357-002\DOCS_DE:155263.1

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A) and (D). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provide the bases for the relief requested herein.

## BACKGROUND

3. On June 8, 2008, the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors were authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On June 20, 2008, the Office of the United States Trustee appointed a committee of unsecured creditors.

5. On July 20, 2009, the Court entered an order confirming the Plan [Docket No. 2151]. The Plan was consummated and became effective on July 31, 2009. Article XI of the Plan provides that the Class 5 Trust must file objections to the disputed unsecured claims in Class 5 "not later than one hundred and eighty (180) days after the Effective Date, *unless such deadline is extended by Final Order of the Bankruptcy Court.*" (emphasis added). Therefore, the current deadline to file objections to disputed Class 5 claims is January 31, 2010 (the "Claim Objection Deadline").

6. There are approximately three hundred general unsecured claims filed in the Newhall Land and Farming Company (A California Limited Partnership) ("Newhall") and in the other cases filed by Debtors other than Newhall ("Non-Newhall"). The Class 5 Trust's accountants, Squar, Milner, Peterson, Miranda & Williamson, LLP, has conducted an analysis of the claims filed in the Newhall and Non-Newhall cases and has recently provided its report to the Trustee.

**RELIEF REQUESTED**

7. By this Motion, the Trustee seeks a 90-day extension of the Claim Objection Deadline to and including, April 30, 2010.

**BASIS FOR RELIEF**

8. Section 105 of the Bankruptcy Code provides that the Court may "issue any order ... necessary or appropriate to carry out the provisions of this title." Also, Fed. R. Bankr. P. 9006(b) provides, in relevant part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may ... order the period enlarged ....

9. As set forth more fully below, cause exists to extend the Claim Objection Deadline because the Trustee just recently received the claims analysis for the Newhall claims and has yet to receive a similar analysis for unsecured claims filed in the Non-Newhall cases. Given the substantial number of claims filed in these cases, the Trustee requests a brief extension so that he may be certain that all appropriate objections will be filed. Additionally, such an

extension is expected to facilitate settlement efforts and potentially reduce the scope and number of objections that may have to be filed.

10. The Trustee further submits that the relief requested herein is in the best interests of Class 5 creditors and judicial economy. Absent the extension, the Class 5 creditors may suffer unfair prejudice, either due to the potential loss of the Trustee's right to object to and potentially reduce the amount of claims, or by the Trustee's premature objection to claims before they are fully reviewed and analyzed by the Trustee and his professionals. Additionally, the requested relief may save judicial resources and avoid litigation of disputed claims that can be resolved through negotiation.

11. Therefore, an extension of time will enable the Trustee to review all of the Class 5 claims filed in the Newhall and Non-Newhall cases, conserve the estate's limited resources by facilitating settlement, avoiding potentially unnecessary litigation and allowing the Trustee to refine the issues should litigation become necessary.

12. Accordingly, the Trustee requests an extension of the Claim Objection Deadline to object to the Claims 5 claims from January 31, 2010 to April 30, 2010.

## NOTICE

13. The Class 5 Trust will serve copies of this Motion on (a) the Office of the United States Trustee; (b) counsel to the Plan Proponent and Administrative Agent; (c) counsel to the Second Lien Administrative Agent; (d) counsel to Lennar Corporation; (e) counsel to the Reorganized Debtors; and (f) parties requesting notice pursuant to Bankruptcy Rule 2002. The Class 5 Trust submits that notice of this Motion is sufficient under Federal Rule of Bankruptcy Procedure 3007 and that no further notice is necessary.

## CONCLUSION

**WHEREFORE,** the Trustee respectfully requests that the Court enter an order: (i) granting the Motion in its entirety; (ii) extending the Claim Objection Deadline to object to Class 5 claims from January 31, 2010 to April 30, 2010; and (iii) granting such other relief as is just and proper.

Dated: November 30, 2009

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones

Laura Davis Jones (Bar No. 2436)
Richard M. Pachulski (CA Bar No. 90073)
Hamid R. Rafatjoo (CA Bar No. 181564)
Timothy P. Cairns (Bar No. 4228)
Kathleen P. Makowski (Bar No. 3648)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       rpachulski@pszjlaw.com
       hrafatjoo@pszjlaw.com
       tcairns@pszjlaw.com
       kmakowski@pszjlaw.com

Counsel for Jim Carr, Trustee of the Class 5 Trust