IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
*In re* : Chapter 11
:
LANDSOURCE COMMUNITIES :
DEVELOPMENT LLC et al., : Case No. 08-11111 (KJC)
:
Reorganized Debtors. : (Jointly Administered)
:
: **Hearing Date: March 3, 2010 at 2:00 p.m. (ET)**
---------------------------------------------------------------x **Obj. Deadline: February 16, 2010 at 4:00 p.m. (ET)**

### THE NEWHALL LAND AND FARMING COMPANY (A CALIFORNIA LIMITED PARTNERSHIP) AND NEWHALL LAND AND FARMING COMPANY'S NINTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO ADMINISTRATIVE EXPENSES ASSERTED BY RETIREES

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS**

The Newhall Land and Farming Company (A California Limited Partnership) and The Newhall Land and Farming Company, as parties to the above-referenced chapter 11 cases (collectively, the "*Newhall Entities*"), file this omnibus objection (the "*Omnibus Objection*") to administrative expenses asserted against the Newhall Entities by "Retiree #2" and "Retiree #5," as reflected in the proofs of administrative expense numbered 1142 and 1154, respectively (together, the "*Retiree Claims*"). Pursuant to this Omnibus Objection, the Newhall Entities request that the Court enter an order reclassifying the Retiree Claims as prepetition general unsecured claims, without prejudice to the right of any party in interest to object to any reclassified or surviving claims on any other grounds whatsoever. This request is made pursuant to section 503 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 3007-1 of the Local

RLF1 3531785v 1

Rules for the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*").
In support of the Omnibus Objection, the Newhall Entities respectfully represent as follows:

## Background

1. On June 8, 2008 (the "*Commencement Date*"), each of the Newhall Entities commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, Barclays Bank PLC, as administrative agent under the Debtors' prepetition first lien and postpetition credit agreements, filed the *Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement* (the "*Plan*"). On July 20, 2009, the Court entered its *Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. 1129(a) and (b) and Fed R Bankr. P 3020 Confirming the Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement*. The Plan went effective on July 31, 2009, and, as such, the Newhall Entities are no longer chapter 11 debtors, but are now reorganized entities.

3. Pursuant to the Plan, the deadline for filing administrative expenses against the Newhall Entities, with certain limited exceptions, was September 18, 2009.

## The Retiree Claims

4. The administrative expense asserted against The Newhall Land and Farming Company by "Retiree #2," as reflected in the proof of administrative expense number 1142 ("*Retiree Claim 1142*"), relates to amounts allegedly owed under that certain *Retirement*

2

*Income Agreement*, dated February 24, 1999. Pursuant to Retiree Claim 1142, Retiree #2 asserts an administrative expense for $214,837.06. A copy of Retiree Claim 1142 is attached hereto as Exhibit "A."

5. The administrative expense asserted against The Newhall Land and Farming Company (A California Limited Partnership) by "Retiree #5," as reflected in the proof of administrative expense number 1154 ("***Retiree Claim 1154***"), relates to amounts allegedly owed under that certain *Special Severance Agreement*, dated April 18, 1986. Pursuant to Retiree Claim 1154, Retiree #5 asserts an administrative expense for $126,391.00. A copy of Retiree Claim 1154 is attached hereto as Exhibit "B."

## Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7. The Retiree Claims assert priority as administrative expenses under section 503 of the Bankruptcy Code when there is no discernable basis for such classification under the Bankruptcy Code. Accordingly, the Newhall Entities object to the allowance of each of the Retiree Claims as priority claims and request that such claims be reclassified to reflect their proper classification as general unsecured claims. A proposed form of order is attached hereto as Exhibit "D."

8. This Omnibus Objection relates only to the classification of the Retiree Claims, and, accordingly, does not constitute an objection to the amounts asserted in such claims. Moreover, because the Omnibus Objection does not constitute an objection to the reclassified claims, the Newhall Entities reserve their right and the rights of any parties in interest, including,

3

without limitation, the Creditors' Trust established under the Plan, to object to such claims on any other grounds whatsoever.

