# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **LANDSOURCE COMMUNITIES DEVELOPMENT LLC,** *et al.,* <br><br> *Debtors*. | **Chapter 11** <br><br> **Case No. 08-11111 (KJC)** <br><br> **Jointly Administered** <br><br> Objection Deadline: February 24, 2010 at 4:00 p.m. (ET) <br> Hearing Date: March 3, 2010 at 2:00 p.m. (ET) |

## SECOND (NON-SUBSTANTIVE) OMNIBUS OBJECTION BY REORGANIZED LENNAR MARE ISLAND, LLC TO CERTAIN (A) DUPLICATE AND (B) NO SUPPORTING DOCUMENTATION CLAIMS

Lennar Mare Island, LLC, one of the debtors in the above-captioned bankruptcy case ("LMI", or when referencing facts occurring after the Effective Date of the Plan, "Reorganized LMI"), by and through its undersigned counsel, hereby submits this omnibus objection (the "Omnibus Objection") seeking entry of an order pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Local Rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") disallowing certain claims listed in Exhibits A and B attached to the Proposed Order for this Omnibus Objection. In support of this Omnibus Objection, the Reorganized Debtors rely on the *Declaration of Thomas Sheaff in Support of the Second (Non-Substantive) Objection by Reorganized Lennar Mare Island, LLC to Certain (A) Duplicate and (B) No Supporting Documentation Claims* (the "Sheaff Declaration"), filed contemporaneously herewith. In further support of this Omnibus Objection, Reorganized LMI respectfully represents as follows[1]:

---

[1] Capitalized terms not defined herein have the same meaning as defined in the Plan.

## JURISDICTION

1. This Court has jurisdiction to consider this Omnibus Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 502 of title 11 of the Bankruptcy Code, Rule 3007 and Rule 9014 of the Bankruptcy Rules, and Rule 3007-1 of the Local Rules.

## BACKGROUND

### A. The Chapter 11 Case

3. On June 8, 2008 (the "Petition Date"), LandSource Communities Development, LLC and most if its direct and indirect subsidiaries, including LMI (collectively, the "Debtors", or when referencing facts occurring after the Effective Date of the Plan, the "Reorganized Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* On June 10, 2008, the Court entered an Order jointly administering the Debtors' bankruptcy cases under the above-captioned bankruptcy number.

4. On July 20, 2009, the Court entered an Order confirming the *Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and each of its Affiliated Debtors* (the "Plan") [Docket No. 2151]. The Plan became effective on July 31, 2009 (the "Effective Date").

5. The Plan provided that it was to be funded from a variety of sources, including payment by Lennar Corporation or one of its wholly-owned subsidiaries ("Lennar") of $140 million on the Effective Date. See Plan, Section VIII.E. The consideration that Lennar received in return included 100% of the equity interests in Reorganized LMI. This took the form

of cancelling the member interests in LMI that were held by LandSource Holding Company, LLC (which was a Debtor and was and is wholly owned by LandSource Communities Development, LLC, now renamed Newhall Land Development, LLC ("<u>Reorganized LandSource</u>")) and issuing new member interests in Reorganized LMI to Lennar Homes of California, Inc. ('<u>LHOC</u>"). The Plan further provided that cash held by LMI on the Effective Date was to be swept to Reorganized LandSource. In fact, on the Effective Date, Lennar contributed $140 million to funding the Plan and the transactions provided for in the Plan were consummated, including cancelling the member interests in LMI that had been held by LandSource Holding Company, LLC, issuing new member interests in Reorganized LMI to LHOC and sweeping the cash held by LMI to Reorganized LandSource.

6. Pursuant to Article XI.A of the Plan, the Reorganized Debtors are responsible for filing objections to all claims except for objections to Class 5 general unsecured claims, which are the responsibility of the Creditor Trust. Any objections were required pursuant to Article XI.A of the Plan to be filed no later than 180 days after the Effective Date, or January 27, 2009, unless the deadline for objecting to claims was extended by the Court.

