UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
*In re*                                                        :    Chapter 11
                                                               :
LANDSOURCE COMMUNITIES                                         :
DEVELOPMENT LLC, *et al.*,                                     :    Case No. 08-11111 (KJC)
                                                               :
            Reorganized Debtors.                               :    (Jointly Administered)
                                                               :
                                                               :    **Hearing Date: March 3, 2010 at 2:00 p.m. (ET)**
---------------------------------------------------------------x    **Obj. Deadline: February 16, 2010 at 4:00 p.m. (ET)**

## REORGANIZED DEBTORS' OBJECTION
## TO THE ADMINISTRATIVE EXPENSE OF RALPH W. COOK

LandSource Communities Development, LLC ("***LandSource***") and The Newhall Land and Farming Company (A California Limited Partnership) ("***Newhall***," and together with LandSource, the "***Reorganized Debtors***"), file this objection (the "***Objection***") to the administrative expense asserted against LandSource by Ralph W. Cook ("***Ralph Cook***"), as reflected in proof of administrative expense number 1241 (the "***Ralph Cook Administrative Expense***"). Pursuant to this Objection, the Reorganized Debtors request that the Court enter an order disallowing and expunging the Ralph Cook Administrative Expense. This request is made pursuant to section 503 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"). In support of the Objection, the Reorganized Debtors respectfully represent as follows:

### Background

1.   On June 8, 2008 (the "***Commencement Date***"), the Reorganized Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

2.   On June 2, 2009, Barclays Bank PLC, as administrative agent under the Reorganized Debtors' prepetition first lien and postpetition credit agreements, filed the *Second*

*Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement* (the **"Plan"**). On July 20, 2009, the Court entered its *Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming the Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement*. The Plan went effective on July 31, 2009, and, as such, the Reorganized Debtors are no longer chapter 11 debtors, but are now reorganized entities.

3. Pursuant to the Plan, the deadline for filing administrative expenses against the Reorganized Debtors (the "***Administrative Expense Bar Date***"), with certain limited exceptions, was September 18, 2009.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Ralph Cook Administrative Expense

5. The Ralph Cook Administrative Expense relates to amounts asserted by Ralph Cook against LandSource in connection with the Employee Savings Plan (the "***ESP***") for Newhall. The Ralph Cook Administrative Expense is for an unliquidated amount. The Ralph Cook Administrative Expense was filed on September 23, 2009. A copy of the Ralph Cook Administrative Expense is attached hereto as Exhibit "A."

## Relief Requested

6. After reviewing the Ralph Cook Administrative Expense and their own books and records, the Reorganized Debtors have determined that neither LandSource nor Newhall is obligated to Ralph Cook on account of any claim, much less on account of the Ralph Cook Administrative Expense, and nothing in the proof of administrative expense filed against LandSource by Ralph Cook supports the assertion of an administrative expense against LandSource or any of its affiliates. Therefore, Ralph Cook has failed to establish a legal or factual basis on which LandSource or any of its affiliates is liable.

7. In addition, the Ralph Cook Administrative Expense was not filed on or before the Administrative Expense Bar Date established pursuant to the Plan and, therefore, should be disallowed as untimely.

8. For the foregoing reasons, LandSource seeks entry of an order disallowing and expunging the Ralph Cook Administrative Expense. A proposed form of order is attached hereto as Exhibit "B."

## Basis for Relief Requested

9. The Bankruptcy Code expressly defines what constitutes an administrative expense in section 503. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, administrative expenses are narrowly defined to include "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." In accordance with section 507(a)(1) of the Bankruptcy Code, only allowed administrative expenses are entitled to receive first priority in the distribution of assets of the debtor's estate.

