# EXHIBIT "A"

## The Ralph Cook Administrative Expense

USE ONLY FOR ADMINISTRATIVE EXPENSE CLAIMS THAT AROSE ON OR AFTER JUNE 8, 2008.

# UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE

ADMINISTRATIVE EXPENSE PROOF OF CLAIM FORM

Please indicate the Debtor against which you assert a claim by checking the appropriate box below

(Check only one Debtor per claim form.)

- ☒ LANDSOURCE COMMUNITIES DEVELOPMENT LLC - (CASE NO 08-11111)
- ☐ CALIFORNIA LAND COMPANY - (CASE NO. 08-11112)
- ☐ FRIENDSWOOD DEVELOPMENT COMPANY, LLC - (CASE NO. 08-11113)
- ☐ LENNAR LAND PARTNERS II - (CASE NO. 08-11114)
- ☐ KINGS WOOD DEVELOPMENT COMPANY, L.C. - (CASE NO 08-11115)
- ☐ LSC ASSOCIATES, LLC - (CASE NO. 08-11116)
- ☐ LENNAR MARE ISLAND, LLC - (CASE NO 08-11117)
- ☐ LANDSOURCE COMMUNITIES DEVELOPMENT SUB, LLC - (CASE NO. 08-11118)
- ☐ LENNAR MOORPARK, LLC - (CASE NO. 08-11119)
- ☐ LENNAR STEVENSON HOLDINGS, L.L.C. - (CASE NO 08-11120)
- ☐ THE NEWHALL LAND AND FARMING COMPANY – (CASE NO. 08-11121)
- ☐ LANDSOURCE HOLDING COMPANY, LLC - (CASE NO. 08-11122)
- ☐ LNR-LENNAR WASHINGTON SQUARE, LLC - (CASE NO. 08-11123)
- ☐ LENNAR BRESSI RANCH VENTURE, LLC - (CASE NO. 08-11124)
- ☐ THE NEWHALL LAND AND FARMING COMPANY (A CALIFORNIA LIMITED PARTNERSHIP) - CASE NO 08-11125)
- ☐ NWHL GP LLC - (CASE NO. 08-11126)
- ☐ TOURNAMENT PLAYERS CLUB AT VALENCIA, LLC - (CASE NO. 08-11127)
- ☐ SOUTHWEST COMMUNITIES DEVELOPMENT LLC - (CASE NO. 08-11128)
- ☐ VALENCIA CORPORATION - (CASE NO. 08-11129)
- ☐ STEVENSON RANCH VENTURE LLC - (CASE NO. 08-11130)
- ☐ VALENCIA REALTY COMPANY - (CASE NO 08-11131)

NOTE: This Administrative Expense Proof of Claim Form is to be used solely in connection with a request for payment of an administrative expense arising after commencement of these cases pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY.

Name of Creditor (the person or other entity to whom the debtor owes money or property): Ralph Cook

Name and address where notices should be sent:
Ralph Cook
814 Ewers Avenue
Rocky Ford, CO. 81067

Telephone number: (719) 980-0169

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number:________ (*If known*)

Filed on:____________

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

IMPORTANT: Please list the name and address of any property related to your claim (if applicable).

Property Name: N/A

Property Address: N/A

☐ Check this box if you are the debtor or trustee in this case.

1. Basis for Claim: Shares/units invested with company.
(See instruction #1 on reverse side.)

2. Last four digits of any number by which creditor identifies debtor: 2801

3. TOTAL AMOUNT OF ADMINISTRATIVE EXPENSE CLAIM:

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

$ unknown (Total)

4. BRIEF DESCRIPTION OF CLAIM (attach any additional information):
Stocks/Shares/units invested w/ company. Would like return of investment made.

5. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim

6. Supporting Documents: Attach copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach copies of documents providing evidence of perfection of a security interest. You may also attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

DATE-STAMPED COPY: To receive an acknowledgment of the filing of your administrative expense proof of claim form, enclose a stamped, self-addressed envelope and copy of this administrative expense proof of claim form, or you may view your claim information by visiting the website of the Claims Agent (www.kccllc.net/LandSource).

THIS SPACE IS FOR COURT USE ONLY.

IF THE ADMINISTRATIVE EXPENSE PROOF OF CLAIM FORM IS SENT BY MAIL, HAND DELIVERY, OR OVERNIGHT COURIER, SEND TO:

LandSource Claims Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

Please see intructions on back of Administrative Expense Proof of Claim Form

RECEIVED
SEP 23 2009
KURTZMAN CARSON CONSULTANTS

Date: 8/07/2009

[signature] Ralph Cook    printed: Ralph Cook

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.

