UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                        :
*In re*                                 :   Chapter 11
                                        :
LANDSOURCE COMMUNITIES                  :
DEVELOPMENT LLC, *et al.*,              :   Case No. 08-11111 (KJC)
                                        :
                Reorganized Debtors.    :   (Jointly Administered)
                                        :
                                        :   **Hearing Date: March 3, 2010 at 2:00 p.m. (ET)**
---------------------------------------------------------------x   **Obj. Deadline: February 16, 2010 at 4:00 p.m. (ET)**

## OBJECTION OF LANDSOURCE COMMUNITIES DEVELOPMENT, LLC AND LENNAR STEVENSON HOLDINGS, L.L.C. TO ADMINISTRATIVE EXPENSES OF THE SAN JOAQUIN VALLEY UNIFIED AIR POLLUTION CONTROL DISTRICT

LandSource Communities Development, LLC and Lennar Stevenson Holdings, L.L.C. (collectively, the "*Reorganized Debtors*"), file this objection (the "*Objection*") to administrative expenses asserted against the Reorganized Debtors by the San Joaquin Valley Unified Air Pollution Control District (the "*SJVUAPCD*"), as reflected in the proofs of administrative expense numbered 1144 and 1145 (together, the "*SJVUAPCD Administrative Expenses*"). Pursuant to this Objection, the Reorganized Debtors request that the Court enter an order disallowing and expunging each of the SJVUAPCD Administrative Expenses. This request is made pursuant to section 503 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"). In support of the Objection, the Reorganized Debtors respectfully represent as follows:

### Background

1. On June 8, 2008, both of the Reorganized Debtors commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

2. On June 2, 2009, Barclays Bank PLC, as administrative agent under the Reorganized Debtors' prepetition first lien and postpetition credit agreements, filed the *Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement* (the **"Plan"**). On July 20, 2009, the Court entered its *Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming the Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement*. The Plan went effective on July 31, 2009, and, as such, the Reorganized Debtors are no longer chapter 11 debtors, but are now reorganized entities.

3. Pursuant to the Plan, the deadline for filing administrative expenses against the Reorganized Debtors, with certain limited exceptions, was September 18, 2009.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The San Joaquin Valley Administrative Expenses

5. The SJVUAPCD Administrative Expenses relate to amounts allegedly owed by the Reorganized Debtors for "air pollution mitigation permit processing fees." Each of the SJVUAPCD Administrative Expenses is in the amount of $105,211.20. The supporting documents accompanying the SJVUAPCD Administrative Expenses are invoices addressed to

2

"Lennar Homes." Copies of the SJVUAPCD Administrative Expenses are attached hereto as collective Exhibit "A."

### Relief Requested

6. After reviewing the SJVUAPCD Administrative Expenses and their own books and records, the Reorganized Debtors determined that they have no obligations currently due and owing on account of the SJVUAPCD Administrative Expenses. Furthermore, the Reorganized Debtors submit that nothing in the proofs of administrative expense filed by the SJVUAPCD supports the assertion of administrative expenses against the Reorganized Debtors. Rather, the SJVUAPCD Administrative Expenses are based on an obligation of Lennar Homes, an entity wholly separate from the Reorganized Debtors. Therefore, the SJVUAPCD failed to establish a legal or factual basis on which the Reorganized Debtors are liable. Accordingly, the Reorganized Debtors seek entry of an order disallowing and expunging each of the SJVUAPCD Administrative Expenses. A proposed form of order is attached hereto as Exhibit "B."

### Basis for Relief Requested

7. The Bankruptcy Code expressly defines what constitutes an administrative expense in section 503. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, administrative expenses are narrowly defined to include "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." In accordance with section 507(a)(1) of the Bankruptcy Code, only allowed administrative expenses are entitled to receive first priority in the distribution of assets of the debtor's estate.

8. Courts narrowly construe what constitute administrative expenses because such claims "affect two important bankruptcy concerns: minimizing administrative costs during

chapter 11 to preserve the debtor's scarce resources and thus encourage rehabilitation, ... and obtaining maximum and equitable distribution of estate assets to creditors." *In re Unidigital, Inc.*, 262 B.R. 283, 288 (Bankr. D. Del. 2001) (citations omitted). "If a claim does not comport with the language and underlying purpose of § 503 ... the claim must fail." *In re Continental Airlines, Inc.*, 148 B.R. 207, 211 (D. Del. 1992) (quoting *In re Jartran, Inc.*, 752 F.2d 584, 586 (7th Cir. 1984)); *In re Molnar Bros.*, 200 B.R. 555, 558 (Bankr. D.N.J. 1996).

9. Consequently, courts have established strict criteria for determining whether a claim is entitled to administrative expense status. *See, e.g., In re Interstate Grocery Distribs. Sys., Inc.*, 267 B.R. 907, 913 (Bankr. D.N.J. 2001); *In re The Grand Union Company*, 266 B.R. 621, 625 (Bankr. D.N.J. 2001); *In re Lease-A-Fleet, Inc.*, 140 B.R. 840, 844-45 (Bankr. E.D. Pa. 1992). The seminal case of *Cramer v. Mammoth Mart, Inc (In re Mammoth Mart, Inc.)*, 536 F.2d 950 (1st Cir. 1976), sets forth the test upon which courts in this circuit and elsewhere generally rely. To qualify for administrative priority, a claimant must demonstrate, by a preponderance of the evidence, that the expense (1) arose from a *postpetition transaction* with the debtor in possession *and* (2) provided an *actual benefit to the estate* that was necessary to preserve the value of the estate's assets. *Mammoth Mart*, 536 F.2d 950 (emphasis added); *see, e.g., In re O'Brien Env'l Energy Inc.*, 181 F.3d 527 (3d Cir. 1999) (*citing Mammoth Mart* test); *see also In re Jartran, Inc.*, 732 F.2d at 587; *Unidigital*, 262 B.R. at 288.

10. In the instant case, it is clear that the SJVUAPCD Administrative Expenses should be disallowed and expunged because the basis for such expenses is an obligation of Lennar Homes, and thus, the SJVUAPCD Administrative Expenses do not even represent a liability of the Reorganized Debtors. Thus, the Reorganized Debtors object to the

4

allowance of each of the SJVUAPCD Administrative Expenses and request that such expenses be disallowed and expunged in their entirety.

## **Notice**

11. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Objection has been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel to the Creditors' Trust established under the Plan, (iii) the SJVUAPCD, at the address set forth for notice in the SJVUAPCD Administrative Expenses, and (iv) each person or entity that has filed a notice of appearance and request for service of documents herein. The Reorganized Debtors submit that no other or further notice need be provided of this Objection.

12. Pursuant to Bankruptcy Rule 3007, the Reorganized Debtors have provided the SJVUAPCD with at least thirty (30) days' notice of the hearing on the Objection.

WHEREFORE the Reorganized Debtors respectfully request that the Court enter an order disallowing and expunging the SJVUAPCD Administrative Expenses and granting the Reorganized Debtors such other and further relief as is just.

Dated: January 27, 2010
      Wilmington, Delaware

/s/ *signature*

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR THE
REORGANIZED DEBTORS