# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---------------------------------------------------x
:
*In re*                                      :     Chapter 11
:
LANDSOURCE COMMUNITIES           :     Case No. 08-11111 (KJC)
DEVELOPMENT LLC, *et al.*,              :
:     (Jointly Administered)
Reorganized Debtors.               :
:     **Hearing Date: March 3, 2010 at 2:00 p.m. (ET)**
---------------------------------------------------x     **Obj. Deadline: February 10, 2010 at 4:00 p.m. (ET)**

## MOTION OF NEWHALL LAND AND FARMING COMPANY (A CALIFORNIA LIMITED PARTNERSHIP) PURSUANT TO BANKRUPTCY RULE 9019 FOR ORDER APPROVING STIPULATION REGARDING THE EXTENT, VALIDITY, AND PRIORITY OF PACIFIC ADVANCED CIVIL ENGINEERING, INC.'S MECHANIC'S LIENS

The Newhall Land and Farming Company (A California Limited Partnership) ("*Newhall*") submits this motion (the "*Motion*") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") approving that certain stipulation between Pacific Advanced Civil Engineering, Inc. ("*PACE*," and together with Newhall, the "*Parties*") and Newhall (the "*Stipulation*"), pursuant to which the Parties have agreed that (i) PACE no longer holds valid secured claim(s) with respect to the PACE Liens (defined below) pursuant to section 506(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), (ii) PACE shall have an allowed unsecured claim against Newhall's estate in the amount of $172,449.50, and (iii) PACE withdraws its opposition to the second non-substantive omnibus objection to claims filed by Newhall and its affiliated debtors (the "*Second Omnibus Claims Objection*"). In support of the Motion, Newhall respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2. On June 8, 2008 (the "***Commencement Date***"), Newhall and certain of its affiliates each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

3. On May 14, 2008, PACE recorded twenty-two liens, numbered 20080857184 through 20080857205, in the Official Records Recorder's Office, Los Angeles County, California (collectively, the "***PACE Liens***"). True and correct copies of the PACE Liens are attached to the Stipulation as collective Exhibit "A."

4. The PACE Liens relate to work performed in multiple communities developed by Newhall.

5. On January 23, 2009, Newhall and its affiliated debtors filed the Second Omnibus Claims Objection, in which they objected to duplicative proofs of claim filed by PACE against both Newhall and certain of Newhall's affiliates, when a claim was only properly asserted against Newhall.

6. On February 17, 2009, PACE filed its opposition to the Second Omnibus Claims Objection.

7. The Parties engaged in negotiations regarding the PACE Liens. Pursuant to those negotiations, the Parties entered into the Stipulation. Subject to Court approval, the Stipulation provides that (i) PACE no longer holds valid secured claim(s) with respect to the PACE Liens pursuant to section 506(a) of the Bankruptcy Code, (ii) PACE shall have an

unsecured claim against Newhall's estate in the amount of $172,449.50, and (iii) PACE withdraws its opposition to the Second Omnibus Claims Objection.

## The Stipulation

8. In order maximize the value of its estate while avoiding the cost and uncertainty of litigation over the PACE Liens, Newhall entered into the Stipulation with PACE, subject only to the approval of this Court. A copy of the Stipulation is attached hereto as Exhibit "A." The principal terms of the Stipulation are as follows:[1]

- **No Secured Claim.** PACE does not hold a valid secured claim with respect to the PACE Liens pursuant to section 506(a) of the Bankruptcy Code.

- **Allowed Unsecured Claim.** PACE shall have an allowed unsecured claim against Newhall's estate in the amount of $172,449.50.

- **Withdrawal of Opposition.** PACE withdraws its opposition to the Second Omnibus Claims Objection.

## Legal Basis for the Relief Requested

9. Bankruptcy Rule 9019 governs the approval of compromises and settlements and provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." FED. R. BANKR. P. 9019(a). Generally, courts favor settlements, but in the context of a bankruptcy, courts must scrutinize settlements before approving them. *In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006). In determining whether to approve a certain settlement, the Bankruptcy Court has determined that the "ultimate inquiry...[is]... 'whether the compromise is fair, reasonable, and in the interest of the estate.'" *In re Marvel Entm't Group, Inc*, 222 B.R. 243, 249 (Bankr. D. Del 1998) (quoting *In re*

---

[1] This summary of the Stipulation is for descriptive purposes only, and is qualified in its entirety by the actual terms and conditions of the Stipulation.

*Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). Moreover, a bankruptcy court need not be convinced that the proposed settlement is the best possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008) (quoting *In re Coram Healthcare Corp.*, 315 B.R. 321, 330 (Bankr. D. Del. 2004).

10. Courts in this district have considered the following principal factors when determining whether a particular settlement is generally reasonable:

    i. the probability of success in litigation;

    ii. the likely difficulties in collection;

    iii. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    iv. the paramount interest of the creditors.

*Myers v. Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *In re Marvel Entm't*, 222 B.R. at 249; *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Barnk. D. Del. 2006).

11. Based on the foregoing, Newhall respectfully submits that the Stipulation should be approved. By the Stipulation, Newhall has secured the result it sought in its negotiations with PACE without expending the time and expense of litigating the claim to its conclusion. Moreover, Newhall has never disputed that PACE is properly owed the amount of $172,449.50 with respect to prepetition work performed for Newhall, and, therefore, Newhall believes PACE should have an allowed unsecured claim in that amount. Therefore, Newhall respectfully submits that the Stipulation clearly falls within the range of reasonable outcomes and that approval of the Stipulation is in the best interests of Newhall's estate.

## Notice

12. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel to the Creditors' Trust established under the plan of reorganization approved in these chapter 11 cases, (iii) counsel to PACE, and (iv) each person or entity that has filed a notice of appearance and request for service of documents herein. Given the nature of the relief requested, Newhall submits that no other or further notice need be provided.

WHEREFORE Newhall respectfully requests entry of an order, in substantially the same form as the proposed order attached hereto as Exhibit "B," granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: January 27, 2010
Wilmington, Delaware

_____
Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Andrew C. Irgens (No. 5193)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR NEWHALL