# EXHIBIT A

B 10 (Modified Form 10 – Landsource) (12/07)

#925

UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE | PROOF OF CLAIM

Indicate the Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form.**)

- ☐ LANDSOURCE COMMUNITIES DEVELOPMENT LLC - (CASE NO. 08-11111)
- ☒ THE NEWHALL LAND AND FARMING COMPANY - CASE NO. 08-11121
- ☐ CALIFORNIA LAND COMPANY - (CASE NO. 08-11112)
- ☐ LANDSOURCE HOLDING COMPANY, LLC - (CASE NO. 08-11122)
- ☐ FRIENDSWOOD DEVELOPMENT COMPANY, LLC - (CASE NO. 08-11113)
- ☐ LNR-LENNAR WASHINGTON SQUARE, LLC - (CASE NO. 08-11123)
- ☐ LENNAR LAND PARTNERS II - (CASE NO. 08-11114)
- ☐ LENNAR BRESSI RANCH VENTURE, LLC - (CASE NO. 08-11124)
- ☐ KINGS WOOD DEVELOPMENT COMPANY, L.C. - (CASE NO. 08-11115)
- ☒ THE NEWHALL LAND AND FARMING COMPANY (A CALIFORNIA LIMITED PARTNERSHIP) - CASE NO. 08-11125
- ☐ LSC ASSOCIATES, LLC - (CASE NO. 08-11116)
- ☐ NWHL GP LLC - (CASE NO. 08-11126)
- ☐ LENNAR MARE ISLAND, LLC - (CASE NO. 08-11117)
- ☐ TOURNAMENT PLAYERS CLUB AT VALENCIA, LLC - (CASE NO. 08-11127)
- ☐ LANDSOURCE COMMUNITIES DEVELOPMENT SUB, LLC - (CASE NO. 08-11118)
- ☐ SOUTHWEST COMMUNITIES DEVELOPMENT LLC - (CASE NO. 08-11128)
- ☐ LENNAR MOORPARK, LLC - (CASE NO. 08-11119)
- ☐ VALENCIA CORPORATION - (CASE NO. 08-11129)
- ☐ LENNAR STEVENSON HOLDINGS, L.L.C. - (CASE NO. 08-11120)
- ☐ STEVENSON RANCH VENTURE LLC - (CASE NO. 08-11130)
- ☐ VALENCIA REALTY COMPANY - (CASE NO. 08-11131)

NOTE: *Other than claims under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for administrative expenses arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503(a).*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Santa Clarita Organization for Planning the Environment**

Name and address where notices should be sent:
SCOPE
PO Box 1182
Canyon Country CA 91386

Telephone number: 661 255-6899

Name and address where payment should be sent (if different from above):
Same

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed (June 8, 2008):** $1,000,000.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

If all or part of your claim is entitled to administrative priority under 11 U.S.C. § 503(b)(9), complete item 6.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** See attached 3 pages
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** N/A

   3a. Debtor may have scheduled account as: N/A (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. **N/A**

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____ Annual Interest Rate _____%

Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. **Section 503(b)(9) Claim** (See instruction #6 on reverse side.)
Complete this section if your claim is for the value of goods received by the debtor within 20 days before the date of commencement of the case. Include or attach documentation identifying the particular invoices for which any such 503(b)(9) Claim is being asserted and any demand to reclaim goods sold to the Debtor under section 546(c) of the Bankruptcy Code.

Section 503(b)(9) Claim: $ **N/A**

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*) A matter of public record in the DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. If the documents are not available, please explain: above referenced case - see attachment to Item 3

Santa Clarita Org. for Planning the Environment, a Cal non-profit Corp. by Lynne Plambeck, Pres.

Date: 11-13-08

Signature: the person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Only **original** proofs of claim will be deemed acceptable for purposes of claims administration.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount. **N/A**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtors business, whichever is earlier — 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan — 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use — 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units — 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

**Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

FOR COURT USE ONLY

**RECEIVED**

**NOV 14 2008**

**KURTZMANCARSONCONSULTANTS**

■ Date Stamped Copy Returned   Fine of up to $500,000 or imprisonment for up to 5 years, or both.
☐ No self addressed stamped envelope
☐ No copy to return

0811125081114000000000015

# ATTACHMENT TO NOTICE OF CLAIM
## FILED BY Santa Clarita Organization for Planning the Environment

**Response to Question #2. "Basis of Claim**

The basis of this claim is a Breech of the Settlement Agreement duly executed between Santa Clarita Organization for Planning the Environment and the Newhall Land and Farming Company in exchange for not continuing an appeal in the matter of Untied Water Conservation District v. County of Los Angeles et al (with Newhall Land and Farming being the Real Party in Interest), Superior Court, State of California, County of Kern, Judge Roger Randall presiding, Case No. 239324 RDR (and related appellate Court filings). A ruling against the County of Los Angeles and Newhall Land and Farming was entered on July 30th 2000. The case was remanded back to Judge Randall in 2003 who, upon additional Court review, found in favor of the respondents. Some of the plaintiffs, including Santa Clarita Organization for Planning and Environment, then appealed. The appeal was dropped upon the signing of a settlement agreement between the complaining parties and the respondents on March 26th, 2004.

