# EXHIBIT B

# 5TH CIVIL NO. F044638

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| United Water Conservation District,<br><br>Petitioner,<br><br>v.<br><br>County of Los Angeles, *et al.*,<br><br>Respondents.<br><br>The Newhall Land and Farming Company, *et al.*,<br><br>Real Parties in Interest.<br><br>And Related Cases. | COURT OF APPEAL<br>FIFTH APPELLATE DISTRICT<br>FILED<br><br>APR - 1 2004<br><br>KAY FRAUENHOLTZ<br>CLERK/ADMINISTRATOR<br>By_____<br>Deputy |

Appeal From The Judgment of The Kern County Superior Court
The Honorable Roger D. Randall, Presiding
(Kern County Superior Court No. 239324-RDR
[Consolidated with Case Nos. 239325, 239326 and 239327-RDR])

## NOTICE OF SETTLEMENT AND DISMISSAL OF APPEAL

Lloyd W. Pellman, County Counsel
Peter J. Gutierrez, Sr. Deputy County Counsel
652 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2713
Telephone: (213) 974-1857
Fax: (213) 617-7182
Attorneys for Respondents, the County of Los Angeles and its Board of Supervisors

Mark J. Dillon (State Bar No. 108329)
Michael S. Haberkorn (State Bar No. 159266)
Heather S. Riley (State Bar No. 214482)
Gatzke Dillon & Ballance LLP
1921 Palomar Oaks Way, Suite 200
Carlsbad, California 92008
Telephone: (760) 431-9501
Fax: (760) 431-9512
Attorneys for Real Parties in Interest/Respondents, The Newhall Land and Farming Company, *et al.*

John T. Buse
Environmental Defense Center
2021 Sperry Avenue, Suite 18
Ventura, CA 93003
Telephone: (805) 677-2570
Fax: (805) 677-2577

Jan Chatten-Brown
Chatten-Brown and Associates
3250 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405
Telephone: (310) 314-8040
Fax: (310) 314-8050

Attorneys for Petitioners/Plaintiffs, Sierra Club, Friends of the Santa Clara River, and Santa Clarita Organization for Planning the Environment

# NOTICE OF SETTLEMENT
## (APPELLATE COURT CASE NO. F044638)

The parties to this settlement ("the Parties"), as defined below, through their respective counsel, have agreed as follows:

I. **THE PARTIES AND PURPOSE**

   A. **THE PARTIES/EFFECTIVE DATE**

   1. The Sierra Club, Friends of the Santa Clara River and Santa Clarita Organization for Planning the Environment ("Appellants") are represented by John T. Buse of the Environmental Defense Center and Jan Chatten-Brown of Chatten-Brown and Associates in the Newhall Ranch litigation and this appeal (*United Water Conservation District v. County of Los Angeles, et al.*, Case No. 239324-RDR [Consolidated with Case Nos. 239325, 239326 and 239327-RDR], 5th Civil No. F044638) ("Newhall Ranch Litigation").

   2. The Appellants filed the "Notice Of Appeal From Order Granting Motion To Discharge Peremptory Writ Of Mandate" ("Notice of Appeal") on December 19, 2003 in connection with the Newhall Ranch Litigation. The Judgment appealed from disposed of all claims and causes of action between the Parties.

   3. The County of Los Angeles and its Board of Supervisors ("the County") are represented in the Newhall Ranch Litigation by Lloyd W. Pellman, County Counsel, and Peter J. Gutierrez, Senior Deputy County Counsel. The County is not a party to this settlement, because there are no settlement provisions that require any action to be taken by the County to implement the settlement. Nonetheless, the County will benefit by this settlement due to the dismissal of this appeal, as discussed below. In addition, the counsel for the County has reviewed this Notice, and has no objection to the settlement.

