# EXHIBIT C



7-7-09

Mr. Timothy P. Hogan
Mr. H. Lawrence Webb
Chief Restructuring Officers
Newhall Land & Farming Company
23823 W. Valencia Blvd.
Valencia, CA 91355


Mark Dillon, Esq.
1525 Faraday Avenue, Suite 150
Carlsbad, California 92008


RE: Second Request for Documentation Required Under Notice of Settlement and Dismissal of Appeal, Filed 4/1/04 Case No. F044638, *United Water Conservation District et al v. County of Los Angeles et al.*

Gentlemen:

As you know, Santa Clarita Organization for Planning the Environment ("SCOPE") was one of the plaintiff/appellants and Newhall Land & Farming Company ("Newhall") was one of the real parties in interest, in the Kern County Superior Court and California Court of Appeals case captioned *United Water Conservation District et al v. County of Los Angeles et al.* This case concerned the failure by the County of Los Angeles to prove, through the Environmental Impact Report ("EIR") for the Newhall Ranch project, (1) that there would be sufficient potable drinking water a/k/a ground water to supply future residents of the Newhall Ranch project without use of California State Water Project Water (a/k/a state aqueduct water) which is severely over-committed and over-utilized by current residents of the Santa Clarita Valley and (2) that use of ground water wells on the Newhall Ranch property in Los Angeles County, to supply potable drinking water to future Newhall Ranch residents, would not overdraft the ground water aquifer under Newhall's Los Angeles County property comprising Newhall Ranch to the detriment of existing agricultural water users in Ventura County who have prior rights to use that ground water for their orchards and farms.

In settlement of the litigation about the adequacy of the EIR for the Specific Plan for Newhall Ranch, Los Angeles County ("County"), Newhall and SCOPE entered into the Notice of Settlement and Dismissal dated and filed with the court on April 1, 2004 which is attached hereto as Exhibit "A" and called the "Settlement Agreement" herein. The court ordered compliance with that Settlement Agreement as shown in Exhibit "A".

Pursuant to the terms of the above described Settlement Agreement, if Newhall chose to rely

upon and implement the Newhall Ranch Specific Plan which was approved by the County, the County and Newhall and its successors in interest to fee title to the Newhall Ranch land were and are obligated as follows:

**"A. Agricultural Water Supply.**

2(b) To monitor ground water use. Newhall, or its assignee shall provide the County with annual report indicating the amount of ground water used in Los Angeles County and the specific land on which that ground water was historically used for irrigation. After submitting the report to the County, Newhall or its designee will promptly provide the Appellants with a copy of such report provided that the Appellants make a written request to Newhall for a copy of such report."

and

**"d. Ongoing Documentation**

Beginning with filing of first subdivision map allowing construction on the Specific Plan site and with the filing of each subsequent subdivison map allowing construction Newhall or its designee shall provide documentation to the County of Los Angeles and Appellants identifying the specific portions of irrigated farm land in the County proposed to be retired from irrigated production to make agricultural water available to serve the subdivision. This document shall include the location of the irrigated agricultural fields to be retired and the types of planted crops on such land for the baseline 5 year period 1996-2000. As a condition of subdivision approval, Newhall or its designee shall provide proof to the County that the agricultural land has been retired prior to issuance of building permits for the subdivision. A copy of the information provided to the County shall also be provided to Appellants."

During the course of monitoring Newhall's tentative tract map filings with the County of Los Angeles for the first village in Newhall Ranch, called "Landmark", SCOPE made inspections of the County's files looking for the annual reports in compliance with Paragraph A.2(b) an (d) of that 2004 Settlement Agreement. No annual reports as described in the two paragraphs above for 2004, 2005, 2006, 2007 or 2008 were found in the County's files.

As a result, on November 14, 2008, SCOPE directly communicated with Newhall by addressing a claim to Newhall's Bankruptcy Court appointed claims agent, Kurtzman Carson, specifically advising that the reports required by the Settlement Agreement had not been delivered to the County or to SCOPE. In its claim (#925) SCOPE indicated that Newhall's breach of the Settlement Agreement could be cured by SCOPE expending significant sums (e.g. $1 Million over a 10 year period) to hire a state licensed hydrologist/geologist to do the ground water usage monitoring and reporting that the Settlement Agreement required. Obviously, if such annual reports then existed, in November 2008, under the terms of the Settlement Agreement Newhall would and should have sent them to SCOPE. Instead, Newhall was silent and unresponsive to SCOPE.

Since November 2008, SCOPE has reviewed additional California Environmental Quality Act ("CEQA") related documentation filed by Newhall with the County, concerning the Newhall Ranch project, but those annual reports required by the Settlement Agreement, as described

above, were not in the County's files.

Just this month, the County planning staff employee whose salary, to our understanding, is paid to Los Angeles County through an additional fee paid by Newhall, provided a copy of "Exhibit B" to SCOPE showing a document purportedly dated April 9, 2009. The County employee stated it had been sent to the County by Newhall.. That document, Exhibit "B", is a letter and attachment which showed historical use of water by crop type. But Exhibit "B" did not comply with the express terms of the Settlement Agreement because it did not tie ground water usage to particular geographic locations on the Newhall Ranch land in Los Angeles County "indicating the amount of ground water used in Los Angeles County and the specific land on which that ground water was historically used for irrigation".

The County planning staff employee assigned to the Newhall Ranch file stated that he had no knowledge of the delivery of any other annual reports to the County.

As a result, Newhall's filing of LandSource Bankruptcy Court Docket Document 1905, claiming that Newhall has complied with the Settlement Agreement by filing with the County the documentation required by the Settlement Agreement is false. The fact that Newhall's defacto Chief Financial Officer, Donald Kimball, signed a declaration attached to Document 1905, under penalty of perjury, attesting to the truthfulness of the content of Document 1905's charts is shocking. Frankly, we are astounded that Newhall employees, attorneys or agents prepared such an inaccurate and false document for Mr. Kimball to sign for LandSource's benefit.

