IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LANDSOURCE COMMUNITIES DEVELOPMENT, LLC, *et al.*, | ) ) | Case No. 08-11111 (KJC) |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) ) | |
| | ) | **Related Docket Nos. 2651 and 2708** |

## SUPPLEMENTAL DECLARATION OF STEVEN D. ZIMMER IN SUPPORT OF THE CLASS 5 TRUST'S REPLY BRIEF

I, Steven D. Zimmer, hereby declare that the following is true to the best of my knowledge, information and belief.

1. I am the Executive Vice President of The Newhall Land and Farming, a California Limited Partnership ("Newhall"), a wholly-owned subsidiary of LandSource Communities Development LLC. Newhall and certain of its affiliates (the "Debtors") were debtors in the above-referenced chapter 11 cases and have now successfully reorganized and emerged from chapter 11.

2. I file this declaration in support of the *Class 5 Trust's Reply Brief.*

3. Reorganized Newhall intends to perform under the Notice of Settlement ("Settlement"). Newhall is already obligated to the County of Los Angeles ("County"), under the Newhall Ranch Specific Plan EIR (May 2003) Mitigation Measure 4.11-15, to provide to the County an annual report indicating the amount of groundwater used in Los Angeles County and the specific land upon which that groundwater was historically used for irrigation, which represents the same reporting requirement found in Section II.A.2.(b) of the Settlement. Thus, Newhall is already under a separate obligation to provide annual reports to the County; providing

51357-003\DOCS_SF:70951.2

the same reports to SCOPE does not represent any additional burden to Newhall; and such reports already have been provided to SCOPE.

4. In its Answering Brief, SCOPE contends that Newhall breached the Settlement by failing to provide the 2009 Annual Report. This is not true. Section II.A.2.(b) of the Settlement does not require Newhall to deliver the Annual Reports to SCOPE unless SCOPE "make[s] a written request to Newhall for a copy of such report" and to the best of my knowledge, SCOPE has not made a written request to Newhall for the 2009 Annual Report.

5. Attached hereto as **Exhibit 1** is a true and correct copy of a letter dated April 5, 2010, to the County, along with attachments consisting of (a) Newhall's 2009 Annual Report; (b) a report depicting Newhall's water usage for the baseline years of 1996 through 2000 (the "Base Line Years"); and (3) an aerial map depicting the agricultural land upon which the groundwater was historically used.

6. Accordingly, Newhall has provided both the County and SCOPE with the report for the baseline five-year period 1996-2000, and all annual reports from 2003 to 2009.

7. Newhall also has complied with Section II.A.2.(d) of the Settlement (the "On-Going Documentation" provision) providing SCOPE (and the County) with the documentation identifying the specific portion(s) of irrigated farmland in the County proposed to be retired from irrigated production to make agricultural water available to serve the residents in any given future Newhall Ranch subdivision (Landmark, Mission, and Homestead) located in Los Angeles County. (See, **Exhibit F** attached to my declaration in support of the Opening Brief). Newhall has produced such information and identified the retired fields by way of aerial maps, which specifically and accurately identify the fields it intends to retire from agricultural

2

production. Again, Newhall is under an existing obligation to develop much of this information for the County as part of the Newhall Ranch Specific Plan EIR Mitigation Measure 4.11-22.

8. Attached hereto as **Exhibit 2** are true and correct copies of excerpts from the Resolution adopted by the County's Board of Supervisors relating to adoption of the Newhall Ranch Specific Plan and other project approvals, along with excerpts from both the adopted Revised Mitigation Monitoring Plan, and the additional findings required by the California Environmental Quality Act. These documents show that the County has imposed upon Newhall Mitigation Measure 4.11-15, which contains the same monitoring provision as found in Section II.A.2.(b) of the Settlement. Like the Settlement, Mitigation Measure 4.11-15 requires Newhall or its assignee to provide an annual report indicating the amount of groundwater used in Los Angeles County and the specific land upon which that groundwater was historically used for irrigation. Newhall provided annual reports to the County, using the same aerial maps that were provided to SCOPE.

9. Also attached hereto as part of **Exhibit 2** are true and correct copies of excerpts of Newhall Ranch Specific Plan EIR Mitigation Measure 4.11-22. Like Section II.A.2.(d) of the Settlement, Mitigation Measure 4.11-22 requires Newhall to provide documentation to the County identifying the specific portion(s) of irrigated farmland in the County proposed to be retired from irrigated production to make agricultural water available to serve each subdivision within the Newhall Ranch Specific Plan. Section II.A.2.(d) also requires that this documentation include "the location of the irrigated agricultural fields to be retired and the types of planted crops on such land for the baseline five-year period 1999-2006." As noted in the Opening Brief, on July 24, 2009, Newhall provided to SCOPE three sets of documents entitled, "Retired Irrigated Farmland - Landmark Village;" "Retired Irrigated Farmland, Mission

Village;" and "Retired Irrigated Farmland, Homestead." Each of these documents were accompanied by Exhibits A and B which set forth information regarding: (i) the exact location of the Retired Land identified by way of aerial maps; (ii) the types of planted crops that were grown on such land between 1996 and 2000 (see column entitled, "Types of Planted Crops Retired"); and (iii) the amount of water used for such crops during that same time frame. The aerial maps are identified in **Exhibit F** attached to my initial declaration in support of the Trust's Opening Brief.

10. The County is the land use agency responsible for monitoring Newhall's compliance with the adopted Specific Plan, including its mitigation provisions. To the best of my knowledge, the County has never complained of Newhall's method of presenting the information required by Mitigation Measures 4.11-15 and 4.11-22, nor has the County ever complained that it was unable to read or understand the aerial maps provided by Newhall. To my knowledge, the County also has never notified Newhall that the information presented, including the aerial maps, is deficient in any manner.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 6th day of April, 2010.

_____
Steven D. Zimmer