# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-----------------------------------------------------------------x

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| LANDSOURCE COMMUNITIES | : | |
| DEVELOPMENT LLC, *et al.*, | : | Case No. 08-11111 (KJC) |
| | : | |
| | : | (Jointly Administered) |
| Reorganized Debtors. | : | |
| | : | |

-----------------------------------------------------------------x

## MOTION OF CERTAIN REORGANIZED DEBTORS (I) TO SHORTEN NOTICE FOR THE MOTION OF CERTAIN REORGANIZED DEBTORS FOR ENTRY OF A FINAL DECREE PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3022, AND LOCAL RULE 5009-1 CLOSING CERTAIN OF THE REORGANIZED DEBTORS' CHAPTER 11 CASES, (II) SHORTENING TIME FOR FILING FINAL REPORT, AND (III) SCHEDULING EXPEDITED HEARING

Certain reorganized debtors in the above referenced chapter 11 cases (the

"***Closing Reorganized Debtors***")[1] hereby move the Court (the "***Motion to Shorten***"), pursuant to

Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and Rule

9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "***Local Rules***"), for entry of an order

(i) shortening the notice period for the *Motion of Certain Reorganized Debtors for Entry of a*

*Final Decree Pursuant to Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and*

*Local Rule 5009-1 Closing Certain of the Reorganized Debtors' Chapter 11 Cases* (the "***Closing***

***Motion***"), (ii) shortening the period for filing a final report pursuant to Local Rule 5009-1(c),

and (iii) scheduling the hearing to consider the Closing Motion for November 17, 2011 at 1:30

p.m. (Eastern Time), with objections to the relief requested in the Closing Motion, if any, to be

---

[1] The Closing Reorganized Debtors are LandSource Holding Company, LLC; Lennar Land Partners II; Lennar Stevenson Holdings, L.L.C.; LNR-Lennar Washington Square, LLC; and Stevenson Ranch Venture LLC.

raised by November 16, 2011 at 4:00 p.m. (Eastern Time). In support of this Motion to Shorten, the Closing Reorganized Debtors respectfully represent as follows:

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      As set forth in more detail in the Closing Motion, on June 8, 2008, each of the Closing Reorganized Debtors and certain of their affiliates (collectively, the "*Reorganized Debtors*")[2] commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. On July 20, 2009, the Court entered the *Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming the Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement* [Docket No. 2151] (the "*Confirmation Order*"),[3] paving the way for the Reorganized Debtors to successfully emerge from chapter 11. The Plan became effective on July 31, 2009 (the "*Effective Date*").

3.      On or about the Effective Date, distributions to certain creditors of the Debtors were made (the "*Initial Distributions*") pursuant to the Plan on account of certain classes and types of claims arising prior to the Effective Date. The Initial Distributions included

---

[2] The Reorganized Debtors are referred to as the "*Debtors*" for the period prior to their emergence from chapter 11.

[3] Capitalized terms not defined herein shall have the meanings attributed to such terms in the Closing Motion or *Revised Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement, As Modified* [Docket No. 2214] (the "*Plan*"), as appropriate.

distributions to the Creditor Trusts.[4] The Reorganized Debtors have no further obligations to make distributions to the Creditor Trusts. After the Effective Date, the only claims arising prior to the Effective Date that are the responsibility of the Reorganized Debtors are Secured Claims, Convenience Class Claims, and Administrative Expense Claims.

4.      Pursuant to the Plan, the Class 5 Trust has the "power and sole authority to file and prosecute objections to, or negotiate, settle or otherwise resolve any and all Disputed Claims in Classes 5(a) – (u)" (the "*Class 5 Claims*"). The Class 5 Trust and the Class 5 Turnover Trust — not the Reorganized Debtors — will make further distributions to holders of Class 5 Claims. Because the Plan established the Class 5 Trust and the Class 5 Turnover Trust, which are standalone sources from which distributions will be made to all holders of Class 5 Claims, no reason exists to keep open the cases of the Closing Reorganized Debtors simply because there may exist some unresolved Class 5 Claims relating to the Closing Reorganized Debtors.

