IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re* : Chapter 11
:
LANDSOURCE COMMUNITIES :
DEVELOPMENT LLC, *et al.*, : Case No. 08-11111 (KJC)
:
: (Jointly Administered)
:
Reorganized Debtors. :
: **(Req.) Objection Deadline: 11/16/11, 4:00 p.m. (EST)**
: **(Req.) Hearing Date: 11/17/11, 1:30 p.m. (EST)**
:
---------------------------------------------------------------x

**MOTION OF CERTAIN REORGANIZED DEBTORS FOR ENTRY
OF A FINAL DECREE PURSUANT TO SECTION 350(a) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 3022, AND LOCAL RULE 5009-1
CLOSING CERTAIN OF THE REORGANIZED DEBTORS' CHAPTER 11 CASES**

Certain reorganized debtors in the above referenced chapter 11 cases (the

"*Closing Reorganized Debtors*")[1] hereby move the Court, pursuant to section 350(a) of title 11

of the United States Code (the "*Bankruptcy Code*"), Rule 3022 of the Federal Rules of

Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5009-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "*Local Rules*"), for entry of a final decree closing their cases (the "*Motion*"). In

support of this Motion, the Closing Reorganized Debtors respectfully represent as follows:

**Preliminary Statement**

1. On June 8, 2008, each of the Closing Reorganized Debtors and certain of

their affiliates (collectively, the "*Reorganized Debtors*")[2] commenced with this Court a

voluntary case under chapter 11 of the Bankruptcy Code. On July 20, 2009, the Court entered

---

[1] The Closing Reorganized Debtors are LandSource Holding Company, LLC; Lennar Land Partners II; Lennar Stevenson Holdings, L.L.C.; LNR-Lennar Washington Square, LLC; and Stevenson Ranch Venture LLC.

[2] The Reorganized Debtors are referred to as the "*Debtors*" for the period prior to their emergence from chapter 11.

the *Findings of Fact, Conclusions of Law, and Order Under 11 U.S.C. 1129(a) and (b) and Fed. R. Bankr. P. 3020 Confirming the Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement* [Docket No. 2151] (the "***Confirmation Order***"),[3] paving the way for the Reorganized Debtors to successfully emerge from chapter 11. The Plan became effective on July 31, 2009 (the "***Effective Date***").

2. On the Effective Date, the Debtors paid all disbursements required to be paid on the Effective Date, rationalized their business operations, recapitalized their balance sheets, and emerged from chapter 11 as stronger, reorganized companies.

3. On September 29, 2010, the Court entered the *Final Decree Pursuant to 11 U.S.C. 350(a), Fed. R. Bankr. P. 3022, and Local Rule 5009-1 Closing Certain of the Reorganized Debtors' Chapter 11 Cases* [Docket No. 3047] (the "***First Closing Decree***"), effectively concluding the chapter 11 cases for twelve of the Reorganized Debtors.[4]

4. As of the date hereof, all claims filed against the Closing Reorganized Debtors that are required to be addressed by the Closing Reorganized Debtors have been resolved. As set forth below, the only remaining payments with respect to any claims of the Closing Reorganized Debtors relate to Unsecured Claims, which will be made from the Creditor

---

[3] Capitalized terms not defined herein shall have the meanings attributed to such terms in the *Revised Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement, As Modified* [Docket No. 2214] (the "***Plan***").

[4] The chapter 11 cases of the following Reorganized Debtors were closed pursuant to the First Closing Decree: California Land Company; Kings Wood Development Company, L.C.; LandSource Communities Development Sub LLC; Lennar Bressi Ranch Venture, LLC; Lennar Moorpark, LLC; LSC Associates, LLC; NWHL GP LLC; The Newhall Land and Farming Company; Southwest Communities Development LLC; Tournament Players Club at Valencia, LLC; Valencia Corporation; and Valencia Realty Company.

