## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------x
                                       :

| | |
|---|---|
| *In re* | Chapter 11 |
| | |
| LANDSOURCE COMMUNITIES | |
| DEVELOPMENT LLC, *et al.*, | Case No. 08-11111 (KJC) |
| | |
| | (Jointly Administered) |
| Reorganized Debtors. | |

-------------------------------------------------------------x

### FINAL REPORT OF LANDSOURCE COMMUNITIES DEVELOPMENT LLC AND THE NEWHALL LAND AND FARMING COMPANY (A CALIFORNIA LIMITED PARTNERSHIP)

Pursuant to Rule 3022-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"),[1] LandSource Communities Development LLC ("*LandSource Communities*") and The Newhall Land and Farming Company (A California Limited Partnership) ("*Newhall LP*"), as reorganized debtors in the above referenced chapter 11 cases (together, the "*Closing Reorganized Debtors*"), hereby submit this final report on their jointly administered chapter 11 cases in support of the *Motion of LandSource Communities Development LLC and The Newhall Land and Farming Company (A California Limited Partnership) for Entry of a Final Decree Pursuant to Section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1 Closing Chapter 11 Cases* (the "*Motion*"), which seeks entry of final decrees closing

---

[1] Capitalized terms not defined herein shall have the meanings attributed to such terms in the Motion (as defined herein) or the *Revised Second Amended Joint Chapter 11 Plans of Reorganization for LandSource Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit Agreement, As Modified* [Docket No. 2214] (the "*Plan*"), as applicable.

their cases.  The following information is true and correct, to the best of the Closing Reorganized

Debtors' knowledge, information and belief:

        1.     No trustee or examiner was appointed in the Reorganized Debtors' chapter

11 cases.  Accordingly, no fees were incurred in respect of a trustee, trustee's counsel, examiner,

or examiner's counsel.

        2.     The Closing Reorganized Debtors have paid all required fees due under 28

U.S.C. § 1930 to date and will have paid, or made provision to pay, any additional such fees due

on or before the date of the hearing on the Motion.

        3.     On July 20, 2009, the Bankruptcy Court entered the *Findings of Fact,*

*Conclusions of Law, and Order Under 11 U.S.C. § 1129(a) and (b) and Fed. R. Bankr. P. 3020*

*Confirming the Second Amended Joint Chapter 11 Plans of Reorganization for LandSource*

*Communities Development LLC and Each of Its Affiliated Debtors Proposed by Barclays Bank*

*PLC, as Administrative Agent Under the Super-Priority Debtor-in-Possession First Lien Credit*

*Agreement* [Docket No. 2151].  The Plan became effective on July 31, 2009 (the "***Effective***

***Date***").

        4.     The distributions made to claimants under the Plan are listed below.[2]

Other than as expressly noted herein and in the Motion, all distributions to be made under the

Plan on account of any Allowed Claim have been made as of the date hereof.

---

[2] The information provided in the tables contained herein are intended only as summary descriptions of the distributions required by, and made under, the Plan.  Any unintended conflict between these summaries and the Plan shall not be construed as a modification of the Plan.  Parties should refer to the Plan for detailed descriptions of the distributions thereunder.

| Class | Treatment |
|---|---|
| Class 1 (a) - (u): Priority Non-Tax Claims | ▪ Paid the Allowed Amount of such Claim in full in Cash |
| Class 2: Senior Permitted Lien Claims | ▪ Unimpaired and paid in full in Cash, and<br><br>▪ Lennar Corporation responsible for satisfying Senior Permitted Lien claims against LMI and Friendswood |
| Class 3 (a) - (u): First Lien Claims | ▪ Pro Rata Share of the First Lien Claim Distribution,<br><br>▪ Any special distributions allocable to the Units issued to the Holders of First Lien Claims pursuant to the Newhall Intermediary LLC Agreement or the Holdco LLC Agreement, and<br><br>▪ The right to participate in the Rights Offering |
| Class 4 (a) - (u): Second Lien Claims | ▪ Pro Rata Share of the Second Lien Creditor Trust Proceeds<br><br>▪ The Second Lien Administrative Agent receives cash payment of $9,500,000 for the ratable distribution, in accordance with the Second Lien Credit Agreement, to the Holders of Allowed Second Lien Claims |
| Class 5 (a) - (u): Unsecured Claims | ▪ For Classes 5(a)-(t) (Non-Newhall Debtors Unsecured Claims): Pro Rata Share of (i) $1,150,000, (ii) the Unsecured Claim Creditor Trust Proceeds and (iii) the additional distribution set forth in Article V.E.1(c) of the Plan<br><br>▪ For Class 5(u) (Newhall Unsecured Claims): Pro Rata Share of (i) $10,350,000, (ii) the Unsecured Claim Creditor Trust Proceeds and (iii) the additional distribution set forth in Article V.E.1(c)<br><br>▪ Lennar Claims deemed waived and released in exchange for releases set forth in Article X |
| Class 6 (a) - (u): Convenience Class Claims | ▪ Each Holder of an Allowed Convenience Class Claim of $10,000 or under paid fifty percent (50%) of the Allowed Amount of such Claim, in Cash<br><br>▪ Each Holder of an Allowed Unsecured Claim below $50,000 but in excess of $10,000 who opts into the Convenience Class paid $5,000, in Cash |
| Class 7 (a) - (u): Intercompany Claims | ▪ For Classes 7(a), 7(c)-(h) and 7(j)-(u), disallowed, cancelled, extinguished or reinstated at the option of the Reorganized Debtors<br><br>▪ For Classes 7(b) and 7(i): disallowed, cancelled, and extinguished |