**Basis for Relief Requested**

9. The Bankruptcy Code expressly defines what constitutes an administrative expense in section 503. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, administrative expenses are narrowly defined to include "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." In accordance with section 507(a)(1) of the Bankruptcy Code, only allowed administrative expenses are entitled to receive first priority in the distribution of assets of the debtor's estate.

10. Courts narrowly construe what constitute administrative expenses because such claims "affect two important bankruptcy concerns: minimizing administrative costs during chapter 11 to preserve the debtor's scarce resources and thus encourage rehabilitation ... and obtaining maximum and equitable distribution of estate assets to creditors." *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2001) (citations omitted). Thus, "[i]f a claim does not comport with the language and underlying purpose of § 503 ... the claim must fail." *In re Continental Airlines, Inc.*, 148 B.R. 207, 211 (D. Del. 1992) (quoting *In re Jartran, Inc.*, 752 F.2d 584, 586 (7th Cir. 1984)); *In re Molnar Bros.*, 200 B.R. 555, 558 (Bankr. D.N.J. 1996).

11. Consequently, courts have established strict criteria for determining whether a claim is entitled to administrative expense status. *See, e.g., In re Interstate Grocery Distribs. Sys., Inc.*, 267 B.R. 907, 913 (Bankr. D.N.J. 2001); *In re The Grand Union Company*, 266 B.R. 621, 625 (Bankr. D.N.J. 2001); *In re Lease-A-Fleet, Inc.*, 140 B.R. 840, 844-45 (Bankr. E.D. Pa. 1992). The seminal case of *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart,*

*Inc.)*, 536 F.2d. 950 (1st Cir. 1976), sets forth the test upon which courts in this circuit and elsewhere generally rely. To qualify for administrative priority, a claimant must demonstrate, by a preponderance of the evidence, that the expense (1) arose from a *postpetition transaction* with the debtor in possession *and* (2) provided an *actual benefit to the estate* that was necessary to preserve the value of the estate's assets. *Mammoth Mart*, 536 F.2d 950 (emphasis added); *see, e.g., In re O'Brien Env'l Energy Inc*, 181 F.3d 527 (3d Cir. 1999) (*citing Mammoth Mart* test); *see also In re Jartran, Inc*, 732 F.2d at 587; *Unidigital*, 262 B.R. at 288.

12. In the instant case, it is clear that the Retiree Claims are not entitled to administrative expense priority because they do not relate to postpetition transactions with the Newhall Entities. Accordingly, the Newhall Entities object to the allowance of each of the Retiree Claims as administrative expenses and request that such claims be reclassified to reflect their proper classification as general unsecured claims.

13. In accordance with Local Rule 3007-1(d)(vi), a declaration stating that representatives of the Newhall Entities have reviewed each of the Retiree Claims and all supporting documentation provided therewith, made reasonable efforts to reconcile such claims against their books and records, and as a result believe that such claims do not arise from postpetition transactions with the Newhall Entities is attached hereto as Exhibit "C."

### Notice

14. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Omnibus Objection has been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel to the Creditors' Trust, (iii) holders of the Retiree Claims at the respective addresses set forth for notice in the Retiree Claims, and (iv) each person or entity that

5

RLF1 3531785v.1

has filed a notice of appearance and request for service of documents herein. The Newhall Entities submit that no other or further notice need be provided of this Omnibus Objection.

15. Pursuant to Bankruptcy Rule 3007, the Newhall Entities have provided all claimants affected by the Omnibus Objection with at least thirty (30) days' notice of the hearing on the Omnibus Objection.

### Statement of Compliance with Local Rule 3007-1

16. The undersigned representative of Richards, Layton & Finger, P.A. certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Omnibus Objection substantially complies with that Local Rule. To the extent that the Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Richards, Layton & Finger, P.A. believes such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE the Newhall Entities respectfully request that the Court enter an order reclassifying the Retiree Claims to reflect their proper classification as general unsecured claims, without prejudice to the right of any other person to object to the Retiree Claims on any other grounds, and granting the Newhall Entities such other and further relief as is just.

Dated: January 27, 2010
Wilmington, Delaware

/s/ 

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR THE
NEWHALL ENTITIES