7. Reorganized LMI and Reorganized LandSource are in disagreement as to who is required to fund any Allowed Administrative and Priority Claims.

8. Reorganized LMI asserts that funding any such payments is the responsibility of Reorganized LandSource or the holders of the First Lien Secured Claims who funded the Rights Offering. Reorganized LMI and Lennar contend that all such Plan payments were to be funded from three primary sources: (i) the $140 million paid by Lennar, (ii) cash on hand of all the Debtors on the Effective Date (including the cash swept from LMI to Reorganized

3

#12064185 v1

LandSource), and (iii) proceeds of a Rights Offering (up to $140 million) to be raised by the holders of the First Lien Secured Claims. See Plan, Section VIII.C.

9. A group of the holders of the First Lien Secured Claims committed to backstop the Rights Offering, up to a maximum amount of $140 million. The amount of cash needed to be raised by the Rights Offering depended on a number of variables, including the amount of Administrative and Priority Claims against all the Debtors that needed to be paid. Thus, the amount of cash to be raised by the Rights Offering was expressed as an amount of "up to $140 million," which when combined with the $140 million paid by Lennar and the cash on hand on the Effective Date, would be sufficient to make all Plan payments, including all allowed Administrative Expense and Priority Claims against all Debtors. See Plan, Sections I.A.157 and VIII.C. In fact, on the Effective Date, the Rights Offering was funded in the amount of approximately $115.3 million (i.e., about $25 million less than the commitment from the subset of the senior lenders who backstopped the Rights Offering).

10. Reorganized LMI and Lennar assert that neither of them is responsible for paying any Administrative and Priority Claims allowed against LMI since all such payments were to come from the sources mentioned above, which were received by Reorganized LandSource, and that LMI and Lennar have already fully funded their obligations under the Plan. Reorganized LMI and Lennar also point out that Reorganized LMI receive in the Plan a discharge from liability for any such Claims.[2] Reorganized LandSource disagrees and asserts

---

[2] Pursuant to Article I.A.4 of the Plan, "Administrative Expense Claim" is defined to include any claim "incurred" by the Debtors pursuant to sections 503(b) or 507(a)(2) of the Bankruptcy Code after the Petition Date and/or prior to the Effective Date. Pursuant to Article X.A.1 of the Plan, the Reorganized Debtors (including Reorganized LMI) were discharged from any and all Claims (defined to include Administrative Expense and Priority Claims) based on "any act or omission, transaction, or other occurrence taking place on or before the Effective Date . . . ." Pursuant to Article XII.E of the Plan, upon entry of the Confirmation Order, all Holders of Claims were barred and enjoined from asserting any Claim against the Reorganized Debtors entitled to a discharge under the Plan, including Reorganized LMI.

that Reorganized LMI is responsible for funding any payments needed to satisfy any Allowed Administrative Expenses and Priority Claims asserted against LMI.

11. Reorganized LMI and Reorganized LandSource, however, do not intend to let their disagreement regarding the source of funding of any Allowed Administrative Expenses and Priority Claims prejudice whichever of them (or whomever else is responsible for making such payments) by allowing the objection deadline to pass without objections being filed to Claims that should not be allowed irrespective of this dispute between Reorganized LMI and Reorganized LandSource. Accordingly, Reorganized LMI files this objection, but without prejudice to its position that parties other than Reorganized LMI are responsible for funding any such Claims if and to the extent they are Allowed.

## RELIEF REQUESTED

12. In the ordinary course of business, Reorganized LMI maintains books and records that reflect, among other things, the liabilities of LMI and Reorganized LMI, and the amounts thereof owed to their creditors. As set forth in the Sheaff Declaration, Reorganized LMI has conducted a thorough review of the proofs of claim (including any supporting documentation) for Administrative Expenses and Priority Claims asserted against LMI, the Claims set forth therein, and Reorganized LMI's books and records to determine the validity of the asserted Claims.