10. Courts narrowly construe what constitute administrative expenses because such claims "affect two important bankruptcy concerns: minimizing administrative costs during chapter 11 to preserve the debtor's scarce resources and thus encourage rehabilitation, ... and obtaining maximum and equitable distribution of estate assets to creditors." *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2001) (citations omitted). "If a claim does not comport with the language and underlying purpose of § 503 ... the claim must fail." *In re Continental Airlines, Inc.*, 148 B.R. 207, 211 (D. Del. 1992) (quoting *In re Jartran, Inc.*, 752 F.2d 584, 586 (7th Cir. 1984)); *In re Molnar Bros.*, 200 B.R. 555, 558 (Bankr. D.N.J. 1996).

11. Consequently, courts have established strict criteria for determining whether a claim is entitled to administrative expense status. *See, e.g., In re Interstate Grocery Distribs. Sys., Inc.*, 267 B.R. 907, 913 (Bankr. D.N.J. 2001); *In re The Grand Union Company*, 266 B.R. 621, 625 (Bankr. D.N.J. 2001); *In re Lease-A-Fleet, Inc.*, 140 B.R. 840, 844-45 (Bankr. E.D. Pa. 1992). The seminal case of *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950 (1st Cir. 1976), sets forth the test upon which courts in this circuit and elsewhere generally rely. To qualify for administrative priority, a claimant must demonstrate, by a preponderance of the evidence, that the expense (1) arose from a *postpetition transaction* with the debtor in possession *and* (2) provided an *actual benefit to the estate* that was necessary to preserve the value of the estate's assets. *Mammoth Mart*, 536 F.2d 950 (emphasis added); *see, e.g., In re O'Brien Env'l Energy Inc.*, 181 F.3d 527 (3d Cir. 1999) (*citing Mammoth Mart* test); *see also In re Jartran, Inc.*, 732 F.2d at 587; *Unidigital*, 262 B.R. at 288.

12. The ESP for Newhall Land was assumed during the above-captioned chapter 11 cases. Ralph Cook, however, is no longer is a participant in the ESP, having withdrawn his funds well before the Commencement Date. The ESP account statements

4

included in the supporting documents accompanying the Ralph Cook Administrative Expense date back to 1982 and 1983. The stock certificates included in the supporting documents relate to Newhall Investment Properties and Newhall Resources. Both of these entities, however, were spun off from Newhall and no longer existed as of the Commencement Date. Specifically, Newhall Investment Properties was a liquidating trust that made its final distribution on September 26, 1994, and Newhall Resources made its final distribution to unit-holders on February 27, 1989. Thus, neither LandSource nor Newhall owes any money to Ralph Cook, and nothing in the proof of administrative expense filed by Ralph Cook supports the assertion of an administrative expense against LandSource or any of its affiliates. Ralph Cook failed to establish a legal or factual basis on which LandSource or any of its affiliates is liable.

13. In addition, pursuant to the Plan, the Administrative Expense Bar Date was September 18, 2009. Pursuant to Article I.A.7(b) of the Plan, only administrative expenses "filed on or before the Administrative [Expense] Bar Date" may be deemed allowed. The Ralph Cook Administrative Expense was filed on September 23, 2009, and, therefore, cannot be deemed an allowed administrative expense.

14. Accordingly, the Ralph Cook Administrative Expense should be disallowed and expunged because (i) it does not represent a liability of LandSource or any of its affiliates, (ii) even if liability existed, no basis exists to treat it as an administrative expense, and (iii) it was filed after the Administrative Expense Bar Date.

## Notice

15. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Objection has been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel to the Creditors' Trust established under the Plan, (iii) Ralph Cook, at the

address set forth for notice in the Ralph Cook Administrative Expense, and (iv) each person or entity that has filed a notice of appearance and request for service of documents herein. The Reorganized Debtors submit that no other or further notice need be provided of this Objection.

16. Pursuant to Bankruptcy Rule 3007, the Reorganized Debtors have provided Ralph Cook with at least thirty (30) days' notice of the hearing on the Objection.

WHEREFORE the Reorganized Debtors respectfully request that the Court enter an order disallowing and expunging the Ralph Cook Administrative Expense and granting the Reorganized Debtors such other and further relief as is just.

Dated: January 27, 2010
Wilmington, Delaware

/s/ Mark D. Collins

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR THE
REORGANIZED DEBTORS