# THE NEWHALL LAND AND FARMING COMPANY
## EMPLOYEE SAVINGS PLAN — EMPLOYEE ACCOUNT STATUS

*Copy*

STATEMENT FOR PERIOD FROM 01/01/83 TO 02/28/83

| DOLLARS | EMPLOYEE ACCOUNTS FIXED INCOME $ | EMPLOYEE ACCOUNTS EQUITY $ | EMPLOYEE ACCOUNTS NL & F STOCK $ | COMPANY NL & F STOCK $ |
|---|---|---|---|---|
| OLD BALANCE | 876.20 | | | 386.40 |
| CONTRIBUTIONS | 62.40 | | | 31.20 |
| EARNINGS | 7.42 | | | 2.32 |
| WITHDRAWALS | | | | |
| TRANSFERS | | | | |
| FORFEITURES | | | | |
| NEW BALANCE | 946.02 | | | 419.92 |
| MARKET VALUE | 946.02 | | | 517.42 |

BEFORE DISTRIBUTION

| SHARES | EMPLOYEE NL & F STOCK | COMPANY NL & F STOCK |
|---|---|---|
| OLD BALANCE | | 13.34752101 |
| ACTIVITY | | .92626119 |
| NEW BALANCE | | 14.27378220 |

**QUARTER** 523688526-15-37-2801

**FUND PERFORMANCE**

| | |
|---|---|
| FIXED INCOME RETURN | .82 % |
| EQUITY RETURN | 3.95 % |
| NL&F STOCK COST PER SHARE (QUARTER) | $36.19 |
| NL&F STOCK MARKET PRICE PER SHARE | $36.25 |

R W COOK
814 EWERS AVE
ROCKY FORD CO 81067

YOU ARE 100 % VESTED

CURRENT VALUE OF YOUR ACCOUNTS $1,463.44

YOUR VESTED VALUE IS $1,463.44

FA 1388 (Rev 3/82)

A

---

NL&F

# THE NEWHALL LAND AND FARMING COMPANY
## EMPLOYEE SAVINGS PLAN — EMPLOYEE ACCOUNT STATUS

*Copy*

STATEMENT FOR PERIOD FROM 03/09/83 TO 03/09/83

| DOLLARS | EMPLOYEE ACCOUNTS FIXED INCOME $ | EMPLOYEE ACCOUNTS EQUITY $ | EMPLOYEE ACCOUNTS NL & F STOCK $ | COMPANY NL & F STOCK $ |
|---|---|---|---|---|
| OLD BALANCE | 946.02 | | | 419.92 |
| CONTRIBUTIONS | 165.34- | | | 137.73- |
| EARNINGS | 165.34 | | | |
| WITHDRAWALS | | | | |
| TRANSFERS | | | | |
| FORFEITURES | | | | |
| NEW BALANCE | 946.02 | | | 282.19 |
| MARKET VALUE | | | | |

| SHARES | EMPLOYEE NL & F STOCK | COMPANY NL & F STOCK |
|---|---|---|
| OLD BALANCE | | 14.27378220 |
| ACTIVITY | | |
| NEW BALANCE | | 14.27378220 |

* THIS STATEMENT REFLECTS *
* EFFECT OF PARTNERSHIP *
* DISTRIBUTION 03/09/83 *

523688526-15-37-2801

**FUND PERFORMANCE**

| | |
|---|---|
| FIXED INCOME RETURN | |
| EQUITY RETURN | |
| NL&F STOCK COST PER SHARE | |
| NL&F STOCK MARKET PRICE PER SHARE | |

R W COOK
814 EWERS AVE
ROCKY FORD CO 81067

YOU ARE 100 % VESTED

CURRENT VALUE OF YOUR ACCOUNTS

YOUR VESTED VALUE IS

FA 1388 (Rev 3/82)

A

NL&F

## THE NEWHALL LAND AND FARMING COMPANY
## EMPLOYEE SAVINGS PLAN — EMPLOYEE ACCOUNT STATUS

*Copy*

STATEMENT FOR PERIOD FROM 03/10/83 TO 03/31/83

| | EMPLOYEE ACCOUNTS | | | COMPANY |
|---|---|---|---|---|
| | FIXED INCOME $ | EQUITY $ | NL & F STOCK $ | NL & F STOCK $ |
| [illegible] | [illegible] | | | 282.19 |
| [illegible] | [illegible] | | | .20 |
| [illegible] | [illegible] | | | |
| W[illegible] | | | | |
| TRAN[illegible] | | | | |
| FORF[illegible] | | | | |
| NEW BAL[illegible] | [illegible] | | | 282.39 |
| MARKET VAL[illegible] | [illegible] | | | 314.14 |
| **SHARES** | | | | |
| OLD BALANCE | | | | 14.27378220 |
| ACTIVITY | | | | .00552662 |
| NEW BALANCE | | | | 14.27930882 |