**Nature of Breech**
**Purpose of Settlement** "The purpose of this settlement is to set forth the Parties' agreement, which shall result in the final settlement of the Newhall Ranch Litigation (*United Water Conservation District v. County of Los Angeles, et al.*, Case No. 239324-RDR [Consolidated with Case Nos. 239325, 239326 and 239327-RDR] 5th Civil No. F044638) and abandonment of the pending appeal in that litigation, the effect of which will be a complete dismissal, with prejudice, of the appeal, pursuant to Rule 20 of the California Rules of Court." (Agreement at page 2)

"**TERMS OF SETTLEMENT/DISMISSAL**
    **A. AGRICULTURAL WATER SUPPLY**
    1. As stated in the Revised Additional Analysis (Volume VIII; May 2003), the actual amount of groundwater pumped from the basin to irrigate Newhall's agricultural lands is calculated by utilizing Southern California Edison ("SCE") pump test data.

For pumps powered by electricity, SCE pump tests are used to calculate the actual amount of water pumped from the basin. The actual water pumping is calculated by multiplying the total kilowatt-hours (kwh) of energy used per well per year, by the kilowatt-hours per acre foot (kwh/AF), which is derived from the annual pump tests performed by SCE, Hydrologic Services Division. These pump tests are performed by SCE on an annual basis, which is customary in the agricultural industry. Newhall also requests that SCE perform these well pump tests for purposes of monitoring well efficiency and energy costs.

For pumps powered by diesel and natural gas, the actual water pumping is calculated by multiplying the actual running hours from engine hour meters by the acre-feet pumped per hour. The acre-feet pumped per hour is determined by the gallons per minute that each unit is designed to pump.

The total water pumped from all Newhall agricultural wells, utilizing the SCE and other data, is summarized in Exhibit 1 to the letter report, dated March 7, 2003, from Underhill Engineering, Inc. The Underhill report, which was contained in **Appendix AB** in the Newhall

1

Ranch Final Additional Analysis (Volume IV; March 2003) included Los Angeles County agricultural water use data over a five-year period (1996-2000). In addition, actual results of pump tests from SCE were included as **Appendix AQ** in the Newhall Ranch Final Additional Analysis (Volume VII; May 2003). At page 2.5-136 - 2.5-139, the Revised Additional Analysis (Volume VIII; May 2003) was revised to clarify the above information. In addition, at page 2.5-140, the Revised Additional Analysis included revised **Table 2.5-32**, which depicted Newhall's water use for its agricultural lands in Los Angeles County.

As shown on revised **Table 2.5-32**, using the actual SCE pump test data, a five-year annual average of 7,246 acre-feet of water per year was pumped by Newhall and utilized for irrigation of its crops in Los Angeles County. In addition, the County and Newhall used adjusted data from the California Irrigation Management Information System ("CIMIS"), which is provided by the University of California. The adjusted CIMIS data was used as a "cross check" to corroborate Newhall's allocation of the total amount of water actually pumped, as calculated from the SCE pump test and other data. Using the adjusted CIMIS data to compare to actual pumpage, a total of 7,038 acre-feet of water per year was determined to be the average amount of water used on Newhall's agricultural lands in Los Angeles County from 1996-2000. The revised Additional Analysis used the lower (and more conservative) of the two methods to determine the actual amount of groundwater pumped and delivered to Newhall's agricultural lands in Los Angeles County (*i.e.*, 7,038 AFY).

2. Newhall shall do the following:

   **(a) Groundwater Use/Limitations.** Groundwater historically and presently used for crop irrigation on the Newhall Ranch Specific Plan site and elsewhere in Los Angeles County shall be made available by Newhall, or its assignee, to partially meet the potable water demands of the Newhall Ranch Specific Plan. The amount of groundwater pumped for this purpose shall not exceed 7,038 AFY. Newhall represents that this is the amount of groundwater pumped historically and presently by Newhall in Los Angeles County to support its agricultural operations, and that pumping this amount will not result in a net increase in groundwater use in the Santa Clarita Valley.

   **(b) Reporting.** To monitor groundwater use, Newhall, or its assignee, shall provide the County an annual report indicating the amount of groundwater used in Los Angeles County and the specific land upon which that groundwater was historically used for irrigation. After submitting the annual report to the County, Newhall, or its designee, will promptly provide the Appellants with a copy of such report, provided that the Appellants make a written request to Newhall for a copy of such report.

   **(c) Verification.** For agricultural land located off the Newhall Ranch Specific Plan site in Los Angeles County, at the time agricultural groundwater is transferred from agricultural uses on that land to Specific Plan uses, Newhall, or its assignee, shall provide a verified statement to the County's Department of Regional Planning and Appellants that Alluvial aquifer water rights on that land will now be used to meet Specific Plan demand.

2

(d) **On-Going Documentation.** Beginning with the filing of the first subdivision map allowing construction on the Specific Plan site and with the filing of each subsequent subdivision map allowing construction, Newhall, or its designee, shall provide documentation to the County of Los Angeles and Appellants identifying the specific portion(s) of irrigated farmland in the County proposed to be retired from irrigated production to make agricultural water available to serve the subdivision. This documentation shall include the location of the irrigated agricultural fields to be retired and the types of planted crops on such land for the baseline five-year period 1996-2000. As a condition of subdivision approval, Newhall, or its designee, shall provide proof to the County that the agricultural land has been retired prior to issuance of building permits for the subdivision. A copy of the information provided to the County shall also be provided to Appellants." (Agreement pages 2-4)

**Failure to provide the above specified information and reporting to the Appellants as specified in the Settlement Agreement in the Environmental Documents or otherwise for the Landmark Village entitlement proceedings before the County of Los Angeles constitutes a Breech of the Settlement Agreement Contract.**

**The amount of the claim is the Creditor's estimate of the funding required to hire a civil engineer specializing in water to analyze, monitor and report the required water supply information and data over a ten year period I n order to comply with the terms of the Settlement Agreement Contract.**