   4. The Newhall Land and Farming Company, a California limited partnership, Valencia Corporation, the Newhall Ranch Company, Newhall Management Limited Partnership and The Newhall Land and Farming Company, a California

1

corporation ("Newhall") are represented in the Newhall Ranch Litigation by Mark J. Dillon and Michael S. Haberkorn of Gatzke Dillon & Ballance LLP.

5. The effective date of this settlement will be March 29, 2004 ("Effective Date").

B. PURPOSE

1. The purpose of this settlement is to set forth the Parties' agreement, which shall result in the final settlement of the Newhall Ranch Litigation (*United Water Conservation District v. County of Los Angeles, et al.*, Case No. 239324-RDR [Consolidated with Case Nos. 239325, 239326 and 239327-RDR] 5th Civil No. F044638), the effect of which will be a complete dismissal, with prejudice, of the appeal, pursuant to Rule 20 of the California Rules of Court.

2. This settlement is a compromise of disputed claims, and neither this settlement nor any term thereof shall be construed as any type of admission on the part of any party to this settlement.

II. TERMS OF SETTLEMENT/DISMISSAL

A. AGRICULTURAL WATER SUPPLY

1. As stated in the Revised Additional Analysis (Volume VIII; May 2003), the actual amount of groundwater pumped from the basin to irrigate Newhall's agricultural lands is calculated by utilizing Southern California Edison ("SCE") pump test data.

For pumps powered by electricity, SCE pump tests are used to calculate the actual amount of water pumped from the basin. The actual water pumping is calculated by multiplying the total kilowatt-hours (kwh) of energy used per well per year, by the kilowatt-hours per acre foot (kwh/AF), which is derived from the annual pump tests performed by SCE, Hydrologic Services Division. These pump tests are performed by SCE on an annual basis, which is customary in the agricultural industry. Newhall also requests that SCE perform these well pump tests for purposes of monitoring well efficiency and energy costs.

For pumps powered by diesel and natural gas, the actual water pumping is calculated by multiplying the actual running hours from engine hour meters by the acre-

feet pumped per hour. The acre-feet pumped per hour is determined by the gallons per minute that each unit is designed to pump.

The total water pumped from all Newhall agricultural wells, utilizing the SCE and other data, is summarized in Exhibit 1 to the letter report, dated March 7, 2003, from Underhill Engineering, Inc. The Underhill report, which was contained in **Appendix AB** in the Newhall Ranch Final Additional Analysis (Volume IV; March 2003) included Los Angeles County agricultural water use data over a five-year period (1996-2000). In addition, actual results of pump tests from SCE were included as **Appendix AQ** in the Newhall Ranch Final Additional Analysis (Volume VII; May 2003). At page 2.5-136 - 2.5-139, the Revised Additional Analysis (Volume VIII; May 2003) was revised to clarify the above information. In addition, at page 2.5-140, the Revised Additional Analysis included revised **Table 2.5-32**, which depicted Newhall's water use for its agricultural lands in Los Angeles County.

As shown on revised **Table 2.5-32**, using the actual SCE pump test data, a five-year annual average of 7,246 acre-feet of water per year was pumped by Newhall and utilized for irrigation of its crops in Los Angeles County. In addition, the County and Newhall used adjusted data from the California Irrigation Management Information System ("CIMIS"), which is provided by the University of California. The adjusted CIMIS data was used as a "cross check" to corroborate Newhall's allocation of the total amount of water actually pumped, as calculated from the SCE pump test and other data. Using the adjusted CIMIS data to compare to actual pumpage, a total of 7,038 acre-feet of water per year was determined to be the average amount of water used on Newhall's agricultural lands in Los Angeles County from 1996-2000. The revised Additional Analysis used the lower (and more conservative) of the two methods to determine the actual amount of groundwater pumped and delivered to Newhall's agricultural lands in Los Angeles County (*i.e.*, 7,038 AFY).