The purpose of this letter is to again bring to Newhall Land's attention that it is not in compliance with the terms of the Settlement Agreement, and to again ask for copies of the ground water well annual reports for 2004, 2005, 2006, 2007 and 2008 with the specific geographical information required by the Settlement Agreement:

**"A. Agricultural Water Supply**.

2(b) To monitor ground water use Newhall or its assignee shall provide the County with annual report indicating the amount of ground water used in Los Angeles County and the specific land on which that ground water was historically used for irrigation. After submitting the report to the County, Newhall or its designee will promptly provide the Appellants with a copy of such report provided that the Appellants make a written request to Newhall for a copy of such report."

and

**"d. Ongoing Documentation**

**Beginning with filing of first subdivision map allowing construction on the Specific Plan site and with the filing of each subsequent subdivison map allowing construction Newhall or its designee shall provide documentation to the County of Los Angeles and Appellants identifying the specific portions of irrigated farm land in the County proposed to be retired from irrigated production to make agricultural water available to serve the subdivision. This document shall include the location of the irrigated agricultural fields to be retired and the types of planted crops on such land for the baseline 5 year period 1996-2000. As a**

condition of subdivision approval. Newhall or its designee shall provide proof to the County that the agricultural land has been retired prior to issuance of building permits for the subdivision. A copy of the information provided to the County shall also be provided to Appellants."

*Again*, the document provided to SCOPE by the County, Exhibit "B" to this letter, does not comply with the quoted bold text provision of the Settlement Agreement.

The documentation described in the bold text from Paragraph D in the Settlement Agreement has not been provided to Appellants, even though Newhall has filed numerous tentative tract maps and related applications with the County's planning department, requesting approval after appropriate processing under CEQA and the California Subdivision Map Act. As you know, the County has not completed processing or approving those tentative tract maps. Again, as of late last week, SCOPE met with the County's planning employee, and he was unable to provide SCOPE with the original or a copy of documentation received by the County, as set forth in the settlement text in bold in the paragraph immediately above.

We have reviewed both the EIR/EIS prepared by Newhall in connection with its permit application to California Fish & Game Department, and CEQA related documents associated with those already filed subdivision map applications, and the information required by the bold text in Paragraph D of the Settlement Agreement quoted above is not there either.

As a result of Newhall's noncompliance with that portion of Paragraph D of the Settlement Agreement, Newhall's filing of LandSource Bankruptcy Court Docket Document 1905, claiming that Newhall has complied with the Settlement Agreement by filing documentation with the County is false and fraudulent, because Newhall has an independent obligation to provide that documentation directly to SCOPE, and because it appears that documentation has not been filed with the County in connection with the first subdivision maps either. We regret that Newhall's defacto Chief Financial Officer, Donald Kimball, signed a declaration attached to Document 1905, under penalty of perjury, attesting to the truthfulness of the content of Document 1905's charts that appears to be a false statement on his part.

As we are sure LandSource's bankruptcy counsel have made you aware, under the Tenth and Eleventh Amendments to the U.S. Constitution, and under 28 U.S.C. 959(b) and 11 U.S.C. 362(b)(4), Newhall as a debtor in bankruptcy has the obligation to comply with, and the Bankruptcy Court has no power to interfere, for the benefit of LandSource, New LandSource, Newhall or their creditors or successors in title to Newhall Ranch, with past, present or future legislative or administrative exercises of regulatory and police powers by the State of California or the County of Los Angeles as an agency of the State, such as CEQA and the Subdivision Map Act, or by California courts in enforcing those and similar State regulatory and police powers laws. For your reference, a copy of the relevant constitutional and federal code sections are attached to this letter as Exhibit "C".

As a result, whether or not, in the bankruptcy proceeding, Newhall or New LandSource reject SCOPE's claim for money damages to hire a hydrologist/geologist to cure Newhall's breach of the Settlement Agreement, the County of Los Angeles and the ultimate owner of Newhall Ranch are still bound to comply with California regulatory police powers laws, such as CEQA and the Subdivision Map Act. Regardless of any action by the Bankruptcy Court, California courts still

have the authority to compel the County to comply with the Settlement Agreement by requiring the reports and documentation discussed above as a condition precedent to the County's exercise of the State's regulatory and police powers to approve future entitlements for Newhall Ranch. SCOPE fully intends to exercise its rights to enforce CEQA, the Subdivision Map Act, and all other California land use, endangered species, water and environmental laws with respect to past and future entitlement processing for Newhall Ranch.

SCOPE would be more than happy to resolve its Bankruptcy Court claim against debtor Newhall, for breach of the Settlement Agreement, if (a) the documentation strictly complying with the Settlement Agreement, in the manner expressly described above, is provided to SCOPE before July 2, 2009, and (b) Newhall, LandSource and New LandSource expressly assume Newhall's obligations under the Settlement Agreement as part of an amendment to Bankruptcy Court Document 1905. Should Newhall, LandSource and New LandSource fail to do so, SCOPE will pursue its remedies against the County, through appropriate California administrative and judicial proceedings against the County to enforce CEQA and the Settlement Agreement, since it was the County, and not Newhall, which actually violated CEQA during the processing of the Newhall Ranch Specific Plan.

Please direct any further correspondence concerning the Settlement Agreement, Newhall's compliance with it, or SCOPE's claim for breach thereof directly to our office at the address set forth on this letter. Again, SCOPE stands by its previous commitment to comply with the express terms of the Settlement Agreement, if debtor Newhall and its successors in interest do the same both before and after any Bankruptcy Court approval of a Chapter 11 Plan for LandSource.

Sincerely,

David Lutness

David Lutness
Secretary
Santa Clarita Organization for Planning the Environment
a California non-profit, public benefit corporation

cc:
Robert E. Kalunian, Esq.
Acting County Counsel
Los Angeles County
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012

Bruce Zirinsky, Esq. (Counsel for Plan Proponent)
Greenberg Traurig
200 Park Avenue
New York, New York 10166

Edwin Harron, Esq. (Counsel for Plan Proponent)
Young Conaway et al.
P.O. Box 391
Wilmington, DE 19899-0391

Debra Dandeneau, Esq. (Counsel for Debtors Newhall & LandSource)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Mark D. Collins, Esq. (Counsel for Debtors Newhall & LandSource)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North Kings Street
Wilmington, DE 19801

ORIGINAL

IN THE

# Court of Appeal of the State of California

*Exhibit A*

IN AND FOR THE

# Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

APR - 1 2004

KAY FRAUENHOLTZ
CLERK/ADMINISTRATOR

By _____
                        Deputy

SIERRA CLUB et al.,
    Plaintiffs and Appellants,
v.
COUNTY OF LOS ANGELES et al.,
    Defendants and Respondents,
THE NEWHALL LAND & FARMING COMPANY et al.,
    Real Parties in Interest and Respondents.
F044638
Kern County No. 239324

BY THE COURT:

    Pursuant to written stipulation of the parties hereto, IT IS HEREBY ORDERED that the appeal in the above-entitled cause is dismissed.