5.      Also in accordance with the Plan, on the Effective Date, all avoidance actions under chapter 5 of the Bankruptcy Code and certain other actions were assigned, transferred and conveyed to the Creditor Litigation Trust along with all rights and authority to pursue and recover on all avoidance actions under the Bankruptcy Code. The Creditor Litigation Trust will continue to pursue avoidance actions and other enumerated actions and will distribute the proceeds of such actions to holders of Allowed First Lien Deficiency Claims, Allowed Second Lien Claims, and Allowed Unsecured Claims. The actions and distributions of the Creditor Litigation Trust are not for the benefit of, nor are they brought with respect to any

---

[4] The Creditor Trusts consist of the Class 5 Trust, the Class 5 Turnover Trust, and the Creditor Litigation Trust, as established pursuant to Article IX of the Plan.

interest in, any of the Reorganized Debtors. There are no adversary proceedings pending within the Closing Reorganized Debtors' chapter 11 cases.

6.  On September 29, 2010, the Court entered the *Final Decree Pursuant to 11 U.S.C. 350(a), Fed. R. Bankr. P. 3022, and Local Rule 5009-1 Closing Certain of the Reorganized Debtors' Chapter 11 Cases* [Docket No. 3047], effectively concluding the chapter 11 cases for twelve of the Reorganized Debtors.

7.  As of the date hereof, all claims filed against the Closing Reorganized Debtors that are required to be addressed by the Closing Reorganized Debtors have been resolved. As set forth below, the only remaining payments with respect to any claims of the Closing Reorganized Debtors relate to Unsecured Claims, which will be made from the Creditor Trusts, which were created and funded as of the Effective Date. Resolution and payment of such claims against the estates of the Closing Reorganized Debtors are now the sole responsibility of the Creditor Trusts. There are no pending matters before the Court brought by or on behalf of any of the Closing Reorganized Debtors.

## Relief Requested

8.  By this Motion to Shorten, the Closing Reorganized Debtors respectfully request that the Court enter an order (i) shortening the notice period for the Closing Motion pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(e), (ii) shortening the period for filing a final report pursuant to Local Rule 5009-1(c), and (iii) scheduling the hearing to consider the Closing Motion for November 17, 2011 at 1:30 p.m. (Eastern Time), with objections, if any, to be raised by November 16, 2011 at 4:00 p.m. (Eastern Time).

## Basis for Relief Requested

9.     Local Rule 9006-1(c) requires all motion papers to be filed and served at least fourteen (14) days prior to the hearing date scheduled for such motion, and seventeen (17) days if notice is given by mail, unless the Bankruptcy Rules state otherwise.  Pursuant to Bankruptcy Rule 9006(c), "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."  Local Rule 9006-1(e) provides that the notice period may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice.

10.     The Closing Reorganized Debtors hereby request a shortened notice period for the Closing Motion to ensure that the Closing Reorganized Debtors' cases are closed promptly and that the Closing Reorganized Debtors no longer incur fees pursuant to 28 U.S.C. 1930(a)(6) ("*Quarterly U.S. Trustee Fees*").  As of the date hereof, no hearing has been scheduled in these cases for the month of December.  The Closing Reorganized Debtors estimate that by closing their chapter 11 cases in mid-November rather than the end of the year, they can save approximately $9,100 in Quarterly U.S. Trustee Fees.

11.     Finally, Local Rule 5009-1(c) provides that "[t]he debtor (or trustee, if any) shall file a final report and account in the form prescribed by the United States Trustee on or before fourteen (14) days prior to the hearing on any motion to close the case."  The Closing Reorganized Debtors filed their final report (the "*Final Report*") contemporaneously herewith. Accordingly, the Closing Reorganized Debtors submit that shortening the time period in which the Final Report must be filed pursuant to Local Rule 5009-1(c) is appropriate under the circumstances.

## Notice

12.    No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion to Shorten and the Closing Motion has been provided to (i) the U.S. Trustee, (ii) counsel to the Creditor Trusts established under the Plan, and (iii) each person or entity that has filed a notice of appearance and request for service of documents herein. Given the nature of the relief requested, the Closing Reorganized Debtors submit that no further notice of these motions is necessary.

WHEREFORE, the Closing Reorganized Debtors respectfully request entry of the proposed order, attached hereto as Exhibit "A," granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 4, 2011
     Wilmington, Delaware

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Robert C. Maddox (No. 5356)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR THE
REORGANIZED DEBTORS