Trusts, which were created and funded as of the Effective Date. Resolution and payment of such claims against the estates of the Closing Reorganized Debtors are now the sole responsibility of the Creditor Trusts. There are no pending matters before the Court brought by or on behalf of any of the Closing Reorganized Debtors.

5.  For the above reasons and as set forth below, the Closing Reorganized Debtors submit that their cases have been "fully administered," as required under section 350(a) of the Bankruptcy Code, and request a final decree closing their cases.

### Jurisdiction

6.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Moreover, pursuant to Article XIV of the Plan, this Court has retained jurisdiction to, among other things, enter a final decree closing the Closing Reorganized Debtors' chapter 11 cases. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

7.  By this Motion, the Closing Reorganized Debtors request, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 5009-1, entry of a final decree substantially in the form attached hereto as Exhibit "A" (the "***Proposed Final Decree***") closing the chapter 11 cases of the Closing Reorganized Debtors.

### Background

8.  On June 10, 2008, shortly after the Reorganized Debtors commenced their chapter 11 cases, the Court entered an order procedurally consolidating those cases and directing that such cases be jointly administered under the "main case" of LandSource Communities Development LLC ("***LandSource Communities***").

9.  In July 2009, the Court held hearings to consider confirmation of the Plan and, subsequently, entered the Confirmation Order. On or about the Effective Date, distributions

3

to certain creditors of the Debtors were made (the "*Initial Distributions*") pursuant to the Plan on account of certain classes and types of claims arising prior to the Effective Date. The Initial Distributions included distributions to the Creditor Trusts.[5] The Reorganized Debtors have no further obligations to make distributions to the Creditor Trusts. After the Effective Date, the only claims arising prior to the Effective Date that are the responsibility of the Reorganized Debtors are Secured Claims, Convenience Class Claims, and Administrative Expense Claims.

10. Pursuant to the Plan, the Class 5 Trust has the "power and sole authority to file and prosecute objections to, or negotiate, settle or otherwise resolve any and all Disputed Claims in Classes 5(a) – (u)" (the "*Class 5 Claims*"). The Class 5 Trust and the Class 5 Turnover Trust — not the Reorganized Debtors — will make further distributions to holders of Class 5 Claims. Because the Plan established the Class 5 Trust and the Class 5 Turnover Trust, which are standalone sources from which distributions will be made to all holders of Class 5 Claims, no reason exists to keep open the cases of the Closing Reorganized Debtors simply because there may exist some unresolved Class 5 Claims relating to the Closing Reorganized Debtors.

11. Also in accordance with the Plan, on the Effective Date, all avoidance actions under chapter 5 of the Bankruptcy Code and certain other actions were assigned, transferred and conveyed to the Creditor Litigation Trust along with all rights and authority to pursue and recover on all avoidance actions under the Bankruptcy Code. The Creditor Litigation Trust will continue to pursue avoidance actions and other enumerated actions and will distribute the proceeds of such actions to holders of Allowed First Lien Deficiency Claims, Allowed Second Lien Claims, and Allowed Unsecured Claims. The actions and distributions of the

---

[5] The Creditor Trusts consist of the Class 5 Trust, the Class 5 Turnover Trust, and the Creditor Litigation Trust, as established pursuant to Article IX of the Plan.

Creditor Litigation Trust are not for the benefit of, nor are they brought with respect to any interest in, any of the Reorganized Debtors. There are no adversary proceedings pending within the Closing Reorganized Debtors' chapter 11 cases.

12. By this Motion, the Closing Reorganized Debtors are *not* seeking to close the case of LandSource Communities. All matters within these chapter 11 cases are currently administered under the LandSource Communities case number, and the Reorganized Debtors will keep this case open.