US_ACTIVE:\44273351\2\57713.0004

| Class | Treatment |
|---|---|
| Class 8 (a) - (u): Interests in the Debtors | ▪ Interests in LandSource Communities, Friendswood and LMI cancelled |
| | ▪ Intercompany Interests in the Debtors do not receive distribution under the Plan; however, at the option of the Reorganized Debtors, such Intercompany Interests may be cancelled and extinguished with new Interests to be distributed pursuant to the direction of Holdco or retained with the legal, equitable, and contractual rights to which the Holders of such Intercompany Interests are entitled remaining unaltered in order to implement the Plan as set forth in Article VIII |

5.      Insofar as distributions have not been made by any Closing Reorganized Debtor because the claimholder could not be located, the Closing Reorganized Debtors have made reasonable efforts to locate addresses for claimholders that have failed to provide the Closing Reorganized Debtors with a valid address.  Distributions to claimholders that could not be located, distributions withheld because the claimholder had not complied with certain tax reporting requirements, and distributions that otherwise were unclaimed have been deemed "Unclaimed Property" under the Plan at the expiration of one hundred twenty (120) days from the date such property was distributed.  After such date, all Unclaimed Property has been dealt with in accordance with Article VII.B. of the Plan.

6.      On December 23, 2009, the Court entered its *Omnibus Order Approving Professionals' Final Fee Requests* (the "***Final Fee Order***") [Docket No. 2563].  Pursuant to the Final Fee Order, the Reorganized Debtors paid allowed fees and expenses for the period commencing on the June 8, 2008 (the petition date) and ending on the Effective Date to the following professionals:

4

| Counsel for Debtor | Fees | Expense | Total Fees & Expenses |
|---|---|---|---|
| Bilzin Sumberg Baena Price & Axelrod LLP (Special Corp. Counsel) | $130,614.75 | $1,218.40 | $131,833.15 |
| Mitchell, Silberberg, & Knupp LLP (Special Lit. Counsel re: Bridges Action) | $2,113,151.25 | $75,635.49 | $2,188,786.74 |
| Mitchell, Silberberg, & Knupp LLP (Special Lit. Counsel re: DLA Piper Action) | $47,636.50 | $1,979.65 | $49,616.15 |
| Downey Brand LLP (Special Counsel to The Newhall Land and Farming Company) | $419,083.50 | $4,963.39 | $424,046.89 |
| Richards, Layton & Finger, P.A. (Local Counsel) | $528,247.50 | $56,099.83 | $584,347.33 |
| Weil, Gotshal & Manges LLP (Lead Counsel) | $10,969,726.25 | $564,821.70 | $11,534,547.95 |
| Paul Hastings, Janofsky & Walker LLP (Special Counsel) | $1,707,376.00 | $17,561.54 | $1,724,937.54 |
| Gatzke Dillon & Balance LLP (Special Counsel to the Newhall Land and Farming Company) | $1,228,940.00 | $6,034.00 | $1,234,974.00 |
| Morrison & Foerster (Ordinary Course Professional) | $402,342.65 | $380.86 | $402,723.51 |
| Total | $17,547,118.40 | $728,694.86 | $18,275,813.26 |

| Additional Professionals | Fees | Expense | Total Fees & Expenses |
|---|---|---|---|
| Xroads Solutions Group, LLC | $421,855.00 | $8,846.58 | $430,701.58 |
| Warren H. Smith & Associates, P.C. | $118,210.50 | $745.37 | $118,955.87 |
| Deloitte Tax LLP | $180,700.00 | $0.00 | $180,700.00 |
| FocalPoint Securities, LLC | $1,080,645.00 | $195.58 | $1,080,840.58 |
| Pachulski Stang Ziehl & Jones LLP | $2,592,429.75 | $245,524.52 | $2,837,954.27 |
| Bell Anderson & Sanders LLC | $779,623.52 | $8,636.04 | $788,259.56 |
| Deloitte & Touche LLP | $630,096.00 | $2,834.05 | $632,930.05 |
| Imperial Capital, LLC | $1,752,500.00 | $78,271.98 | $1,830,771.98 |
| Lazard Freres & Co. LLC | $6,997,948.75 | $177,433.29 | $7,175,382.04 |
| Sitrick and Company Inc. | $127,051.10 | $6,479.98 | $133,531.08 |
| Total | $14,681,059.62 | $528,967.39 | $15,210,027.01 |