13. By this Omnibus Objection, Reorganized LMI objects to the Claims set forth on Exhibits A and B attached to the Proposed Order (the "Claims") and, for the reasons described below, seeks entry of the Proposed Order, pursuant to Bankruptcy Code sections 105(b) and 510(b), Bankruptcy Rule 3007, Local Rule 3007-1 and the Bar Date Order, disallowing and expunging the respective Claims in their entirety. Below is a short description of the Claims indicated to be disallowed and expunged in each exhibit.

**Exhibit A, Duplicate Claims**

14. *Claim No. 1242 ($1,000,000)*. The City of Vallejo (the "City") filed Claim No. 1242 against LMI asserting secured and unsecured components. First, the City asserts a $500,000 general unsecured claim based on a missed 4th and final installment payment of $500,000 pursuant to the Dredge Pond and Settlement Agreement. Second, the City asserts a $500,000 secured claim based on its purported rights to certain escrowed funds for capital improvements totaling $500,000. As is evident from the description of Claim No. 1240 in the *First (Substantive) Omnibus Objection by Reorganized Lennar Mare Island, LLC*, filed contemporaneously herewith, the City's Claim Nos. 1240 and 1242 are identical.[3] Reorganized LMI hereby objects to Claim No. 1242 as duplicative of Claim No. 1240.

15. *Claim No. 1133 ($157,836.16)*. East Bay Construction Company filed two separate claims, Claim Nos. 1131 and 1133, against LMI seeking the same recovery of $157,836.16. Claim Nos. 1131 and 1133 are identical. As detailed in the *First (Substantive) Omnibus Objection by Reorganized Lennar Mare Island, LLC*, Reorganized LMI fully paid Claim No. 1131 after the Effective Date. Reorganized LMI hereby seeks to disallow and expunge Claim No. 1133 in order to prevent East Bay Construction Company from inadvertently receiving any additional recovery on a Claim that has already been paid.

**Exhibit B, No Supporting Documentation Claim**

16. *Claim No. 1152 ($1,800)*. Reorganized LMI seeks to object to one Claim filed against LMI by National Association of USS LCS L1 130 for $1,800. Claim No. 1152 has no supporting documentation. While Reorganized LMI believes that this Claim may relate to a

---

[3] As part of the substantive objection, Reorganized LMI asserts that LMI has no liability for the $500,000 secured portion of Claim No. 1240. Regardless of the outcome of the substantive objection to Claim No. 1240, Claim No. 1242 remains duplicative of Claim No. 1240 and is properly disallowed and expunged in its entirety.

certain Lease dated September 25, 2007 by and between Lennar Mare Island, LLC and the Claimant for Berth 6 at Mare Island, neither Reorganized LMI nor its property manager, Kennedy Wilson, have uncovered any information supporting liability for this Claim after making good faith efforts to investigate. Reorganized LMI hereby seeks to disallow and expunge this Claim in its entirety.

## LEGAL BASES FOR OBJECTION

17. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. In re Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992); Matter of Int'l Match Corp., 69 F. 2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. In re Allegheny Int'l, Inc., 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. Id. In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. Id. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. Id. The burden of persuasion is always on the claimant. Id.

18. For the reasons discussed in the preceding section, the Claims addressed in this Omnibus Objection do not meet the standards for *prima facie* validity and should be disallowed as requested.

## SEPARATE CONTESTED MATTERS

19. To the extent that a response is filed regarding any Claim listed in this Omnibus Objection and Reorganized LMI is unable to resolve the response, each such Claim,

and the objection by Reorganized LMI to each such Claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in the Omnibus Objection shall be deemed a separate order with respect to each Claim.