[illegible] QUARTER DISTRIBUTION

**QUARTER[illegible] [illegible]-15-37-2801

**FUND PERFORMANCE**

| | |
|---|---|
| FIXED INCOME RETURN | 1.70 % |
| EQUITY RETURN | 10.47 % |
| NL&F STOCK COST PER SHARE (QUARTER) | $36.19 |
| NL&F STOCK MARKET PRICE PER SHARE | $22.00 |

R [illegible] COOK
[illegible] AVE
ROCKY FORD CO 81067

YOU ARE 100 % VESTED

CURRENT VALUE OF YOUR ACCOUNTS $1,281.43

YOUR VESTED VALUE IS $1,281.43

FA 1388 (Rev 3/82)

A

---

NL&F

## THE NEWHALL LAND AND FARMING COMPANY
## EMPLOYEE SAVINGS PLAN — EMPLOYEE ACCOUNT STATUS

*Copy*

STATEMENT FOR PERIOD FROM 10/01/82 TO 12/31/82

| | EMPLOYEE ACCOUNTS | | | COMPANY |
|---|---|---|---|---|
| | FIXED INCOME $ | EQUITY $ | NL & F STOCK $ | NL & F STOCK $ |
| [illegible] | 7[illegible].14 | | | 348.41 |
| [illegible] | [illegible].40 | | | 35.69 |
| [illegible] | [illegible] | | | 2.30 |
| FO[illegible] | | | | |
| NEW BA[illegible] | [illegible] | | | 386.40 |
| MARKET VA[illegible] | [illegible] | | | 480.51 |
| **SHARES** | | | | |
| OLD BALANCE | | | | 12.14668693 |
| ACTIVITY | | | | 1.20083408 |
| NEW BALANCE | | | | 13.34752101 |

**QUART[illegible] [illegible]-15-37-2801

**FUND PERFORMANCE**

| | |
|---|---|
| FIXED INCOME RETURN | [illegible] % |
| EQUITY RETURN | 20.57 % |
| NL&F STOCK COST PER SHARE (QUARTER) | $31.64 |
| NL&F STOCK MARKET PRICE PER SHARE | $36.00 |

R V COOK
[illegible] AVE
ROCKY FORD CO 81067

YOU ARE 100 % VESTED

CURRENT VALUE OF YOUR ACCOUNTS $1,356.71

YOUR VESTED VALUE IS $1,356.71

FA 1388 (Rev 3/82)

A



DEPOSITARY RECEIPT
FOR LIMITED
PARTNERS' UNITS

Copy

A LIMITED PARTNERSHIP UNDER
THE LAWS OF
THE STATE OF CALIFORNIA

UNITS
*******7******

# NEWHALL INVESTMENT PROPERTIES

THIS RECEIPT IS TRANSFERABLE IN THE CITIES OF LOS ANGELES OR NEW YORK

SEE REVERSE FOR CERTAIN DEFINITIONS

CUSIP 651413 10 6

1. General. *The Newhall Land and Farming Company, a corporation organized under the laws of the State of Delaware, as depositary ("Depositary") hereby certifies that* R W COOK

*******7*****
********7****
*********7***
**********7**
***********7*

*is the registered owner of* ************************SEVEN**************************** DEPOSITARY UNITS,

representing ownership of limited partners' Units ("Limited Partners' Units") in Newhall Investment Properties, a limited partnership established under the California Uniform Limited Partnership Act (the "Partnership"). The above number of Depositary Units represent ownership of a like number of Limited Partners' Units of the Partnership for which certificates have been deposited under the Depositary Agreement hereinafter identified. The Limited Partnership Agreement, dated January 29, 1983, as amended from time to time ("Partnership Agreement"), under which the Partnership was organized and is existing, copies of which are on file at the Depositary's corporate office in Valencia, California, sets forth the rights, preferences, and limitations of Limited Partners' Units and Depositary Units.

2. **Receipts, Depositary Agreement.** Depositary Receipts ("Receipts"), of which this Receipt is one, are issued upon the terms and conditions set forth in a Depositary Agreement, dated as of March 1, 1983, as it may be amended from time to time in accordance with its terms ("Depositary Agreement"), between and among the Partnership, the Depositary and The Newhall Land and Farming Company as the Original Limited Partner. The Depositary Agreement (copies of which are on file at the Depositary's corporate office in Valencia, California) sets forth the rights of holders of Receipts, each of whom becomes a party to the Depositary Agreement by acceptance of a Receipt, and the rights and duties of the Depositary in respect of the Receipts, the Depositary Units and all other property and cash from time to time held under the Depositary Agreement. The statements made on the face and reverse of this Receipt are summaries of certain provisions of the Depositary Agreement and are subject to the detailed provisions thereof, to which reference is hereby made.