2. Newhall shall do the following:

(a) **Groundwater Use/Limitations.** Groundwater historically and presently used for crop irrigation on the Newhall Ranch Specific Plan

3

site and elsewhere in Los Angeles County shall be made available by Newhall, or its assignee, to partially meet the potable water demands of the Newhall Ranch Specific Plan. The amount of groundwater pumped for this purpose shall not exceed 7,038 AFY. Newhall represents that this is the amount of groundwater pumped historically and presently by Newhall in Los Angeles County to support its agricultural operations, and that pumping this amount will not result in a net increase in groundwater use in the Santa Clarita Valley.

(b) **Reporting.** To monitor groundwater use, Newhall, or its assignee, shall provide the County an annual report indicating the amount of groundwater used in Los Angeles County and the specific land upon which that groundwater was historically used for irrigation. After submitting the annual report to the County, Newhall, or its designee, will promptly provide the Appellants with a copy of such report, provided that the Appellants make a written request to Newhall for a copy of such report.

(c) **Verification.** For agricultural land located off the Newhall Ranch Specific Plan site in Los Angeles County, at the time agricultural groundwater is transferred from agricultural uses on that land to Specific Plan uses, Newhall, or its assignee, shall provide a verified statement to the County's Department of Regional Planning and Appellants that Alluvial aquifer water rights on that land will now be used to meet Specific Plan demand.

(d) **On-Going Documentation.** Beginning with the filing of the first subdivision map allowing construction on the Specific Plan site and with the filing of each subsequent subdivision map allowing construction, Newhall, or its designee, shall provide documentation to the County of Los Angeles and Appellants identifying the specific portion(s) of irrigated farmland in the County proposed to be retired from irrigated production to make agricultural water available to serve the subdivision. This documentation shall include the location of the irrigated agricultural fields to be retired and the types of planted crops on such land for the baseline five-year period 1996-2000. As a condition of subdivision approval, Newhall, or its designee, shall provide proof to the County that the agricultural land has been retired prior to issuance of building permits for the subdivision. A copy of the information provided to the County shall also be provided to Appellants.

B.  AGRICULTURAL WATER QUALITY

1. The Newhall Ranch Final Additional Analysis (Volume IV; March 2003) included water quality data from one of Newhall's existing agricultural wells, along with a map depicting its location ("C-Well"). The water quality testing data was considered representative of Newhall's other existing agricultural wells. Additional agricultural water quality data was presented in the *2001 Update Report, Hydrogeologic Conditions in the Alluvial and Saugus Formation Aquifer Systems*, July 2002, prepared by Richard C. Slade & Associates. The *2001 Update Report* was included as **Appendix 2.5(l)** to the Newhall Ranch Revised Draft Additional Analysis (Volume II; November 2002).

In addition, in response to public comments, Newhall provided water quality sampling from six additional Newhall agricultural-supply wells. The data was taken from sampling that occurred in 2000 and 2001. The additional water quality data was included in the Newhall Ranch Additional Administrative Record (AAR 107:116214-276). The data was consistent with the prior sampling data from the C-Well location.

2. Newhall shall do the following:

(a) **ASR Program.** The Saugus Groundwater Banking/ASR program injection water must meet the water quality requirements of the State Regional Water Quality Control Board, Los Angeles Region. The water extracted for use on the Specific Plan site shall meet the Title 22 drinking water standards of the State Department of Health Services.

(b) **Title 22 Standards.** The agricultural groundwater used to meet the needs of the Specific Plan shall meet the drinking water quality standards required under Title 22 prior to use. As part of the CEQA review for the first tract map of Newhall Ranch, Newhall shall provide data showing that the agricultural groundwater will meet the Title 22 standards and describe the treatment measures, if any, necessary to meet these standards.

C.  FEES/COSTS

1. Newhall shall pay Appellants' counsel a lump sum in the total amount of $43,000.00, provided that this notice of settlement and a separate notice of abandonment of this appeal is filed and served with the appropriate courts, which results in the

dismissal of the pending appeal in the Newhall Ranch Litigation, consistent with Rule 20 of the California Rules of Court, within three court days from the Effective Date of this settlement.