    X   1. Each party to bear his or her own costs.
    X   2. The remittitur shall issue forthwith.
    ____ 3. None of the above.

_____
Presiding Justice

ORIGINAL

5TH CIVIL NO. F044638

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| United Water Conservation District, | ) |
| Petitioner, | ) |
| v. | ) |
| County of Los Angeles, *et al.*, | ) |
| Respondents. | ) |
| The Newhall Land and Farming Company, *et al.*, | ) |
| Real Parties in Interest. | ) |
| And Related Cases. | ) |

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
F I L E D

APR - 1 2004

KAY FRAUENHOLTZ
CLERK/ADMINISTRATOR

By_____ Deputy

Appeal From The Judgment of The Kern County Superior Court
The Honorable Roger D. Randall, Presiding
(Kern County Superior Court No. 239324-RDR
[Consolidated with Case Nos. 239325, 239326 and 239327-RDR])

## NOTICE OF SETTLEMENT AND DISMISSAL OF APPEAL

Lloyd W. Pellman, County Counsel
Peter J. Gutierrez, Sr. Deputy County Counsel
652 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2713
Telephone: (213) 974-1857
Fax: (213) 617-7182
Attorneys for Respondents, the County of Los
Angeles and its Board of Supervisors

Mark J. Dillon (State Bar No. 108329)
Michael S. Haberkorn (State Bar No. 159266)
Heather S. Riley (State Bar No. 214482)
Gatzke Dillon & Ballance LLP
1921 Palomar Oaks Way, Suite 200
Carlsbad, California 92008
Telephone: (760) 431-9501
Fax: (760) 431-9512
Attorneys for Real Parties in Interest/Respondents,
The Newhall Land and Farming Company, *et al.*

John T. Buse
Environmental Defense Center
2021 Sperry Avenue, Suite 18
Ventura, CA 93003
Telephone: (805) 677-2570
Fax: (805) 677-2577

Jan Chatten-Brown
Chatten-Brown and Associates
3250 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405
Telephone: (310) 314-8040
Fax: (310) 314-8050

Attorneys for Petitioners/Plaintiffs, Sierra Club,
Friends of the Santa Clara River, and Santa Clarita
Organization for Planning the Environment

# NOTICE OF SETTLEMENT
## (APPELLATE COURT CASE NO. F044638)

The parties to this settlement ("the Parties"), as defined below, through their respective counsel, have agreed as follows:

## I. THE PARTIES AND PURPOSE

### A. THE PARTIES/EFFECTIVE DATE

1.    The Sierra Club, Friends of the Santa Clara River and Santa Clarita Organization for Planning the Environment ("Appellants") are represented by John T. Buse of the Environmental Defense Center and Jan Chatten-Brown of Chatten-Brown and Associates in the Newhall Ranch litigation and this appeal (*United Water Conservation District v. County of Los Angeles, et al.*, Case No. 239324-RDR [Consolidated with Case Nos. 239325, 239326 and 239327-RDR], 5th Civil No. F044638) ("Newhall Ranch Litigation").

2.    The Appellants filed the "Notice Of Appeal From Order Granting Motion To Discharge Peremptory Writ Of Mandate" ("Notice of Appeal") on December 19, 2003 in connection with the Newhall Ranch Litigation. The Judgment appealed from disposed of all claims and causes of action between the Parties.

3.    The County of Los Angeles and its Board of Supervisors ("the County") are represented in the Newhall Ranch Litigation by Lloyd W. Pellman, County Counsel, and Peter J. Gutierrez, Senior Deputy County Counsel. The County is not a party to this settlement, because there are no settlement provisions that require any action to be taken by the County to implement the settlement. Nonetheless, the County will benefit by this settlement due to the dismissal of this appeal, as discussed below. In addition, the counsel for the County has reviewed this Notice, and has no objection to the settlement.

4.    The Newhall Land and Farming Company, a California limited partnership, Valencia Corporation, the Newhall Ranch Company, Newhall Management Limited Partnership and The Newhall Land and Farming Company, a California

corporation ("Newhall") are represented in the Newhall Ranch Litigation by Mark J. Dillon and Michael S. Haberkorn of Gatzke Dillon & Ballance LLP.

5. The effective date of this settlement will be March 29, 2004 ("Effective Date").

### B. PURPOSE

1. The purpose of this settlement is to set forth the Parties' agreement, which shall result in the final settlement of the Newhall Ranch Litigation (*United Water Conservation District v. County of Los Angeles, et al.*, Case No. 239324-RDR [Consolidated with Case Nos. 239325, 239326 and 239327-RDR] 5th Civil No. F044638), the effect of which will be a complete dismissal, with prejudice, of the appeal, pursuant to Rule 20 of the California Rules of Court.

2. This settlement is a compromise of disputed claims, and neither this settlement nor any term thereof shall be construed as any type of admission on the part of any party to this settlement.

## II. TERMS OF SETTLEMENT/DISMISSAL

### A. AGRICULTURAL WATER SUPPLY

1. As stated in the Revised Additional Analysis (Volume VIII; May 2003), the actual amount of groundwater pumped from the basin to irrigate Newhall's agricultural lands is calculated by utilizing Southern California Edison ("SCE") pump test data.