13. The Closing Reorganized Debtors will also keep open the case of The Newhall Land and Farming Company (A California Limited Partnership) ("***Newhall LP***") as there remains an adversary proceeding pending within this case. Specifically, on June 23, 2009, Newhall LP commenced Adversary Proceeding No. 09-51074 to invalidate certain liens held by American Heritage Landscape, LP and R&R Pipeline, Inc (together, the "***Defendants***"). On April 16, 2010, Newhall LP and the Defendants filed cross-motions for summary judgment, which were then fully briefed. Oral argument on the motions for summary judgment was held on September 30, 2010, and on October 14, 2010, at the Court's request, the parties submitted letter briefs on the possible application of the decision in *SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin)*, 530 F.3d 230 (3d Cir. 2008). The cross-motions for summary judgment are currently awaiting disposition by the Court.

14. In addition, there remains an outstanding cure claim dispute for which Newhall LP – and not the Creditor Trusts – may be liable. On July 6, 2009, Berco Oil Company North Tapo Lease, LLC ("***Berco Oil***") filed an objection to the proposed cure amount for its claim [Docket No. 2034]. On July 13, 2009, Berco Oil also filed an opposition [Docket No. 2096] to the Debtors' fifth omnibus objection to claims [Docket No. 1905], in which Newhall LP

asserted that it owed no obligation to Berco Oil. Newhall LP participated in two mediation sessions with Berco Oil in March and April of 2010, but the parties were unable to reach a settlement. On May 28, 2010, Newhall LP filed a motion for summary judgment, which was then fully briefed. No request was made for oral argument on Newhall LP's motion for summary judgment. This matter is currently awaiting disposition by the Court.

15. The Court has resolved all other disputes regarding claims for which Newhall LP may be liable. Accordingly, Newhall LP will seek a final decree closing its case as soon as the foregoing disputes are resolved.

16. As of the hearing on this Motion, all expenses arising from the administration of the Closing Reorganized Debtors' estates, including court fees and fees required under 28 U.S.C. § 1930(a)(6), will have been paid or provision for their payment will have been made.[6] All other motions, contested matters, and other proceedings before this Court with respect to the Closing Reorganized Debtors' chapter 11 cases will have been resolved.

## Basis For Relief

17. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." FED. R. BANKR. P. 3022. Local Rule 5009-1(a) provides, in relevant part, that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the

---

[6] The Reorganized Debtors filed their post-confirmation report for the third quarter of 2011 on October 31, 2011. As a result, the Closing Reorganized Debtors will estimate their fees due under 28 U.S.C. § 1930(a)(6). If additional amounts are later determined to be owed, such amounts will be paid by LandSource Communities.

confirmed plan has been substantially consummated provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 5009-1(a).

18. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "*Advisory Committee Note*"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

(1) whether the order confirming the plan has become final;

(2) whether deposits required by the plan have been distributed;

(3) whether the property proposed by the plan to be transferred has been transferred;

(4) whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

(5) whether payments under the plan have commenced; and

(6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See, e.g., In re Union Home and Indus., Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007) (recognizing that bankruptcy courts consider the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) (same); *In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990) (weighing the factors contained in the Advisory Committee Note when deciding whether to close the debtor's chapter 11 case). The Delaware Bankruptcy Court has adopted the position that the factors listed in the Advisory Committee Note "are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Ch. 11 Case No. 02-12608, 2005 WL 1668396, *2 (Bankr. D. Del. June 24, 2005) (*citing Mold Makers*, 124 B.R. at 768–69); *see also Union Home and Indus., Inc.*, 375 B.R. at

917 ("The factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered."); *In re Ginko Assocs., L.P.*, Ch. 11 Case No. 05-19436, 2009 WL 2916917, *2 (Bankr. E.D. Pa. June 25, 2009) ("[N]ot all the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered for final decree purposes.") (*quoting In re Federated Dep't Stores, Inc.*, 43 Fed. Appx. 820, 822 (6th Cir. 2002)).

19. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (considering substantial consummation when determining whether to close a case); *Johnson*, 402 B.R. at 856 (same); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (same).