7.    On September 29, 2010, the Bankruptcy Court entered the *Final Decree*

*Pursuant to 11 U.S.C. 350(a), Fed. R. Bankr. P. 3022, and Local Rule 5009-1 Closing Certain of*

*the Reorganized Debtors' Chapter 11 Cases* [Docket No. 3047], effectively concluding the

chapter 11 cases for twelve of the Reorganized Debtors.[3]

        8.    On November 17, 2011, the Bankruptcy Court entered the *Final Decree*

*Pursuant to 11 U.S.C. 350(a), Fed. R. Bankr. P. 3022, and Local Rule 5009-1 Closing Certain of*

*the Reorganized Debtors' Chapter 11 Cases* [Docket No. 3351], effectively concluding the

chapter 11 cases for five more of the Reorganized Debtors.[4]

        9.    On May 18, 2012, the Bankruptcy Court entered the *Final Decree*

*Pursuant to 11 U.S.C. § 350(a), Fed. R. Bankr. P. 3022, and Local Rule 5009-1 Closing the*

*Chapter 11 Case of Friendswood Development Company, LLC* [Docket No. 3410], effectively

concluding the chapter 11 case of Friendswood Development Company, LLC.  Additionally, on

June 27, 2013, the Bankruptcy Court entered the *Final Decree Pursuant to Bankruptcy Code*

*Section 350(a), Fed. R. Bankr. P. 3022, and Local Rule 5009-1 Closing the Chapter 11 Case of*

*Lennar Mare Island LLC* [Docket No. 3519], effectively concluding the chapter 11 case of

Lennar Mare Island LLC.

        10.    As described in the Motion, any remaining distributions to holders of

Class 5 Claims with respect to the Closing Reorganized Debtors will be made by the Creditor

Trusts.  The Reorganized Debtors have paid all quarterly fees due to the Office of the United

States Trustee pursuant to 28 U.S.C. § 1930 through the first quarter of 2013.  The Reorganized

---

[3] The chapter 11 cases of the following Reorganized Debtors were closed pursuant to the First Closing Decree: (i) California Land Company; (ii) Kings Wood Development Company, L.C.; (iii) LandSource Communities Development Sub LLC; (iv) Lennar Bressi Ranch Venture, LLC; (v) Lennar Moorpark, LLC; (vi) LSC Associates, LLC; (vii) NWHL GP LLC; (viii) The Newhall Land and Farming Company; (ix) Southwest Communities Development LLC; (x) Tournament Players Club at Valencia, LLC; (xi) Valencia Corporation; and (xii) Valencia Realty Company.

[4] The chapter 11 cases of the following Reorganized Debtors were closed pursuant to the Second Closing Decree: (i) LandSource Holding Company, LLC; (ii) Lennar Land Partners II; (iii) Lennar Stevenson Holdings, L.L.C.; (iv) LNR-Lennar Washington Square, LLC; and (v) Stevenson Ranch Venture LLC.

US_ACTIVE:\44273351\2\57713.0004

Debtors will file their post-confirmation report for the second quarter of 2013 and pay all amounts due thereunder before presenting the Proposed Final Decrees to the Bankruptcy Court for approval. Additionally, within 60 days after entry of such Final Decrees by the Bankruptcy Court, the Reorganized Debtors will pay all amounts due under 28 U.S.C. § 1930(a)(6) for that portion of the third quarter of 2013 in which the Closing Reorganized Debtors' cases remained open.

11.    All matters to be completed upon the Effective Date of the Plan have been fulfilled or completed.

12.    There are no pending matters in the Closing Reorganized Debtors' cases that would affect the substantial consummation of such cases.

Dated: July 9, 2013

Newhall Holding Company, LLC
A Delaware limited liability company

By: _____
Donald L. Kimball
Executive Vice President
Operations and Financial Affairs and Secretary

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 9th day of July, 2013 by Donald L. Kimball, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

MARY ALEXANDER
Commission # 2002944
Notary Public - California
Los Angeles County
My Comm. Expires Jan 31, 20__

Signature: _____
Notary Public, State of California
My Commission Expires: January 31, 2017

7