## RESPONSES TO OMNIBUS OBJECTIONS

20. To contest an objection, a Claimant must file and serve a written response to this Omnibus Objection (a "<u>Response</u>") so that it is received no later than February 24, 2010 at 4:00 p.m. (Eastern Standard Time) (the "<u>Response Deadline</u>"). Every Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, Wilmington, Delaware 19801, and served upon the following entities, so that the Response is received no later than the Response Deadline, at the following addresses:

> O'Melveny & Myers LLP
> 400 S. Hope St.
> Los Angeles, CA 90071
> Attn: Ben H. Logan and
> Michael Heinrichs
>
> - and -
>
> Pepper Hamilton LLP
> Hercules Plaza, Suite 5100
> 1313 Market Street
> P.O. Box 1709
> Wilmington, DE 19899-1709
> Attn: David B. Stratton
>
> *Co-Counsel for the Debtors*

21. Every Response to this Omnibus Objection must contain at a minimum the following information:

> (a) a caption setting forth the name of the Court, the name of the Debtors, the case number, and the title of the Omnibus Objection to which the Response is directed;

(b) the name of the Claimant, his/her/its claim number, and a description of the basis for the amount of the Claim;

(c) the specific factual basis and supporting legal argument upon which the party will rely in opposing this Omnibus Objection;

(d) any supporting documentation, to the extent it was not included with the Proof of Claim previously filed with the clerk or claims agent, upon which the party will rely to support the basis for and amounts asserted in the Proof of Claim; and

(e) the name, address, telephone number, and fax number of the person(s) (which may be the Claimant or the Claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the Claim or the Omnibus Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the disputed claim on behalf of the Claimant.

22. If a Claimant fails to file and serve a timely Response by the Response Deadline, Reorganized LMI may present to the Court an appropriate order disallowing such Claimant's claim without further notice to the Claimant.

## REPLIES TO RESPONSES

23. Consistent with Local Rule 9006-1(d), Reorganized LMI may, at its option, file and serve a reply to a Response no later than 4:00 p.m. (Eastern Standard Time) one day prior to the deadline for filing the agenda on any hearing to consider the Omnibus Objection.

## RESERVATION OF RIGHTS

24. Reorganized LMI hereby reserves the right to object in the future to any of the Proofs of Claim listed in this Omnibus Objection or on the exhibits attached hereto on any ground, and to amend, modify, and/or supplement this Omnibus Objection, including, without limitation, to object to amended or newly-filed Claims. Separate notice and hearing will be scheduled for any such objection.

25. Notwithstanding anything contained in this Omnibus Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that Reorganized LMI may have: (a) to bring avoidance actions under the applicable sections of the Bankruptcy Code against the holders of claims subject to the Omnibus Objection; or (b) to exercise its rights of setoff against the holders of such claims relating to such avoidance actions.

## NOTICE

26. Reorganized LMI has provided notice of this Omnibus Objection to: (a) the United States Trustee for the District of Delaware; (b) counsel to the Creditors' Trust; counsel to the Reorganized Debtors (other than Reorganized LMI); (d) each of the Claimants whose Proof of Claim is subject to this Omnibus Objection; and (e) those parties requesting notice pursuant to Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested, Reorganized LMI respectfully submits that no further notice is necessary.

## COMPLIANCE WITH LOCAL RULE 3007-1

27. The undersigned representative of Pepper Hamilton LLP certifies that he has reviewed the requirements of Local Rule 3007-1 and that the Omnibus Objection substantially complies with that Local Rule. To the extent that the Omnibus Objection does not comply in all respects with the requirements of Local Rule 3007-1, Pepper Hamilton LLP believes such deviations are not material and respectfully requests that any such requirement be waived.

WHEREFORE, Reorganized LMI respectfully requests the entry of the Proposed Order, substantially in the form attached hereto as **Exhibit 1**, granting the relief requested and granting such other and further relief as the Court deems just and proper.

Wilmington, Delaware
January 27, 2010

PEPPER HAMILTON LLP

/s/ David B. Stratton
David B. Stratton (DE No. 960)
Hercules Plaza, Suite 5100
1313 Market Street
P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:     (302) 777-6500
Facsimile:     (302) 421-8390

O'MELVENY & MYERS LLP
Ben H. Logan
400 S. Hope Street
Los Angeles, CA 90071
Telephone:     (213) 430-6000
Facsimile:     (213) 430-6407