3. **Transfers.** This Receipt is transferable on the books of the Depositary upon surrender of this Receipt by the holder to the Depositary at its corporate office in Valencia, California, or at such other office or offices as may be designated by the Partnership, properly endorsed, or accompanied by an instrument of transfer properly executed, by the transferor and accompanied by an application for transfer properly executed by or on behalf of the transferee, and upon such surrender the Depositary shall, directly or through a transfer agent, issue and deliver a Receipt to or upon the order of the person entitled thereto.

4. **Conditions to Signing and Delivery, Transfer, Etc., of Receipts.** Before the withdrawal or the deposit of Limited Partners' Units and before the execution and delivery, substitution or registration of transfer, surrender, or exchange of this Receipt, the Depositary or any transfer agent may require (a) payment of a sum sufficient for reimbursement of any tax or other governmental charge with respect thereto (including any such tax or charge with respect to Limited Partners' Units being deposited or withdrawn), (b) proof satisfactory to it as to the identity and genuineness of any signatures, and (c) compliance with such regulations, if any, as it may establish pursuant to the Depositary Agreement. Any person presenting a certificate [illegible] Limited Partners' Units ("Certificate") for deposit or any holder of this Receipt may be required to file such information and to execute such certificates as the Depositary or any transfer agent may reasonably deem necessary or proper pursuant to the Depositary Agreement.

5. **Suspension of Delivery, Transfer, Etc.** The withdrawal or deposit of Limited Partners' Units, and the substitution or registration of transfer, surrender, or exchange of this Receipt may be suspended during any period when suspension is deemed necessary or advisable by the Depositary, any transfer agent, or the Partnership at any time or from time to time because of any requirement of law, or under any provision of the Depositary Agreement, or for any other reason.

6. **Transfer Application.** No transfer of a Receipt shall be recorded on the books of the Depositary unless and until the transferee has delivered to the Depositary or any transfer agent a written (a) request to be admitted as a substituted Limited Partner in the Partnership ("Limited Partner"), (b) agreement to be bound by the terms and conditions of the Partnership Agreement and the Depositary Agreement, and (c) appointment of the Managing General Partner, pursuant to Article 18 of the Partnership Agreement, as his or her attorney-in-fact to execute, swear to, certify and acknowledge, file and record any document necessary or appropriate for his or her admission as a Limited Partner in the Partnership and as a party to the Partnership Agreement. Upon delivery to the Depositary of the transfer documentation described above, the transferee shall, upon satisfaction of the requirements of the California Uniform Limited Partnership Act, have the right to become a Limited Partner in the Partnership.

7. **Status of Holder.** Upon delivery of this Receipt, the registered holder pending his or her admission as a Limited Partner in the Partnership has the rights of an assignee under the California Uniform Limited Partnership Act and is entitled to admission as a Limited Partner in the Partnership.

8. **Requirements of Execution.** The holder of this Receipt shall not be entitled to any benefits under the Depositary Agreement and this Receipt shall not be valid or obligatory for any purpose unless this Receipt has been executed by and on behalf of the Depositary by the manual signature of a duly authorized officer or, if a Registrar for the Receipts has been appointed, by the manual signature of a duly authorized officer of such Registrar.

Dated: 03/21/83

THE NEWHALL LAND AND FARMING COMPANY
Depositary and Transfer Agent

By [signature] Secretary

FIRST INTERSTATE BANK OF CALIFORNIA
Registrar

By [signature]
Authorized Signature

*Witness the facsimile signatures of the General Partners of Newhall Investment Properties.*

*Newhall Properties Management Co.*
[signature]
Managing Partner

*Newhall Investment Properties Inc.*
[signature]
President



# NEWHALL INVESTMENT PROPERTIES

## FURTHER CONDITIONS AND AGREEMENTS FORMING PART OF THIS RECEIPT

9. Surrender of Receipts and Withdrawal of Units. Upon surrender of this Receipt to the Depositary at its corporate office in Valencia, California, and subject to the provisions of the Depositary Agreement, the owner of this Receipt (provided such holder is a Limited Partner) is entitled to delivery to him or her of a Certificate evidencing the [illegible] Limited Partners' Units corresponding to the Depositary Units evidenced by this Receipt. [illegible] sixty (60) days' advance written notice and to such other conditions as may be prescribed in the Partnership Agreement and the Depositary Agreement. The Depositary will [illegible] for the transfer of Receipts.

10. Payment of Taxes or Other Governmental Charges. If any tax (excluding transfer taxes, if any) or other governmental charge becomes payable with respect to this Receipt [illegible] such tax or governmental charge shall be payable by the holder of this Receipt. [illegible] payment is made, and any distribution may be [illegible] other governmental charge, the holder of this Receipt remaining liable for any deficiency.