2. Newhall's payment to Appellants' counsel shall be made within thirty days of the court's Order dismissing the pending appeal.

3. The County shall not be responsible for the payment of any fees or costs of any kind whatsoever arising from this settlement.

**D. DISMISSAL**

1. Pursuant to California Rules of Court, Rule 20, the Appellants request that this Court (5th Civil No. F044638) enter the Order, below, dismissing the appeal and the entire action with prejudice. Remittitur to be issued forthwith.

**E. OTHER PROVISIONS**

1. The execution of this settlement shall not be construed by any party as an admission of liability or an admission as to the truth or falsity of any claim, allegation, defense or fact, which is the subject of this settlement.

2. This settlement shall have no force or effect unless and until the court issues an order dismissing the pending appeal in the Newhall Ranch Litigation.

3. All Parties to this settlement represent and warrant that they are the owner of the claims which are the subject of this settlement, and that such claims have not been assigned or transferred to any person or entity, whether voluntarily or involuntarily, by operation of law or otherwise. This representation and warranty shall survive execution and performance of this settlement.

4. All Parties further warrant and represent that the individual executing this settlement on behalf of each party has full authority to bind the party to the terms and conditions of the settlement. The governing bodies, boards of directors or officers of the Parties to this settlement have approved the terms set forth in this settlement, to the extent such approval is required by the rules, regulations, articles of incorporation, by-laws and any other governing documents of any party to the settlement.

5.  This settlement shall be construed and enforced in accordance with the laws of the State of California. The Kern County Superior Court shall be the appropriate venue for the resolution of any disputes arising from this settlement.

6.  Except as provided in this settlement, the Parties shall bear their own attorneys' fees and costs in connection with the entire Newhall Ranch Litigation.

7.  This settlement may be executed by facsimile signatures and in multiple counterparts, each of which shall be deemed to constitute an original, and all of which taken together shall constitute one in the same document. This settlement shall be effective on the Effective Date shown above.

                                        Environmental Defense Center

March _____, 2004                       By: _____
                                              John T. Buse


                                        Chatten-Brown and Associates


March _____, 2004                       By: _____
                                              Jan Chatten-Brown

                                        Attorneys for Appellants, Sierra Club, Friends
                                        of the Santa Clara River and Santa Clarita
                                        Organization for Planning the Environment


                                        Gatzke Dillon & Ballance LLP


March _____, 2004                       By: _____
                                              Mark J. Dillon

                                        Attorneys for Real Parties in Interest, The
                                        Newhall Land and Farming Company, *et al.*

7

5.  This settlement shall be construed and enforced in accordance with the laws of the State of California. The Kern County Superior Court shall be the appropriate venue for the resolution of any disputes arising from this settlement.

6.  Except as provided in this settlement, the Parties shall bear their own attorneys' fees and costs in connection with the entire Newhall Ranch Litigation.

7.  This settlement may be executed by facsimile signatures and in multiple counterparts, each of which shall be deemed to constitute an original, and all of which taken together shall constitute one in the same document. This settlement shall be effective on the Effective Date shown above.

Environmental Defense Center

March ___, 2004              By: _____
                                 John T. Buse


Chatten-Brown and Associates

March 30, 2004               By: _____/s/_____
                                 Jan Chatten-Brown

Attorneys for Appellants, Sierra Club, Friends of the Santa Clara River and Santa Clarita Organization for Planning the Environment


Gatzke Dillon & Ballance LLP

March ___, 2004              By: _____
                                 Mark J. Dillon

Attorneys for Real Parties in Interest, The Newhall Land and Farming Company, *et al.*

7

5. This settlement shall be construed and enforced in accordance with the laws of the State of California. The Kern County Superior Court shall be the appropriate venue for the resolution of any disputes arising from this settlement.