For pumps powered by electricity, SCE pump tests are used to calculate the actual amount of water pumped from the basin. The actual water pumping is calculated by multiplying the total kilowatt-hours (kwh) of energy used per well per year, by the kilowatt-hours per acre foot (kwh/AF), which is derived from the annual pump tests performed by SCE, Hydrologic Services Division. These pump tests are performed by SCE on an annual basis, which is customary in the agricultural industry. Newhall also requests that SCE perform these well pump tests for purposes of monitoring well efficiency and energy costs.

For pumps powered by diesel and natural gas, the actual water pumping is calculated by multiplying the actual running hours from engine hour meters by the acre-

feet pumped per hour. The acre-feet pumped per hour is determined by the gallons per minute that each unit is designed to pump.

The total water pumped from all Newhall agricultural wells, utilizing the SCE and other data, is summarized in Exhibit 1 to the letter report, dated March 7, 2003, from Underhill Engineering, Inc. The Underhill report, which was contained in **Appendix AB** in the Newhall Ranch Final Additional Analysis (Volume IV; March 2003) included Los Angeles County agricultural water use data over a five-year period (1996-2000). In addition, actual results of pump tests from SCE were included as **Appendix AQ** in the Newhall Ranch Final Additional Analysis (Volume VII; May 2003). At page 2.5-136 - 2.5-139, the Revised Additional Analysis (Volume VIII; May 2003) was revised to clarify the above information. In addition, at page 2.5-140, the Revised Additional Analysis included revised **Table 2.5-32**, which depicted Newhall's water use for its agricultural lands in Los Angeles County.

As shown on revised **Table 2.5-32**, using the actual SCE pump test data, a five-year annual average of 7,246 acre-feet of water per year was pumped by Newhall and utilized for irrigation of its crops in Los Angeles County. In addition, the County and Newhall used adjusted data from the California Irrigation Management Information System ("CIMIS"), which is provided by the University of California. The adjusted CIMIS data was used as a "cross check" to corroborate Newhall's allocation of the total amount of water actually pumped, as calculated from the SCE pump test and other data. Using the adjusted CIMIS data to compare to actual pumpage, a total of 7,038 acre-feet of water per year was determined to be the average amount of water used on Newhall's agricultural lands in Los Angeles County from 1996-2000. The revised Additional Analysis used the lower (and more conservative) of the two methods to determine the actual amount of groundwater pumped and delivered to Newhall's agricultural lands in Los Angeles County (*i.e.*, 7,038 AFY).

2.    Newhall shall do the following:

(a)    **Groundwater Use/Limitations.**    Groundwater historically and presently used for crop irrigation on the Newhall Ranch Specific Plan

3

site and elsewhere in Los Angeles County shall be made available by Newhall, or its assignee, to partially meet the potable water demands of the Newhall Ranch Specific Plan. The amount of groundwater pumped for this purpose shall not exceed 7,038 AFY. Newhall represents that this is the amount of groundwater pumped historically and presently by Newhall in Los Angeles County to support its agricultural operations, and that pumping this amount will not result in a net increase in groundwater use in the Santa Clarita Valley.

(b) **Reporting.** To monitor groundwater use, Newhall, or its assignee, shall provide the County an annual report indicating the amount of groundwater used in Los Angeles County and the specific land upon which that groundwater was historically used for irrigation. After submitting the annual report to the County, Newhall, or its designee, will promptly provide the Appellants with a copy of such report, provided that the Appellants make a written request to Newhall for a copy of such report.

(c) **Verification.** For agricultural land located off the Newhall Ranch Specific Plan site in Los Angeles County, at the time agricultural groundwater is transferred from agricultural uses on that land to Specific Plan uses, Newhall, or its assignee, shall provide a verified statement to the County's Department of Regional Planning and Appellants that Alluvial aquifer water rights on that land will now be used to meet Specific Plan demand.

(d) **On-Going Documentation.** Beginning with the filing of the first subdivision map allowing construction on the Specific Plan site and with the filing of each subsequent subdivision map allowing construction, Newhall, or its designee, shall provide documentation to the County of Los Angeles and Appellants identifying the specific portion(s) of irrigated farmland in the County proposed to be retired from irrigated production to make agricultural water available to serve the subdivision. This documentation shall include the location of the irrigated agricultural fields to be retired and the types of planted crops on such land for the baseline five-year period 1996-2000. As a condition of subdivision approval, Newhall, or its designee, shall provide proof to the County that the agricultural land has been retired prior to issuance of building permits for the subdivision. A copy of the information provided to the County shall also be provided to Appellants.

## B. AGRICULTURAL WATER QUALITY

1.   The Newhall Ranch Final Additional Analysis (Volume IV; March 2003) included water quality data from one of Newhall's existing agricultural wells, along with a map depicting its location ("C-Well"). The water quality testing data was considered representative of Newhall's other existing agricultural wells. Additional agricultural water quality data was presented in the *2001 Update Report, Hydrogeologic Conditions in the Alluvial and Saugus Formation Aquifer Systems*, July 2002, prepared by Richard C. Slade & Associates. The *2001 Update Report* was included as **Appendix 2.5(l)** to the Newhall Ranch Revised Draft Additional Analysis (Volume II; November 2002).

In addition, in response to public comments, Newhall provided water quality sampling from six additional Newhall agricultural-supply wells. The data was taken from sampling that occurred in 2000 and 2001. The additional water quality data was included in the Newhall Ranch Additional Administrative Record (AAR 107:116214-276). The data was consistent with the prior sampling data from the C-Well location.

2.   Newhall shall do the following:

(a)   **ASR Program.** The Saugus Groundwater Banking/ASR program injection water must meet the water quality requirements of the State Regional Water Quality Control Board, Los Angeles Region. The water extracted for use on the Specific Plan site shall meet the Title 22 drinking water standards of the State Department of Health Services.

(b)   **Title 22 Standards.** The agricultural groundwater used to meet the needs of the Specific Plan shall meet the drinking water quality standards required under Title 22 prior to use. As part of the CEQA review for the first tract map of Newhall Ranch, Newhall shall provide data showing that the agricultural groundwater will meet the Title 22 standards and describe the treatment measures, if any, necessary to meet these standards.