### Because the Closing Reorganized Debtors' Cases Have Been Fully Administered and the Plan Has Been Substantially Consummated, the Cases May Be Closed

20. The Closing Reorganized Debtors' chapter 11 cases have been "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing those cases. For example,

- the Confirmation Order has become final and is non-appealable;

- as of the Effective Date, the Reorganized Debtors have emerged from chapter 11 as reorganized entities;

- any deposits to be made under the Plan with respect to any Claims have been made, and all remaining payments required to be made under the Plan are the responsibility of LandSource Communities, Newhall LP or the Creditor Trusts, as appropriate;

- all property proposed to be transferred pursuant to the Plan has been transferred;

- the Reorganized Debtors have assumed the business and management of the property dealt with by the Plan; and

- all anticipated motions, contested matters and adversary proceedings in the Closing Reorganized Debtors' cases have been resolved.

In addition, the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code. The foregoing factors support closure of the Closing Reorganized Debtors' cases.

21. The fact that certain claimants of the Closing Reorganized Debtors may not have received distributions from the Creditor Trusts yet does not require that the Closing Reorganized Debtors' chapter 11 cases remain open until such distributions are made. *In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees . . . have been paid"); *see also Weaver v. Texas Capital Bank, N.A. (In re SL Mgmt., LLC)*, Adv. Pro. No. 09-04254, 2010 WL 1379749, *4 (Bankr. N.D. Tex. Mar. 30, 2010) ("[E]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed.") (quoting the Advisory Committee Note).

22. Moreover, allowing the Closing Reorganized Debtors to close their chapter 11 cases at this time will save the Closing Reorganized Debtors expense. Unless and until the Court enters a final decree closing the Closing Reorganized Debtors' chapter 11 cases, the Closing Reorganized Debtors must continue paying quarterly fees to the United States Trustee for the District of Delaware (the "*U.S. Trustee*") pursuant to 28 U.S.C. § 1930(a)(6), which is an unnecessary financial burden on the Closing Reorganized Debtors. In light of this burden, and the factors noted above, the Closing Reorganized Debtors submit that ample justification exists for entry of a final decree closing the Closing Reorganized Debtors' chapter 11 cases.

23. Bankruptcy courts, including those in this district, have issued final decrees closing chapter 11 cases and specifically excepted from such decrees any matters pending before the courts. *See, e.g., In re Aleris Int'l, Inc.*, Ch. 11 Case No. 09-10478 (Bankr. D. Del. Dec. 20, 2010) (closing cases notwithstanding outstanding disputed claims); *In re LandSource Communities Development LLC*, Ch. 11 Case No. 08-11111 (Bankr. D. Del. Sept. 29, 2010) (same); *In re DJK Residential LLC*, Ch. 11 Case No. 08-10375 (Bankr. S.D.N.Y. June 3, 2009) (same); *In re Vertis Holdings, Inc.*, Ch. 11 Case No. 08-11460 (Bankr. D. Del. Nov. 12, 2008) (same). To facilitate the resolution of remaining unresolved claim disputes, the Closing Reorganized Debtors are proposing to leave open, for the time being, the cases of LandSource Communities and Newhall LP.

### **Final Report**

24. The Closing Reorganized Debtors have filed their final report, pursuant to Local Rule 5009-1(c), under separate cover simultaneously herewith.

### **Notice**

25. No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to (i) the U.S. Trustee, (ii) counsel to the Creditor Trusts established under the Plan, and (iii) each person or entity that has filed a notice of appearance and request for service of documents herein. Given the nature of the relief requested, the Closing Reorganized Debtors submit that no other or further notice need be provided.

WHEREFORE, the Closing Reorganized Debtors respectfully request that this Court enter a final decree, substantially in the form of the Proposed Final Decree, closing the Closing Reorganized Debtors' chapter 11 cases and grant such other and further relief as it deems necessary and proper.

Dated: November 4, 2011
       Wilmington, Delaware

/s/

Mark D. Collins (No. 2981)
Paul N. Heath (No. 3704)
Robert C. Maddox (No. 5356)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Debra A. Dandeneau
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR THE
REORGANIZED DEBTORS