11. Amendment. Any provision of the Depositary Agreement or of the form of Receipt may at any time and from time to time be amended by Agreement among the Partnership and the Depositary [illegible] Receipt at the time any amendment so becomes effective shall [illegible] Agreement as amended thereby. [illegible]

12. Charges of Depositary. The Partnership will [illegible] charges of the Depositary for [illegible] withdrawal of Limited Partners' Units [illegible] destroyed or mutilated certificates which will be paid by [illegible]

13. Title to Receipts. [illegible] notice to the contrary, treat the record holder thereof as [illegible] entitled to any distribution or to any notice provided for in the Depositary Agreement [illegible] other purposes.

14. Distributions. Subject to the provisions of the Partnership Agreement, whenever the Depositary receives any [illegible] Depositary Units, the Depositary will, subject to the provisions of the Depositary Agreement, make such distribution to the record holders of Receipts and withdrawn Certificates in proportion to the number of Depositary Units represented by their Receipts and Limited Partners' Units represented by withdrawn Certificates; provided, however, that the amounts distributed may be reduced by any amount required to be withheld by the Partnership or the Depositary on account of taxes.

15. Liability of Holders of Receipts. Before a distribution may be made to holders of Receipts which constitutes a return of capital, the Partnership Agreement provides that there must be sufficient remaining Partnership assets to pay the Partnership's creditors, the Managing General Partner must determine in good faith that the return of capital will not affect the ability of the Partnership to pay its obligations as they fall due, the return must not violate California partnership law, and the Managing General Partner must amend the Certificate of Limited Partnership. Persons who became creditors of the Partnership before the Certificate of Limited Partnership was amended for the Partnership may have the right to force holders of Receipts who receive a distribution which constituted return of Partnership capital to pay back that distribution, with interest, to the extent necessary to pay such creditors.

16. Liability and Indemnification of Original Limited Partner, Depositary, Depositary's Agents, Transfer Agents, Registrars, the General Partners and the Partnership. The provisions of the Depositary Agreement provide certain limitations on the liability of, and [illegible] the Original Limited Partner, the Depositary, any agent of the Depositary, any transfer agent, any registrar, the General Partners and the Partnership to any holder or proposed transferee of any Receipt or Withdrawn Certificate.

17. Termination of Depositary Agreement. Whenever so directed by the Partnership, the Depositary will terminate the Depositary Agreement by mailing notice of termination to the record holders of all Receipts and withdrawn Certificates then outstanding at least 30 days before the date fixed in such notice for termination. The Depositary may in the same manner terminate the Depositary Agreement if at any time 90 days have elapsed after the Depositary has delivered to the Partnership written notice of its election to resign and a successor depositary has not been appointed and accepted its appointment.

18. Governing Law. The Depositary Agreement and this Receipt and all rights thereunder and hereunder and provisions thereof and hereof shall be governed by and construed in accordance with the laws of the State of California.

### ABBREVIATIONS

The following abbreviations, when used in the inscription on the face of this Receipt, shall be construed as though they were written out in full according to applicable laws or regulations:

TEN COM — as tenants in common

TEN ENT — as tenants by the entireties

JT TEN — as joint tenants with rights of survivorship and not as tenants in common

UNIF GIFT MIN ACT ______ Custodian ______
(Cust) (Minor)

under Uniform Gifts to Minors Act ______
(State)

Additional abbreviations may also be used although not in the above list.

### TO BE COMPLETED BY TRANSFEROR/SELLER

FOR VALUE RECEIVED the undersigned hereby sells, assigns, and transfers unto ______
Please print or typewrite name of transferee

______ Depositary Units of Newhall Investment Properties, a California Limited Partnership, and all rights and interests represented thereby, standing in the name of the undersigned on the books of the Depositary and evidenced by the within Receipt, and irrevocably constitutes and appoints

______ attorney, to transfer the said Depositary Units on the books of the Depositary with full power of substitution in the premises.

Dated ______ ______
Signature Guaranteed Signature of Transferor

By ______ ______
Additional Signature (if held jointly)

Note: The signature to any endorsement hereon must correspond with the name as written on the face of the Receipt, in every particular. If the endorsement is executed by an attorney, executor, administrator, personal representative, trustee or guardian, the person executing the endorsement must give his or her full title in such capacity, and proper evidence of authority to act in such capacity, if not on file with the Depositary, must be forwarded with this Receipt. The signature must be guaranteed by a duly authorized officer of a commercial bank or trust company in the United States, or member of a registered national securities exchange.