6. Except as provided in this settlement, the Parties shall bear their own attorneys' fees and costs in connection with the entire Newhall Ranch Litigation.

7. This settlement may be executed by facsimile signatures and in multiple counterparts, each of which shall be deemed to constitute an original, and all of which taken together shall constitute one in the same document. This settlement shall be effective on the Effective Date shown above.

Environmental Defense Center

March ___, 2004    By:_____
                    John T. Buse

Chatten-Brown and Associates

March ___, 2004    By:_____
                    Jan Chatten-Brown

Attorneys for Appellants, Sierra Club, Friends of the Santa Clara River and Santa Clarita Organization for Planning the Environment

Gatzke Dillon & Ballance LLP

March 30, 2004    By:_____
                   Mark J. Dillon

Attorneys for Real Parties in Interest, The Newhall Land and Farming Company, *et al.*

7

# ORDER

THE COURT:

Pursuant to the above Notice of Settlement, the appeal in this action (5th Civil No. F044638) is dismissed, with prejudice, and without appeal costs to any party. Remittitur to issue forthwith.

_____, 2004        _____
                                          Associate Justice

ATTORNEYS:

Mark J. Dillon (State Bar No. 108329)
Michael S. Haberkorn (State Bar No. 159266)
Heather S. Riley (State Bar No. 214482)
Gatzke Dillon & Ballance LLP
1921 Palomar Oaks Way, Suite 200
Carlsbad, California 92008
Telephone: (760) 431-9501
Facsimile: (760) 431-9512

Civil No. F 044638
(Superior Court No. 239324-RDR)

## DECLARATION OF SERVICE BY OVERNIGHT MAIL
### (C.C.P. Sections 1013a and 2015.5)

I am a resident of the County of San Diego; I am over the age of 18 years and not a party to the within entitled action; my business address: 1921 Palomar Oaks Way, Suite 200, Carlsbad, California 92008.

On March 30, 2004, I served the attached documents: **NOTICE OF SETTLEMENT AND DISMISSAL OF APPEAL** by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

### SEE ATTACHED SERVICE LIST

Service of the attached document was accomplished in the following manner: I placed such envelope(s) addressed as shown on the attached service list for collection and delivery by Golden State Overnight with delivery fees paid or provided for in accordance with this office's practice. I am readily familiar with this office's practice for processing correspondence for delivery the following day by Golden State Overnight.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 30, 2004, at Carlsbad, California.

_____
Tina Zampa

1

# ATTACHMENT TO DECLARATION OF SERVICE BY OVERNIGHT MAIL

**Civil No. F 44638**
**(Superior Court No. 239324 - RDR)**

| | |
|---|---|
| Lloyd W. Pellman, County Counsel<br>Peter J. Gutierrez, Sr. Deputy County Counsel<br>652 Kenneth Hahn Hall of Administration<br>500 West Temple Street<br>Los Angeles, CA 90012-2713<br>Telephone: (213) 974-1857<br>Fax: (213) 617-7182 | Attorneys for Respondents, the County of Los Angeles and its Board of Supervisors |
| John T. Buse<br>Environmental Defense Center<br>2021 Sperry Avenue, Suite 18<br>Ventura, CA 93003<br>Telephone: (805) 677-2570<br>Fax: (805) 677-2577 | Attorneys for Petitioners/Plaintiffs, Sierra Club, Friends of the Santa Clara River, and Santa Clarita Organization for Planning the Environment |
| Jan Chatten-Brown<br>Chatten-Brown and Associates<br>3250 Ocean Park Boulevard, Suite 300<br>Santa Monica, California 90405<br>Telephone: (310) 314-8040<br>Fax: (310) 314-8050 | Attorneys for Petitioners/Plaintiffs, Sierra Club, Friends of the Santa Clara River, and Santa Clarita Organization for Planning the Environment |

The Honorable Roger D. Randall
Department 6
Kern County Superior Court
1415 Truxtun Avenue
Bakersfield, California 93301-5216