## C. FEES/COSTS

1.   Newhall shall pay Appellants' counsel a lump sum in the total amount of $43,000.00, provided that this notice of settlement and a separate notice of abandonment of this appeal is filed and served with the appropriate courts, which results in the

dismissal of the pending appeal in the Newhall Ranch Litigation, consistent with Rule 20 of the California Rules of Court, within three court days from the Effective Date of this settlement.

2. Newhall's payment to Appellants' counsel shall be made within thirty days of the court's Order dismissing the pending appeal.

3. The County shall not be responsible for the payment of any fees or costs of any kind whatsoever arising from this settlement.

### D. DISMISSAL

1. Pursuant to California Rules of Court, Rule 20, the Appellants request that this Court (5th Civil No. F044638) enter the Order, below, dismissing the appeal and the entire action with prejudice. Remittitur to be issued forthwith.

### E. OTHER PROVISIONS

1. The execution of this settlement shall not be construed by any party as an admission of liability or an admission as to the truth or falsity of any claim, allegation, defense or fact, which is the subject of this settlement.

2. This settlement shall have no force or effect unless and until the court issues an order dismissing the pending appeal in the Newhall Ranch Litigation.

3. All Parties to this settlement represent and warrant that they are the owner of the claims which are the subject of this settlement, and that such claims have not been assigned or transferred to any person or entity, whether voluntarily or involuntarily, by operation of law or otherwise. This representation and warranty shall survive execution and performance of this settlement.

4. All Parties further warrant and represent that the individual executing this settlement on behalf of each party has full authority to bind the party to the terms and conditions of the settlement. The governing bodies, boards of directors or officers of the Parties to this settlement have approved the terms set forth in this settlement, to the extent such approval is required by the rules, regulations, articles of incorporation, by-laws and any other governing documents of any party to the settlement.

5.     This settlement shall be construed and enforced in accordance with the laws of the State of California. The Kern County Superior Court shall be the appropriate venue for the resolution of any disputes arising from this settlement.

6.     Except as provided in this settlement, the Parties shall bear their own attorneys' fees and costs in connection with the entire Newhall Ranch Litigation.

7.     This settlement may be executed by facsimile signatures and in multiple counterparts, each of which shall be deemed to constitute an original, and all of which taken together shall constitute one in the same document. This settlement shall be effective on the Effective Date shown above.

Environmental Defense Center

March 30, 2004          By: _____
                                John T. Buse

Chatten-Brown and Associates

March ___, 2004          By: _____
                                Jan Chatten-Brown

**Attorneys for Appellants, Sierra Club, Friends of the Santa Clara River and Santa Clarita Organization for Planning the Environment**

Gatzke Dillon & Ballance LLP

March ___, 2004          By: _____
                                Mark J. Dillon

**Attorneys for Real Parties in Interest, The Newhall Land and Farming Company,** *et al.*

7

5.    This settlement shall be construed and enforced in accordance with the laws of the State of California. The Kern County Superior Court shall be the appropriate venue for the resolution of any disputes arising from this settlement.

6.    Except as provided in this settlement, the Parties shall bear their own attorneys' fees and costs in connection with the entire Newhall Ranch Litigation.

7.    This settlement may be executed by facsimile signatures and in multiple counterparts, each of which shall be deemed to constitute an original, and all of which taken together shall constitute one in the same document. This settlement shall be effective on the Effective Date shown above.

Environmental Defense Center

March ___, 2004                    By:_____
                                        John T. Buse

Chatten-Brown and Associates

March 30, 2004                     By:_____
                                        Jan Chatten-Brown

Attorneys for Appellants, Sierra Club, Friends of the Santa Clara River and Santa Clarita Organization for Planning the Environment

Gatzke Dillon & Ballance LLP

March ___, 2004                    By:_____
                                        Mark J. Dillon

Attorneys for Real Parties in Interest, The Newhall Land and Farming Company, *et al.*

5. This settlement shall be construed and enforced in accordance with the laws of the State of California. The Kern County Superior Court shall be the appropriate venue for the resolution of any disputes arising from this settlement.

6. Except as provided in this settlement, the Parties shall bear their own attorneys' fees and costs in connection with the entire Newhall Ranch Litigation.

7. This settlement may be executed by facsimile signatures and in multiple counterparts, each of which shall be deemed to constitute an original, and all of which taken together shall constitute one in the same document. This settlement shall be effective on the Effective Date shown above.

Environmental Defense Center

March ___, 2004                By:_____
                                           John T. Buse


Chatten-Brown and Associates

March ___, 2004                By:_____
                                           Jan Chatten-Brown

Attorneys for Appellants, Sierra Club, Friends of the Santa Clara River and Santa Clarita Organization for Planning the Environment


Gatzke Dillon & Ballance LLP

March 30, 2004                 By:_____
                                           Mark J. Dillon

Attorneys for Real Parties in Interest, The Newhall Land and Farming Company, *et al.*

# ORDER

THE COURT:

Pursuant to the above Notice of Settlement, the appeal in this action (5th Civil No. F044638) is dismissed, with prejudice, and without appeal costs to any party. Remittitur to issue forthwith.

_____, 2004

_____
Associate Justice

ATTORNEYS:

Mark J. Dillon (State Bar No. 108329)
Michael S. Haberkorn (State Bar No. 159266)
Heather S. Riley (State Bar No. 214482)
Gatzke Dillon & Ballance LLP
1921 Palomar Oaks Way, Suite 200
Carlsbad, California 92008
Telephone: (760) 431-9501
Facsimile: (760) 431-9512

Civil No. F 044638
**(Superior Court No. 239324-RDR)**

## DECLARATION OF SERVICE BY OVERNIGHT MAIL
### (C.C.P. Sections 1013a and 2015.5)

I am a resident of the County of San Diego; I am over the age of 18 years and not a party to the within entitled action; my business address: 1921 Palomar Oaks Way, Suite 200, Carlsbad, California 92008.

On March 30, 2004, I served the attached documents: **NOTICE OF SETTLEMENT AND DISMISSAL OF APPEAL** by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

### SEE ATTACHED SERVICE LIST

Service of the attached document was accomplished in the following manner: I placed such envelope(s) addressed as shown on the attached service list for collection and delivery by Golden State Overnight with delivery fees paid or provided for in accordance with this office's practice. I am readily familiar with this office's practice for processing correspondence for delivery the following day by Golden State Overnight.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 30, 2004, at Carlsbad, California.