### TO BE COMPLETED BY TRANSFEREE/BUYER

NO ASSIGNMENT OF THE DEPOSITARY UNITS EVIDENCED BY THIS RECEIPT WILL BE REGISTERED ON THE BOOKS OF THE DEPOSITARY, AND THE PURPORTED TRANSFEREE WILL NOT BE DESIGNATED THE RECORD HOLDER TO RECEIVE ALLOCATIONS OF PARTNERSHIP PROFITS AND LOSSES AND CASH DISTRIBUTIONS OF THE PARTNERSHIP, UNLESS A TRANSFER APPLICATION FOR DEPOSITARY UNITS HAS BEEN COMPLETED BY THE TRANSFEREE, EITHER (1) ON THE FORM OF APPLICATION SET FORTH BELOW OR (2) ON A SIMILAR FORM, AND DELIVERED TO THE DEPOSITARY.

#### TRANSFER APPLICATION

The undersigned hereby applies to become a substituted limited partner of Newhall Investment Properties, agrees to be bound by the terms and conditions of the Partnership Agreement, dated as of January 20, 1983, as amended from time to time and of the Depositary Agreement, dated as of March 1, 1983, as amended from time to time, represents that the undersigned is not a minor or incompetent person, and grants a power of attorney to the Managing General Partner of Newhall Investment Properties, pursuant to Article 18 of the Partnership Agreement, (1) to execute and deliver, swear to, certify and acknowledge, file and record any and all instruments (including, without limitation, an amendment to the Certificate of Limited Partnership to substitute and add the undersigned as a Limited Partner or upon subsequent transfer as an assigning Limited Partner) required to be filed by the Partnership and (2) to take any further action in connection with such instruments as may be deemed necessary or convenient by the Managing General Partner.

PLEASE INSERT SOCIAL SECURITY OR OTHER TAX IDENTIFYING NUMBER OF TRANSFEREE (THIS INFORMATION IS REQUIRED BY LAW) ______

______
Please print or typewrite name and home address of transferee or, if transferee is not an individual, its street address (not P.O. Box No.)

Dated ______, 19____ ______
Signature of Transferee

Phone No. ______ ______
Additional Signature (if to be held jointly)

Note: This Transfer Application may be executed on behalf of a transferee by an attorney, executor, administrator, personal representative, trustee or guardian, and, if so executed, the person executing this Transfer Application must give his or her full title in such capacity and proper evidence of authority to act in such capacity if not on file with the Depositary, must be forwarded with this Receipt.

### TAX INFORMATION—TO BE COMPLETED BY TRANSFEREE/BUYER

**Probably Beneficial to Buyer's Tax Position to Complete**

If these Units are to be are held by a Nominee, complete for Beneficial Owner(s)

**1) Trade Date** ____ ____ ____ (MM DD YY)

**2) Cost** (Purchase price including commissions and other costs) or other tax basis $______

**3) Type of Entity** (check one) (1) ☐ Individual (2) ☐ Corporation (3) ☐ Exempt organization (4) ☐ Fiduciary (5) ☐ Partnership (6) ☐ Individual-Joint Ownership ☐ Other (specify) ______

**4) Will the Depositary Receipts be held in the name of a Nominee** (check one) (1) ☐ Yes (2) ☐ No

**5) Nationality** (check one) (1) ☐ U.S. Citizen or Resident, or Domestic Entity. Indicate State of Residence ____ (2) ☐ Foreign Persons/Entity

**6) These units were acquired as a result of** (check one) (1) ☐ Purchase (2) ☐ Inheritance or Bequest (3) ☐ Transfer to controlled corporation (IRC § 351) (6) ☐ Gift (including in trust) (7) ☐ Transfer to revocable trust (8) ☐ Transfer not involving change in beneficial ownership (9) ☐ Other (Specify) ______

**7) Social Security or other Tax I.D. number** ______

**References to I.R.C. are to the Internal Revenue Code**

SHADED AREAS MUST BE COMPLETED TO ACCOMPLISH TRANSFER



DEPOSITARY RECEIPT
FOR LIMITED
PARTNERS' UNITS

Copy

A LIMITED PARTNERSHIP UNDER THE LAWS OF THE STATE OF CALIFORNIA

THIS RECEIPT IS TRANSFERABLE IN THE CITIES OF LOS ANGELES OR NEW YORK

SEE REVERSE FOR CERTAIN DEFINITIONS

CUSIP 651439 10 1

# Newhall Resources

1. General. *The Newhall Land and Farming Company, a corporation organized under the laws of the State of Delaware, as depositary ("Depositary") hereby certifies that*

R W COOK

********7******

*is the registered owner* ****************************SEVEN*************************** **DEPOSITARY UNITS,**

representing ownership of limited partners' Units ("Limited Partners' Units") in Newhall Resources, a limited partnership established under the California Uniform Limited Partnership Act (the "Partnership"). The above number of Depositary Units represent ownership of a like number of Limited Partners' Units of the Partnership for which certificates have been deposited under the Depositary Agreement hereinafter identified. The Limited Partnership Agreement, dated January 20, 1983, as amended from time to time ("Partnership Agreement"), under which the Partnership was organized and is existing, copies of which are on file at the Depositary's corporate office in Valencia, California, sets forth the rights, preferences, and limitations of Limited Partners' Units and Depositary Units.