Tina Zanipa

1

# ATTACHMENT TO DECLARATION OF SERVICE BY OVERNIGHT MAIL

**Civil No. F 44638**
**(Superior Court No. 239324 - RDR)**

Lloyd W. Pellman, County Counsel
Peter J. Gutierrez, Sr. Deputy County Counsel
652 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2713
Telephone: (213) 974-1857
Fax: (213) 617-7182

Attorneys for Respondents, the County of Los
Angeles and its Board of Supervisors

John T. Buse
Environmental Defense Center
2021 Sperry Avenue, Suite 18
Ventura, CA 93003

Attorneys for Petitioners/Plaintiffs, Sierra
Club, Friends of the Santa Clara River, and
Santa Clarita Organization for Planning the
Environment

# ATTACHMENT TO DECLARATION OF SERVICE BY OVERNIGHT MAIL

Civil No. F 44638
(Superior Court No. 239324 - RDR)

Lloyd W. Pellman, County Counsel
Peter J. Gutierrez, Sr. Deputy County Counsel
652 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, CA 90012-2713
Telephone: (213) 974-1857
Fax: (213) 617-7182

Attorneys for Respondents, the County of Los
Angeles and its Board of Supervisors

John T. Buse
Environmental Defense Center
2021 Sperry Avenue, Suite 18
Ventura, CA 93003
Telephone: (805) 677-2570
Fax: (805) 677-2577

Attorneys for Petitioners/Plaintiffs, Sierra
Club, Friends of the Santa Clara River, and
Santa Clarita Organization for Planning the
Environment

Jan Chatten-Brown
Chatten-Brown and Associates
3250 Ocean Park Boulevard, Suite 300
Santa Monica, California 90405
Telephone: (310) 314-8040
Fax: (310) 314-8050

Attorneys for Petitioners/Plaintiffs, Sierra
Club, Friends of the Santa Clara River, and
Santa Clarita Organization for Planning the
Environment

The Honorable Roger D. Randall
Department 6
Kern County Superior Court
1415 Truxtun Avenue
Bakersfield, California 93301-5216

*Exhibit B*

# NEWHALL⬤LAND

A LENNAR/LNR COMPANY

April 7, 2009
Sam Dea
Supervising Regional Planner
Los Angeles County Department of Regional Planning

Dear Mr. Dea

This correspondence and attachments are provided in compliance with the Newhall Ranch Specific Plan Final EIR Mitigation Measure 4.11-15 (below) to provide an annual report indicating the amount of groundwater used in Los Angeles County for irrigation.

4.11-15. Groundwater historically and presently used for crop irrigation on the Newhall Ranch Specific Plan site and elsewhere in Los Angeles County shall be made available by the Newhall Land and Farming Company, or its assignee, to partially meet the potable water demands of the Newhall Ranch Specific Plan. The amount of groundwater pumped for this purpose shall not exceed 7,038 AFY. This is the amount of groundwater pumped historically and presently by the Newhall Land and Farming Company in Los Angeles County to support its agricultural operations. Pumping this amount will not result in a net increase in groundwater use in the Santa Clarita Valley. To monitor groundwater use, the Newhall Land and Farming Company, or its assignee, shall provide the County an annual report indicating the amount of groundwater used in Los Angeles County and the specific land upon which that groundwater was historically used for irrigation. For agricultural land located off the Newhall Ranch Specific Plan site in Los Angeles County, at the time agricultural groundwater is transferred from agricultural uses on that land to Specific Plan uses, The Newhall Land and Farming Company, or its assignee, shall provide a verified statement to the County's Department of Regional Planning that Alluvial aquifer water rights on that land will now be used to meet Specific Plan demand. (emphasis added)

The information provided in the attached chart depicts the amount of irrigation water historically and currently used on Newhall's Los Angeles County farm fields for crop seasons 2001-2008, using the same methodology from the FEIR. Revised Table 2.5-32 from the FEIR is also attached showing the original information for the years 1996 – 2000 that served as the baseline for determining the estimated annual average usage of 7,038 acre feet. A map is also attached showing the specific land in Los Angeles County upon which the groundwater has historically been used.

Newhall's annual water use varies based upon the amount of irrigated acres, the type of irrigated crops and their water demand as determined by California Irrigation Management Information System.

If you have any questions regarding this letter or the attached exhibits please contact me at (661) 255-4449.

Newhall Land

Alex Herrell
Director, Community Development

THE NEWHALL LAND AND FARMING COMPANY
23823 VALENCIA BOULEVARD, VALENCIA, CALIFORNIA 91355-2194 • PHONE 661.255.4000 FAX 661.255.3960 WWW.NEWHALL.COM

**Revised Table 2.5-32**
**Los Angeles County Agricultural Water Use**
**Using Adjusted CIMIS ET Data to Allocate Actual Water Pumped**