2. **Receipts, Depositary Agreement.** Depositary Receipts ("Receipts"), of which this Receipt is one, are issued upon the terms and conditions set forth in a Depositary Agreement, dated as of March 1, 1983, as it may be amended from time to time in accordance with its terms ("Depositary Agreement"), between and among the Partnership, the Depositary and The Newhall Land and Farming Company as the Original Limited Partner. The Depositary Agreement (copies of which are on file at the Depositary's corporate office in Valencia, California) sets forth the rights of holders of Receipts, each of whom becomes a party to the Depositary Agreement by acceptance of a Receipt, and the rights and duties of the Depositary in respect of the Receipts, the Depositary Units and all other property and cash from time to time held under the Depositary Agreement. The statements made on the face and reverse of this Receipt are summaries of certain provisions of the Depositary Agreement and are subject to the detailed provisions thereof, to which reference is hereby made.

3. **Transfers.** This Receipt is transferable on the books of the Depositary upon surrender of this Receipt by the holder or the Depositary at its corporate office in Valencia, California, or at such other office or offices as may be designated by the Partnership, properly endorsed or accompanied by an instrument of transfer properly executed, by the transferor and accompanied by an application for transfer properly executed by or on behalf of the transferee, and upon such surrender the Depositary shall, directly or through a transfer agent, [illegible] a Receipt to or upon the order of the person entitled thereto.

4. **Conditions to Signing and Delivery, Transfer, Etc., of Receipts.** Before the withdrawal or the deposit of Limited Partners' Units and before the execution and delivery, substitution or registration of transfer, surrender or exchange of this Receipt, the Depositary or any transfer agent may require (a) payment of a sum sufficient for reimbursement of any tax or other governmental charge with respect thereto (including any such tax or charge with respect to Limited Partners' Units being deposited or withdrawn), (b) proof satisfactory to it as to the identity and genuineness of any signatures, and (c) compliance with such regulations, if any, as it may establish pursuant to the Depositary Agreement. Any person presenting a certificate evidencing Limited Partners' Units ("Certificate") for deposit or any holder of this Receipt may be required to file such information and to execute such certificates as the Depositary or any transfer agent may reasonably deem necessary or proper pursuant to the Depositary Agreement.

5. **Suspension of Delivery, Transfer, Etc.** The withdrawal or deposit of Limited Partners' Units, and the substitution or registration of transfer, surrender, or exchange of this Receipt may be suspended during any period when suspension is deemed necessary or advisable by the Depositary, any transfer agent, or the Partnership at any time or from time to time because of any requirement of law, or under any provision of the Depositary Agreement, or for any other reason.

6. **Transfer Application.** No transfer of a Receipt shall be recorded on the books of the Depositary unless and until the transferee has delivered to the Depositary or any transfer agent a written (a) request to be admitted as a substituted Limited Partner in the Partnership ("Limited Partner"), (b) agreement to be bound by the terms and conditions of the Partnership Agreement and the Depositary Agreement, and (c) appointment of the Managing General Partner, pursuant to Article 18 of the Partnership Agreement, as his or her attorney-in-fact to execute, swear to, certify and acknowledge, file and record any document necessary or appropriate for his or her admission as a Limited Partner in the Partnership and as a party to the Partnership Agreement. Upon delivery to the Depositary of the transfer documentation described above, the transferee shall, upon satisfaction of the requirements of the California Uniform Limited Partnership Act, have the right to become a Limited Partner in the Partnership.

7. **Status of Holder.** Upon delivery of this Receipt, the registered holder pending his or her admission as a Limited Partner in the Partnership has the rights of an assignee under the California Uniform Limited Partnership Act and is entitled to admission as a Limited Partner in the Partnership.

8. **Requirements of Execution.** The holder of this Receipt shall not be entitled to any benefits under the Depositary Agreement and this Receipt shall not be valid or obligatory for any purpose unless this Receipt has been executed by and on behalf of the Depositary by the manual signature of a duly authorized officer or, if a Registrar for the Receipts has been appointed, by the manual signature of a duly authorized officer of such Registrar.