| Year / Crop Type | Total Irrigated Acreage (ac) | Adjusted CIMIS Water use (af/yr/ac) | Adjusted CIMIS Water use by Crop (af/yr) | Total % by Crop | Total Water Pumped on SCE Meters (af/yr) | Allocation of Total Pumped Water (af/yr) | Acre feet/acre | LA Co. Crop Irrigated Crops (ac) | LA Co. Crop Share of Actual Pumped Water (af/yr) | LA Co. Crop Share Using CIMIS (af/yr) |
|---|---|---|---|---|---|---|---|---|---|---|
| **2000** | | | | | 13,798 | | | | | |
| Citrus (furrow) | 291 | 6.05 | 1,761 | 12.85% | | 1,704 | 5.86 | | | |
| Citrus (micro) | 811 | 4.54 | 3,682 | 25.83% | | 3,565 | 4.40 | | | |
| Alfalfa (flood) | 55 | 10.37 | 570 | 4.00% | | 552 | 10.04 | 55 | 552 | 570 |
| Sudan/pasture (flood) | 150 | 10.37 | 1,556 | 10.91% | | 1,506 | 10.04 | 150 | 1,506 | 1,556 |
| Ixd. Vegetables (sprinkler) | 902 | 7.41 | 6,684 | 46.90% | | 6,471 | 7.17 | 722 | 5,180 | 5,350 |
| | | | | 100.00% | | 13,798 | | 927 | 7,238 | 7,476 |
| **1999** | | | | | 16,131 | | | | | |
| Citrus (furrow) | 291 | 6.13 | 1,784 | 12.56% | | 2,025 | 6.96 | | | |
| Citrus (micro) | 781 | 4.6 | 3,593 | 25.29% | | 4,079 | 5.22 | | | |
| Alfalfa (flood) | 55 | 10.51 | 578 | 4.07% | | 656 | 11.93 | 55 | 656 | 578 |
| Sudan/pasture (flood) | 150 | 10.51 | 1,577 | 11.10% | | 1,790 | 11.93 | 150 | 1,790 | 1,577 |
| Ixd. Vegetables (sprinkler) | 889 | 7.51 | 6,676 | 46.99% | | 7,580 | 8.53 | 709 | 6,046 | 5,325 |
| | | | | 100.00% | | 16,131 | | 914 | 8,492 | 7,479 |
| **1998** | | | | | 11,477 | | | | | |
| Citrus (furrow) | 291 | 5.48 | 1,595 | 13.47% | | 1,546 | 5.31 | | | |
| Citrus (micro) | 743 | 4.11 | 3,054 | 25.80% | | 2,961 | 3.99 | | | |
| Alfalfa (flood) | 115 | 9.4 | 1,081 | 9.13% | | 1,048 | 9.11 | 115 | 1,048 | 1,081 |
| Sudan/pasture (flood) | 100 | 9.4 | 940 | 7.94% | | 911 | 9.11 | 100 | 911 | 940 |
| Ixd. Vegetables (sprinkler) | 770 | 6.71 | 5,167 | 43.65% | | 5,010 | 6.51 | 590 | 3,839 | 3,959 |
| | | | | 100.00% | | 11,477 | | 805 | 5,798 | 5,980 |
| **1997** | | | | | 14,862 | | | | | |
| Citrus (furrow) | 291 | 5.96 | 1,734 | 12.12% | | 1,801 | 6.19 | | | |
| Citrus (micro) | 803 | 4.47 | 3,589 | 25.08% | | 3,727 | 4.64 | | | |
| Walnuts (micro) | 33 | 4.47 | 148 | 1.03% | | 153 | 4.64 | | | |
| Alfalfa (flood) | 160 | 10.22 | 1,635 | 11.42% | | 1,698 | 10.61 | 160 | 1,698 | 1,635 |
| Sudan/pasture (flood) | 103 | 10.22 | 1,053 | 7.35% | | 1,093 | 10.61 | 103 | 1,093 | 1,053 |
| Ixd. Vegetables (sprinkler) | 843 | 7.3 | 6,154 | 43.00% | | 6,390 | 7.58 | 663 | 5,026 | 4,860 |
| | | | | 100.00% | | 14,862 | | 926 | 7,816 | 7,528 |
| **1996** | | | | | 13,702 | | | | | |
| Citrus (furrow) | 291 | 5.96 | 1,734 | 12.84% | | 1,760 | 6.05 | | | |
| Citrus (micro) | 801 | 4.47 | 3,580 | 26.51% | | 3,633 | 4.54 | | | |
| Walnuts (micro) | 33 | 4.47 | 148 | 1.09% | | 150 | 4.54 | | | |
| Alfalfa (flood) | 105 | 10.21 | 1,072 | 7.94% | | 1,088 | 10.36 | 105 | 1,088 | 1,072 |
| Sudan/pasture (flood) | 170 | 10.21 | 1,736 | 12.85% | | 1,761 | 10.36 | 170 | 1,761 | 1,736 |
| Ixd. Vegetables (sprinkler) | 717 | 7.3 | 5,234 | 38.76% | | 5,311 | 7.41 | 537 | 3,978 | 3,920 |
| | | | | 100.00% | | 13,702 | | 812 | 6,826 | 6,728 |
| **Average** | | | | | 13,994 | 13,994 | | 877 | 7,234 | 7,038 |

CIMIS = California Irrigation Management Information System. Does not include dryland farming or Christmas tree use.
af = acre-feet; ac = acres; yr = year.

Newhall Ranch Specific Plan and Water Reclamation Plant
REVISED Additional Analysis May 2003