Dated 03/21/83

THE NEWHALL LAND AND FARMING COMPANY
Depositary and Transfer Agent

By [signature] Secretary

FIRST INTERSTATE BANK OF CALIFORNIA
Registrar

By W Pratt
Authorized Signature

*Witness the facsimile signatures of the General Partners of Newhall Resources.*

*Newhall Resources Management Co.*

James F. Dickason
Managing Partner

*Newhall Resources Inc.*

James F. Dickason
President

© JEFFRIES BANKNOTE COMPANY



# Newhall Resources

## FURTHER CONDITIONS AND AGREEMENTS FORMING PART OF THIS RECEIPT

9. **Surrender of Receipts and Withdrawal of Units.** Upon surrender of this Receipt to the Depositary at its corporate office in Valencia, California, and subject to the provisions of the Depositary Agreement, the holder of this Receipt (provided such holder is a Limited Partner) is entitled to delivery to him or her of a Certificate evidencing the nontransferable Limited Partners' Units corresponding to the Depositary Units evidenced by this Receipt. Redeposit of a Certificate that has been withdrawn shall be subject to receipt by the Depositary of sixty (60) days' advance written notice and to such other conditions as may be prescribed in the Partnership Agreement and the Depositary Agreement. The Depositary will keep books for the transfer of Receipts.

10. **Payment of Taxes or Other Governmental Charges.** If any tax (including transfer taxes, if any) or other governmental charge becomes payable with respect to this Receipt or with respect to Depositary Units evidenced by this Receipt, such tax or governmental charge shall be payable by the holder of this Receipt. Transfer of this Receipt or any withdrawal of a Certificate may be refused until such payment is made, and any distribution may be withheld and be applied to payment of such tax or other governmental charge, the holder of this Receipt remaining liable for any deficiency.

11. **Amendment.** Any provision of the Depositary Agreement or of the form of Receipt may at any time and from time to time be amended by agreement among the Partnership and the Depositary in any respect they may deem necessary or desirable. The holder of this Receipt at the time any amendment so becomes effective shall hold the Receipt subject to the terms and conditions of the Depositary Agreement as amended thereby. In no event shall any amendment impair the right of the holder of this Receipt described in Paragraph 9 above.

12. **Charges of Depositary.** The Partnership will pay all charges of the Depositary for transfers of Depositary Receipts and withdrawal of Limited Partners' Units, except for charges customarily paid by shareholders for surety bond premiums to replace lost, stolen, destroyed or mutilated certificates which will be paid by the affected Limited Partner.

13. **Title to Receipts.** Until this Receipt is transferred on the books of the Depositary, the Depositary may, notwithstanding any notice to the contrary, treat the record holder hereof at such time as the absolute owner hereof for the purpose of determining the person entitled to any distribution or to any notice provided for in the Depositary Agreement, and for all other purposes.

14. **Distributions.** Subject to the provisions of the Partnership Agreement, whenever the Depositary receives any cash distribution on Depositary Units, the Depositary will, subject to the provisions of the Depositary Agreement, make such distribution to the record holders of Receipts and withdrawn Certificates in proportion to the number of Depositary Units [illegible] Units represented by withdrawn Certificates; provided, however, that the amounts [illegible] withheld by the Partnership or the Depositary on account of taxes.

15. **Liability of Holders of Receipts.** Before a distribution may be made to holders of Receipts which [illegible] the Partnership Agreement provides that there must be sufficient remaining Partnership assets to pay the [illegible] Managing General Partner must determine in good faith that the return of capital will not affect the ability of the [illegible] obligations as they fall due, the return must not violate California partnership law, and the Managing General Partner [illegible] Certificate of Limited Partnership. Persons who became creditors of the Partnership before the Certificate of Limited Partnership [illegible] amended (or the Partnership) may have the right to force holders of Receipts who receive a distribution which constituted [illegible] Partnership capital to pay back that distribution, with interest, to the extent necessary to pay such creditors.

16. **Liability and Immunities of Original Limited Partner, Depositary, Depositary's Agents, Transfer Agents, Registrars, the General Partners and the Partnership.** The provisions of the Depositary Agreement provide certain limitations on the liability of, and certain immunities for, the Original Limited Partner, the Depositary, any agent of the Depositary, any transfer agent, any registrar, the General Partners and the Partnership to any holder or proposed transferee of any Receipt or withdrawn Certificate.

17. **Termination of Depositary Agreement.** Whenever so directed by the Partnership, the Depositary will terminate the Depositary Agreement by mailing notice of termination to the record holders of all Receipts and withdrawn Certificates then outstanding at least 30 days before the date fixed in such notice for termination. The Depositary may in the same manner terminate the Depositary Agreement if at any time 60 days have elapsed after the Depositary has delivered to the Partnership written notice of its election to resign and a successor depositary has not been appointed and accepted its appointment.

18. **Governing Law.** The Depositary Agreement and this Receipt and all rights thereunder and hereunder and provisions thereof and hereof shall be governed by and construed in accordance with the laws of the State of California.