**Los Angeles County Agriculture Water Use**
Using Adjusted CIMIS ET Data to Allocate Actual Water Pumped

| Year / Crop Type | Total Acres Harvested | Total Adjustment ET Data (inches) | Adjusted Cimis ET | % Water Used | Adjusted Water Pumped (acre feet) | Total Adjusted Actual Water Use by Crop (acre feet) | Avg Per Acre | HI Co Derived Total Acres | LA Co Crop Share derived Total acre feet | LA Co Crop Share derived DWR |
|---|---|---|---|---|---|---|---|---|---|---|
| **2008** | | | | | 10,633 | | | | | |
| Citrus | 273 | 4.63 | 1264 | 10.31% | | 1,096 | 4.51 | 82 | 544 | 67 |
| Alfalfa | 42 | 7.57 | 621 | 5.06% | | 538 | 6.50 | | | |
| Irrigated Hay | 28 | 7.57 | 212 | 1.73% | | 184 | 6.56 | | | |
| Irrigated Pasture | 231 | 8.83 | 2040 | 16.63% | | 1,769 | 7.66 | | | |
| Vegetables | 625 | 7.57 | 6245 | 50.93% | | 5,416 | 8.56 | 231 | 1,759 | 2,640 |
| Sod | 168 | 7.27 | 1221 | 9.96% | | 1,059 | 6.30 | 142 | 537 | 575 |
| Nursery | 199 | 3.31 | 659 | 5.37% | | 571 | 2.87 | 168 | 1,058 | 1,221 |
| | | | | 100.00% | | 10,633 | | 623 | 4,298 | 4,957 |
| **2007** | | | | | 11,781 | | | | | |
| Citrus | 278 | 4.45 | 1237 | 8.88% | | 1,046 | 3.76 | | | |
| Alfalfa | 205 | 7.27 | 1490 | 10.70% | | 1,261 | 6.15 | 205 | 1,261 | 1,406 |
| Irrigated Hay | 24 | 7.27 | 204 | 1.46% | | 172 | 6.15 | | | |
| Irrigated Pasture | 231 | 8.48 | 1993 | 14.07% | | 1,657 | 7.17 | | | |
| Vegetables | 1,027 | 7.27 | 7559 | 54.13% | | 6,377 | 6.15 | 221 | 1,657 | 1,920 |
| Sod | 119 | 7.27 | 865 | 6.21% | | 732 | 6.15 | 355 | 2,193 | 2,931 |
| Nursery | 159 | 3.18 | 633 | 4.54% | | 535 | 2.59 | 115 | 732 | 980 |
| | | | | 100.00% | | 11,781 | | 910 | 5,833 | 6,865 |
| **2006** | | | | | 13,709 | | | | | |
| Citrus | 278 | 4.07 | 1131 | 9.44% | | 1,295 | 4.56 | | 560 | 1,363 |
| Irrigated Hay | 233 | 6.65 | 1549 | 12.93% | | 1,773 | 7.61 | 265 | | |
| Irrigated Pasture | 24 | 7.76 | 1793 | 14.96% | | 2,051 | 8.88 | 231 | 2,051 | 1,723 |
| Vegetables | 923 | 6.65 | 6138 | 51.23% | | 7,023 | 7.61 | 285 | 2,105 | 1,935 |
| Sod | 119 | 6.65 | 791 | 6.60% | | 905 | 7.61 | 119 | 905 | 791 |
| Nursery | 199 | 2.91 | 579 | 4.83% | | 663 | 3.33 | | | |
| | | | | 100.00% | | 13,709 | | 840 | 5,685 | 5,842 |
| **2005** | | | | | 8,800 | | | | | |
| Citrus | 308 | 3.89 | 1137 | 12.61% | | 1,110 | 3.60 | | 942 | 955 |
| Irrigated Hay | 150 | 6.00 | 865 | 10.70% | | 942 | 5.85 | 160 | | |
| Irrigated Pasture | 174 | 7.03 | 1223 | 13.57% | | 1,194 | 6.86 | 175 | 1,201 | 1,320 |
| Vegetables | 997 | 6.03 | 5469 | 60.68% | | 5,340 | 5.89 | 278 | 1,637 | 1,670 |
| Nursery | 83 | 2.84 | 219 | 2.43% | | 214 | 2.58 | | | |
| | | | | 100.00% | | 8,800 | | 613 | 3,780 | 3,871 |
| **2004** | | | | | 12,828 | | | | | |
| Citrus | 340 | 4.92 | 1673 | 10.88% | | 1,363 | 4.10 | | 512 | 472 |
| Irrigated Hay | 160 | 2.95 | 472 | 3.06% | | 393 | 2.46 | 160 | | |
| Irrigated Pasture | 174 | 1.26 | 1856 | 12.72% | | 1,632 | 9.38 | 174 | 1,832 | 1,556 |
| Vegetables | 1,392 | 8.04 | 11192 | 72.67% | | 9,322 | 6.70 | 627 | 4,199 | 5,041 |
| Nursery | 30 | 3.52 | 106 | 0.69% | | 88 | 2.93 | | | |
| | | | | 100.00% | | 12,828 | | 961 | 6,784 | 7,472 |
| **2003** | | | | | 12,286 | | | | | |
| Citrus(narrow) | 59 | 6.31 | 372 | 2.64% | | 326 | 5.51 | | | |
| Citrus(micro) | 462 | 4.73 | 2327 | 16.53% | | 2,030 | 4.13 | 288 | 3,660 | 4,194 |
| Sudan Grass | 388 | 10.51 | 4194 | 29.79% | | 3,660 | 9.43 | | | |
| Vegetables | 931 | 7.72 | 7187 | 51.04% | | 6,271 | 6.74 | 581 | 3,514 | 4,485 |
| | | | | 100.00% | | 12,286 | | 998 | 7,573 | 8,680 |
| **2002** | | | | | 15,135 | | | | | |
| Citrus(narrow) | 171 | 6.82 | 1132 | 7.57% | | 1,146 | 6.70 | | | |
| Citrus(micro) | 545 | 4.97 | 2709 | 18.12% | | 2,742 | 5.03 | 175 | 2,071 | 1,966 |
| Sudan Grass | 175 | 11.35 | 1988 | 13.29% | | 2,011 | 11.49 | | | |
| Vegetables | 1,125 | 8.11 | 9124 | 61.03% | | 9,236 | 8.21 | 800 | 6,508 | 6,465 |
| | | | | 100.00% | | 15,135 | | 975 | 8,579 | 8,474 |
| **2001** | | | | | 14,188 | | | | | |
| Citrus(narrow) | 238 | 5.49 | 1581 | 13.47% | | 1,911 | 6.63 | | | |
| Citrus(micro) | 657 | 4.12 | 2707 | 23.06% | | 3,271 | 4.96 | 150 | 1,706 | 1,412 |
| Sudan Grass | 150 | 9.41 | 1412 | 12.02% | | 1,706 | 11.37 | | | |
| Vegetables | 899 | 5.72 | 6041 | 51.46% | | 7,301 | 8.12 | 719 | 5,939 | 4,817 |
| | | | | 100.00% | | 14,188 | | 869 | 7,645 | 6,243 |

L E G E N D

Newhall Ranch Specific Plan Boundary

Irrigated Agricultural Lands - NRSP

Irrigated Agricultural Lands - outside NRSP

FORMA

Newhall Land Historically Irrigated
Agricultural Areas within
Los Angeles County

## Exhibit "C"

The Tenth Amendment to the U.S. Constitution specifically provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people."

The Eleventh Amendment to the U.S. Constitution specifically provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state. "

28 U.S.C. Section 959(b) specifically provides: "Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

11 U.S.C. Section 362(b)(4) specifically acknowledges that the bankruptcy court judges have no ability to interfere with State police powers enforcement proceedings: "The filing of a petition...does operate as a stay of...(4) ...commencement or continuation of an action or proceeding by a governmental unit...to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power;"